# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YELENA RUDERMAN,<br><br>                     Plaintiff,<br><br>          v.<br><br>LAW OFFICE OF YURIY PRAKHIN, P.C. and YURIY PRAKHIN, in his individual and professional capacities,<br><br>                     Defendants. | Civil Action No.: 19-cv-2987 (RJD)(RLM) |

**PROTOCOL FOR THE DISCLOSURE, SEARCH, AND PRODUCTION
OF ELECTRONIC SYSTEMS AND ELECTRONICALLY STORED INFORMATION**

The Parties hereby agree to the following protocol for production of electronically stored information ("ESI"). Subject to any Stipulation and Order of Confidentiality in this action, this protocol governs all production of ESI in the matter. This protocol has the objective to facilitate the just and efficient completion of discovery of ESI and to promote, whenever possible, the early resolution of disputes regarding the discovery of ESI without intervention by the Court. Nothing in this protocol shall limit a party's right to seek or object to discovery as set out in the Federal Rules of Civil Procedure ("FRCP"), or to object to the authenticity or admissibility of any ESI produced in accordance with this protocol.

**I.      GENERAL AGREEMENTS**

   **A.      Scope of Discovery:** The standards, limits, and scope of discovery shall be governed by the FRCP. The Parties agree to meet and confer in good faith with regard to any discovery disputes, and any dispute the parties cannot resolve amicably shall be resolved under the burdens and standards set forth in the FRCP.

1

  **B.** **No Designation of Discovery Requests:** Productions of ESI in the reasonably usable form set out in this protocol, including Attachment A, need not include any reference to the requests to which a document or ESI may be responsive, except as may be required by the FRCP.

  **C.** **Inadvertent Production:** The inadvertent production of any material constituting or containing attorney-client privileged information or work-product; or constituting or containing information protected by applicable privacy laws or regulations, shall be governed by the FRCP and other applicable state and federal laws.

**II.** **ELECTRONICALLY STORED INFORMATION**

  **A.** **Production in Reasonably Useable Form:** The parties shall produce ESI in reasonably usable form. Except as stated in Section II(B) below or as agreed hereafter by the parties, such reasonably usable form shall be the single-page PDF format with extracted or OCR text (*i.e.*, text searchable) and associated metadata as set out in Attachment A, which is incorporated in full in this protocol. If the receiving party seeks production in native format of specifically-identified ESI produced originally in PDF form, the producing party shall respond reasonably and in good faith to any such request. The parties may produce documents in native format in lieu of producing documents pursuant to the format set forth in Attachment A. Each party may make requests for production of specifically identified documents in color and the other party shall respond reasonably and in good faith.

  **B.** **Documents Subject to Production in Native Format:** Electronic spreadsheets (*e.g.*, Excel), electronic presentations (*e.g.*, PowerPoint), desktop databases (*e.g.*, Access), and audio/video multimedia files that have been identified as responsive shall be produced in native format.

C.     **Use of Search Terms and Custodians:**

i.     The parties shall meet and confer to discuss the use of reasonable search terms, file types, and date ranges ("ESI Search Protocol"). The agreed upon ESI Search Protocol shall be attached hereto as Attachment B. The producing party shall retain the sole right and responsibility to conduct the searches of its data files. To the extent the search terms the parties agree to result in excessive and/or overly burdensome results, the producing party retains the right to meet and confer with the receiving party to seek revisions to search terms. The receiving party will meet and confer with regard to same in good faith. Any disagreements that cannot be resolved between the parties will be submitted to the Court.

ii.    The fact that any electronic file has been identified as being "hit" by a search term shall not prevent any party from withholding such file from production on the grounds that the file is not responsive or is protected from disclosure by an applicable privilege.

iii.   Nothing in this section shall limit a party's right to seek additional custodians and/or keywords to be applied to the ESI Search Protocol at any point during discovery. The parties shall meet and confer in good faith on any such requests before seeking the Court's intervention.

iv.    The parties will reasonably cooperate to disclose and identify the ESI systems (*i.e.*, devices, email systems, computer software) that may contain relevant and/or responsive ESI. However, identification of such an ESI system does not waive any right by either party to object to the search of any such system or to object to the production of any ESI contained within such system for any reason.

v.     Keyword searches will be conducted of the email systems and internal messaging systems (*e.g.*, Skype for Business, Slack, Microsoft Teams, Google Hangouts Chat) for

3

the agreed upon custodians. The keywords, custodians, and time frames used for these searches are set forth in Attachment B.

    vi.  Plaintiff will conduct a linear review of her email account for relevant and responsive documents.

