# EXHIBIT C

**F&F  FARUQI & FARUQI**  **NEW YORK**   **CALIFORNIA**   **DELAWARE**   **GEORGIA**   **PENNSYLVANIA**
**LLP**
ATTORNEYS AT LAW

**Innessa M. Huot**
ihuot@faruqilaw.com

February 26, 2020

**VIA EMAIL**

Mary Ellen Donnelly, Esq.
Putney Twombly Hall & Hirson LLP
521 Fifth Avenue, 10th Floor
New York, New York 10175
mdonnelly@putneylaw.com

    Re: *Ruderman v. Law Office of Yuriy Prakhin, P.C., et al.*,
       No. 1:19-cv-02987(RJD)(RLM)

Dear Ms. Donnelly:

  We you may already be aware, we represent Plaintiff Yelena Ruderman in the above-referenced action.  Ed Rivera, Esq. – formerly counsel for Defendants Law Office of Yuriy Prakhin, P.C. (the "Firm") and Yuriy Prakhin (together, "Defendants") – has informed us that you now represent Defendants.  We write both to welcome you to the case and to follow up on discovery deficiencies addressed in prior correspondence between counsel for the parties, which we have enclosed herewith for easy reference.

  We would appreciate the opportunity to speak with to introduce ourselves and discuss the below.  We tried calling you on Monday, February 25, 2020 and left a voicemail, but we have not yet heard back.

**I. DEFENDANTS' CONTINUED FAILURE TO COMPLY WITH THE PARTIES' ESI PROTOCOL**

  On November 7, 2019, the parties entered into a Protocol for the Disclosure, Search, and Production of Electronic Systems and Electronically Stored Information, or "ESI" (the "ESI Protocol").  Pursuant to the ESI Protocol, Defendants agreed to run a series of search terms through the Firm's email and internal messaging systems (*e.g.*, Skype, Microsoft Teams, Slack, Bloomberg Chat) for Plaintiff and ten other custodians.  Further, Defendants agreed to produce all responsive documents yielded by their ESI search in PDF format, with Bates-stamped numbers on each page.

  During the parties' meet-and-confer, Defendants' former counsel confirmed that, apart from exporting and producing Plaintiff's Firm Microsoft Outlook account in native form, Defendants have not conducted a search in accordance with the parties' ESI Protocol.  To wit, they have not searched any custodian besides Plaintiff and have not produced documents in PDF format with Bates-stamped numbers.  Defense counsel explained that Defendants' ESI search has proven



Mary Ellen Donnelly, Esq.
February 26, 2020
Page 2

to be a challenge, as Mr. Prakhin has resisted instructing his in-house IT Director to conduct the search at all. Subsequently, counsel for the parties discussed the possibility of asking the Court to appoint a vendor to conduct the search in accordance with the parties' ESI Protocol. Defense counsel agreed to provide an update regarding the status of Defendants' ESI search by February 21, 2020.

To date, we have not received any further information regarding Defendants' ESI search or even their general intention (or lack thereof) to comply with the ESI Protocol. We remain extremely concerned by this given the parties' April 10, 2020 fact discovery deadline.

Please let us know by **March 3, 2020** whether Defendants will comply with the parties' agreement and, if so, provide a date certain by which Defendants' ESI search will be complete. If Defendants will not comply, we intend to move the Court to appoint a vendor to conduct a search in accordance with the parties' ESI Protocol.

## II.     PLAINTIFF'S SUPPLEMENTAL INTERROGATORY RESPONSES

Further to our February 11, 2020 meet-and-confer with Defendants' prior counsel, please find below Plaintiff's supplemental interrogatory responses. Plaintiff expressly reserves and reasserts all objections asserted in her original responses and/or during the meet-and-confer. Consistent with the agreements reached during our meet-and-confer, we now consider any alleged deficiencies in Plaintiff's discovery responses and document production to be resolved.

### A.     Interrog. No. 2

As discussed during the parties' meet-and-confer, Defendants have narrowed the interrogatory as follows: "Identify each and every person who you told about your medical condition and/or diagnosis with LHON, insofar as it/they pertained to the performance of your job duties or the skills required therefor."

Subject to this narrowing, Plaintiff hereby supplements her response to identify Yuriy Prakhin, Irene Raskin, Erica Larssen, Patricia Belous, Sandra Beron, Steven Korytny, and Irene Gabo.

### B.     Interrog. No. 8

Defendants have narrowed this interrogatory as follows: "Identify each and every person who you told about any limitation your medical condition has caused you, insofar as it pertained to the performance of your job duties or the skills required therefor."



Mary Ellen Donnelly, Esq.
February 26, 2020
Page 3

Notwithstanding this narrowing, Plaintiff again objects that the term "limitation" mischaracterizes her abilities and the effects of her medical condition.  Subject to and without waiving this objection, Plaintiff states that she told the following people about her medical condition and her need for accommodations to perform her job duties: Yuriy Prakhin, Irene Raskin, Erica Larssen, Patricia Belous, Sandra Beron, and Irene Gabo.

**C.     Interrog. No. 9**

Defendants have narrowed this interrogatory as follows: "Identify each and every person who has assisted you in performing your work or the tasks required by Defendants."

Subject to this narrowing, Plaintiff hereby supplements her response to identify Erica Larssen and Patricia Belous.

**D.     Interrog. No. 16**

Defendants have narrowed this interrogatory as follows: "Identify each individual who you told about your purchases of and use of a Dragon, OrCam, JAWS or every device you purchased that assist the visually impaired with reading and writing."

Notwithstanding this narrowing, Plaintiff objects that this interrogatory is overly broad. Plaintiff has likely told more than one hundred people about her purchase and use of various devices that assist the visually impaired.  As such, she cannot possibly identify all responsive individuals.  Subject to and without waiving this objection, Plaintiff identifies Yuriy Prakhin, Irene Raskin, Irene Gabo, Steven Korytny, and all other individuals who worked contemporaneously with her at the Firm.  Plaintiff further identifies all individuals who have viewed the GoFundMe page created on her behalf (https://www.gofundme.com/f/yelenas-fight), as well as all medical professionals she has visited in connection with her disability.

**E.     Interrog. No. 19**

Plaintiff hereby supplements her response to identify the following accounts on various social networking platforms:

> (a)     Facebook: Yelena Ruderman;
>
> (b)     LinkedIn: Yelena Ruderman; and
>
> (c)     Instagram: yel.esq.



Mary Ellen Donnelly, Esq.
February 26, 2020
Page 4


      Please feel free to contact us if you have any questions.  We look forward to working with you.


              Sincerely,

              Innessa M. Huot