# EXHIBIT F

## Innessa M. Huot

| | |
|---|---|
| **From:** | Innessa M. Huot |
| **Sent:** | Monday, April 20, 2020 6:32 PM |
| **To:** | Nicole E. Price |
| **Cc:** | Mary Ellen Donnelly; Alex J. Hartzband |
| **Subject:** | RE: Ruderman v. Law Office of Yuriy Prakhin, P.C., et al., No. 19-cv-02987 |

Hi Nicole, we wish you and/or your client luck with the family issue. We understand these matters are urgent. We are, however, extremely concerned with the close to 6-month delay in Defendants production of ESI. Discovery closes in approximately 2 months and Plaintiff is nowhere closer to receiving these records.

We accept your request for an extension of up to May 4, 2020 for the interrogatory responses. However, we remain at an impasse on Defendants' failure to produce ESI. Plaintiff will not engage in any further negotiations regarding the ESI protocol. We simply do not have enough time to rehash issues that have been diligently negotiated and fully resolved months ago.

We again demand that by the end of today, Defendants provide a date certain by when they will produce the requested ESI. As stated in my previous email, we demand that a complete production be made before May 15, 2020.

Best,
Innessa

**From:** Nicole E. Price <nprice@putneylaw.com>
**Sent:** Monday, April 20, 2020 5:20 PM
**To:** Innessa M. Huot <ihuot@faruqilaw.com>
**Cc:** Mary Ellen Donnelly <MDonnelly@putneylaw.com>; Alex J. Hartzband <ahartzband@faruqilaw.com>
**Subject:** Re: Ruderman v. Law Office of Yuriy Prakhin, P.C., et al., No. 19-cv-02987

Innessa,

We have received your April 16, 2020 e-mail correspondence and are in the process of reviewing the revisions to the ESI Protocol Attachment B and conferring with our client. However, due to family medical emergency, we have been delayed in this process and are in need of more time to respond.

In light of this urgent matter, we would appreciate additional time up to and including May 4, 2020 to respond to your correspondence and Plaintiff's Second Set of Interrogatories.

Thank you,

Nicole

1

--

Nicole Elizabeth Price

**Putney, Twombly, Hall & Hirson LLP**

521 Fifth Avenue

New York, New York 10175

Phone: (212) 682-0020

Fax: (212) 682-9380

nprice@putneylaw.com

Notice: This e-mail message and any attachment to this e-mail message contain confidential information that may be protected by the attorney-client and/or attorney work product privileges.  If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it.  If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (212) 682-0020 and delete this message.  Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Putney, Twombly, Hall & Hirson LLP.  Although Putney, Twombly, Hall & Hirson LLP attempts to sweep e-mail and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving Putney, Twombly, Hall & Hirson LLP.

---

**From:** Innessa M. Huot <ihuot@faruqilaw.com>
**Sent:** Thursday, April 16, 2020 1:58 PM
**To:** Nicole E. Price <nprice@putneylaw.com>
**Cc:** Mary Ellen Donnelly <MDonnelly@putneylaw.com>; Alex J. Hartzband <ahartzband@faruqilaw.com>
**Subject:** RE: Ruderman v. Law Office of Yuriy Prakhin, P.C., et al., No. 19-cv-02987

Dear Mary Ellen and Nicole,

Regarding your proposed edits to the ESI Protocol:

First, Defendants have again inappropriately limited the time frame to start on May 1, 2018 rather than February 1, 2018.  As we described in our March 13, 2020 letter as well as on our subsequent meet and confer, Plaintiff alleges that after leaving the Prakhin Firm, Defendants recruited her back.  Defendants have previously taken the position that they did not recruit her back to the Firm and that Ms. Ruderman applied unsolicited.  This issue is relevant to Plaintiff's claims that she performed well and was valued by Defendants prior to the disclosure of her disability.  Because this is a core issue in this case, the parties agreed that the time frame for an ESI search should begin February 1, 2018.  As previously stated, Plaintiff is willing to forego the February 1, 2018 to May 1, 2018 time frame for ESI production if Defendants stipulate that they recruited Ms. Ruderman back to the Firm.  After our last meet and confer, you stated that you would check on this issue with your clients and get back to us promptly.  Once again, please advise if Defendants will stipulate on this issue.  If not, then we cannot agree to this time frame limitation.

Second, despite Defendants' prior representations and their prior agreements to the contrary, they now seek to limit the scope of the ESI search by tying hits of all terms to Plaintiff's name.

