**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

NEW YORK    CALIFORNIA    DELAWARE    GEORGIA    PENNSYLVANIA

Innessa M. Huot
ihuot@faruqilaw.com

June 8, 2020

**VIA ECF**

The Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom #13C-S
Brooklyn, New York 11201

      Re:    <u>Yelena Ruderman v. Law Office of Yuriy Prakhin, P.C., et al.,
                Civil Action No. 1:19-cv-2987 (RJD)(RLM)</u>

Dear Judge Mann:

      We represent Plaintiff Yelena Ruderman in the above-referenced action. Pursuant to Local Civil Rule 37.3 and Your Honor's Individual Practices, Plaintiff moves: (i) to renew her application for this Court to appoint an e-discovery vendor to conduct Defendants' ESI search; and (ii) to compel Defendants to produce the audio and video recordings which Defendants have actively concealed.

**I.    <u>Defendants Have Violated the Court's Order and Their Discovery Obligations, Proving that Only Court-Designation of an ESI Vendor Can Ensure a Proper Search and Production</u>**

      On April 30, 2020, this Court Ordered that Defendants produce ***all*** responsive ESI in accordance with the search terms previously agreed upon by Plaintiff's counsel. *See* ECF No. 27. This Court further Ordered that any ESI that is privileged should be placed on a privilege log. Despite the Court's Order, Defendants have selectively produced favorable ESI yielded by the ESI Protocol while redacting or withholding responsive records that undercut their theory of the case. Defendants violated the Court's Order and their obligation to produce all relevant discovery in several ways.

      First, Defendants produced ESI that reflects negatively on Plaintiff's work performance (*see, e.g.*, Ex. 1),[1] yet withheld clearly responsive ESI that praises Plaintiff's performance (*see, e.g.*, Ex. 2).[2] Indeed, Defendants produced numerous pages of ESI containing discussions of how Plaintiff's case load is "low" or how other attorneys had more cases than she does (*see, e.g.*, Ex. 3-4) yet withheld ESI showing 116 additional cases being transferred to Plaintiff (*see* Ex. 5). Defendants also withheld numerous other relevant and responsive ESI showing Plaintiff's growing caseload. *E.g.*, Exs. 6-14.

      Seeking to bolster their position that Plaintiff's disability rendered her unable to perform her work, Defendants produced various emails reflecting that Plaintiff's paralegals drafted legal documents to assist Plaintiff. However, Defendants conveniently failed to produce extensive ESI

---

[1] In accordance with Your Honor's Individual Practices and guidance provided by Your Honor's Court Attorneys, all exhibits referenced in this Motion are attached to the contemporaneously filed Motion to Seal. While only a few of these records were produced by Defendants (and designated as confidential), for the Court's convenience, we attached all exhibits to the Motion to Seal so that the Court can have them all in one place.

[2] Search terms from the ESI Protocol that appear within exhibits Defendants withheld or redacted are highlighted for the Court's convenience.



showing that these paralegals typically perform this same work on a regular basis, months before and unrelated to Plaintiff's disability. *E.g.*, Exs. 15 (drafting motions and bill of particulars long before Plaintiff's disability); 16 (drafting bill of particulars, RJI's and preliminary conference requests); 17 (drafting motion to compel); 18 (amending pleadings); 19 (drafting motion); 20 (trial preparation); 21 (drafting good faith letter); 22 (filing note of issue); 23 (staying up to date on discovery); 24 (drafting bill of particulars). Defendants withheld all of these documents.

Second, while Defendants selectively produced favorable documents from one of Defendant's email addresses: "yp@prakhinlaw.com," they refused to produce any documents at all from Defendant's second email address: "prakhin@verizon.net." Such refusal is unjustified and violates this Court's previous Order.

Third, to further give the appearance that Plaintiff failed to adequately perform her job duties, Defendants produced only fragments of various email chains and have selectively redacted ESI so that statements about Plaintiff can be taken out of context. For example, Defendants produced Exs. 25 showing opposing counsel's repeated attempts to obtain Plaintiff's signature on a specific document and Plaintiff appearing to not respond to such requests. However, Defendants failed to produce Exs. 26 and 27, which show Plaintiff's supervisor telling her to first get Mr. Prakhin's approval for the signature and then Mr. Prakhin directing Plaintiff not to sign the document. Defendants made such misleading and selective disclosures elsewhere in their ESI production as well. *Compare* Ex. 28 (heavily redacted email implying that Plaintiff did not complete a task) compare to Ex. 29 (withheld email showing that Plaintiff had already completed the task referenced in Ex. 28).

