PUTNEY, TWOMBLY, HALL & HIRSON LLP

DANIEL F. MURPHY, JR.
THOMAS A. MARTIN
JAMES E. McGRATH, III
CHRISTOPHER M. HOULIHAN
MARY ELLEN DONNELLY
GEOFFREY H. WARD
PHILIP H. KALBAN
JEROME P. COLEMAN
BARBARA M. MAISTO
MICHAEL D. YIM

ESTABLISHED 1866
COUNSELORS AT LAW
521 FIFTH AVENUE
NEW YORK, NEW YORK 10175
(212) 682-0020
TELEFAX: (212) 682-9380
PUTNEYLAW.COM

328 NEWMAN SPRINGS ROAD
RED BANK, NEW JERSEY 07701
(732) 379-6020
TELEFAX: (732) 345-9444

1225 FRANKLIN AVENUE, SUITE 200
GARDEN CITY, NY 11530
(516) 746-0070
TELEFAX: (516) 746-0599

COUNSEL
CHARLES J. GROPPE
THOMAS M. LAMBERTI
ANDREA HYDE
BRIEN D. WARD
WILLIAM M. POLLAK

March 8, 2021

**Via ECF**

The Honorable Roanne L. Mann
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Yelena Ruderman v. Law Office of Yuriy Prakhin, P.C., et al.**
      **E.D.N.Y. Case No. 19-cv-02987 (RJD) (RLM)**

Dear Magistrate Judge Mann:

As Your Honor is aware, this firm represents Defendants, Law Office of Yuriy Prakhin (the "Firm") and Yuriy Prakhin, Esq. ("Mr. Prakhin) (collectively, "Defendants") in the above-referenced action. We write in accordance with Your Honor's February 22, 2021 Order (the "Order") regarding discovery. In particular, we write to provide the Court: (1) information demonstrating that the communications between Mr. Prakhin and the Firm's employees listed on the privilege log are protected by the attorney-client and/or work product privileges; and (2) information demonstrating that the withheld communications concerning a retained non-testifying expert are privileged pursuant to Federal Rule of Civil Procedure 26. As these communications have appropriately been designated and protected as privileged, Plaintiff's motion to compel should be denied.

**I.   The Communications Between Firm Employees and Mr. Prakhin Are Privileged**

The communications listed on Defendants' Privilege Log between Mr. Prakhin and two of his employees are properly designated as privileged communications. Communications among employees of a corporate defendant may be privileged if such communications are made at the direction of counsel to gather information to aid the corporate defendant's counsel in providing representation in an ongoing litigation. *See Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58 (S.D.N.Y. 2010); *Carter v. Cornell University*, 173 F.R.D. 92 (S.D.N.Y. 1997). Defendants' outside counsel instructed Mr. Prakhin to gather certain information to assist with their defense of this matter and respond to Plaintiff's discovery demands. (*See* **Exhibit A**). Examples of such communications are annexed hereto as **Exhibit B**. Defendants' outside counsel also instructed

Hon. Roanne L. Mann
March 8, 2021
Page 2

Mr. Prakhin to search for and contact experts. Examples of these communications are annexed hereto as **Exhibit C**. Mr. Prakhin communicated these instructions to certain employees working at the Firm to assist in gathering the requested information and contacting of experts. (*See, e.g.,* ECF No. 50-1, Prakhin's 30(b)(6) Dep. at 25:2-26:21; 34:14-35:6; ECF No. 50-3, Raskin Dep. at 30:5-17, 32:3-14). As previously explained to Plaintiff's counsel during the parties' meet-and-confers, as a business entity the Firm must use its employees to gather information to aid its defense as it is unable to do so itself. Additionally, it would be unreasonable to demand that Mr. Prakhin be solely responsible for collecting over 14,000 pages of documents that have been produced in connection with this litigation. Once the requested information and documentation was gathered, Mr. Prakhin provided the same to Defendants' outside counsel. Since the communications between Mr. Prakhin and the Firm's employees were for the purpose of aiding Defendants' defense and at the request of Defendants' outside counsel, these communications are properly designated and withheld as privileged.

As the Court requested, each party has selected five (5) documents for *in camera* review. The documents selected by Plaintiff are annexed hereto as **Exhibit D** and the documents selected by Defendants are annexed hereto as **Exhibit E**. As these examples demonstrate, the communications listed on Defendants' privilege log occurred after Plaintiff commenced this action against Defendants and during the discovery period. These communications are also directly responsive to Defendants' outside counsel requests to search for records and information to answer Plaintiff's discovery requests and find experts to assist with the case. (*See* **Exhibits B, C, F**). Thus, Defendants appropriately listed these communications between Mr. Prakhin and the Firm's employees as privileged since they were generated for the purpose of assisting with the provision of legal services to Defendants at the request of Defendants' outside counsel and under the supervision of Mr. Prakhin, an attorney and the President of the Firm.

## II.   <u>The Communications with Defendants' Retained Expert Are Privileged</u>

In accordance with the Order, on March 1, 2021, Defendants produced the relevant, responsive communications with experts that were not retained by the Firm. Defendants continue to withhold communications with and concerning Ms. Nancy Parkin-Bashizi, a non-testifying expert retained by the Firm.

Defendants' communications concerning Ms. Parkin-Bashizi are privileged. Rule 26 provides that "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is <u>not</u> expected to be called as a witness at trial" unless the requesting party demonstrates "exceptional circumstances" warranting disclosure. Fed. R. Civ. Pro. 26(b)(4)(D) (emphasis added). It is well established that a party's communications with non-testifying experts are protected from disclosure. *See, e.g.*, *Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 122-124 (S.D.N.Y. 2014) (holding that the non-testifying expert privilege protects all facts known and opinions held by a consulting expert); *J.T. Eaton & Co. v. Atlantic Paste & Glue Co.*, No. 84-cv-4438, 1987 WL 17084 *4 (E.D.N.Y. Aug. 31, 1987) (holding that a company's communications with a technical consultant regarding the litigation were privileged under the work product doctrine). Beginning in or around December 2019, Defendants retained and

Hon. Roanne L. Mann
March 8, 2021
Page 3

consulted with Ms. Parkin-Bashizi as a non-testifying expert for this litigation. (*See* **Exhibit G**). Defendants' communications concerning the search for and their contact with Ms. Parkin-Bashizi were at the direction of Defendants' outside counsel. (*See* **Exhibit C**). Since Defendants retained Ms. Parkin-Bashizi as a non-testifying expert to assist in their defense of this litigation, Defendants communications are privileged.

\*       \*       \*

In light of the foregoing, Plaintiff's motion to compel the production of Defendants' privileged communications should be denied in its entirety. Defendants have now produced over 14,000 pages of discovery in response to Plaintiff's onerous demands in addition to engaging in other discovery. Plaintiff's unreasonable demand for Defendants' privileged communications is simply another fishing expedition. Accordingly, Defendants respectfully request that the Court deny Plaintiff's motion. Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/s/ MED

Mary Ellen Donnelly
Nicole E. Price

cc:  Counsel of Record (via ECF)