EXHIBIT F

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YELENA RUDERMAN,<br><br>                        Plaintiff,<br><br>          v.<br><br>LAW OFFICE OF YURIY PRAKHIN, P.C.<br>and YURIY PRAKHIN, in both his individual<br>and professional capacities,<br><br>                        Defendants. | Civil Action No.: 1:19-cv-2987 (RJD) (RLM) |

<u>**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules of the United States District Court for the Eastern District of New York ("Local Rules"), and all other relevant provisions thereof, Plaintiff Yelena Ruderman ("Plaintiff") hereby requests that Defendants Law Office of Yuriy Prakhin, P.C., (the "Firm") and Yuriy Prakhin (together, "Defendants") respond to the following Requests for Production of Documents fully and in writing, under oath, in accordance with the Instructions and Definitions set forth below, and serve their responses upon Innessa M. Huot, Esq., Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017. Defendants' responses to Plaintiff's First Requests for Production of Documents are due within thirty (30) days of service. Plaintiff expressly reserves the right to serve supplemental requests.

<u>**INSTRUCTIONS**</u>

1.      You are requested to produce all documents, electronically stored information, and property described below that are in Your possession, custody, or control or in the possession, custody, or control of Your predecessors, successors, parents, subsidiaries, divisions, affiliates, directors, officers, managing agents, attorneys, accountants, or other representatives. The

documents, electronically stored information, and property are to be produced in the form and in the same order within each file in which they were located prior to production.  The file folders, boxes, binders, or other containers in which such documents are found are also requested to be produced intact, including the title, labels, or other description of each such folder, box, binder, or container.

2.     You are requested to produce the original of each document, electronically stored information, and property described below or, if the original is not in Your custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

3.     If production of a document, electronically stored information, or property is withheld pursuant to a claim of privilege, as to each such withheld document, electronically stored information, or property, state the following information:

(a)     Which privilege is claimed;

(b)     A precise statement of the facts upon which said claim of privilege is based;

(c)     The following information describing each purportedly privileged document, electronically stored information, or property:

(i)     Its nature, *e.g.*, agreement, letter, memorandum, etc.;

(ii)     The date it was prepared;

(iii)     The date it bears;

(iv)     The date it was sent;

(v)     The date it was received;

(vi)     The identity of the person preparing it;

(vii)     The identity of the person sending;

(viii)   The identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(ix)   A statement as to whom each identified person represented or purported to represent at all relevant times; and

(x)   The general subject matter of the document, electronically stored information, or property.

(d)   A precise description of the place where each copy of the withheld document, electronically stored information, or property is kept, including the title or description of the file in which said document, electronically stored information, or property may be found and the location of such file.

4.   Whenever a document, electronically stored information, or property is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason(s) it is not being produced in full and describe to the best of Your knowledge, information and belief, and with as much particularity as possible, those portions of the document, electronically stored information, or property which are not being produced.

5.   If a document, electronically stored information, or property responsive to these requests was at any time in Defendants' possession, custody, or control but now is no longer available for production, as to each such document, electronically stored information, or property state the following information:

(a)   Whether the document, electronically stored information, or property is missing or lost;

(b)   Whether it has been destroyed;

(c)   Whether the document, electronically stored information, or property has been transferred or delivered to another person or entity and, if so, at whose request;

(d)    Whether the document, electronically stored information, or property has been otherwise disposed of; and

(e)    A precise statement of the circumstances surrounding the disposition of the document, electronically stored information, or property and the date of the document's disposition.

6.    All documents, electronically stored information, and property shall be produced in the order in which they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, electronic files or facsimile thereof.

7.    Any alteration of a requested document, electronically stored information, or property, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications or any other versions of a final document, electronically stored information, or property is a separate and distinct document, electronically stored information, or property and it should be produced.

8.    These requests shall be deemed to be continuing, and to require You to supplement Your responses based upon any documents, electronically stored information, or property or other information of which You become aware after You serve Your initial responses to these requests.

