

**Innessa M. Huot**
ihuot@faruqilaw.com

March 10, 2021

**VIA ECF**

The Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Ruderman v. Law Office of Yuriy Prakhin, et al.,* No. 1:19-cv-02987 (RJD) (RLM)

Dear Judge Mann,

We represent Plaintiff Yelena Ruderman in the above-referenced matter and write in opposition to Defendants' eleventh-hour request (*see* ECF No. 56) for an extension of the March 12, 2021 deadline to request a pre-motion conference regarding a dispositive motion. *See* the Court's November 3, 2020 Order.

The Court set this deadline over four months ago, and specifically noted, in underlined text, that "No further extensions will be granted." *Id.* At the parties' February 22, 2021 hearing on their motions to compel (*see* ECF No. 52), Your Honor reiterated the March 12, 2021 deadline and Ordered the parties to be ready to present their requests on that date. Plaintiff is eager to proceed with motion practice, if any, and trial. Defendants' request only serves to further delay the final disposition of this matter, which the parties have been litigating for nearly two years.

Defendants' sole justification for their extension request is the parties' agreement to provide their next round of supplemental document production by March 12, 2021. However, the parties have an ongoing obligation to produce newly generated responsive records all the way through trial. Indeed, Plaintiff has been and will continue to produce newly generated records relating to her ongoing mitigation efforts—*i.e.*, applications for employment, records reflecting job interviews attended, and records reflecting interim earnings, including IRS Forms W-2 and 1099 generated. These mitigation records are substantively identical to the hundreds of pages Plaintiff has already produced and will continue to produce periodically up until trial, and well after any pre-motion conference letter is submitted. As such, Plaintiff's ongoing compliance with her discovery obligations in no way justifies Defendants' extension request and the further delay to this litigation that will result if the request is granted.

Defendants have had over four months to prepare their pre-motion conference request. On February 22, 2021, Defendants confirmed that they would be ready to comply with the March 12, 2021 deadline and the Court Ordered that both parties be ready to do so. As such, Plaintiff respectfully requests that the Court deny Defendants' request and require the parties to honor the March 12, 2021 deadline for pre-motion conference requests set by the Court in early November 2020.



The Honorable Roanne L. Mann
March 10, 2021
Page 2

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Innessa M. Huot

Cc:      Counsel of Records (*via* ECF)