PUTNEY, TWOMBLY, HALL & HIRSON LLP

DANIEL F. MURPHY, JR.
THOMAS A. MARTIN
JAMES E. McGRATH, III
CHRISTOPHER M. HOULIHAN
MARY ELLEN DONNELLY
GEOFFREY H. WARD
PHILIP H. KALBAN
JEROME P. COLEMAN
BARBARA M. MAISTO
MICHAEL D. YIM

ESTABLISHED 1866
COUNSELORS AT LAW
521 FIFTH AVENUE
NEW YORK, NEW YORK 10175
(212) 682-0020
TELEFAX: (212) 682-9380
PUTNEYLAW.COM

328 NEWMAN SPRINGS ROAD
RED BANK, NEW JERSEY 07701
(732) 379-6020
TELEFAX: (732) 345-9444

1225 FRANKLIN AVENUE, SUITE 200
GARDEN CITY, NY 11530
(516) 746-0070
TELEFAX: (516) 746-0599

COUNSEL
CHARLES J. GROPPE
THOMAS M. LAMBERTI
ANDREA HYDE
BRIEN D. WARD
WILLIAM M. POLLAK

March 12, 2021

<u>Via ECF</u>
The Honorable Roanne L. Mann
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Yelena Ruderman v. Law Office of Yuriy Prakhin, P.C., et al.**
      **E.D.N.Y. Case No. 19-cv-02987 (RJD) (RLM)**

Dear Magistrate Judge Mann:

This firm represents the Defendants, Law Office of Yuriy Prakhin (the "Firm") and Yuriy Prakhin, Esq. ("Mr. Prakhin") (collectively, "Defendants"), in the above-referenced action. In accordance with Your Honor's Individual Practice Rules, we write to request a pre-motion conference to obtain permission to file a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint in its entirety. In the Complaint, Plaintiff alleges that the Defendants discriminated against her on the basis of her alleged disability in violation of the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). Plaintiff's claims fail as a matter of law.

I.   **Factual Background**

The Firm is a small plaintiff-side personal injury law firm located in Brooklyn, New York. Mr. Prakhin is the founder and President of the Firm. Plaintiff initially worked for the Firm as a paralegal and then an associate from September 2012 until February 2017, when she voluntarily resigned from her employment with the Firm to accept an associate position with another plaintiff-side, personal injury law firm. The Firm re-hired Plaintiff in June 2018, after Plaintiff represented to Mr. Prakhin that she had gained significant experience, including trial work. Plaintiff commenced her second term of employment with the Firm on June 18, 2018. Pursuant to the Firm's Employee Handbook, Plaintiff's employment was subject to a six-month probationary period, like all other Firm employees.

Shortly after Plaintiff commenced employment with the Firm, Defendants discovered that Plaintiff was unable to competently perform the responsibilities of her position. Specifically,

Hon. Roanne L. Mann
March 12, 2021
Page 2

Plaintiff failed to: (1) timely respond to or communicate with clients; (2) perform the work assigned to her and reassigned such work to paralegals; (3) review documents prepared by paralegals on her behalf; (4) enter case notes into the Firm's SAGA database; (5) follow the rules provided in the Employee Handbook; and (6) efficiently and proactively settle cases. Mr. Prakhin repeatedly discussed the Firm's expectations for Plaintiff's performance of her job responsibilities both before and after September 2018.

Plaintiff alleges that she began to experience difficulties with her vision in September 2018. Plaintiff further alleges that she was diagnosed with Leber's Hereditary Optic Neuropathy ("LHON") in November 2018. Despite requests from Defendants, Plaintiff never provided Defendants with any documentation regarding her alleged medical condition pursuant to the procedures outlined in the Employee Handbook.

Despite multiple opportunities to improve the performance of her job duties, Plaintiff's work performance remained unsatisfactory. As a result of Plaintiff's demonstrated inability or unwillingness to competently perform the responsibilities of her position, Plaintiff's employment was terminated during her six-month probationary period, effective December 14, 2018.

