UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YELENA RUDERMAN,

                          **Plaintiff,**                                            **MEMORANDUM**
                                                                              **AND ORDER**

                          **-against-**                                                     **19-CV-2987 (RJD)**

**LAW OFFICE OF YURIY PRAKHIN, P.C.,**
**et al.,**

                          **Defendants.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before the Court, in this employment discrimination action, is a letter-motion filed by plaintiff Yelena Ruderman ("plaintiff") to compel the production of documents withheld by defendants Law Office of Yuriy Prakhin, P.C. (the "Firm") and Yuriy Prakhin (collectively, "defendants") under claims of attorney-client privilege and the work product doctrine. See Letter Motion to Compel (Jan. 19, 2021) ("Pl. Mot."), Electronic Case Filing Docket Entry ("DE") #47.[1]  For the reasons set forth below, plaintiff's motion is denied.

## BACKGROUND

On May 20, 2019, plaintiff commenced this action, complaining that defendants discriminated against her on the basis of her alleged disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the New York State Human Rights Law,

---

[1] At a conference held on February 22, 2021, the Court resolved the other issues raised in plaintiff's omnibus motion.  See Minute Entry and Order (Feb. 22, 2021) ("2/22/21 Minute Entry"), DE #52.

N.Y. Exec. Law § 290 *et seq.*; and New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq*.  See Complaint (May 20, 2019), DE #1.  From September 2012 through February 2017, and again from May 2018 through December 2018, plaintiff, an attorney, had worked at the Firm, a small personal injury law firm, which was founded by defendant Prakhin, its President.

By letter-motion dated January 19, 2021, plaintiff requested that the Court review *in camera* all of the documents withheld by defendants under claims of attorney-client privilege and work product protection.  See Pl. Mot. at 1, 8.  At the motion hearing held on February 22, 2021, the Court granted plaintiff's request in part and directed each side to select five documents for the Court to review *in camera*.  See 2/22/21 Minute Entry.  The Court further directed defendants to supplement their assertions of privilege with sworn statements containing specific facts concerning the purpose for which the documents were created.  Id.  Although defendants ignored the Court's order to provide sworn statements, they made an *ex parte* submission of emails exchanged between outside counsel and defendant Prakhin, supporting their claim that the withheld documents were created for the purpose of gathering information to assist with the defense in this litigation, at the direction of counsel.  See Letter regarding Defendants' Privileged Communications (Mar. 8, 2021) ("Def. Supp.") at 1, DE #54; *Ex Parte* Letter Annexing *Ex Parte* Exhibits (Mar. 8, 2021), DE #55; DE #55-1; DE #552.  Defendants also submitted legal argument and contemporaneous records in support of their claim of privilege with respect to their communications with a non-testifying expert.  See Def. Supp.; DE #55-3; DE #55-6.

**DISCUSSION**

**I.     Legal Standards**

"A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007); see Fisher v. United States, 425 U.S. 391, 403 (1976); United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996). The burden of establishing the applicability of the privilege and all of its elements rests with the party claiming protection. See In re Grand Jury Proc., 219 F.3d 175, 182 (2d Cir. 2000); see also Constr. Prods., 73 F.3d at 473-74.

In order to merit protection, the "predominant purpose" of the communication must be to render or solicit legal advice as opposed to business advice. See In re County of Erie, 473 F.3d at 420. This dichotomy presents thorny problems in the context of in-house counsel, who often serve dual roles as legal advisors and business consultants. See id. at 421; Complex Sys., Inc. v. ABN AMRO Bank N.V., 279 F.R.D. 140, 150 (S.D.N.Y. 2011).

The work product doctrine, as partially codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, affords a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A); see also United States v. Nobles, 422 U.S. 225, 237-38 (1975); United States v. Adlman, 134 F.3d 1194, 1197 (2d Cir. 1998). A document is prepared in "anticipation of litigation," and therefore eligible for work product protection, "if in light of

3

the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." Adlman, 134 F.3d at 1202 (citations and internal alterations omitted); accord Schaeffler v. United States, 806 F.3d 34, 43-44 (2d Cir. 2015). Conversely, "documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation" do not qualify for work product protection. Adlman, 134 F.3d at 1202. The proponent of the privilege bears the "heavy burden" to establish its existence. See *In re* Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2d Cir. 2007).

Rule 26 requires that a party asserting privilege "describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P 26(b)(5)(A)(ii). Local Civil Rule 26.2 of the Southern and Eastern Districts of New York further requires that a party withholding documents on the basis of privilege produce a log that includes "(i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other[.]" S. & E.D.N.Y. Local Civ. R. 26.2(a)(2)(A). The failure to provide sufficiently descriptive information in a privilege log may result in a finding that the proponent of the privilege has not satisfied its burden. See Constr. Prods., 73 F.3d at 473-74; Davis v. City of New York, No. 10 Civ. 699(SAS)(HBP), 2012 WL 612794, at *6 (S.D.N.Y. Feb. 27, 2012); OneBeacon Ins. Co. v. Forman Int'l, Ltd., No. 04 Civ. 2271(RWS), 2006 WL 3771010, at *6-7 (S.D.N.Y.

