# EXHIBIT 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

YELENA RUDERMAN,

        Plaintiff,

v.

LAW OFFICE OF YURIY PRAKHIN, P.C.
AND YURIY PRAKHIN, in both his individual
and professional capacities,

        Defendants.

Civil Action No.: 1:19-cv-2987-RJD-RLM

## DECLARATION OF NICK SERLIN

Pursuant to 28 U.S.C. § 1746, NICK SERLIN, being duly sworn, deposes and says:

1. I was employed by Defendants Law Office of Yuriy Prakhin, P.C. (the "Firm") and Yuriy Prakhin (together, "Defendants") as an Associate from approximately June 2014 through February 2019.

2. Yelena Ruderman and I worked together at the Firm over several years, both before and after she lost much of her vision and was diagnosed with Leber's hereditary optic neuropathy ("LHON").

3. Despite leaving the Firm for another opportunity, I have maintained a positive relationship with Mr. Prakhin and the Firm.

4. In fact, I currently serve as co-counsel with the Firm on several actions pending in New Jersey.

5. Throughout her employment – both before and after she began to suffer from LHON – Ms. Ruderman was one of the Firm's top attorneys.

1

6. Prior to her diagnosis, no one, including Mr. Prakhin, would have disputed Ms. Ruderman's capabilities.

7. In fact, when Irene Gabo, Esq., the Firm's Managing Attorney, left for another job, Mr. Prakhin assigned Ms. Ruderman approximately one-half of Ms. Gabo's slip-and-fall cases.

8. He also moved Ms. Ruderman into Ms. Gabo's old office.

9. These are both clear signs that Defendants intended to keep Ms. Ruderman at the Firm and had no plans to terminate her employment.

10. Even after Ms. Ruderman's vision began to deteriorate, I saw no signs that her performance slipped or that she was unable to keep up with the demands of her job.

11. To the best of my knowledge, Mr. Prakhin never told Ms. Ruderman or anyone else at the Firm that he believed otherwise.

12. I was not present in the Firm's offices on the day of Ms. Ruderman's termination.

13. However, I was not surprised to learn a few days later that she had been fired, in large part because, about a week or two beforehand, the Firm hired a senior attorney despite having no available offices.

14. I believe that Defendants fired Ms. Ruderman because of her disability.

15. Before I left the Firm, several employees of Defendants informed me that they share this same belief.

16. The above statements comprise my full and complete knowledge with respect to Ms. Ruderman's claims against Defendants.

PLAINTIFF 000108

17.    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: June 14, 2019
            Brooklyn, New York

                                              Nick Serlin

PLAINTIFF 000109