PUTNEY, TWOMBLY, HALL & HIRSON LLP

DANIEL F. MURPHY, JR.
THOMAS A. MARTIN
JAMES E. McGRATH, III
CHRISTOPHER M. HOULIHAN
MARY ELLEN DONNELLY
GEOFFREY H. WARD
PHILIP H. KALBAN
JEROME P. COLEMAN
BARBARA M. MAISTO
MICHAEL D. YIM

ESTABLISHED 1866
COUNSELORS AT LAW
521 FIFTH AVENUE
NEW YORK, NEW YORK 10175
(212) 682-0020
TELEFAX: (212) 682-9380
PUTNEYLAW.COM

328 NEWMAN SPRINGS ROAD
RED BANK, NEW JERSEY 07701
(732) 379-6020
TELEFAX: (732) 345-9444

1225 FRANKLIN AVENUE, SUITE 200
GARDEN CITY, NY 11530
(516) 746-0070
TELEFAX: (516) 746-0599

COUNSEL
CHARLES J. GROPPE
THOMAS M. LAMBERTI
ANDREA HYDE
BRIEN D. WARD
WILLIAM M. POLLAK

March 26, 2021

**Via ECF**
The Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       **Re:    Yelena Ruderman v. Law Office of Yuriy Prakhin, P.C., et al.**
             **E.D.N.Y. Case No. 19-cv-02987 (RJD) (RLM)**

Dear Magistrate Judge Mann:

      As Your Honor is aware, this firm represents Defendants, Law Office of Yuriy Prakhin (the "Firm") and Yuriy Prakhin, Esq. ("Mr. Prakhin) (collectively, "Defendants") in the above-referenced action. We write to respectfully request that the Court grant Defendants' leave to re-serve a subpoena for Plaintiff's phone records on the correct service provider. Defendants are now moving for this relief from the Court after having attempted to resolve this issue with Plaintiff for months. However, Plaintiff's uncompromising resolve to deprive Defendants of necessary and relevant discovery has once again forced Defendants to seek the Court's intervention. As Defendants originally served this subpoena prior to the close of discovery and were not informed that another entity possessed the requested information until after the discovery deadline, Defendants request leave to re-serve the same subpoena on the correct service provider.

**I.**    **Defendants Service of their Subpoena on T-Mobile**

      On January 8, 2021, Defendants sent Plaintiff notice of their intent to serves a subpoena on T-Mobile to obtain records from Plaintiff's cell phone. (**Exhibit A**). Using the cell phone number Plaintiff had provided to the Firm and confirmed at her deposition, Defendants' research indicated that Plaintiff's phone was serviced by Omnipoint Communications, a company owned and controlled by T-Mobile. (*See, e.g.,* **Exhibit B**).

      The parties conferred regarding the subpoena on January 8, 2021. In response to Plaintiff's objections, Defendants offered to revise the subpoena, narrowing its scope, and to consider any suggestions Plaintiff wished to propose. Plaintiff's counsel indicated that they would consult with Plaintiff regarding the subpoena and respond to Defendants. Following the meet-and-confer,

Hon. Roanne L. Mann
March 26, 2021
Page 2

Plaintiff indicated that she opposed the subpoena and had no suggested revisions. (**Exhibit C**). Accordingly, Defendants served their subpoena on T-Mobile on January 12, 2021. (**Exhibit D**).

On February 5, 2021, T-Mobile responded to Defendants' subpoena stating that Plaintiff's cellphone was "not associated with a T-Mobile or Metro by T-Mobile subscriber." Defendants' counsel then called T-Mobile's Legal Department for more information. The Legal Department provided that T-Mobile was not the provider of Plaintiff's cellphone during the June - December 2018 period requested. The Legal Department further provided that AT&T was Plaintiff's service provider during the relevant time and would possess the records that Defendants had requested.

II.   **Defendants Numerous Attempts to Resolve the Subpoena Issue with Plaintiff**

Following their communications with T-Mobile's Legal Department, on February 5, 2021, Defendants notified Plaintiff of such communications and requested that Plaintiff consent to the service of the subpoena on AT&T. (**Exhibit E**). For weeks, Plaintiff refused to provide Defendants with answer despite repeated requests. Instead, Plaintiff claimed that Defendants had received incorrect information from T-Mobile and specifically claimed that the information about AT&T being Plaintiff's service provider and the appropriate party to respond to the subpoena was false. (**Exhibit F**). Defendants re-confirmed with T-Mobile that it had no records responsive to the subpoena as AT&T was the provider of Plaintiff's cellphone during 2018. (**Exhibit G**). Plaintiff continued to claim that such information from T-Mobile was not accurate and refused to provide Defendants with a response regarding their request to re-serve the subpoena. (**Exhibit H**).

