# EXHIBIT C

| | |
|---|---|
| **From:** | Innessa M. Huot |
| **To:** | Nicole E. Price; Mary Ellen Donnelly |
| **Cc:** | Alex J. Hartzband |
| **Subject:** | T-Mobile Subpoena |
| **Date:** | Friday, January 08, 2021 6:28:17 PM |
| **Attachments:** | image001.png |
| | image002.png |

Nicole,

Thanks for taking the time to speak with us about Defendants' subpoena of T-Mobile. As discussed, we object to the subpoena as, *inter alia*, overly broad, not proportional to the needs of the case, seeking privileged documents, and, most importantly, seeking irrelevant discovery.

During our call, you explained that Defendants need location/GPS tracking data, text messages, and call records to assess whether Plaintiff was in court, in the office, at the doctors, or elsewhere during business hours. However, per your representation during the call, Defendants do not have records of each court appearance and deposition Plaintiff was expected to handle, where she went, and when. As such, this discovery is irrelevant and the subpoena will only serve to delay the close of discovery unnecessarily.

You also argued that these documents are relevant to credibility. Specifically, Defendants want to explore whether Plaintiff made the calls and text messages she testified to making, and attended the depositions/court appearances/doctor's appointments she testified to attending. However, Plaintiff has already produced and/or provided HIPAA authorizations for all medical records and, apart from her two week-long absences to seek medical treatment, did not testify as to her whereabouts outside of the office at specific dates and times. As such, the documents requested will not speak to her credibility. Even if Plaintiff had provided such testimony, Defendants' speculative hope that they might unearth evidence harming Plaintiff's credibility does not provide a valid basis to seek discovery absent good cause to believe Plaintiff was dishonest, which Defendants have not established, nor can they.

Accordingly, we are unwilling to consider narrowing the subpoena, and expressly reserve all objections, as well as our right to move to quash.

Regards,
Innessa



Innessa M. Huot ¦ Partner ¦ Faruqi & Faruqi, LLP ¦ 685 Third Avenue, 26th Floor ¦ New York, NY 10017 ¦ (T) 212-983-9330 ¦ (F) 212-983-9331 ¦ www.faruqilaw.com ¦ www.employeerightscounsel.com



This message originates from the law firm of Faruqi & Faruqi, LLP. This email message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this message or its attachments is strictly prohibited. All personal messages express solely the sender's view and not those of Faruqi & Faruqi, LLP.

This message may not be copied or distributed without this disclaimer.  If you received this message in error, please reply to the sender above immediately and permanently delete this message from your inbox.