# EXHIBIT B

| | |
|---|---|
| **From:** | Nicole E. Price |
| **To:** | Innessa M. Huot; Mary Ellen Donnelly |
| **Cc:** | Alex J. Hartzband |
| **Subject:** | Re: Mallilo & Grossman Subpoena |
| **Date:** | Tuesday, January 12, 2021 6:24:40 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | Notice of M&G Subpoena (1.12.2021).pdf |
| | Notice of T-Moble Subpoena (1.12.2021).pdf |

Please find the subpoenas attached.

--
Nicole Elizabeth Price
**Putney, Twombly, Hall & Hirson LLP**
521 Fifth Avenue
New York, New York 10175
Phone: (212) 682-0020
Fax: (212) 682-9380
nprice@putneylaw.com

Notice: This e-mail message and any attachment to this e-mail message contain confidential information that may be protected by the attorney-client and/or attorney work product privileges.  If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it.  If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (212) 682-0020 and delete this message.  Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Putney, Twombly, Hall & Hirson LLP.  Although Putney, Twombly, Hall & Hirson LLP attempts to sweep e-mail and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving Putney, Twombly, Hall & Hirson LLP.

**From:** Innessa M. Huot <ihuot@faruqilaw.com>
**Sent:** Tuesday, January 12, 2021 5:48 PM
**To:** Nicole E. Price <nprice@putneylaw.com>; Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Cc:** Alex J. Hartzband <ahartzband@faruqilaw.com>
**Subject:** RE: Mallilo & Grossman Subpoena

Hi Nicole, we maintain our objections to the T-Mobile subpoena as discussed previously.
Please send us a final versions of both subpoenas (with the corrected service date) prior to serving each third party.

Thank you,
Innessa

**From:** Nicole E. Price <nprice@putneylaw.com>
**Sent:** Tuesday, January 12, 2021 5:46 PM
**To:** Innessa M. Huot <ihuot@faruqilaw.com>; Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Cc:** Alex J. Hartzband <ahartzband@faruqilaw.com>
**Subject:** Re: Mallilo & Grossman Subpoena

Good evening,

Defendants have reviewed Plaintiff's suggestions to the subpoena on Mallilo & Grossman and accept the proposed revisions.  Defendants will serve this subpoena according to the terms discussed today, January 12.

Defendants are disappointed that Plaintiff has chosen not to work with Defendants in reaching an agreement regarding the subpoena on T-Mobile, which clearly seeks information relevant to the parties' claims and defenses. As discussed, this information is particularly relevant to Plaintiff's claims regarding her attendance and hours worked, her compliance with the Firm's cell phone policy, and whether Plaintiff sent information to Defendants' employees via text messages about her medical condition, mental health condition, and alleged requests for accommodations.  This subpoena is necessary as Plaintiff has not produced any text messages at all in this litigation despite Defendants requests for such communications (*See* Defendants' 1st Request for the Production of Documents No. 3, 4, 9, 10; Defendants' 2nd Request for the Production of Documents Nos. 1, 2; Defendants' 3rd Request for the Production of Documents No. 5) and evidence indicating that such text messages exist. Indeed, Plaintiff has asserted that she is not in possession, custody, or control of text messages responsive to Defendants' requests. As this information is necessary and highly relevant to the claims and defenses in this litigation, and since Plaintiff has offered no suggested revisions to the T-Mobile subpoena, Defendants will serve this subpoena in its original form today, January 12.

Best,
Nicole

--
Nicole Elizabeth Price
**Putney, Twombly, Hall & Hirson LLP**
521 Fifth Avenue
New York, New York 10175
Phone: (212) 682-0020
Fax: (212) 682-9380
nprice@putneylaw.com

Notice: This e-mail message and any attachment to this e-mail message contain confidential information that may be protected by the attorney-client and/or attorney work product privileges.  If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it.  If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (212) 682-0020 and delete this message.  Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Putney, Twombly, Hall & Hirson LLP.  Although Putney, Twombly, Hall & Hirson LLP attempts to sweep e-mail and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving Putney, Twombly, Hall & Hirson LLP.

**From:** Innessa M. Huot <ihuot@faruqilaw.com>
**Sent:** Tuesday, January 12, 2021 4:31 PM
**To:** Nicole E. Price <nprice@putneylaw.com>; Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Cc:** Alex J. Hartzband <ahartzband@faruqilaw.com>
**Subject:** Re: Mallilo & Grossman Subpoena

Hi Nicole, can you please respond to my multiple emails below. If you have served the contested subpoenas, we need to know right away.

