# EXHIBIT E

| | |
|---|---|
| **From:** | Innessa M. Huot |
| **To:** | Nicole E. Price; Alex J. Hartzband |
| **Cc:** | Mary Ellen Donnelly |
| **Subject:** | RE: Ruderman v. Law Office of Yuriy Prakhin et al |
| **Date:** | Tuesday, March 2, 2021 6:18:10 PM |

Nicole,

As an initial matter, and as discussed numerous times, Defendants have an ongoing obligation to produce documents, records, and communications they receive in response to the HIPAA authorizations and Subpoenas they issue. *See, e.g.,* Plaintiff's RFP No. 101. Plaintiff executed seven different HIPAA authorizations and Defendants served two subpoenas on Plaintiff's prior employer and T-Mobile. We have requested these records at least five times in the last month alone. Please provide these records by tomorrow, March 3, 2021 at 5pm or we will have to address this issue with the Court.

Additionally, the Court ordered that 10 emails from Defendants' privilege log be submitted for *in camera* review. Please let us know which 5 you have selected so we can pick 5 different ones. Please let us know by tomorrow, March 3, 2021 at 5pm so we have time to confer prior to the deadline.

We will address the remaining issues in the order you raised them:

First, thank you for producing the records of unretained experts. Can you please clarify whether Defendants' assertion of privilege over communications and documents with Ms. Parkin-Bashizi is on the basis of her being employed as a consultant for the Prakhin Firm in general, or because she was retained as a consultant for the Ruderman matter specifically?

Second, regarding the IM Messages: per the Court's Order, please provide an explanation of how Mr. Pusachev's purported search was conducted. If you say the messages came from multiple custodians, then please tell us which custodians were searched, and which Bates-number range of pages originated from which custodian.

Third, Plaintiff has already committed to producing her mitigation records on an on-going basis even after the close of discovery. Plaintiff will continue to do so. However, it is unlikely we will be able obtain these records in the next 2-3 days for production by this Friday. We will endeavor to make a supplemental production of mitigation records by the end of next week – March 12, 2021. If we can get them together sooner, we will produce them sooner.

With respect to Plaintiff's tax records, we met and conferred and resolved this issue over three months ago. We discussed Defendants' position that such records are only relevant to Plaintiff's mitigation and we agreed that instead Plaintiff will produce her W-2, 1099, and invoice records which capture the same information relevant to mitigation. We also agreed that Plaintiff would commit to producing additional 1099/W-2 records that would be generated in the future, even after the close of discovery through the date of trial. To date, Plaintiff has complied with this agreement and will continue to do so. Further, as noted in the preceding paragraph, Plaintiff has also committed to producing newly generated invoice records and will make a supplementary production by March 12, 2021.

Fourth, on Friday, February 5, 2021, well after the close of discovery (January 18, 2021), you

informed us that you received a response to Defendants' T-Mobile subpoena stating that a different carrier (AT&T) is in possession of Plaintiff's records. On Monday, February 8, 2021, we asked you for a copy of T-Mobile's response to Defendants' subpoena. We immediately contacted both carriers who categorically denied sending you such communication or making any such representation. T-Mobile even requested that we send them a copy of said communication so they could conduct their own investigation regarding same. On February 11, 2021, I emailed you this information and again asked you for a copy of T-Mobile's response to Defendants' subpoena.

You responded to my email on February 18, 2021 noting ***Defendants'*** delay in responding and requested that we inform you by the following day whether Plaintiff would consent to Defendants issuing a new subpoena to a different carrier, a month after the close of discovery. Critically, Defendants again refused to provide the requested response documents from T-Mobile. The following day, on February 19, 2021, I again requested the T-Mobile records and I reiterated Defendants' legal obligation to produce all such records obtained in response to Defendants' subpoenas and HIPAA requests. *See, e.g.,* Plaintiff's RFP No. 101. To date – Defendants have never produced any such records.

