# EXHIBIT F

| | |
|---|---|
| **From:** | Nicole E. Price |
| **To:** | Innessa M. Huot; Alex J. Hartzband |
| **Cc:** | Mary Ellen Donnelly |
| **Subject:** | Re: Ruderman v. Law Office of Yuriy Prakhin et al |
| **Date:** | Thursday, March 4, 2021 10:34:42 AM |
| **Attachments:** | T-Mobile Response (02.05.2021).pdf |

Innessa and Alex,

We write in response to your March 2, 2021 email correspondence. We will address the specific discovery issues raised by Defendants, as well as the issues raised by Plaintiff.

### Expert Communications
To your question, Ms. Parkin-Bashizi was retained as a consultant for this litigation.

### The Firm's IM Messages
Defendants have repeatedly provided Plaintiff with information regarding the search of the Firm's IM system, including the custodians that were searched and the use of the ESI Protocol to conduct the search. Such information is contained in Defendants' Interrogatory Responses, Mr. Pusachev's affidavit, and Defendants' submission to the Court.

Subject to and without waiver of any objections and/or privilege, documents bates-stamped D01947-D01965 are from Yuriy Prakhin's account, documents bates-stamped D01966-D01995 are from Erica Larssen's account, documents bates-stamped D01996-D02030 are from Irene Raskin's account, documents bates-stamped D02031-D02048 are from Lilit Avetisyan's account, documents bates-stamped D02049-D02067 are from Patricia Belous's account, and documents bates-stamped D02068-D02071 are from Yelena Ruderman's account. Further, subject to and without waiver of any objections and/or privilege, there are no relevant, responsive messages to produce from Sandra Beron or Gil Zohar's accounts.

### Tax Returns
As previously stated, Defendants are requesting that Plaintiff provide complete copies of her tax returns for 2018 through the present, as well as any other documentation reflecting Plaintiff's receipt of financial benefits as such documents are responsive to Requests Nos. 25, 43, 45, and 59-61 of Defendants' First Set of Requests for the Production of Documents.

In conferring about this issue previously, Defendants reserved the right to later seek Plaintiff's full tax returns should her W-2s, 1099s, and invoices not reflect all of her mitigation efforts. This was specifically stated in our email to you dated August 4, 2020. At no point, have Defendants changed their position.

The documents produced by Plaintiff, including her W-2s, 1099s, and invoices, do not reflect all of her mitigation efforts. For example, Plaintiff provided in her interrogatory responses and at her deposition that she applied for and received unemployment insurance benefits. Plaintiff has not produced any records reflecting the receipt of these payments. As Plaintiff's complete tax returns will evidence these and any other mitigation efforts, Defendants are once again requesting that Plaintiff supplement her document production with complete copies of her tax returns for 2018 through the present by March 7, 2021.

### Phone Records Subpoena
We would like to resolve this issue as promptly as possible and appreciate your assistance in

this matter since you appear to be receiving information contrary to that provided to us.  We both have an interest in obtaining the documents from the correct service provider.

As previously stated, on February 5, 2021, Defendants received a response from T-Mobile regarding their subpoena. Subject to and without waiver of any and all objections to Plaintiff's discovery demands, attached is the correspondence we received from T-Mobile on February 5, 2021.  As we also previously stated, we contacted T-Mobile's Legal Department and were provided additional information about the service provider for Plaintiff's cellphone in 2018.  These communications occurred over the phone.  Defendants have not received any other documents from T-Mobile in response to their subpoena.

Again, we appreciate whatever assistance Plaintiff can provide in obtaining the requested phone records from the correct service provider.  Thus, once again, Defendants are asking for Plaintiff's consent to the service the same subpoena on AT&T.  Please provide a response by tomorrow, March 5.

### HIPAA Records and Subpoena Responses
To clarify the facts regarding this issue, you requested that Defendants supplement their document production with records received in response to HIPAA authorizations and the Mallilo & Grossman subpoena for the first time in your email dated February 19, 2021, approximately one month after the close of discovery (January 18, 2021).  Since then, the parties had a 2.5-hour hearing with Magistrate Judge Mann and Defendants have been working on discovery issues as ordered by the Court.  The only other communications we have received from you regarding discovery was on February 23, 2021 regarding your contact with phone carriers and your email regarding discovery received on March 2, 2021.

We are reviewing Plaintiff's request and the documents received in response to the submitted HIPAA authorizations and subpoena.  Subject to and without waiver of any objections previously asserted in response to Plaintiff's document demands, Defendants will supplement their production, if necessary, by March 12, 2021.

### *In Camera* Review Documents
Defendants are still reviewing and selecting their documents for *in camera* review. Please provide us with Plaintiff's five (5) selected documents by tomorrow, March 5 so we may prepare these for the Court.

Thank you.

--
Nicole Elizabeth Price
**Putney, Twombly, Hall & Hirson LLP**
521 Fifth Avenue
New York, New York 10175
Phone: (212) 682-0020 ext. 205
DD: (212) 682-5433
nprice@putneylaw.com

Notice: This e-mail message and any attachment to this e-mail message contain confidential information that may be protected by the attorney-client and/or attorney work product privileges.  If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it.  If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (212) 682-0020 and delete this message.  Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been



Law Enforcement Relations
4 Sylvan Way, Parsippany, N.J. 07054
Phone: (973) 292-8911 Fax: (973) 292-8697                                                                                                          February 05, 2021

---

T-Mobile / MetroPCS Tracking ID: ▮▮▮▮▮

# Unable to Respond

T-Mobile / MetroPCS is unable to respond to your legal demand for the following reasons:

In regard to identifier(s) 6464726642, The target telephone number is not associated with a T-Mobile or Metro by T-Mobile subscriber.

In regard to identifier(s) 6464726642, The legal demand does not include a signature. Please have the demand signed by the proper authority and return to LER2@t-mobile.com or by fax to 973-292-8697.

In regard to identifier(s) 6464726642, The legal demand does not include an issue date. Please have the document dated by the proper authority and return either via fax or email per the information listed below.