# EXHIBIT G

| | |
|---|---|
| **From:** | Innessa M. Huot |
| **To:** | Nicole E. Price; Alex J. Hartzband |
| **Cc:** | Mary Ellen Donnelly |
| **Subject:** | RE: Ruderman v. Law Office of Yuriy Prakhin et al |
| **Date:** | Monday, March 8, 2021 11:09:36 AM |
| **Attachments:** | Privilege Log - p"s selection in green.pdf |

Good morning Nicole,

The green highlighted entries in the attached privilege log are the five documents Plaintiff has selected for *in camera* review.

We have a joint status report due to the Court today specifically "regarding the search conducted for internal messages from all of defendants' custodians." In Mr. Pusachev's deposition, he testified about the steps he took to search for emails. For example, he discussed the difference between conducting such a search on the cloud-based server, the archived files, hard drives, as well as well as each custodian's separate computer. When asked the same questions about how he searched for IP Messages, he flat out said he did not search for IP Messages. If Mr. Pusachev is now saying he did in fact search for IP Messages, then he should explain how he conducted his search.

The Court ordered that this information be provided in the Joint Report today. I am surprised you did not send this to us last week, so we had more time to review it. However, if you send it to us by 1pm today, we will review and revert it back to you by 3:30pm, so you can file it by today's deadline.

\* \* \*

Regarding the other discovery issues you raised in your previous email:

Defendants sent out subpoenas and HIPAA forms right at the close of discovery (and some after). Defendants have an ongoing obligation to produce all records obtained in response to those subpoenas and HIPAA forms. *See, e.g.,* Plaintiff's RFP No. 101. I have been demanding these records repeatedly, now for the seventh time since February 5th, when I first learned that you received responsive records but refused to produce them. We look forward to receiving and reviewing all such records on March 12, 2021.

Regarding Plaintiff's tax records, this issue was fully resolved with prior counsel in February 2020 and again with you specifically in December 2020 – over 3.5 months ago. Plaintiff has complied with her end of the agreement and has continued to supplement her discovery production even after the close of discovery. Plaintiff stands by her objection to produce her detailed tax records as such a request is directly contrary to the parties' expressed agreement and because Defendants come nowhere close to satisfying the heightened privilege standard necessary to justify such a demand. Moreover, courts routinely hold that unemployment benefits are not relevant to mitigation as they are not considered interim earnings and thus cannot be deducted from back pay awards. *Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 362 F. App'x 212, 217 (2d Cir. 2010) (unemployment compensation does not offset back pay awards); *Hill v. Airborne Freight Corp.*, No. 97-CV-7098 (FB), 2003 WL 366641, at *2 (E.D.N.Y. Feb. 20, 2003) (unemployment benefits are not deducted from plaintiffs' back pay awards); *Clark v. Gotham Lasik, PLLC,* No. 11 CIV. 01307 LGS, 2013 WL 4437220, at *5 (S.D.N.Y. Aug. 20, 2013) ("While Ms. Clark earned $14,750.00 in

unemployment benefits [], deduction of this amount is not warranted."); *Becerril v. E. Bronx NAACP Child Dev. Ctr.*, No. 08CIV.10283(PAC)(KNF), 2009 WL 2611950, at *4 (S.D.N.Y. Aug. 18, 2009) (finding that "it is reasonable and appropriate that Becerril's unemployment compensation not be deducted from her total award of back pay."). We are happy to engage in a meet and confer about this, now renewed, dispute if you have questions.

Plaintiff does not consent to Defendants' request to issue a new subpoena to a different carrier, over 1.5 months after the close of discovery. First, this subpoena is an impermissible intrusion on Plaintiff's and non-parties' privacy. The intrusive nature of this request is further emphasized by the fact that the majority of the information you seek cannot even be discovered in civil cases. Even in criminal cases, such information is only discoverable upon a showing of probable cause.

Further, you claim you need these records to support your argument that Plaintiff was absent from work or violated some personal phone usage policy. However, this information has absolutely no probative value. Plaintiff was indeed out of the office three to four times per week conducting numerous depositions, having meetings, and making court appearances. Defendants have already confirmed and reconfirmed that they have no record of the precise locations of where Plaintiff actually went for each of these work-related activities. Given this, as well as the imprecise location data cell phone GPS records provide, the records have no probative value. They will shed light on neither Plaintiff's exact location nor the nature of her activities at those imprecise locations (*i.e.*, whether they were work-related or not).

