# EXHIBIT I

| | |
|---|---|
| **From:** | Innessa M. Huot |
| **To:** | Nicole E. Price |
| **Cc:** | Mary Ellen Donnelly; Alex J. Hartzband |
| **Subject:** | Ruderman v. Prakhin |
| **Date:** | Thursday, March 11, 2021 8:57:15 PM |
| **Attachments:** | image001.png |
| | image002.png |

Hi Nicole,

Thanks for the meet and confer this evening.  To summarize:

**Subpoena to AT&T:**

Plaintiff does not consent to the service of the subpoena on a new carrier (AT&T), two months after the close of discovery.  This subpoena is an impermissible intrusion on Plaintiff's and non-parties' privacy.  The intrusive nature of this request is further emphasized by the fact that the majority of the information you seek cannot even be discovered in civil cases.  Even in criminal cases, such information is only discoverable upon a showing of probable cause.

Defendants claim that they need these records to support their argument that Plaintiff was absent from work or violated some personal phone usage policy.  However, these records have no probative value.  Plaintiff was indeed out of the office three to four times per week for depositions, meetings, court appearances, etc.  Defendants confirmed and reconfirmed that they have no record of the precise location of where Plaintiff actually went for each of these work-related activities. The cell site records will not shed any light on her precise location or whether she was conducting work-related activities.

The call log records likewise have no probative value.  Plaintiff used her cell phone frequently during working hours as such was required for her to carry out her work.  I provided various examples of such usage, *i.e.,* depositions, court appearances, meetings, etc.  Defendants would have to produce the phone numbers of all of their clients, opposing counsel, medical examiners, investigators, negotiators, paralegals, and other Firm's attorneys in order for both parties to even arguably be able to assess which calls were work-related and which calls were not.  You confirmed that Defendants will be unable to identify many of the phone numbers on a call log. You explained that Defendants do not yet know whether or how they want to use the records they seek; but if they find that the records support their defense, then they would produce the phone numbers they were able to identify on those records, because in such instance they would become relevant.  I explained that this is the definition of a fishing expedition and highlights the non-relevant and non-probative nature of these records.  Further, I explained that this method of discovery is fundamentally unfair as it allows Defendants to cherry pick the records they claim support their defense, and then produce only the incomplete phone numbers at issue in those particular records – while claiming that the remaining phone numbers are not relevant and non-discoverable.

Either way, discovery is long over.  Defendants should have submitted their request months ago so the parties could have had the opportunity to bring this discovery dispute over phone numbers to the Court in accordance with the discovery protocols and timeline set forth in this case.

**Demand for records showing unemployment benefits received:**

Plaintiff does not consent to Defendants' new request to produce records documenting the unemployment benefits she received. As we discussed, this is a brand-new request. In the two years of this litigation, Defendants never requested such records. Plaintiff has never hidden the fact that she received unemployment benefits – she provided this information in her January 2020 interrogatory responses and testified about them at her deposition in September 2020. You pointed to RFP No. 25. However, we discussed how that demand merely asks for applications for unemployment – which is different from Defendants' new demand of records showing the benefits received. We discussed how it has always been Plaintiff's position (for the last two years) that unemployment benefits are not relevant to mitigation as they are not considered interim earnings and thus cannot be deducted from back pay awards. I provided you with case law to support this position.

You contend that Defendants believe that unemployment benefits are relevant to mitigation and should be given the opportunity to present this issue to the Court. I reiterated that this dispute should have been raised months ago – even as early as January 2020. But instead Defendants' never even issued a demand for these records and are now trying to raise it for the first time two months after the close of discovery.

Overall, Plaintiff is eager to proceed to trial and opposes any further discovery extensions.

**Records pertaining to Erica Larssen:**

The Court directed Defendants to review the portions of Ms. Larssen's deposition transcript where Plaintiff's counsel questioned Ms. Larssen on her communications with Mr. Prakhin and no privilege objection was raised. Judge Mann noted that it appears privilege over these communications was waived. Judge Mann further directed Defendants to review the correspondence on the privilege log and advise whether they would be producing (or have already produced) these records.

We reviewed your recent submission to the Court concerning privilege assertions. However, this submission does not speak to the waiver issue. We are not sure whether you intend to make a production regarding these communications over which privilege was waived. ***Please let us know and produce the records along with your other document production tomorrow, March 12, 2021.***

**FedEx of SAGA Records:**

As I emphasized several times, we never requested to obtain the SAGA records by FedEx overnight – which I am sure is incredibly expensive. We previously agreed that you would send them to us electronically as such would be the most cost-effective manner. As I noted, if you are already feeding the documents through the machine to make copies, then just press the scan button instead, so you can send the records electronically by email or file share and save the FedEx cost. Please send the 2016-2017 records electronically as we discussed with the Court. ***These records were due on March 8, 2021 and we still have not received them. Please send them by March 12, 2021.***

Thank you,
Innessa



Innessa M. Huot ■ Partner ■ Faruqi & Faruqi, LLP ■ 685 3rd Avenue, 26th Floor ■ New York, NY 10017 ■ (T) 212-983-9330 ■ (F) 212-983-9331 ■ www.faruqilaw.com ■ www.employeerightscounsel.com



This message originates from the law firm of Faruqi & Faruqi, LLP.  This email message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee.  If you are not the intended recipient, you should immediately stop reading this message and delete it from your system.  Any unauthorized reading, distribution, copying or other use of this message or its attachments is strictly prohibited.  All personal messages express solely the sender's view and not those of Faruqi & Faruqi, LLP.  This message may not be copied or distributed without this disclaimer.  If you received this message in error, please reply to the sender above immediately and permanently delete this message from your inbox.