UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
**YELENA RUDERMAN,**

                      **Plaintiff,**                    MEMORANDUM
                                                               AND ORDER

                      -against-                          19-CV-2987 (RJD)

**LAW OFFICE OF YURIY PRAKHIN, P.C.,**
**et al.,**

                      **Defendants.**
----------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before the Court, in this employment discrimination action, is a letter-motion filed by defendants Law Office of Yuriy Prakhin, P.C. (the "Firm") and Yuriy Prakhin (collectively, "defendants") for leave to serve a third-party subpoena for cell phone records of the account of plaintiff Yelena Ruderman ("plaintiff"), over plaintiff's objections. See Letter Motion for Leave to File Document Re-Serve a Subpoena (Mar. 26, 2021) ("Def. Mot."), Electronic Case Filing Docket Entry ("DE") #63; Response in Opposition (Mar. 30, 2021) ("Pl. Opp."), DE #64. For the reasons set forth below, defendants' motion is denied.

## BACKGROUND

       On May 20, 2019, plaintiff commenced this action, asserting claims for discrimination on the basis of disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. See Complaint (May 20, 2019), DE #1. Plaintiff, an attorney, worked at the Firm from September 2012

through February 2017, and again from May 2018 through December 2018, when she was terminated.  See id. ¶ 15.

At the initial scheduling conference held on August 7, 2019, the Court set February 7, 2020 as the deadline for completing fact discovery.  See Minute Entry (Aug. 7, 2019), DE #14.  At the parties' request, the discovery deadline was later extended five times -- the last extension to January 18, 2021.  See Order (Dec. 23, 2019); Electronic Order (Mar. 23, 2020); Minute Entry (Apr. 30, 2020), DE #27; Order (July 22, 2020); Order (Nov. 3, 2020).

On January 8, 2021, defendants sent plaintiff notice of their intent to serve a subpoena on T-Mobile to obtain records from plaintiff's cell phone account.  See Def. Mot. at 1 & Ex. A (DE #63-1).  Despite plaintiff's objection to the subpoena, defendants served the subpoena on T-Mobile on January 12, 2021, demanding that the records be produced on January 29, 2021.  See Def. Mot. at 2 & Exs. A, D (DE #63-1; DE #63-4).  On February 5, 2021, T-Mobile responded to the subpoena, indicating that plaintiff's cell phone was "'not associated with a T-Mobile or Metro by T-Mobile subscriber.'"  Def. Mot. at 2.  According to defense counsel, T-Mobile further informed defendants that AT&T was plaintiff's service provider during the relevant time period and would possess the records that defendants sought.  See id.; but cf. DE #64-6 (communication from T-Mobile dated February 5, 2021 stated only that "[t]he target telephone number is not associated with a T-Mobile or Metro by T-Mobile subscriber").

On February 5, 2021, defendants requested that plaintiff consent to the service of a subpoena on AT&T, which she ultimately refused.  See Def. Mot. at 2.  On March 26, 2021, defendants filed the instant motion.  Plaintiff opposes defendants' motion, arguing, *inter alia*, that defendants have not sustained their burden of establishing good cause to modify the

Court's scheduling order, as required by Rule 16 of the Federal Rules of Civil Procedure ("FRCP"). See Pl. Opp.

## DISCUSSION

Where, as here, a court has issued a scheduling order pursuant to Rule 16 of the FRCP, the court-ordered schedule may be modified only for good cause and with the judge's consent. See Fed. R. Civ. P. 16(b)(4); Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243-44 (2d Cir. 2007). It is the movant's burden to establish good cause for failing to comply with a court deadline. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000); Kontarines v. Mortg. Elec. Registration Sys., Inc., 15-CV-2206 (ARR), 2016 WL 3821310, at *3 (E.D.N.Y. July 12, 2016). "'[G]ood cause' depends on the diligence of the moving party." Parker, 204 F.3d at 340 (quoting Fed. R. Civ. P. 16(b)); see Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). "With respect to a request to extend discovery, the moving party must show why it could not have completed the necessary discovery within the time frame established under the existing scheduling order." Baburam v. Fed. Express Corp., 318 F.R.D. 5, 8 (E.D.N.Y. 2016) (collecting cases). "In other words, an application to reopen discovery should be denied where the moving party has not persuaded th[e] Court that it was impossible to complete the discovery by the established deadline." Id. (internal quotation marks and citation omitted); see Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc., 335 F.R.D. 50, 52-53 (S.D.N.Y. 2020).