  **D.**  **Deduplication:** A party is required to produce only a single copy of a responsive document and a party may deduplicate responsive ESI across custodians. Each party may deduplicate emails in such a way as to eliminate earlier or incomplete chains of emails and produce only the most complete iteration of an email chain. Any deduplication tool used by a party must ensure that an email will be suppressed only if its recipients (including carbon copy ("cc") and blind carbon copy ("bcc") recipients), subject, body text (excluding specified automatic footers and normalized to consolidate white space), and attachments are wholly included in another more complete email.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| Dated: November 7, 2019 | Dated: November 6, 2019 |
| THE HARMAN FIRM, LLP | FARUQI & FARUQI, LLP |
| By: *[signature]* | By: *[signature]* |
| Edgar M. Rivera | Innessa Melamed Huot |
| 381 Park Avenue South, Suite 1220 | Alex J. Hartzband |
| New York, NY 10016 | Patrick J. Collopy |
| Tel.: (212) 425-2600 | 685 Third Avenue, 26th Floor |
| erivera@theharmanfirm.com | New York, NY, 10017 |
| | Tel.: (212) 983-9330 |
| *Attorneys for Defendants* | ihuot@faruqilaw.com |
| | ahartzband@faruqilaw.com |
| | pcollopy@faruqilaw.com |
| | *Attorneys for Plaintiff* |

4

## ATTACHMENT A

A.1. <u>Image Files:</u> To the extent possible, original orientation will be maintained (*i.e.*, portrait-to-portrait and landscape-to-landscape) for all PDF files produced. Each PDF file or page will be assigned a unique name matching the production number of the corresponding page. Files will not be split across folders and separate folders will not be created for each file. Bates-stamped numbers shall be endorsed on the lower right corner of all images, or elsewhere if necessary to ensure that no portion of the original file is obscured. This number shall be a unique, consistently formatted identifier that will: (i) be consistent across the production; (ii) contain no special characters; and (iii) be numerically sequential within a given file. Bates-stamped numbers shall be a combination of an alpha prefix along with a six-digit number (*e.g.*, DEFENDANT 000001). The number of digits in the numeric portion of the Bates number format should not change in subsequent productions. Confidentiality designations, if any, shall not obscure any portion of the original file.

A.2. <u>Word Processing Files:</u> Word processing files, including, without limitation, Microsoft Word files (*.doc and *.docx), will be produced in the above format and, where applicable, with tracked changes and comments showing.

A.3. <u>Presentation Files:</u> To the extent that presentation files, including, without limitation, Microsoft PowerPoint files (*.ppt and *.pptx), must be produced in PDF image format (*e.g.*, where the file is redacted in part such that it cannot be produced natively per Section II(B) above), such PDF images will display comments, hidden slides, speakers' notes, and similar data in such files.

A.4. <u>Spreadsheet or Worksheet Files:</u> To the extent that spreadsheet files, including without limitation, Microsoft Excel files (*.xls or *.xlsx), must be produced in PDF image format (*e.g.*, where the file is redacted in part such that it cannot be produced natively per Section II(B) above), such PDF images will display hidden rows, columns, and worksheets, if any, in such files.

A.5. <u>Parent-Child Relationships:</u> Parent-child relationships (*e.g.*, the associations between emails and their attachments) will be preserved. Email and other ESI attachments will be produced as independent files immediately following the parent email or ESI record.

A.6. <u>Production Numbering:</u> In following the requirements of Section A.1, the producing party shall take reasonable steps to ensure that attachments to documents or electronic files are assigned production numbers that directly follow the production numbers on the documents or files to which they were attached. If a production number or set of production numbers is skipped, the skipped number or set of numbers will be noted.

A.7. <u>Encrypted Files:</u> The producing party will take reasonable steps, prior to production, to provide passwords and any other access requirements for encrypted files produced.