On a practical level, this is not how people communicate electronically or otherwise.  Indeed, your proposed limitations would result in extremely relevant commutations from being excluded from the search because the Plaintiff's name was not mentioned.  For example, a message or email saying "I'm going to fire her because she's blind" would now be excluded from the search.

More importantly, this issue was specifically discussed and resolved when the parties initially negotiated the ESI Protocol.  Indeed, we were advised that Defendants spent considerable time consulting with their IT Department on running an ESI search with certain terms tied to Plaintiff's name and other not so tied.  After such consultation, Defendants themselves advised on the specific terms that were problematic.  We discussed Defendants' hit report on these terms and further agreed to limit them by tying them to the Plaintiff's name.  The parties agreed the remaining terms would remain untied.  Your proposed edits seek to undo weeks of negotiations and specific diligence that went into assuring that this ESI search is comprehensive, narrowly tailored, and reasonable.  Plaintiff does not agree to this proposed limitation.

Third, Defendants have limited the terms of the ESI search without providing a hit report.  This is not what we discussed and not what we agreed to.  We have had extensive communications between us stating that – if a particular term yields an unreasonably large amount of hits, then you would share that hit report with us, and we would work cooperatively to revise such a term.  You have provided no such hit report.

Some of your proposed edits, such as replacing the term "Magnify!" with "Magnify" – inappropriately eliminates terms such as "Magnifying".  You also seek to replace the term "Rais!" with "Raise" – which inappropriately eliminates relevant terms such as "raises" – no doubt why this exact term "Rais!" was not eliminated from Plaintiff's ESI search.  Your other edits eliminate terms altogether like "Work! Comp!" and "Paralegal!" – again without providing a hit report.  Plaintiff does not agree to these proposed limitation absent Defendants providing a hit report showing that such terms yield an unreasonably large amount of results.   However, in the interest of cooperating, and without waiving any rights to seek full compliance with the previously agreed upon ESI Protocol, Plaintiff has reviewed your proposed term edits and has accepted some of your redlines.

Attached is a revised and final version of Attachment B.  Please be specifically advised that Plaintiff will not further limit or negotiate regarding the scope of the ESI search or its terms absent a hit report.  However, if your client agrees to stipulate regarding its recruitment of Ms. Ruderman then we will agree to limit the time frame to May 1, 2018 to the present.

**Please advise us by April 20, 2020 with respect to 3 items:**

1. **Will Defendants stipulation to its recruitment of Ms. Ruderman – if so then we can limit the time frame to May 1, 2018 to the present.  Otherwise, Plaintiff will not negotiate the previously agreed upon time frame and the parties are therefore at an impasse.**

2. **Are Defendants in agreement with this Revised ESI Protocol attached hereto, if not then we are at an impasse.**

3. **Provide a date certain within 30 days of today for the production of this ESI.**

If Defendants cannot complete its production within 30 days, then please write a letter to the Court seeking a further extension of the discovery deadline based on this reason.  Please send us this letter first for review and we will consent to the extension.  Otherwise, we will ask the Court to appoint an e-discovery vendor so that Defendants can comply with their discovery obligations.

We also request that Defendants respond to Plaintiff's Second Set of Interrogatories, which are now long past due.  Please provide a date certain by when we can expect these responses.

On a separate note, we have received your letter today.  We will review and confer with our client.

Best,
Innessa

**From:** Nicole E. Price <nprice@putneylaw.com>
**Sent:** Thursday, April 16, 2020 9:48 AM
**To:** Innessa M. Huot <ihuot@faruqilaw.com>
**Cc:** Mary Ellen Donnelly <MDonnelly@putneylaw.com>; Alex J. Hartzband <ahartzband@faruqilaw.com>
**Subject:** Ruderman v. Law Office of Yuriy Prakhin, P.C., et al., No. 19-cv-02987

Innessa,

Please see Defendants' proposed revisions to Attachment B of the ESI Protocol and the attached correspondence.

Thank you,
Nicole


--

Nicole Elizabeth Price

**Putney, Twombly, Hall & Hirson LLP**

521 Fifth Avenue

New York, New York 10175

Phone: (212) 682-0020

Fax: (212) 682-9380

nprice@putneylaw.com


Notice: This e-mail message and any attachment to this e-mail message contain confidential information that may be protected by the attorney-client and/or attorney work product privileges.  If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it.  If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (212) 682-0020 and delete this message.  Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Putney, Twombly, Hall & Hirson LLP.  Although Putney, Twombly, Hall & Hirson LLP attempts to sweep e-mail and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving Putney, Twombly, Hall & Hirson LLP.