Fourth, Defendants also redacted ESI to hide relevant discovery that is harmful to their case. In response to Plaintiff's counsel's inquiry as to the basis of Defendants' excessive redactions, Defendants stated that they withheld ESI by way of redactions on grounds of relevance and privilege. *See* Ex. 30 at 2. However, Defendants' Privilege Log contains **none** of the redacted records. *See* Ex. 31. As such, Plaintiff requested that Defendants comply with the Court's Order (ECF No. 27) and place all privileged ESI on their Privilege Log. Ex. 30 at 1-2. Defendants declined this request and conceded that the redacted ESI is not actually privileged, stating: "Defendants have already produced a privilege log noting all documents which have been withheld on the basis of privilege." *Id.* at 1. Even in the absence of Defendants' confirmation that the ESI is not privileged, any claims of privilege are waived as Defendants have refused to list the records on a privilege log. *E.g., Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, 331 F.R.D. 218, 228 (E.D.N.Y. 2019) (finding that "courts in the Second Circuit have uniformly concluded" that a parties' failure to list a document on a privilege log results in waiver of any asserted privilege); *Kogut v. Cty. of Nassau*, No. 06-cv-6695 (JS) (WDW), 2011 WL 13284714, at *4 (E.D.N.Y. Nov. 14, 2011) ("The failure of defendants to list the . . . documents [in question] on a privilege log constitutes a waiver of any applicable privilege.").

However, Defendant have selectively withheld and redacted relevant and responsive ESI. Indeed, Defendants' "relevance" argument is belied by their own production. Numerous times, Defendants redacted entire email chains only to produce, seemingly by accident, the same email chains later in the production. *Compare* Ex. 32 (fully redacted email produced at D71-73) *with* Ex. 33 (same email chain unredacted, produced at D1530-1533, including discussion of Plaintiff taking over the case and handling the mediation). This, of course, reveals that Defendants' "relevance" review was,



in truth, governed by nothing more than gamesmanship, improperly withholding and redacting anything that might prove Plaintiff's theory.

Fifth, Defendants used redactions to further cover up their previous production deficiencies and flagrant misrepresentations. Indeed, our investigation has long revealed that Defendants have an office policy of recording all conversations within the Firm as well as telephone calls made to and from the Firm.[3] As such, on March 3, 2019, Plaintiff sent Defendants a letter specifically instructing them to place a litigation hold on "all recordings" and specifically requesting Defendants to "[s]ecure and preserve all audio recordings of telephone calls and surveillance camera footage" and to "stop the automatic deletion of . . . recordings of telephone calls." Ex. 34 at 4-5. On October 10, 2019, Plaintiff requested the production of all such recordings. Ex. 35 ¶ 98. In a subsequent meet and confer, Plaintiff stressed the importance of obtaining these recordings as Defendants have taken the position that all communications regarding Plaintiff's disability and her termination were exclusively verbal. Defendants emphasized that had such recordings existed they would certainly produce them, but that the ESI simply does not exist. *See* Ex. 36 at 3. While concerned that Defendants had deliberately destroyed such critical discovery, in the face of such a distinct representation, Plaintiff had no choice to take Defendants at their word.

However, Defendants have now produced evidence (underneath an improper redaction) confirming that they record all office telephone calls. Indeed, Defendants produced document Bates stamped D1640 (Ex. 37) and deliberately redacted the one sentence clearly showing Defendants' continued practice of routinely recording all telephone calls. *See* Ex. 38 (unredacted version of the same email which Defendants intentionally withheld with the pertinent line redacted: ". . . she got upset and hung up when she denied and I told her our calls are recorded if she doesn't believe me."). As such, Plaintiff respectfully asks the Court to compel Defendants to produce all audio and video recordings pertaining to Plaintiff as previously requested.

In light of Defendants' deliberate concealment of critical ESI, their blatantly deficient production, and their persistent refusal to comply with their ESI obligations even in the face of this Court's Order compelling them to do so, Plaintiff respectfully requests that this Court appoint an e-discovery vendor who will properly perform a complete ESI search so that Plaintiff can finally obtain the discovery she has been aggressively requesting for over half a year.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Innessa M. Huot

Cc: Counsel of Record (*via* ECF)

---

[3] It should be noted that the New York City Bar Association's Ethics Committee has explicitly stated in a formal opinion that "undisclosed taping smacks of trickery and is improper as a routine practice." In or around 2016, Mr. Prakhin was admonished by Judge Troia of Richmond County and was subsequently reported to the Grievance Committee for the Second Department. While Defendants' continued ethical violations are concerning, such matters are not at issue in this motion.