9.    Each request should be responded to separately.   However, a document, electronically stored information, or property which is responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

10.    The documents, electronically stored information, and property produced in response to these requests should be segregated and clearly marked or labeled as to the specific request to which such documents, electronically stored information, and property are responsive and are being produced.   Otherwise, such documents, electronically stored information, and

4

property shall be produced as they are kept in the usual course of business, including a production of the files from which such documents, electronically stored information, and property are taken, along with all other documents, electronically stored information, and property residing in those files.

11.     If You object to a portion of any request, You must furnish information and/or documents, electronically stored information, and property responsive to the remainder of the request.

12.     The documents, electronically stored information, and property produced in response to these requests shall include all attachments and enclosures.

13.     These requests for documents, electronically stored information, and property are intended to include documents, electronically stored information, and property that were in use, or in effect, during the relevant time period regardless of when they were created.

14.     These requests for documents, electronically stored information, and property often refer to You, Your, or Defendants, collectively; however, **if responses to these requests are different for the Law Office of Yuriy Prakhin, P.C., and/or Yuriy Prakhin, then please specify as such and note the response for each Defendant in response to the request.**

## <u>DEFINITIONS</u>

1.     The terms "Defendants," "You," or "Your" refer to Yuriy Prakhin, P.C., and Yuriy Prakhin, including their predecessors, successors, parents, subsidiaries, divisions, affiliates, or anyone acting or purporting to act on their behalf, including any of their respective directors, officers, managing agents, agents, employees, attorneys, accountants, investors, or other representatives.

2.     The term "Plaintiff" refers to Yelena Ruderman.

3.      The term "Complaint" refers to the Complaint, filed by Plaintiff on May 20, 2019 in the United States District Court for the Eastern District of New York.  *See* ECF No. 1.

4.      The term "Answer" refers to the Answer to Plaintiff's Complaint, filed by Defendants on July 15, 2019 in the United States District Court for the Eastern District of New York.  *See* ECF No. 9.

5.      The term "communications" refers to any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail, telegram, overnight delivery, telephone, text message, facsimile, or telex.

6.      The term "documents" means documents fixed in a tangible medium.  The word "documents" shall also include, by way of example and without limitation, all of the following: papers, correspondence, envelopes, memoranda, notes, messages, testimony, bulletins, pamphlets, brochures, questionnaires, surveys, charts, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, corporate minutes, orders, resolutions, agendas, memorials or notes of oral communications, whether by telephone, Skype or face-to-face, contracts, agreements, drafts of or proposed contracts or agreements, memoranda of understanding, letters of intent, deal memoranda, transcriptions of audio or video recordings, computer tapes, DVDs, USB flash drives, thumb drives, memory cards, computer diskettes or disks, or any other property on which any handwriting, typing, printing, photostatic, electronic or other form of communication or information is recorded or reproduced, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions or drafts thereof, whether used or not, and all other tangible things.

7.      The term "electronically stored information" means documents, audio recordings, and video recordings fixed in an electronic form.  The phrase "electronically stored information"

shall include, by way of example and without limitation, all of the following: audio and video recordings, images, papers, correspondence, memoranda, notes, messages, testimony, bulletins, pamphlets, brochures, questionnaires, surveys, charts, calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, corporate minutes, orders, resolutions, agendas, memorials or notes of oral communications, whether by telephone, Skype or face-to-face, contracts, agreements, drafts of or proposed contracts or agreements, memoranda of understanding, letters of intent, deal memoranda, and transcriptions of audio or video recordings, electronic or other form of communication or information, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions or drafts thereof, whether used or not.  The term "electronically stored information" shall also include documents, images, audio recordings, and video recordings stored on Defendants' computers, laptops, cell phones, tablets, servers, cloud-based storage providers, including, by way of example and without limitation, iCloud, Dropbox, Amazon S3, Google Drive, or Microsoft OneDrive, or on social media, cellphone applications, tablet applications, Skype, or YouTube.

8.     The term "person" means any individual, corporation, partnership, firm, association, government agency or other organization recognizable at law, and its agents and employees.