## II.    Plaintiff cannot State a Claim of Disability Discrimination

Plaintiff cannot state a claim of disability discrimination. To establish a *prima facie* claim of disability-based discrimination, Plaintiff must demonstrate that: (1) she is disabled within the meaning of the ADA and NYSHRL; (2) she was qualified for her job; (3) she suffered an adverse employment action; and (4) such adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Shepheard v. N.Y.C. Corr. Dep't*, 360 Fed. Appx. 249, 250 (2d Cir. 2010). Similarly, under NYCHRL, a plaintiff must "show that the conduct complained of is caused by a discriminatory motive." *Jones v. N.Y.C. Transit Auth.*, 2020 WL 1550582, at *9 (E.D.N.Y. Mar. 31, 2020), *aff'd sub nom.*, 2021 WL 864694 (2d Cir. Mar. 9, 2021) (internal quotations omitted). Plaintiff's disability discrimination claims are fatally deficient since Plaintiff was not a qualified individual under the applicable laws and the termination of her employment does not give rise to an inference discrimination.

Plaintiff was not a qualified individual under the applicable laws. An employee who is unable to perform the functions of her job is not a qualified individual protected under the ADA, NYSHRL and NYCHRL. *See* 42 U.S.C. § 12111(8); N.Y. Exec. Law § 292(21); N.Y.C. Admin. Code § 8-107(15)(b). Plaintiff failed to perform the responsibilities of her position, including, but not limited to, representing clients at depositions, researching and drafting motions, documenting case notes in Defendants' SAGA database, and settling cases. Plaintiff remained unable to perform the essential responsibilities of her position even after Defendants provided Plaintiff with the reasonable accommodations she requested. Since Plaintiff was unable to perform the essential functions of her position, her disability discrimination claims must be dismissed.

Plaintiff's disability discrimination claims are also deficient since Plaintiff cannot establish any inference of discrimination. Poor job performance constitutes a legitimate, non-discriminatory basis for an employee's termination. *Fall v. N.Y.S. United Teachers*, 289 Fed. Appx. 419, 421 (2d Cir. 2008). Plaintiff failed to competently and consistently perform the responsibilities of her

Hon. Roanne L. Mann
March 12, 2021
Page 3

position throughout her probationary period. Mr. Prakhin repeatedly counseled Plaintiff about her performance deficiencies throughout her brief employment with the Firm. However, Plaintiff's work performance did not improve. Plaintiff's employment was terminated solely as a result of her demonstrated inability to perform the essential functions of her position during her probationary period. Since Plaintiff's employment was terminated for legitimate, non-discriminatory reasons, her disability discrimination claims must be dismissed.

III.   **Plaintiff cannot State a Failure to Accommodate Claim**

To establish a claim for failure to accommodate under the ADA and NYSHRL, Plaintiff must demonstrate that: (1) she is a person with a disability under the applicable law; (2) her employer knew of her disability; (3) she could perform the job's essential functions, with or without reasonable accommodation; and (4) her employer refused to make such accommodations. *Lazzari v. N.Y.C. Dep't of Parks & Recreation*, 751 Fed. Appx. 100, 102 (2d Cir. 2018) (holding that the same legal standards apply to ADA and NYSHRL claims). Similarly, under NYCHRL, an employer is required to "make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job provided that the disability is known or should have been known by the employer." *Id.* (internal quotations omitted). Plaintiff cannot state a failure to accommodate claim under the ADA, NYSHRL or NYCHRL and such claims must be dismissed.

It is well-established that a defendant cannot be held liable for failing "to provide a reasonable accommodation if the plaintiff fails to provide the information necessary to assess the request for an accommodation in the first place." *Frantti v. New York*, 414 F. Supp. 3d 257, 288 (N.D.N.Y. 2019), *aff'd sub nom.*, 2021 WL 864706 (2d Cir. Mar. 9, 2021) (internal quotations omitted). Plaintiff acknowledges that she never provided Defendants with any medical records or documentation regarding her alleged disability or the need for any reasonable accommodation. Since Plaintiff failed to provide Defendants with necessary information required under the law, Plaintiff's failure to accommodate claims must be dismissed.

Moreover, despite Plaintiff's failure to provide any documentation regarding an alleged disability, Defendants did provide Plaintiff with reasonable accommodations, including an unpaid leave of absence, magnifying devices and software Plaintiff installed on the Firm's computer. *See Vangas v. Montefiore Med. Ctr.*, 6 F. Supp. 3d 400, 414 (S.D.N.Y. 2014); *Melendez v. DeVry Corp.*, 2005 WL 3184277, at *7 (E.D.N.Y. Nov. 29, 2005). Since Defendants reasonably accommodated Plaintiff and Plaintiff remained unable to perform the essential functions of her position, Plaintiff's failure to accommodate claims must be dismissed.

For the reasons set forth herein, Defendants respectfully requests that Your Honor grant its request for a pre-motion conference and permit Defendants to move for summary judgment. Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/s/ MED

Mary Ellen Donnelly