4

Dec. 15, 2006). To be sure, where there are deficiencies in a privilege log, a court may also consider evidentiary submissions such as affidavits "to fill in any factual gaps." See Constr. Prods., 73 F.3d at 473.

**II.     Application**

Although the Court would have preferred that defendants followed the Court's directive to submit a sworn statement, see John Wiley & Sons, Inc. v. Book Dog Books, LLC, 17 F.Supp.3d 400, 404-05 (S.D.N.Y. 2014) (noting that the elements of privilege are typically established through sworn statements), here, defendants have supplemented their log with documents demonstrating that the withheld communications were made because of litigation and at the direction of counsel. In any event, the privilege log entries themselves are sufficient to "permit a judgment as to whether a document is at least potentially protected from disclosure." Constr. Prods., 73 F.3d at 473 (quoting Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 474 (S.D.N.Y. 1993)); see DE #47-1.

As an initial matter, both parties appear to conflate two different legal principles: the requirement that work product materials be created because of the prospect of litigation, rather than in the ordinary course of business, and the requirement that materials claimed to be subject to the attorney-client privilege be created principally for the purpose of seeking or providing legal advice, as opposed to business advice. Plaintiff largely ignores the work product doctrine in arguing that the withheld documents are not attorney-client privileged because they were exchanged between Mr. Prakhin and his employees, rather than outside counsel. See Pl. Mot. at 2-3, 5-6. "Notwithstanding the common description of the doctrine as the 'attorney' work product doctrine, it is not in fact necessary that the material be prepared by or at the direction of an attorney." Parneros v. Barnes & Noble, Inc., 332 F.R.D. 482,

5

492 (S.D.N.Y. 2019); see Schaeffler, 806 F.3d at 44 (litigation-focused tax memorandum prepared by taxpayer's accountant at taxpayer's request merited work product protection); United States v. Acquest Transit LLC, 319 F.R.D. 83, 92 (W.D.N.Y. 2017) ("[D]irect supervision by an attorney of a party's non-attorney representative who in anticipation of litigation prepared a requested document . . . is not a prerequisite to work-product protection under Rule 26(b)(3)(A)."). Under Rule 26(b)(3), work product protection extends to documents prepared in anticipation of litigation "by or for another party or its representative (including the other party's . . . agent)." Fed. R. Civ. P. 26(b)(3); see Advisory Committee Notes to 1970 Amendments to Rule 26(b)(3) (work product doctrine protects "not merely . . . materials prepared by an attorney, but also . . . materials prepared in anticipation of litigation or preparation for trial by or for a party or any representative acting on [its] behalf"). In fact, work product protection applies "to materials gathered by non-attorneys even where there was no involvement by an attorney." Parneros, 332 F.R.D. at 492 (citation and quotation marks omitted); see Wilder v. World of Boxing LLC, 324 F.R.D. 57, 63 (S.D.N.Y. 2018).

Having reviewed the selected sample documents *in camera*, this Court concludes that the withheld documents, which reflect communications between Mr. Prakhin and the Firm's employees, were clearly made in order to gather information to aid outside counsel in representing defendants in the instant litigation. Importantly, all of the documents at issue were created after the instant suit was filed in this Court. Plaintiff's employment with the Firm had ended in December 2018, while the earliest withheld communication was created in July 2019. Under the circumstances, there is no basis for plaintiff's contention that these communications were created in the "ordinary course of business" relating to "[p]laintiff's employment and job performance." Pl. Mot. at 3. The purpose of these communications was

6

clearly to obtain documents and information to assist in the defense of this matter, including to respond to plaintiff's discovery requests. Plaintiff has offered no reason for the Court to conclude that these documents were created in the ordinary course of business or for a non-litigation purpose. Moreover, while not required under the work product doctrine, defendants have demonstrated that the subject communications were made in furtherance of outside counsel's directions. See DE #55-1; DE #55-2.

In light of this ruling, the Court need not address whether the documents are protected by the attorney-client privilege.[2]

### III. Waiver

Equally unavailing is plaintiff's fallback position that defendants have waived any attorney-client privilege and work product protection. See Pl. Mot. at 4-6. First, plaintiff argues that defendants waived any protection with respect to the subject documents "by placing Plaintiff's job performance squarely at issue in this litigation." Id. at 4. Such an "at issue" wavier applies when a party "affirmatively rel[ies] on privileged communications to support its claim or defense and then shield[s] the underlying communications from scrutiny by the opposing party." In re Grand Jury Proc., 219 F.3d at 182. Here, the proffer of a nondiscriminatory reason for plaintiff's termination does not operate as a waiver of the privilege as to documents that were generated long after plaintiff's termination occurred, and were created for the sole purpose of litigation. See In re County of Erie, 546 F.3d 222, 229 (2d Cir. 2008) (party asserting privilege found not to have "placed the matter *at issue* so as to cause forfeiture of privilege by reason of unfairness") (internal quotation marks and citation