On March 8, 2021, Plaintiff finally informed Defendants that she refused to consent to the service of the subpoena. Hoping to resolve this issue without the Court's intervention, Defendants requested that Plaintiff reconsider and, on March 11, 2021, the parties' met-and-conferred regarding this issue. (**Exhibit I**). During this meeting, Defendants again requested that Plaintiff consent to the service of the subpoena and offered to revise the terms of the subpoena. However, Plaintiff was resolute in her position.

III.   **The Court Should Grant Defendants Leave to Re-Serve the Subpoena**

Defendants should be granted leave to re-serve the subpoena on AT&T. Service a subpoena after the discovery deadline is permissible where the issuing party originally served the subpoena prior to the close of discovery, but unknowingly on the incorrect custodian. *See, e.g.*, *DIRECTV, Inc. v. Richards*, No. 03-cv-5606, 2005 WL 1514187 (D. N.J. June 27, 2005) (finding that the service of a subpoena on the correct custodian after the discovery deadline was timely, and that the opposing party was "not prejudicially surprised" by the subpoena). Defendants attempted to obtain discovery of Plaintiff's cell phone records throughout this litigation by directly requesting responsive records from Plaintiff. Defendants then sought to obtain this information through a subpoena on Plaintiff's cell phone service provider. Defendants notified Plaintiff of their subpoena on January 8, 2021, and served their subpoena on January 12, 2021. On February 5, 2021, after the close of discovery, T-Mobile responded to the subpoena and indicated that AT&T was the provider of Plaintiff's cellphone during the requested period. Defendants promptly informed Plaintiff of their intent to serve the subpoena on AT&T. As the subpoena was originally served

Hon. Roanne L. Mann
March 26, 2021
Page 3

before the discovery deadline and Defendants acted diligently in notifying Plaintiff of the issue with the subpoena, Defendants should be granted leave to serve their subpoena on AT&T.

Moreover, Defendants subpoena for Plaintiff's phone records is proper. Courts have repeatedly held that discovery of employees' cell phone records is relevant and appropriate where an employer seeks to demonstrate the employees' work hours or the amount of time a plaintiff spent on her personal cell phone during work hours. *See, e.g., Roberts v. Integrated Mail Indus., Inc.*, No. 18-cv-699, 2019 WL 188411 (E.D. Wis. Jan. 14, 2019) (holding that discovery of plaintiff's phone records was relevant and "important in resolving the question of whether, as he has asserted, he was working (or walking to or from his work station) during all work hours" and noting that "[t]he least burdensome and expensive way to get the data is to get it from either the plaintiff's own account or from the service provider"); *Ritz v. Directory Pub. Sols., Inc.*, No. 13-cv-01236, 2014 WL 1922957 (E.D. Mo. May 14, 2014) (finding that plaintiffs' cell phone and internet records showing calls and texts was "relevant to whether [p]laintiffs engaged in personal activities while they claimed they were working for [d]efendants"). Defendants made multiple demands for Plaintiff's cell phone records throughout this litigation because such information is relevant to Plaintiff's claims and their defenses. In particular, this information is relevant to: (1) Plaintiff's claims that the timesheet produced by the Firm does not accurately reflect her hours worked at the office; (2) Plaintiff's claims that she performed additional work outside the office; (3) whether Plaintiff violated Defendants' Personal Cell Phone policy as provided in the Employee Handbook; and (4) whether Plaintiff communicated with the Firm's Office Manager about her alleged medical condition and absences from work. The discovery of such information does not unduly invade Plaintiff's privacy. *See Kamalu v. Walmart Stores, Inc.*, No. 13-cv-00627, 2013 WL 4403903 (E.D. Cal. Aug. 15, 2013) ("Defendants are attempting to obtain records of all incoming and outgoing calls and data usage for Plaintiff's cell phone . . . . This request does not implicate information that dissemination and use would cause unjustified embarrassment and indignity to Plaintiff."). As the subpoena appropriately seeks necessary information, relevant to the parties' claims and defenses, the Court should grant Defendants leave to serve the subpoena on AT&T.

\*   \*   \*

In light of the foregoing, Defendants respectfully request that this Court grant Defendants leave to serve their subpoena on AT&T. Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/s/ NEP

Mary Ellen Donnelly
Nicole E. Price