Thank you,

Innessa

Innessa Melamed Huot • Partner • Faruqi & Faruqi, LLP • 685 3rd Avenue, 26th Floor • New York, NY 10017 • (T) 212-983-9330 • (F) 212-983-9331

---

**From:** Innessa M. Huot
**Sent:** Monday, January 11, 2021 5:38:55 PM
**To:** Nicole E. Price <nprice@putneylaw.com>; Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Cc:** Alex J. Hartzband <ahartzband@faruqilaw.com>
**Subject:** RE: Mallilo & Grossman Subpoena

Hi Nicole, please let us know if you intend to serve a revised subpoena as set forth below.  We are not sure whether the initial subpoena was served last Saturday.
Please let us know.

Thank you,
Innessa

---

**From:** Innessa M. Huot
**Sent:** Friday, January 8, 2021 6:33 PM
**To:** Nicole E. Price <nprice@putneylaw.com>; Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Cc:** Alex J. Hartzband <ahartzband@faruqilaw.com>
**Subject:** Mallilo & Grossman Subpoena

Nicole,

Thank you for meeting and conferring with us about Defendants' subpoena of Mallilo & Grossman.  As discussed, we object to the subpoena as, *inter alia*, overly broad, not proportional to the needs of the case, seeking privileged documents, and, most importantly, seeking irrelevant documents.

During our call, you claimed that credibility was the primary basis for the subpoena and, when asked, could not make any other proffer as to the relevance of the documents requested.  You claimed that the documents requested will allow Defendants to assess whether Plaintiff misrepresented her experience, lied at her deposition regarding trials she handled at Mallilo & Grossman, or misrepresented her salary and benefits at Mallilo & Grossman.

This does not provide a valid basis to seek discovery absent good cause to believe Plaintiff was dishonest, which Defendants have not established and cannot establish.  *See, e.g., Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 463 (S.D.N.Y. 1988) ("To justify an inquiry into facts relevant solely to credibility, the party seeking discovery must [ ] have a factual basis for believing that prior acts of deception will be revealed."); *Dzanis v. JPMorgan Chase & Co.*, No. 10 Civ. 3384(BSJ)(JLC), 2011 WL 5979650, at *6 (S.D.N.Y. Nov. 30, 2011) ("Courts have required parties to establish good cause where discovery is sought solely to unearth potential impeachment material and have not found such cause where the request is speculative.") (collecting cases).

Put differently, Defendants' subpoena is based on "nothing more than speculative hope that useful impeachment material will be unearthed" and, as such, is improper.  *Surles v. Air France*, No. 00 Civ. 5004(RMB)(FM), 2001 WL 815522, at *4 (S.D.N.Y. July 19, 2001); *see also Caputi v. Topper Realty Corp.*, No. 14-cv-2634(JFB)(SIL), 2015 WL 893663, at *6 (E.D.N.Y. Feb. 25, 2015) ("Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'") (quoting *Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346, 1347 (M.D. Fla. 2014)).

That said, in an effort to avoid motion practice – and while expressly reserving any and all objections, as well as the right to move to quash the subpoena – Plaintiff is willing to consent to the subpoena if Defendants narrow the requests to seek only: (i) documents sufficient to reflect Plaintiff's salary and benefits while employed by Mallilo & Grossman; and (ii) identification by case caption of all matters on which Plaintiff performed trial work while employed by Mallilo & Grossman.

Based on your stated rationale for requesting these records in the subpoena, the above listed documents will provide Defendants with the information you are seeking.

Please advise if we have resolved this issue.  Otherwise, we are at an impasse and will move to quash this subpoena.

Regards,
Innessa



Innessa M. Huot ■ Partner ■ Faruqi & Faruqi, LLP ■ 685 Third Avenue, 26th Floor ■ New York, NY 10017 ■ (T) 212-983-9330 ■ (F) 212-983-9331 ■ www.faruqilaw.com   ■   www.employeerightscounsel.com

This message originates from the law firm of Faruqi & Faruqi, LLP.  This email message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee.  If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this message or its attachments is strictly prohibited.  All personal messages express solely the sender's view and not those of Faruqi & Faruqi, LLP.  This message may not be copied or distributed without this disclaimer.  If you received this message in error, please reply to the sender above immediately and permanently delete this message from your inbox.