As I told you, since Defendants appear to be shirking their discovery obligations, we have no choice but to seek this information directly from the carrier. We have tried repeatedly, but the companies are slow to respond. To date, we have been unable to obtain a copy of T-Mobile's response to Defendants' subpoena which Defendants have been inexplicably withholding. For at least the ***sixth time***, we again demand that Defendants produce all records obtained in response to their various HIPAA requests and subpoenas, including the T-Mobile subpoena, by tomorrow, March 3, 2021 at 5pm.

Any delay in responding to Defendants is caused squarely by Defendants' refusal to produce the documents they currently have in hand – resulting in us having to obtain the very same documents directly from the companies. However, Plaintiff does not consent to Defendants' request to issue a new subpoena to a totally different carrier, over 1.5 months after the close of discovery, especially without ever being provided with the records you already received in response to Defendants' various other subpoenas (despite Defendants' legal obligation to do so).

If you wish to meet and confer about this dispute, we are happy to do so.

Thank you,
Innessa

---

**From:** Nicole E. Price <nprice@putneylaw.com>
**Sent:** Monday, March 1, 2021 7:25 PM
**To:** Innessa M. Huot <ihuot@faruqilaw.com>; Alex J. Hartzband <ahartzband@faruqilaw.com>
**Cc:** Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Subject:** Ruderman v. Law Office of Yuriy Prakhin et al

Good afternoon,

We write regarding several discovery issues.

First, attached please find D013153-D013286, which are communications with experts that were not retained/employed by the Firm. Ms. Parkin-Bashizi was employed by the Firm as a consultant. Therefore, Defendants maintain their privilege and work product claims over communications and documents related to Ms. Parkin-Bashizi.

Second, the Court has ordered the parties to provide a joint status report regarding discovery of the IM System messages by March 8, 2021. As described in Defendants' motion papers, Defendants have produced all non-privileged, relevant, and responsive messages from the Firm's IM System. Defendants produced approximately 129 pages of messages from the Firm's IM System and provided several examples of how messages were produced from multiple custodians' accounts. The belief that the messages were only obtained from Raskin's account is incorrect and disproven by the messages themselves. Since Defendants have produced all relevant and responsive messages from the required custodians that are in Defendants' possession, this issue should be resolved.

Third, as you know, Plaintiff is under a continuing obligation to produce documents responsive to Defendants' discovery demands. In particular, Plaintiff must supplement her production with any documents and communications responsive to Requests Nos. 25, 43, 45, and 59-61 of Defendants' First Set of Requests for the Production of Documents. Defendants are once again requesting that Plaintiff provide complete copies of her tax returns for 2018 through the present as well as any other documentation reflecting Plaintiff's receipt of financial benefits. These documents contain information responsive to Defendants' demands and are directly relevant to Plaintiff's claim for damages, such as Plaintiff's receipt of unemployment insurance and stimulus checks. Please supplement Plaintiff's document production by March 7, 2021.

Finally, Plaintiff has still failed to provide Defendants with a response regarding her consent to the service of the same subpoena on AT&T. Plaintiff has had plenty of time to consider this request as it has been nearly one month since Defendants first requested a response from Plaintiff. These continued delays in responding to Defendants' request are unreasonable. Defendants are trying to work with Plaintiff to resolve this issue in a timely manner and without the Court's intervention. Please respond indicating whether Plaintiff consents to the service of subpoena by tomorrow, Tuesday, March 2, 2021.

Thank you,
Nicole


--

Nicole Elizabeth Price

**Putney, Twombly, Hall & Hirson LLP**

521 Fifth Avenue

New York, New York 10175

Phone: (212) 682-0020 ext. 205

DD: (212) 682-5433

nprice@putneylaw.com

Notice: This e-mail message and any attachment to this e-mail message contain confidential information that may be protected by the attorney-client and/or attorney work product privileges.  If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it.  If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (212) 682-0020 and delete this message.  Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Putney, Twombly, Hall & Hirson LLP.  Although Putney, Twombly, Hall & Hirson LLP attempts to sweep e-mail and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving Putney, Twombly, Hall & Hirson LLP.