Similarly, Plaintiff readily admits that she used her cell phone during working hours as such was required for her to carry out her work. For example, when going to court, she wrote her number down on the call calendar so opposing counsel could call her when they arrived. She also called various opposing counsel for the same reason. When her clients were running late for a deposition or meeting, she called them, and she called her opposing counsel, and the court reporter. When she was waiting for a state court judge to enter an order, which can take 2-3 hours, she performed work on her other cases—*e.g.*, calling investigators, insurance adjustors, counsel in other cases. Defendants would have to produce the phone numbers of all of their clients, opposing counsel, medical examiners, investigators, negotiators, paralegals, and other Firm's attorneys in order for both parties to even arguably be able to assess which calls were work-related and which calls were not. Still, this list of contacts would likely not be comprehensive. Even assuming *arguendo* that Defendants could produce a comprehensive list of contacts, discovery has long closed and I strongly doubt Defendants are willing to make such a production. Absent such information, these proposed records have no probative value.

Again, we are happy to meet and confer if you have any questions.

Thank you,
Innessa

---

**From:** Nicole E. Price <nprice@putneylaw.com>
**Sent:** Thursday, March 4, 2021 6:27 PM
**To:** Innessa M. Huot <ihuot@faruqilaw.com>; Alex J. Hartzband <ahartzband@faruqilaw.com>
**Cc:** Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Subject:** Re: Ruderman v. Law Office of Yuriy Prakhin et al

Innessa,

As stated in our email this morning, Defendants have been reviewing the documents in order to make their selection.
The highlighted entries in the attached are the documents Defendants have selected at this time.

Please provide us with Plaintiff's selection by tomorrow, March 5.

Thank you.


--

Nicole Elizabeth Price

**Putney, Twombly, Hall & Hirson LLP**

521 Fifth Avenue

New York, New York 10175

Phone: (212) 682-0020 ext. 205

DD: (212) 682-5433

nprice@putneylaw.com


Notice: This e-mail message and any attachment to this e-mail message contain confidential information that may be protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (212) 682-0020 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Putney, Twombly, Hall & Hirson LLP. Although Putney, Twombly, Hall & Hirson LLP attempts to sweep e-mail and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving Putney, Twombly, Hall & Hirson LLP.

**From:** Innessa M. Huot <ihuot@faruqilaw.com>
**Sent:** Thursday, March 4, 2021 5:34 PM
**To:** Nicole E. Price <nprice@putneylaw.com>; Alex J. Hartzband <ahartzband@faruqilaw.com>
**Cc:** Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Subject:** RE: Ruderman v. Law Office of Yuriy Prakhin et al

Nicole, I emailed you on Tuesday 3/2 asking for you to tell us which 5 documents you will select by Wednesday 3/3. You ignored us.

I asked you again this morning to please tell us which document you will select by the end of today.  It is already past 5:30pm and you still have not responded.

You have had these document since 2019.  We do not even know what they look like.  This should not be so contentious.

Will you please do us the courtesy of responding to our emails and letting us know today which 5 documents you will select so we can at least have 1 day to confer with our client about it?

Thank you,
Innessa

---

**From:** Innessa M. Huot
**Sent:** Thursday, March 4, 2021 10:46 AM
**To:** Nicole E. Price <nprice@putneylaw.com>; Alex J. Hartzband <ahartzband@faruqilaw.com>
**Cc:** Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Subject:** RE: Ruderman v. Law Office of Yuriy Prakhin et al

Hi Nicole,

We will respond to the remaining portion of your email, but wanted to immediately flag your very last point regarding *in camera* review as it is most pressing.  We are operating in the dark as we do not know what these documents say or look like.  You are the ones who have the documents in hand.  We ask that you please advise us which of the 5 documents you plan to provide to the Court so that we can seek guidance from our client regarding which other ones to select.  Since you can actually review all these documents, you are in a better position to make the first selection.  With that we ask that you please let us know by the end of the day today, so that we have time to confer with the client tomorrow ahead of our submission.