Defendants have not established good cause to subpoena AT&T for plaintiff's cell phone records after discovery has already closed. The Court expressly warned the parties that January 18, 2021 was the fifth and final extension of the discovery deadline. Defendants' motion for leave offers no justification for their inordinate delay in this case, let alone "good

3

cause" within the meaning of Rule 16. Under the facts presented, defendants could have, with diligence, completed discovery within the already-extended discovery period.

Defendants seek to justify their delay by noting that they originally sought the cell phone records directly from plaintiff. See Def. Mot. at 2. Yet, plaintiff had informed defendants in February 2020 that she was not in possession of her cell phone records for the relevant time period. See Pl. Opp. at 2. Further, it is undisputed that during the discovery period, defendants never asked plaintiff to identify her cell phone provider, either through a formal discovery request or even at her deposition. See id. Indeed, even if defendants had sought this information through a timely request that went unanswered, defendants' recourse was to file a motion to compel within the discovery period, not to wait until the eve of the discovery deadline to serve a subpoena. See Saray Dokum, 335 F.R.D. at 53; Agapito v. AHDS Bagel, LLC, 16-CV-8170 (JPO), 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018).

Defendants further attempt to shift responsibility for their lack of diligence onto plaintiff's counsel for failing to timely respond to defendants' request for consent to serve the subpoena on AT&T. See Def. Mot. at 2. However, by the time defendants sought plaintiff's consent, discovery had already closed. More importantly, even the subpoena that defendants originally served on T-Mobile was returnable *after* the close of discovery, making that subpoena itself untimely. See Jt. Stock Co. Channel One Russia Worldwide v. Infomir LLC, 16-CV-1318 (GBD) (BCM), 2018 WL 6712769, at *6 (S.D.N.Y. Nov. 30, 2018) (requiring "all discovery requests, including subpoenas, in time to allow the person served to respond, prior to the date set for the close of fact discovery"); see also Baum v. Ability Recovery Servs., LLC, 17-CV-5799 (ARR) (JO), 2018 WL 4853048, at *8 n.8 (E.D.N.Y. Sept. 27, 2018). Defendants' lack of diligence in pursuing a subpoena on AT&T, after they learned that

4

plaintiff did not have a T-Mobile account, further weighs against them.  See *In re*: Gen. Motors LLC Ignition Switch Litig., 14-MD-2543 (JMF), 2016 WL 2766654, at *2 (S.D.N.Y. May 12, 2016) (denying new subpoena for plaintiff's phone records served after discovery deadline where original timely subpoena yielded no records).  Indeed, defendants waited until March 26, 2021 to file the instant motion, even though they received notice from T-Mobile on February 5, 2021.

Although trial is not imminent, plaintiff would be prejudiced by the reopening of discovery because it would "increase litigation costs, and further delay resolution of this litigation."  Saray Dokum, 335 F.R.D. at 52 (internal quotation marks and citation omitted); see Moroughan v. Cty. of Suffolk, 320 F.Supp.3d 511, 516 (E.D.N.Y. 2018).  In an event, "while a court 'may consider' prejudice (or lack thereof) in deciding whether the 'good cause' standard has been met, the Second Circuit has emphasized that 'the *primary* consideration is whether the moving party can demonstrate diligence.'"  *In re*: Gen. Motors, 2016 WL 2766654, at *2 (quoting Kassner, 496 F.3d at 244 (emphasis added in *In re*: Gen. Motors)).  Under the circumstances, defendants have not acted with the requisite diligence to justify reopening discovery.[1]

---

[1] In addition to defendants' lack of diligence, plaintiff persuasively explains that the requested records are irrelevant.  See Pl. Opp. at 3.

5

## CONCLUSION

For the foregoing reasons, defendants' motion for leave to serve a third-party subpoena is denied.

SO ORDERED.

Dated: Brooklyn, New York
April 16, 2021

/s/ *Roanne L. Mann*
_____
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**