A.8. <u>Files Produced in Native Format:</u> Any electronic file produced in native file format shall be given a file name consisting of a unique Bates-stamped number. For each native file produced, the production will include a PDF image slip sheet indicating the production number of the native file and the confidentiality designation and stating "File Provided Natively."

## ATTACHMENT B

| Custodian | Time Frame | Search Terms |
|---|---|---|
| Yuriy Prakhin<br>Irene Raskin<br>Gil Zohar<br>Irene Gabo<br>Gregory Nahas<br>Sandra Beron<br>Stephen Revis<br>Lilit Avetisyan<br>Erica Larssen<br>Patricia Belous | February 1, 2018 through present | Yelena<br>Ruderman<br>Lena<br>YR<br>Blind!<br>Leber!<br>Hered!<br>Optic<br>Neuropath!<br>LHON<br>Vision<br>Sight<br>Eye!<br>Diagnos!<br>ADA<br>FMLA<br>Disabilit!<br>"med! leave"<br>"speech recognition"<br>Dragon<br>Magnif!<br>Glasses<br>OrCam<br>"screen read!"<br>JAWS<br>Accomm!<br>Transport!<br>Diagnos!<br>Discriminat!<br>Retaliat!<br>EEOC<br><br>(Yelena OR Ruderman OR Lena OR YR) AND<br><br>Hir!<br>Employ!<br>"bring back"<br>Rehir!<br>"case manag!"<br>Handl!<br>Cover |

6

| Custodian | Time Frame | Search Terms |
|---|---|---|
| | | "take over"<br>Assign!<br>Case!<br>Load<br>Paralegal!<br>Replac!<br>Work!<br>Fir!<br>Terminat!<br>"work! comp!"<br>Unemploy!<br>Satisf!<br>Dissatisf!<br>Misconduct<br>Perform!<br>Declin!<br>Bonus!<br>Wage!<br>Salar!<br>Rais!<br>Perform!<br>Compensat!<br>Commission!<br>Leave<br>Doctor!<br>Hospital!<br>Deteriorat!<br>Disclos!<br>Quality<br>Interview!<br>Replac!<br>Condition!<br>Suffer!<br>Install!<br>Ill!<br>Injur!<br>Medic!<br>Aid<br>Assist! |

| **Custodian** | **Time Frame** | **Search Terms** |
|---|---|---|
| Yuriy Prakhin<br>Erica Larssen<br>Patricia Belous | February 1, 2018 through present | (Yelena OR Ruderman OR Lena OR YR) AND<br><br>Gabo<br>Irene<br>IG<br>Gil<br>Zohar<br>GZ<br>Sandra<br>Sandy<br>Beron<br>SB |
| Irene Raskin | February 1, 2018 through present | (Yelena OR Ruderman OR Lena OR YR) AND<br><br>Gabo<br>IG<br>Gil<br>Zohar<br>GZ<br>Sandra<br>Sandy<br>Beron<br>SB |
| Irene Gabo | February 1, 2018 through present | (Yelena OR Ruderman OR Lena OR YR) AND<br><br>Sandra<br>Sandy<br>Beron<br>SB |
| Sandra Beron | February 1, 2018 through present | (Yelena OR Ruderman OR Lena OR YR) AND<br><br>Gabo<br>Irene<br>IG<br>Gil<br>Zohar<br>GZ |
| Gil Zohar | February 1, 2018 through present | Yelena<br>Ruderman<br>Lena<br>YR |

8

| Custodian | Time Frame | Search Terms |
|---|---|---|
| Yelena Ruderman | May 1, 2018 through December 14, 2018 | Blind! <br> Leber! <br> Hered! <br> Optic <br> Neuropath! <br> LHON <br> Vision <br> Sight <br> Eye! <br> Diagnos! <br> ADA <br> FMLA <br> Disabilit! <br> "med! leave" <br> "speech recognition" <br> Dragon <br> Magnif! <br> Glasses <br> OrCam <br> "screen read!" <br> JAWS <br> Accomm! <br> Transportation <br> Diagnos! <br> Discriminat! <br> Retaliat! <br> EEOC <br> Bonus! <br> Salar! <br> Rais! <br> Compensat! <br> Leave <br> Doctor! <br> Hospital! |