9.     The term "concerning" means relating to, involving, referring to, describing, evidencing, or constituting.  Requests for documents, electronically stored information, and property "concerning" any subject matter include information concerning communications regarding that subject matter.

10.     Unless words or terms have been given a specific definition, each word or term used herein shall be given its usual and customary dictionary definition except where such words

have a specific custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware. In construing each inquiry and request herein:

    (a)    The singular shall include the plural and the plural shall include the singular;

    (b)    A masculine, feminine, or neutral pronoun shall not exclude the other genders;

    (c)    The terms "any" and "all" shall be understood to mean "any and all";

    (d)    The terms "each" and "all" shall be understood to mean "each and all"; and

    (e)    The terms "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, so as to bring into the scope of the requests any information or documents which might otherwise be excluded.

11.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses that might otherwise be construed to be outside the scope.

12.    The term "work" means the performance of services of any kind, regardless of the manner in which Defendants, Plaintiff, or any other entity or individual classified such work for purposes of compensation or taxation.

13.    The term "LHON" means Leber's hereditary optic neuropathy, a genetic disorder that causes sudden, acute loss of central (as opposed to peripheral) vision.

14.    The term "Dragon" refers to a speech recognition software that allows users to dictate speech as written text as referenced in the Complaint at Paragraph 57 and that is marketed at www.nuance.com/dragon.

15.    The term "OrCam" refers to the company that produces devices that allow visually impaired people to understand text and identify objects through audio feedback as referenced in

the Complaint at Paragraph 61 and that operates the website www.orcam.com.

16.     The term "JAWS" refers to a computer screen reader program that allows visually impaired users to read computer screens with text-to-speech audio feedback as referenced in the Complaint at Paragraphs 61 and 64 and that is marketed at www.freedomscientific.com/jaws.

17.     The term "IT-related issues" means Information Technology-related issues and refers to issues with the development, maintenance, and use of computer systems and software.

18.     The term "EEOC" means the United States Equal Employment Opportunity Commission.

19.     The term "Charge of Discrimination" means the Charge of Discrimination filed by Plaintiff with the EEOC on or around March 3, 2019 and processed by the EEOC on or around April 24, 2019.

20.     The term "medical condition" refers to Plaintiff's loss of vision, eyesight, blurred vision, blindness and other symptoms related to LHON.

21.     Unless otherwise indicated, the "relevant time period" for these discovery requests shall be August 1, 2012 through the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents, communications, and electronically stored information concerning any allegation(s) in the Complaint.

2.     All documents, communications, and electronically stored information concerning, supporting, or contradicting any of the statements or defenses contained in the Answer.

3.     All documents, communications, and electronically stored information concerning any affirmative defense(s) asserted or expected to be asserted in the Answer.

4.     All documents, communications, and electronically stored information that You reviewed or relied upon in responding to Plaintiff's First Set of Interrogatories to Defendants.

5.     All documents, communications, and electronically stored information concerning Plaintiff's application for employment with Defendants.

6.     All documents, communications, and electronically stored information concerning Defendants' decision(s) to interview Plaintiff, including both her initial hiring in or around September 2012 and her rehiring in or around May 2018.

7.     All documents, communications, and electronically stored information concerning Plaintiff's interview(s) with Defendants in or around September 2012 and in or around May 2018, including, without limitation, all notes concerning the interview taken before, during, or after the interview(s).

8.     All documents, communications, and electronically stored information concerning Defendants' decision(s) to hire Plaintiff, including both her initial hiring in or around September 2012 and her rehiring in or around May 2018.

9.     All documents, communications, and electronically stored information concerning the hiring of Plaintiff by Defendants, including, but not limited to, offer letters, promises of employment or working engagement, contracts, notes, or any other communications concerning the hiring of Plaintiff.

10.     All documents, communications, and electronically stored information including, but not limited to, offer letters, promises of employment or working engagement, contracts, notes, or any other communications concerning attorneys hired by Defendants between November 2018 and January 2019.