---

[2] Nor need the Court determine whether the qualified protection of the work product doctrine has been overcome, as plaintiff has made no showing of "substantial need for the materials . . . ." Fed. R. Civ. P. 26(b)(3)(A)(ii).

omitted). Plaintiff further argues that Mr. Prakhin's deposition testimony concerning his conversations with three employees of the Firm served to waive any privilege. See Pl. Mot. at 5. As to Firm employees Raskin and Zohar, Mr. Prakhin testified only generally regarding his communications with those employees, rather than to the content of those conversations. In fact, defense counsel asserted privilege and interposed objections on that basis during questioning about Mr. Prakhin's conversations with Raskin and Zohar. See DE #47-7 at ECF pp. 3, 6. No waiver occurred since there were no substantive communications revealed in that testimony. See In re County of Erie, 546 F.3d at 230 (finding no waiver where "principal substance of the attorney-client communications was not revealed").

On the other hand, Mr. Prakhin's testimony regarding his conversations with Ms. Larssen was more specific, and was uninterrupted by an objection by counsel on privilege grounds. See DE #47-7 at ECF pp. 4-5 ("She said that Ms. Ruderman worked with her and most of the work . . . with Ms. Ruderman was done by Shaw [] and by another paralegal, Patricia."). Nevertheless, courts that found selective waiver did so where there was more extensive testimony about privileged matters than that elicited at Mr. Prakhin's deposition. See Speedfit LLC v. Woodway USA Inc., CV 17-768, 2019 WL 1441148, at *23, *6 (E.D.N.Y. Mar. 28, 2019) (finding waiver where plaintiff's counsel introduced privileged communication during deposition and asked witness lengthy questions about it); In re Symbol Techs., Inc. Sec. Litig., CV 05-3923 (DRH) (AKT), 2017 WL 1233842, at *15–18 (E.D.N.Y. Mar. 31, 2017) (by utilizing five of fourteen confidential memoranda to cross-examine deposition witnesses, plaintiff "made a strategic decision to utilize and disclose" the materials and thereby waived work product protection for all fourteen memoranda); John Wiley & Sons, 17 F.Supp.3d at 403 (finding waiver due to witness's detailed testimony about

8

several privileged communications while witness's counsel interposed no privilege objection). Moreover, where, as here, the testimony was given at a deposition, rather than before the factfinder, such extrajudicial statements have been held not to trigger a wavier under a selective-disclosure theory. See In re County of Erie, 546 F.3d at 230 ("the fact that the deponent was not before a 'decisionmaker or fact finder' when he made the statements . . . means that Respondents have not been placed in a disadvantaged position at trial"); In re Sims, 534 F.3d 117, 141 (2d Cir. 2008) ("Given that Sims cannot introduce any of his own deposition testimony at trial . . . , Sim's deposition testimony does not place respondents in a disadvantageous position at trial."); Gardner v. Major Auto. Companies, Inc., No. 11 Civ. 1664(FB)(VMS), 2014 WL 1330961, at *9 (E.D.N.Y. Mar. 31, 2014) (deposition testimony did not implicitly waive privilege).

**IV.     Non-testifying Expert**

The work product doctrine likewise protects communications between Mr. Prakhin and his Firm's staff regarding their non-testifying expert Nancy Parkin-Bashizi, who was retained for the purpose of litigation. See Fed. R. Civ. P. 26(b)(3)(A) (the work product doctrine applies to work product "by a party or its representatives"). Again, based on the documents submitted for *in camera* review, the Court concludes that, although not a prerequisite to protection, Mr. Prakhin was clearly coordinating the search for experts at the direction of outside counsel. See DE #55-3.

Moreover, under Rule 26(b)(4)(B), a party may protect from disclosure "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). In fact, the rule protects from disclosure even the

9

identity of a non-testifying expert. See Dover v. Brit. Airways, PLC (UK), No. CV 20125567 (RJD)(MDG), 2014 WL 4065084, at *1 (E.D.N.Y. Aug. 15, 2014), aff'd, 2014 WL 5090021 (E.D.N.Y. Oct. 9, 2014); Williams v. Bridgeport Music, Inc., 300 F.R.D. 120, 122-23 (S.D.N.Y. 2014). Accordingly, communications between Mr. Prakhin or his staff and Ms. Parkin-Bashizi (or her agents) are protected from disclosure.

Finally, plaintiff has not attempted to show either "substantial need" to overcome the work product doctrine, see Fed. R. Civ. P. 26(b)(3)(A)(ii), or "exceptional circumstances" to obtain information about a non-testifying expert, see Fed. R. Civ. P. 26(b)(4)(D)(ii). In sum, the Court concludes that defendants have properly invoked the work product and non-testifying expert privileges.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is denied.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**March 22, 2021**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**