Thank you,
Innessa

---

**From:** Nicole E. Price <nprice@putneylaw.com>
**Sent:** Thursday, March 4, 2021 10:34 AM
**To:** Innessa M. Huot <ihuot@faruqilaw.com>; Alex J. Hartzband <ahartzband@faruqilaw.com>
**Cc:** Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Subject:** Re: Ruderman v. Law Office of Yuriy Prakhin et al

Innessa and Alex,

We write in response to your March 2, 2021 email correspondence.  We will address the specific discovery issues raised by Defendants, as well as the issues raised by Plaintiff.

**Expert Communications**
To your question, Ms. Parkin-Bashizi was retained as a consultant for this litigation.

**The Firm's IM Messages**
Defendants have repeatedly provided Plaintiff with information regarding the search of the

Firm's IM system, including the custodians that were searched and the use of the ESI Protocol to conduct the search. Such information is contained in Defendants' Interrogatory Responses, Mr. Pusachev's affidavit, and Defendants' submission to the Court.

Subject to and without waiver of any objections and/or privilege, documents bates-stamped D01947-D01965 are from Yuriy Prakhin's account, documents bates-stamped D01966-D01995 are from Erica Larssen's account, documents bates-stamped D01996-D02030 are from Irene Raskin's account, documents bates-stamped D02031-D02048 are from Lilit Avetisyan's account, documents bates-stamped D02049-D02067 are from Patricia Belous's account, and documents bates-stamped D02068-D02071 are from Yelena Ruderman's account. Further, subject to and without waiver of any objections and/or privilege, there are no relevant, responsive messages to produce from Sandra Beron or Gil Zohar's accounts.

**Tax Returns**

As previously stated, Defendants are requesting that Plaintiff provide complete copies of her tax returns for 2018 through the present, as well as any other documentation reflecting Plaintiff's receipt of financial benefits as such documents are responsive to Requests Nos. 25, 43, 45, and 59-61 of Defendants' First Set of Requests for the Production of Documents.

In conferring about this issue previously, Defendants reserved the right to later seek Plaintiff's full tax returns should her W-2s, 1099s, and invoices not reflect all of her mitigation efforts. This was specifically stated in our email to you dated August 4, 2020. At no point, have Defendants changed their position.

The documents produced by Plaintiff, including her W-2s, 1099s, and invoices, do not reflect all of her mitigation efforts. For example, Plaintiff provided in her interrogatory responses and at her deposition that she applied for and received unemployment insurance benefits. Plaintiff has not produced any records reflecting the receipt of these payments. As Plaintiff's complete tax returns will evidence these and any other mitigation efforts, Defendants are once again requesting that Plaintiff supplement her document production with complete copies of her tax returns for 2018 through the present by March 7, 2021.

**Phone Records Subpoena**

We would like to resolve this issue as promptly as possible and appreciate your assistance in this matter since you appear to be receiving information contrary to that provided to us. We both have an interest in obtaining the documents from the correct service provider.

As previously stated, on February 5, 2021, Defendants received a response from T-Mobile regarding their subpoena. Subject to and without waiver of any and all objections to Plaintiff's discovery demands, attached is the correspondence we received from T-Mobile on February 5, 2021. As we also previously stated, we contacted T-Mobile's Legal Department and were provided additional information about the service provider for Plaintiff's cellphone in 2018. These communications occurred over the phone. Defendants have not received any other documents from T-Mobile in response to their subpoena.

Again, we appreciate whatever assistance Plaintiff can provide in obtaining the requested phone records from the correct service provider. Thus, once again, Defendants are asking for Plaintiff's consent to the service the same subpoena on AT&T. Please provide a response by tomorrow, March 5.

**HIPAA Records and Subpoena Responses**
To clarify the facts regarding this issue, you requested that Defendants supplement their document production with records received in response to HIPAA authorizations and the Mallilo & Grossman subpoena for the first time in your email dated February 19, 2021, approximately one month after the close of discovery (January 18, 2021). Since then, the parties had a 2.5-hour hearing with Magistrate Judge Mann and Defendants have been working on discovery issues as ordered by the Court. The only other communications we have received from you regarding discovery was on February 23, 2021 regarding your contact with phone carriers and your email regarding discovery received on March 2, 2021.

We are reviewing Plaintiff's request and the documents received in response to the submitted HIPAA authorizations and subpoena. Subject to and without waiver of any objections previously asserted in response to Plaintiff's document demands, Defendants will supplement their production, if necessary, by March 12, 2021.

*In Camera* **Review Documents**
Defendants are still reviewing and selecting their documents for *in camera* review. Please provide us with Plaintiff's five (5) selected documents by tomorrow, March 5 so we may prepare these for the Court.