11.     All documents, communications, and electronically stored information concerning the qualifications, standards, and requirements for the position(s) held by Plaintiff, during her September 2012 to February 2017 and her May 2018 to December 2018 tenures, at the Firm including, without limitation, all job descriptions and job postings.

12.     All documents, communications, and electronically stored information concerning Plaintiff's job duties or responsibilities during her September 2012 to February 2017 and her May 2018 to December 2018 tenures at the Firm.

13.     All documents, communications, and electronically stored information concerning Plaintiff's wages, benefits, bonuses, earning statements, raises, commissions, and other compensation, including, without limitation: (a) payroll records; (b) health and welfare benefits plans and statements; (c) 401(k) documents; and (d) any other compensation-related or benefit-related documents.

14.     All documents, communications, and electronically stored information concerning any wage statements or earnings statements provided to Plaintiff.

15.     All documents, communications, and electronically stored information concerning any increases or other changes in Plaintiff's compensation.

16.     All documents, communications, and electronically stored information concerning bonuses and mid-year raises awarded to Plaintiff by Defendants.

17.     All documents, communications, and electronically stored information concerning increases to Plaintiff's base salary from September 2012 through February 2017.

18.     All documents, communications, and electronically stored information concerning increases to Plaintiff's base salary from May 2018 through December 14, 2018.

19.     All documents, communications, and electronically stored information concerning personnel or employment-related files regarding Plaintiff, including, without limitation, work applications, resumes, acknowledgments of receipt of employee or worker handbook(s) and other documents, performance evaluations, corrective action notices, written warnings or discipline, complaints, and reprimands.

20.     All documents, communications, and electronically stored information concerning Defendants' policies, manuals, handbooks, or procedures applicable to Plaintiff at any time during the time she worked for Defendants.

21.     All documents, communications, and electronically stored information concerning Defendants' policies regarding anti-discrimination applicable to Plaintiff at any time during the time she worked for Defendants.

22.     All documents, communications, and electronically stored information concerning any equal employment opportunity or anti-discrimination or anti-retaliation or anti-harassment training completed by employees of Defendants, including, without limitation, courses, pamphlets, seminars, or other trainings.

23.     All documents, communications, and electronically stored information concerning Plaintiff's work performance.

24.     All documents, communications, and electronically stored information concerning praise, commendation, or other positive feedback given to Plaintiff.

25.     All documents, communications, and electronically stored information concerning praise or commendations regarding Plaintiff by Defendants to any other person or entity.

26.    All documents, communications, and electronically stored information between Plaintiff and any other employee at the Firm who supervised Plaintiff, including, without limitation, any additional persons or entities.

27.    All documents, communications, and electronically stored information concerning discipline issued to Plaintiff, whether formal or informal, including, without limitation, any evaluations, counseling, complaints, performance feedback, peer reviews, self-evaluations, performance improvement plans, warnings, or reprimands.

28.    All documents, communications, and electronically stored information concerning any negative comments, remarks, or statements regarding Plaintiff by Defendants to any other person or entity.

29.    All documents, communications, and electronically stored information concerning Plaintiff's decision to leave the Firm in or around February 2017.

30.    All documents, communications, and electronically stored information concerning Defendants' pledge to Plaintiff that she would have a job at the Firm if she ever wanted to return in or around February 2017.

31.    All documents, communications, and electronically stored information concerning Defendants' efforts to recruit Plaintiff back to the Firm in or around May 2018.

32.    All documents, communications, and electronically stored information concerning the agreement to pay Plaintiff 5% of the Firm's fees on all judgments or settlements she obtained.

33.    All documents, communications, and electronically stored information sufficient to identify the judgments or settlements that Plaintiff entered into or obtained on Defendants' behalf between May 2018 and December 14, 2018.

34.     All documents, communications, and electronically stored information concerning Plaintiff's medical condition.

35.     All documents, communications, and electronically stored information concerning Plaintiff's disclosure of her medical condition to Defendants' employees.