Thank you.


--

Nicole Elizabeth Price

**Putney, Twombly, Hall & Hirson LLP**

521 Fifth Avenue

New York, New York 10175

Phone: (212) 682-0020 ext. 205

DD: (212) 682-5433

nprice@putneylaw.com

Notice: This e-mail message and any attachment to this e-mail message contain confidential information that may be protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (212) 682-0020 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Putney, Twombly, Hall & Hirson LLP. Although Putney, Twombly, Hall & Hirson LLP attempts to sweep e-mail and

attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving Putney, Twombly, Hall & Hirson LLP.

**From:** Innessa M. Huot <ihuot@faruqilaw.com>
**Sent:** Tuesday, March 2, 2021 6:18 PM
**To:** Nicole E. Price <nprice@putneylaw.com>; Alex J. Hartzband <ahartzband@faruqilaw.com>
**Cc:** Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Subject:** RE: Ruderman v. Law Office of Yuriy Prakhin et al

Nicole,

As an initial matter, and as discussed numerous times, Defendants have an ongoing obligation to produce documents, records, and communications they receive in response to the HIPAA authorizations and Subpoenas they issue. *See, e.g.,* Plaintiff's RFP No. 101. Plaintiff executed seven different HIPAA authorizations and Defendants served two subpoenas on Plaintiff's prior employer and T-Mobile. We have requested these records at least five times in the last month alone. Please provide these records by tomorrow, March 3, 2021 at 5pm or we will have to address this issue with the Court.

Additionally, the Court ordered that 10 emails from Defendants' privilege log be submitted for *in camera* review. Please let us know which 5 you have selected so we can pick 5 different ones. Please let us know by tomorrow, March 3, 2021 at 5pm so we have time to confer prior to the deadline.

We will address the remaining issues in the order you raised them:

First, thank you for producing the records of unretained experts. Can you please clarify whether Defendants' assertion of privilege over communications and documents with Ms. Parkin-Bashizi is on the basis of her being employed as a consultant for the Prakhin Firm in general, or because she was retained as a consultant for the Ruderman matter specifically?

Second, regarding the IM Messages: per the Court's Order, please provide an explanation of how Mr. Pusachev's purported search was conducted. If you say the messages came from multiple custodians, then please tell us which custodians were searched, and which Bates-number range of pages originated from which custodian.

Third, Plaintiff has already committed to producing her mitigation records on an on-going basis even after the close of discovery. Plaintiff will continue to do so. However, it is unlikely we will be able obtain these records in the next 2-3 days for production by this Friday. We will endeavor to make a supplemental production of mitigation records by the end of next week – March 12, 2021. If we can get them together sooner, we will produce them sooner.

With respect to Plaintiff's tax records, we met and conferred and resolved this issue over three months ago. We discussed Defendants' position that such records are only relevant to Plaintiff's mitigation and we agreed that instead Plaintiff will produce her W-2, 1099, and invoice records which capture the same information relevant to mitigation. We also agreed that Plaintiff would commit to producing additional 1099/W-2 records that would be generated in the future, even after the close of discovery through the date of trial. To date, Plaintiff has complied with this agreement and will continue to do so. Further, as noted in the preceding

paragraph, Plaintiff has also committed to producing newly generated invoice records and will make a supplementary production by March 12, 2021.

Fourth, on Friday, February 5, 2021, well after the close of discovery (January 18, 2021), you informed us that you received a response to Defendants' T-Mobile subpoena stating that a different carrier (AT&T) is in possession of Plaintiff's records. On Monday, February 8, 2021, we asked you for a copy of T-Mobile's response to Defendants' subpoena. We immediately contacted both carriers who categorically denied sending you such communication or making any such representation. T-Mobile even requested that we send them a copy of said communication so they could conduct their own investigation regarding same. On February 11, 2021, I emailed you this information and again asked you for a copy of T-Mobile's response to Defendants' subpoena.

You responded to my email on February 18, 2021 noting ***Defendants'*** delay in responding and requested that we inform you by the following day whether Plaintiff would consent to Defendants issuing a new subpoena to a different carrier, a month after the close of discovery. Critically, Defendants again refused to provide the requested response documents from T-Mobile. The following day, on February 19, 2021, I again requested the T-Mobile records and I reiterated Defendants' legal obligation to produce all such records obtained in response to Defendants' subpoenas and HIPAA requests. *See, e.g.,* Plaintiff's RFP No. 101. To date – Defendants have never produced any such records.