36.     All documents, communications, and electronically stored information concerning any requests by Plaintiff for leave to attend doctor's appointments.

37.     All documents, communications, and electronically stored information concerning any requests by Plaintiff for time off.

38.     All documents, communications, and electronically stored information concerning any requests by Plaintiff for medical leave, sick leave, or vacation.

39.     All documents, communications, and electronically stored information concerning Defendants' approval of any requests for leave by Plaintiff for doctor's appointments.

40.     All documents, communications, and electronically stored information concerning Defendants' approval of any requests by Plaintiff for time off.

41.     All documents, communications, and electronically stored information concerning Defendants' approval of any requests by Plaintiff for medical leave, unpaid leave, sick leave, or vacation.

42.     All documents, communications, and electronically stored information concerning Defendants' denial of any requests by Plaintiff for doctor's appointments, time off, medical leave, unpaid leave, sick leave, or vacation.

43.     All documents, communications, and electronically stored information concerning Plaintiff's vision.

44.     All documents, communications, and electronically stored information concerning Defendants' request that Plaintiff perform work while on unpaid leave in or around October 2018.

45.     All documents, communications, and electronically stored information concerning LHON.

46.     All documents, communications, and electronically stored information concerning Plaintiff's disclosure to Defendants that she was diagnosed with LHON, including, but not limited to, on or around November 28, 2018.

47.     All documents, communications, and electronically stored information concerning communications between Plaintiff and Irene Raskin concerning Plaintiff's medical condition.

48.     All documents, communications, and electronically stored information concerning communications between Plaintiff and Irene Raskin concerning Plaintiff's requests for accommodations relating to her medical condition.

49.     All documents, communications, and electronically stored information concerning communications between Plaintiff and Irene Raskin concerning Plaintiff's requests for medical leave, unpaid leave, sick leave, or vacation.

50.     All documents, communications, and electronically stored information concerning communications between Defendants and Irene Raskin concerning Plaintiff's medical condition.

51.     All documents, communications, and electronically stored information concerning communications between Defendants and Irene Raskin concerning Plaintiff's requests for accommodations relating to her medical condition.

52.     All documents, communications, and electronically stored information concerning communications between Defendants and Irene Raskin concerning Plaintiff's requests for medical leave, unpaid leave, sick leave, or vacation.

53.     All documents, communications, and electronically stored information concerning discussions between Plaintiff and Defendants about how Plaintiff's medical condition would affect her ability to manage her caseload or the quality of her work.

54.     All documents, communications, and electronically stored information mentioning, referring to, or discussing Plaintiff's caseload or the quality of Plaintiff's work.

55.     All documents, communications, and electronically stored information, including, but not limited to, calendars sufficient to identify depositions Plaintiff covered from May 2018 through December 14, 2018.

56.     All documents, communications, and electronically stored information, including, but not limited to, calendars sufficient to identify court appearances Plaintiff made from May 2018 through December 14, 2018.

57.     All documents, communications, and electronically stored information sufficient to identify the cases Plaintiff settled from May 2018 through December 14, 2018.

58.     All documents, communications, and electronically stored information sufficient to identify the cases Plaintiff handled or managed from May 2018 through December 14, 2018.

59.     All documents, communications, and electronically stored information concerning Plaintiff's caseload from May 2018 through December 14, 2018.

60.     All documents, communications, and electronically stored information concerning Plaintiff's caseload leading up to or following the departure of Irene Gabo from the Firm.

61.     All documents, communications, and electronically stored information concerning Irene Gabo's departure from the Firm.

62.     All documents, communications, and electronically stored information sufficient to identify the cases Irene Gabo handled or managed in the last month prior to her departure from the Firm.

63.     All documents, communications, and electronically stored information concerning staffing of cases that Irene Gabo handled or managed upon Irene Gabo's departure from the Firm.

64.     All documents, communications, and electronically stored information concerning time entries Plaintiff billed on behalf of the Firm from May 2018 through December 14, 2018.