As I told you, since Defendants appear to be shirking their discovery obligations, we have no choice but to seek this information directly from the carrier. We have tried repeatedly, but the companies are slow to respond. To date, we have been unable to obtain a copy of T-Mobile's response to Defendants' subpoena which Defendants have been inexplicably withholding. For at least the ***sixth time***, we again demand that Defendants produce all records obtained in response to their various HIPAA requests and subpoenas, including the T-Mobile subpoena, by tomorrow, March 3, 2021 at 5pm.

Any delay in responding to Defendants is caused squarely by Defendants' refusal to produce the documents they currently have in hand – resulting in us having to obtain the very same documents directly from the companies. However, Plaintiff does not consent to Defendants' request to issue a new subpoena to a totally different carrier, over 1.5 months after the close of discovery, especially without ever being provided with the records you already received in response to Defendants' various other subpoenas (despite Defendants' legal obligation to do so).

If you wish to meet and confer about this dispute, we are happy to do so.

Thank you,
Innessa

---

**From:** Nicole E. Price <nprice@putneylaw.com>
**Sent:** Monday, March 1, 2021 7:25 PM
**To:** Innessa M. Huot <ihuot@faruqilaw.com>; Alex J. Hartzband <ahartzband@faruqilaw.com>
**Cc:** Mary Ellen Donnelly <MDonnelly@putneylaw.com>
**Subject:** Ruderman v. Law Office of Yuriy Prakhin et al

Good afternoon,

We write regarding several discovery issues.

First, attached please find D013153-D013286, which are communications with experts that were not retained/employed by the Firm. Ms. Parkin-Bashizi was employed by the Firm as a consultant. Therefore, Defendants maintain their privilege and work product claims over communications and documents related to Ms. Parkin-Bashizi.

Second, the Court has ordered the parties to provide a joint status report regarding discovery of the IM System messages by March 8, 2021. As described in Defendants' motion papers, Defendants have produced all non-privileged, relevant, and responsive messages from the Firm's IM System. Defendants produced approximately 129 pages of messages from the Firm's IM System and provided several examples of how messages were produced from multiple custodians' accounts. The belief that the messages were only obtained from Raskin's account is incorrect and disproven by the messages themselves. Since Defendants have produced all relevant and responsive messages from the required custodians that are in Defendants' possession, this issue should be resolved.

Third, as you know, Plaintiff is under a continuing obligation to produce documents responsive to Defendants' discovery demands. In particular, Plaintiff must supplement her production with any documents and communications responsive to Requests Nos. 25, 43, 45, and 59-61 of Defendants' First Set of Requests for the Production of Documents. Defendants are once again requesting that Plaintiff provide complete copies of her tax returns for 2018 through the present as well as any other documentation reflecting Plaintiff's receipt of financial benefits. These documents contain information responsive to Defendants' demands and are directly relevant to Plaintiff's claim for damages, such as Plaintiff's receipt of unemployment insurance and stimulus checks. Please supplement Plaintiff's document production by March 7, 2021.

Finally, Plaintiff has still failed to provide Defendants with a response regarding her consent to the service of the same subpoena on AT&T. Plaintiff has had plenty of time to consider this request as it has been nearly one month since Defendants first requested a response from Plaintiff. These continued delays in responding to Defendants' request are unreasonable. Defendants are trying to work with Plaintiff to resolve this issue in a timely manner and without the Court's intervention. Please respond indicating whether Plaintiff consents to the service of subpoena by tomorrow, Tuesday, March 2, 2021.

Thank you,
Nicole


--

Nicole Elizabeth Price

**Putney, Twombly, Hall & Hirson LLP**

521 Fifth Avenue

New York, New York 10175

Phone: (212) 682-0020 ext. 205

DD: (212) 682-5433

nprice@putneylaw.com

Notice: This e-mail message and any attachment to this e-mail message contain confidential information that may be protected by the attorney-client and/or attorney work product privileges.  If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it.  If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (212) 682-0020 and delete this message.  Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Putney, Twombly, Hall & Hirson LLP.  Although Putney, Twombly, Hall & Hirson LLP attempts to sweep e-mail and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving Putney, Twombly, Hall & Hirson LLP.