65.     All documents, communications, and electronically stored information concerning personnel or work-related files regarding any individual(s) who supervised or managed Plaintiff.

66.     All documents, communications, and electronically stored information mentioning, referring to, or discussing Plaintiff's medical condition.

67.     All documents, communications, and electronically stored information concerning how Plaintiff's medical condition may impact her work performance.

68.     All documents, communications, and electronically stored information concerning Defendants' efforts to hire an attorney or attorneys between November 2018 and February 2019.

69.     All documents, communications, and electronically stored information concerning Defendants' reason or need to hire an attorney or attorneys between November 2018 and February 2019.

70.     All documents, communications, and electronically stored information concerning Defendants' efforts to hire Gil Zohar.

71.     All documents, communications, and electronically stored information concerning Defendants' reason or need to hire Gil Zohar.

72.     All documents, communications, and electronically stored information concerning specialized glasses, computer software, or other tools that assist the visually impaired with reading and writing, including, but not limited to, documents, communications, and electronically stored information concerning Plaintiff's use of specialized glasses, computer software, or other tools that assist the visually impaired with reading and writing.

73.     All documents, communications, and electronically stored information concerning Defendants purchasing specialized glasses, magnifying glasses, computer software, and other tools that assist the visually impaired with reading and writing for Plaintiff.

74.     All documents, communications, and electronically stored information concerning Defendants purchasing Dragon for Plaintiff.

75.     All documents, communications, and electronically stored information concerning discussions between Plaintiff and Defendants about providing alternative accommodations for Plaintiff's medical condition.

76.     All documents, communications, and electronically stored information concerning Plaintiff's purchase of specialized glasses made by OrCam, JAWS, or a magnifying glass.

77.     All documents, communications, and electronically stored information concerning reimbursements by Defendants to Plaintiff for any costs associated with the purchase of specialized glasses made by OrCam, JAWS, or a magnifying glass.

78.     All documents, communications, and electronically stored information concerning discussions in which Defendants informed Plaintiff she would be personally responsible for any additional costs involved in the installation of JAWS or any IT-related issues that may arise as a result of the use of the program.

79.     All documents, communications, and electronically stored information concerning discussions between Plaintiff and Defendants about the condition of Plaintiff's eyesight.

80.     All documents, communications, and electronically stored information concerning Defendants review or evaluation of Plaintiff's work.

81.     All documents, communications, and electronically stored information concerning discussions between Plaintiff and Defendants about Plaintiff's ability to handle her cases from May 2018 through December 14, 2018.

82.     All documents, communications, and electronically stored information concerning discussions between Plaintiff and Defendants about Plaintiff's termination on December 14, 2018.

83.     All documents, communications, and electronically stored information concerning the termination of Plaintiff's employment.

84.     All documents, communications, and electronically stored information concerning the decision to terminate Plaintiff's employment.

85.     All documents, communications, and electronically stored information concerning or reflecting any and all individuals involved in the decision to terminate Plaintiff's employment.

86.     All documents, communications, and electronically stored information concerning or reflecting any and all individuals with knowledge of the decision to terminate Plaintiff's employment prior to December 14, 2018.

87.     All documents, communications, and electronically stored information concerning personnel or employment-related files of any individual(s) involved in the decision to terminate Plaintiff's employment.

88.    All documents, communications, and electronically stored information concerning Plaintiff's Charge of Discrimination, including, without limitation, any documents or communications submitted to or received by the EEOC.

89.    All documents, communications, and electronically stored information concerning Defendants' policies regarding termination, applicable to Plaintiff at any time during the time she worked for Defendants.

90.    All documents, communications, and electronically stored information concerning Defendants' decision(s) to terminate any person that worked for Defendants during the relevant time period.

91.    All documents, communications, and electronically stored information concerning any complaint by Plaintiff regarding Defendants or her employment.

92.    All documents, communications, and electronically stored information concerning any response by Defendants to any complaint by Plaintiff regarding Defendants or her employment, including, without limitation, any investigations or remedial measures.

93.    All documents, communications, and electronically stored information concerning complaints of discrimination by any and all workers or former workers, whether formal or informal, either internally with Defendants or externally with any third-party, agency, or court, about Defendants or any of Defendants' principals, officers, directors, agents, or employees from August 1, 2012 to present.

94.    All documents, communications, and electronically stored information concerning complaints of discrimination or retaliation on the basis of any protected characteristic, including, without limitation, complaints of disability discrimination, by any and all employees or former employees, whether formal or informal, either internally with Defendants or externally with any

third-party, agency, or court, about Defendants or any of Defendants' principals, officers, directors, agents, or employees from August 1, 2012 to present.

95.     All documents, communications, and electronically stored information concerning any statements, affidavits, and declarations signed or made by Plaintiff and any drafts thereof, concerning any claims or defenses in this case.

96.     All documents, communications, and electronically stored information concerning any statements, affidavits, and declarations made by any individual listed in Defendants' initial disclosures concerning any claims or defenses in this case.

97.     All documents, communications, and electronically stored information concerning any statements, affidavits, and declarations made by all witnesses in this case concerning any claims or defenses in this case.

98.     All documents, communications, and electronically stored information concerning recordings made by Defendants concerning Plaintiff's employment, termination, medical condition, disability, work performance, or any matters relevant to the claims or defenses in this case.

99.     All documents, communications, and electronically stored information concerning Defendants' finances and financial circumstances, including, without limitation, profit-and-loss statements, cash flow statements, balance sheets, meeting minutes, and tax returns.

100.    All documents, communications, and electronically stored information concerning any insurance plan or policy applicable or potentially applicable to any of the claims brought against Defendants in the Complaint, including, without limitation, full copies of any such policies (not merely the declarations page).

101.    All documents, communications, and electronically stored information received in response to any request for documents related to this action, whether formal or informal, including without limitation, all documents received in response to any subpoena.

102.    All documents, communications, and electronically stored information supplied by Defendants to any person consulted or retained for the purposes of testifying as an expert witness or preparing an expert report in this action.

103.    All documents, communications, and electronically stored information reviewed by any person consulted or retained for the purposes of testifying as an expert witness or preparing an expert report in this action in connection with his or her expert testimony or report.

104.    All documents, communications, and electronically stored information concerning any and all investigations undertaken by any person consulted or retained for the purposes of testifying as an expert witness or preparing an expert report in this action.

105.    All documents, communications, and electronically stored information concerning any expert reports, including, without limitation, all documents considered by any expert in forming his or her opinion, exhibits to be used as a summary of or support for the opinion, publications authored by the expert witness, and cases in which the expert witness has testified as an expert.

106.    All other documents, communications, and electronically stored information created, in whole or in part, by any person consulted or retained for the purposes of testifying as an expert witness or preparing an expert report in this action.

107.    All documents, communications, and electronically stored information Defendants intend to introduce as an exhibit at any deposition or trial held in connection with this action.

108.    All documents, communications, and electronically stored information upon which

Defendants intend to rely at any point during this action.

Dated: October 10, 2019                     **FARUQI & FARUQI, LLP**

By:   ___/s/ Innessa M. Huot___
Innessa M. Huot
Alex J. Hartzband
Patrick J. Collopy

685 Third Avenue, 26th Floor
New York, New York 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
ihuot@faruqilaw.com
ahartzband@faruqilaw.com
pcollopy@faruqilaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Innessa M. Huot, an attorney, hereby certify that on October 10, 2019, I caused a true

and correct copy of the foregoing **Plaintiff's First Requests for Production of Documents** to be

served upon the following counsel for Defendants via email and U.S. First Class mail:

       **THE HARMAN FIRM, LLP**
       Walker G. Harman, Jr.
       Edgar M. Rivera
       381 Park Avenue South, Suite 1220
       New York, NY 10016
       Tel: (212) 425-2600
       Email: wharman@theharmanfirm.com
       Email: erivera@theharmanfirm.com


                               */s/ Innessa M. Huot*
                             Innessa M. Huot

24