UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

YELENA RUDERMAN,

                        Plaintiff,

- against -

LAW OFFICE OF YURIY PRAKHIN, P.C., and YURIY PRAKHIN, ESQ. *in both his individual and professional capacities*,

                        Defendants.

Case No. 19-cv-02987 (RJD) (RLM)

---

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

**Bond Schoeneck & King, PLLC**
600 Third Avenue, 22nd Floor
New York, New York 10016
Telephone: (646) 253-2300

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...............................................................................................1

**ARGUMENT**

**POINT I**
**PLAINTIFF'S IMPROPER RULE 56.1 COUNTERSTATEMENT**
**SHOULD BE DISREGARDED**................................................................................................1

**POINT II**
**PLAINTIFF CANNOT ESTABLISH ANY DISABILITY DISCRIMINATION CLAIM**.....2

    A.    Plaintiff Cannot Establish A *Prima Facie* Case of Disability
          Discrimination................................................................................................2

          1.  Defendants did not have Notice of a Disability ................................2

          2.  Plaintiff Failed to Perform the Essential Functions of her Job .........3

          3.  No Inference of Discrimination Arises from Plaintiff's Termination ...............7

    B.    Defendants' Terminated Plaintiff for Legitimate,
          Non-Discriminatory Reasons.........................................................................7

    C.    Plaintiff Failed to Adduce Evidence Establishing that her Termination
          Based on Poor Work Performance is Pretextual...........................................8

**POINT III**
**PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIMS MUST BE DISMISSED** .........8

    A.    Defendants Provided Plaintiff with Reasonable Accommodations ..........................8

    B.    Defendants did not Refuse to Provide Reasonable Accommodations......................9

    C.    Defendants Engaged in the Interactive Process with Plaintiff................................10

**CONCLUSION** .........................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                      **Page(s)**

*Bourara v. N.Y. Hotel Trades Council*,
   2020 WL 5209779 (S.D.N.Y. 2020).................................................................................6, 8

*Bronzini v. Classic Sec. LLC*,
   2009 WL 102140 (S.D.N.Y. 2009).......................................................................................7

*Capobianco v. City of New York*,
   422 F.3d 47 (2d Cir. 2005)...................................................................................................3

*Fagan v. United Int'l Ins. Co.*,
   128 F. Supp. 2d 182 (S.D.N.Y. 2001).................................................................................2

*Goldstick v. The Hartford*,
   2002 WL 1906029 (S.D.N.Y. 2002).....................................................................................1

*House v. Wackenhut Servs.*,
   2012 WL 4017334 (S.D.N.Y. 2012).....................................................................................8

*Innovation Ventures v. Ultimate One Distrib. Corp.*,
   2014 WL 1311979 (E.D.N.Y. 2014).....................................................................................7

*Kotlowski v. Eastman Kodak Co.*,
   922 F. Supp. 790 (W.D.N.Y. 1996).....................................................................................9

*Lipton v. Cty. of Orange, NY*,
   315 F. Supp. 2d 434 (S.D.N.Y. 2004).................................................................................7

*Menes v. CUNY Univ. of New York*,
   92 F. Supp. 2d 294 (S.D.N.Y. 2000)...................................................................................3

*Neita v. Precision Pipeline Solutions*,
   2018 WL 3151699 (E.D.N.Y. 2018).....................................................................................1

*Smith v. Town of Ramapo*,
   745 Fed. Appx. 424 (2d Cir. 2018).......................................................................................6

*Young v. Nassau Univ. Med. Ctr.*,
   2011 WL 6748500 (E.D.N.Y. 2011).....................................................................................6

**Other Authorities**

Federal Rules of Civil Procedure Rule 56 ........................................................................................1

Local Rules of the United States District Courts for the Southern and Eastern
    Districts of New York, Rule 56.1 ........................................................................................1, 2

**PRELIMINARY STATEMENT**

Defendants, Law Office of Yuriy Prakhin, P.C. (the "Firm") and Yuriy Prakhin, Esq. ("Mr. Prakhin") (collectively, "Defendants"), by and through their attorneys, Bond Schoeneck & King PLLC, submit this Reply Memorandum of Law in further support of their motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the Complaint of Plaintiff Yelena Ruderman ("Plaintiff") in its entirety. In a desperate attempt to create issues of fact where none exist, Plaintiff deliberately misstates the testimonial and documentary evidence in this matter to distract the Court with tangential, unsubstantiated allegations. However, Plaintiff's baseless, disparaging allegations and pure speculation are insufficient to overcome the undisputed material facts in this matter. The indisputable testimonial and documentary evidence demonstrate that Plaintiff is unable to sustain any of the causes of action asserted in her Complaint.

**ARGUMENT**

**POINT I**
**PLAINTIFF'S IMPROPER RULE 56.1 COUNTERSTATEMENT**
**SHOULD BE DISREGARDED**

In an effort to circumvent the Court's denial of Plaintiff's motion to file excess pages in opposition to Defendants' motion for summary judgment, Plaintiff has submitted an improper 117 page Rule 56.1 Counterstatement ("Counterstatement"). Accordingly, those portions of Plaintiff's Counterstatement that contain legal arguments and lengthy argumentative narrative should be stricken. It is well-settled that legal arguments or conclusions are wholly inappropriate in a Rule 56.1 Statement. *See Neita v. Precision Pipeline Solutions,* 2018 WL 3151699, at *8 (E.D.N.Y. 2018); *Goldstick v. The Hartford,* 2002 WL 1906029 (S.D.N.Y. 2002). Plaintiff's Counterstatement is replete with legal arguments and conclusions. (Pl.'s Counterstatement, ¶¶ 7-8, 10, 14-15, 35-36, 40-42, 48, 50-58, 64, 72, 78-79, 82, 85-92, 99, 101-106, 110-13, 120-26, 131-

1

32). In doing so, Plaintiff has disregarded this Court's order denying her request for additional pages for her opposition papers and attempted to transform her Counterstatement into a supplemental memorandum of law. Further, Plaintiff's responses do not actually controvert the facts in Defendants' Rule 56.1 Statement and are not supported by the cited evidence. (*See id.*, ¶¶ 3, 6, 21, 43, 60-70, 84, 88-92, 97, 99, 107, 116-17, 119, 127-30). Plaintiff admits numerous undisputed facts, but inappropriately appends additional commentary. (*Id.*, ¶¶ 1, 11, 13-17, 19-20, 22, 26-32, 39, 45-48, 72-77, 81-82, 93-96, 108, 114-15, 118). Given that Plaintiff improperly added legal arguments and immaterial commentary, those portions of the Counterstatement should be stricken, and Defendants' Rule 56.1 Statement deemed admitted.

## POINT II
## PLAINTIFF CANNOT ESTABLISH ANY DISABILITY DISCRIMINATION CLAIM

### A. Plaintiff Cannot Establish A *Prima Facie* Case of Disability Discrimination

Plaintiff has failed to present sufficient evidence to establish a disability discrimination claim. Moreover, the undisputed testimonial and documentary evidence demonstrates that Plaintiff was not a qualified individual during her employment with the Firm.

### 1. Defendants did not have Notice of a Disability.

There is no dispute that Plaintiff failed to provide Defendants with any medical documentation regarding any alleged disability. Plaintiff bears the "burden of establishing with medical evidence the existence of the alleged disability, and presenting the documentation during the term of employment, not following termination." *Fagan v. United Int'l Ins. Co.*, 128 F. Supp. 2d 182, 186 fn. 2 (S.D.N.Y. 2001) (internal quotations omitted). Plaintiff asserts that she informed Defendants that she suffered blurry vision and had difficulty driving. (Pl.'s Opp. at 6-8). Such vague comments, even if true, were insufficient to place Defendants on notice that that she had a qualifying disability that substantially limited her activities. (*See* Prakhin Tr. at 125, 136-37).

2

Plaintiff deliberately mischaracterizes Mr. Prakhin's testimony by quoting to portions of the transcript out of context. Rather, a review of Mr. Prakhin's testimony confirms that he did not understand Plaintiff's explanation of her condition and instead requested medical documentation. (Prakhin Reply Aff., ¶ 11).[1] Plaintiff never provided Defendants with any medical documentation, much less documentation identifying any alleged disability. (Pl. Tr. at 205-06, 217; Pl.'s Counterstatement, ¶ 99; Prakhin Tr. at 245:6-246:3, 247:9-11; Raskin Tr. at 63:16-25). The cases cited in Plaintiff's Opposition papers further demonstrate that Plaintiff has not established a disability discrimination claim. *See Capobianco v. City of New York*, 422 F.3d 47 (2d Cir. 2005) (finding notice where plaintiff submitted medical documentation to employer); *Menes v. CUNY Univ. of New York*, 92 F. Supp. 2d 294 (S.D.N.Y. 2000) (dismissing disability discrimination claims on summary judgment). Plaintiff's vague comments without medical documentation are insufficient to demonstrate that Plaintiff notified Defendants of any alleged disability.

### 2. Plaintiff Failed to Perform the Essential Functions of her Job

The evidence also demonstrates that Plaintiff was not a qualified individual during her employment with Defendants. Plaintiff's desperate attempt to dispute this evidence through unsupported allegations and mischaracterizations of testimony fails to raise any genuine issues of material fact as to Plaintiff's inability to perform the essential job functions.

Plaintiff was absent from work on 25 occasions during a four-month period of time. Despite Plaintiff's unsupported argument to the contrary, Defendants have identified all the dates of Plaintiff's absences, and the dates on which she actually had medical appointments as evidenced

---

[1] Hereinafter, "Prakhin Aff." refers to the Affidavit of Yuriy Prakhin, sworn to on May 10, 2021, and all accompanying exhibits, "Prakhin Reply Aff." refers to the Affidavit of Yuriy Prakhin, sworn to on July 28, 2021, and all accompanying exhibits, "Raskin Aff." refers to the Affidavit of Irene Raskin, sworn to on May 10, 2021, and all accompanying exhibits, "Raskin Reply Aff." refers to the Affidavit of Irene Raskin, sworn to on July 28, 2021, and "Donnelly Decl." refers to both the Declaration of Mary Ellen Donnelly, Esq., dated May 11, 2021, and the Declaration of Mary Ellen Donnelly, Esq., dated July 30, 2021, and all accompanying exhibits.

by Plaintiff's own medical documentation. (Raskin Aff., Ex. 4; Donnelly Decl., Exs. II-MM). Plaintiff's TimeSheet does not have entries for any dates identified as absences. (Raskin Aff., Ex. 4). Plaintiff's attempt to dispute her TimeSheet is belied by Plaintiff's recording of her time using the Firm's system, including recording time outside of normal business hours, at night, and on weekends. (*Id.*) Plaintiff also attempts to mislead this Court by citing to phone recordings and asserting that she conducted depositions on the dates of her absences. (Pl.'s Counterstatement, ¶ 88). However, the documentary evidence proves that Plaintiff did not perform any services for the Firm on the dates she was absent. (Donnelly Decl., ¶¶ 6-53). Furthermore, Plaintiff's claim that she had appointments in addition to those identified in the medical documentation is unsupported by the documentary evidence. Rather, Plaintiff certified that as of February 11, 2020, she "had received and produced all medical records relating to [her] disability." (*Id.*, Ex. XXX). Although Defendants properly obtained more documentation after Plaintiff's certification, no medical documentation produced supports Plaintiff's claim that she was hospitalized or had any additional medical appointments. (*Id.*, Exs. II-MM). Accordingly, the indisputable evidence establishes that Plaintiff was excessively absent from work rendering her unqualified for her associate position.

The documentary evidence in this matter also demonstrates that Plaintiff did not perform the essential functions of her position. Plaintiff acknowledged that associate attorneys were responsible for entering SAGA notes on their respective cases. (Pl. Tr. at 183:5-8). The documents demonstrate that Plaintiff entered a mere 54 notes in SAGA during her 2018 employment, far less than any other attorney. (Raskin Aff., Ex. 3; Donnelly Decl., Exs. Y-DD). Despite Plaintiff's claims to the contrary, Plaintiff acknowledges that paralegals where only responsible for entering their own work into SAGA. (Pl. Tr. at 153:23-154:5). Paralegals cannot enter notes on attorneys' behalf because of restrictions in the SAGA system. (Raskin Tr. at 76:17-77:3). Plaintiff cannot

4

point to any documentary evidence that she directed any paralegals to enter SAGA notes on her behalf. Further, both Ms. Larssen and Ms. Belous testified that they did not recall entering SAGA notes for Plaintiff. (Larssen Tr. at 62-63; Belous Tr. at 33-34). Plaintiff's claim that she entered 50-70 notes each week is disingenuous at best and contradicts her deposition testimony that she did not routinely enter SAGA notes and only did so when "feasible." (Pl. Tr. at 160:7-22). Thus, the evidence demonstrates that Plaintiff failed to enter adequate notes in SAGA.

There is also no genuine dispute regarding the SAGA notes produced by Defendants in response to Plaintiff's document demands. Plaintiff's contentions are purely speculative. Ms. Raskin's affidavit regarding SAGA notes only addresses Plaintiff's 2016-2017 notes. Plaintiff and all other attorneys' SAGA notes from 2018 were properly identified and produced. (Prakhin Reply Aff., ¶¶ 13-17). Accordingly, Plaintiff's unsupported allegations fail to dispute the evidence that Plaintiff failed to enter sufficient notes in SAGA and that she was not qualified for her position.

Plaintiff also failed to effectively settle her assigned cases. Plaintiff admits that she only earned $650 in settlement bonuses from June through December 2018, while Ms. Beron earned $8,585 and Ms. Gabo earned $71,000 during the same period. (Pl.'s Counterstatement, ¶¶ 72-77). Ms. Gabo and Mr. Prakhin identified to Plaintiff several cases that were ripe for settlement. (Prakhin Reply Aff., Ex. 8).

Plaintiff's failure to appropriately communicate with clients is also established by undisputed evidence. Several clients, including Natalia Generalova, Azfar Khan, Laura Shvarts, Vitaliy Lyutyk, and Marina Zhernyakova, complained to Mr. Prakhin about Plaintiff's failure to communicate with them. (Prakhin Aff., Exs. 1-4). Mr. Prakhin's deposition testimony does not contradict the existence of these five client complaints. (Prakhin Reply Aff., ¶¶ 3-7). Additionally, all the clients who complained to Mr. Prakhin about Plaintiff's job performance were plaintiffs in

cases assigned to Plaintiff. (*Id.*, Ex. 6). Plaintiff's disparaging and defamatory attacks on Mr. Prakhin and his family in her Opposition papers are not only completely unsupported by any factual evidence, but only further demonstrate the lengths to which Plaintiff will go in an effort to create an issue of fact where none exists. Plaintiff's defamatory claims do not change the fact that four clients of the Firm, whose cases were assigned to Plaintiff, properly executed sworn affidavits attesting to Plaintiff's inability to perform the functions of her position as an attorney with the Firm. *See Young v. Nassau Univ. Med. Ctr.*, 2011 WL 6748500 (E.D.N.Y. 2011) (holding that plaintiff who received complaints about her performance was unqualified).

Plaintiff's inability to perform her job duties at depositions during her employment is also demonstrated by undisputed evidence. In December 2018, despite having magnifying devices and OrCam glasses, Plaintiff was unable to review photographic evidence at a deposition. (Donnelly Decl., Exs. NN, PP, VV). Plaintiff also could not review a video at a deposition in October 2018 and "faked" her representation of the client. (*Id.*, Ex. TT). The determination of whether a person is a qualified individual is made at the time of the alleged adverse action. *Smith v. Town of Ramapo*, 745 Fed. Appx. 424 (2d Cir. 2018). The evidence demonstrates that Plaintiff was unable to perform her job duties while employed at the Firm, with or without reasonable accommodations.

Finally, Plaintiff violated the Firm's policies. Plaintiff acknowledges she was aware of the Firm's policy prohibiting cellphone use at the office. (Pl.'s Counterstatement, ¶¶ 16-17). Yet, multiple witnesses testified that Plaintiff repeatedly used her cellphone for personal matters during work. (Belous Aff., ¶ 10; Raskin Aff., ¶ 10; Prakhin Aff., ¶¶ 43-44). Plaintiff's attempt to create issues of fact by alleging that she used her cellphone for work purposes without any corroborating evidence, such as her cellphone records, fails as a matter of law. *Bourara v. N.Y. Hotel Trades Council*, 2020 WL 5209779 (S.D.N.Y. 2020) ("[U]nsupported allegations do not create a material

6

issue of fact"). Plaintiff also admits she violated other Firm policies and used her paralegals to perform personal tasks. (Pl.'s Counterstatement, ¶¶ 56-59; Prakhin Reply Aff., ¶¶ 25-28). As Plaintiff repeatedly violated the Firm's policies, Plaintiff was not a qualified individual.

### 3. No Inference of Discrimination Arises from Plaintiff's Termination

Plaintiff cannot establish any inference of discrimination. Given the undisputed facts that Plaintiff was incapable of performing her job duties, it did not make business sense to continue her employment with the Firm. *See Bronzini v. Classic Sec. LLC*, 2009 WL 102140 (S.D.N.Y. 2009) (finding no discriminatory animus where adverse action was motivated by client complaint).

Moreover, no discriminatory inference arises from the Firm's hiring of Mr. Zohar. Mr. Zohar possessed superior qualifications as a litigator and trial attorney compared to Plaintiff and was hired as the Firm's Managing and Trial Attorney, not an associate. (Prakhin Tr. at 316-17; Prakhin Aff., ¶ 15; Zohar Aff., ¶¶ 4-5). The evidence also shows that Defendants began searching to replace Plaintiff prior to the onset of any alleged disability. (Prakhin Tr. at 282-83; Prakhin Aff., ¶ 13; Prakhin Reply Aff., Ex. 9). Plaintiff failed to establish any inference of discrimination.

### B. Defendants' Terminated Plaintiff for Legitimate, Non-Discriminatory Reasons

Plaintiff concedes that Defendants' stated reasons for Plaintiff's termination constitute legitimate, non-discriminatory reasons as her Opposition papers fail to address this argument. *See Innovation Ventures v. Ultimate One Distrib. Corp.*, 2014 WL 1311979 (E.D.N.Y. 2014); *Lipton v. Cty. of Orange, NY*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004). Accordingly, Plaintiff's disability discrimination claim should be dismissed as she was terminated for legitimate, non-discriminatory reasons and she is unable to adduce evidence of pretext.

### C. Plaintiff Failed to Adduce Evidence Establishing that her Termination Based on Poor Work Performance is Pretextual

Plaintiff asserts that Defendants' reasons for terminating her employment are pretextual.

7

(Pl.'s Opp. at 22-23). However, Plaintiff's unsupported assertions, alone or combined, are insufficient to satisfy Plaintiff's burden of establishing pretext. *See House v. Wackenhut Servs.*, 2012 WL 4017334 (S.D.N.Y. 2012). Plaintiff's claim that Defendants' offer of a leave of absence as an accommodation constitutes pretext for discrimination is unsupported by any legal authority.

Plaintiff's argument that Defendants' reasons for her termination establish pretext is also baseless. The documentary evidence is this matter demonstrates multiple performance deficiencies, which are neither contradictory nor conflicting. Mr. Prakhin repeatedly testified regarding Plaintiff's performance issues and how these deficiencies motivated his decision to terminate her employment. (Prakhin Tr. at 208-09, 214, 273-76; Prakhin Aff., ¶ 45). In fact, Defendants terminated other associate attorneys for similar performance deficiencies. (Prakhin Aff., ¶¶ 47-49). As the undisputed evidence demonstrates Plaintiff was terminated solely because of poor performance, Plaintiff's discrimination claims must be dismissed.

Further, the temporal proximity between Plaintiff's medical diagnosis and the termination of her employment cannot establish pretext. *See Bourara*, 2020 WL 5209779, at *11 ("[T]emporal proximity . . . is not sufficient, standing alone, to create a triable issue of fact regarding pretext."). As Plaintiff failed to adduce any evidence that her disability was the real but-for cause of her termination, Plaintiff's disability discrimination fails and must be dismissed.

**POINT III**
**PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIMS MUST BE DISMISSED**

**A.    Defendants Provided Plaintiff with Reasonable Accommodations**

Plaintiff asserts that Defendants denied her oral requests for accommodations. However, Plaintiff's own testimony establishes that Defendants provided Plaintiff with at least two accommodations: (1) leaves of absence for medical treatment; and (2) permitting her to install JAWS on her Firm computer. Plaintiff concedes that Defendants provided her with multiple leaves

8

of absence. (Pl. Tr. at 200-201, 239:11; Pl.'s Decl., ¶¶ 103, 109, 115, 134, 138). Plaintiff also acknowledges that she was permitted to install JAWS on her Firm computer and then "uninstalled it." (Pl. Tr. at 223:22-224:17; Pl. Decl., ¶ 63). As there is no genuine dispute that Defendants provided these reasonable accommodations, Plaintiff's failure-to-accommodate claims fail.

> **B.** **Defendants did not Refuse to Provide Reasonable Accommodations**

Plaintiff argues that Defendants failed to accommodate her because Defendants did not purchase, or reimburse her for, assistive devices. (Pl.'s Opp. at 23). However, Plaintiff's testimony demonstrates that the assistive devices she allegedly requested were not effective accommodations. In her declaration, Plaintiff's declaration repeats three times that she found "better" assistive devices and software sometime after her separation from the Firm. (Pl. Decl., ¶¶ 59, 64, 65). Plaintiff also admitted that she discontinued using JAWS because she "couldn't really figure out how to work it" and "realized it was intended for individuals who were completely blind rather than visually impaired." (Pl. Tr. at 224, 229-30; Donnelly Decl., Ex. L). Similarly, Plaintiff returned the OrCam glasses she purchased because she "didn't find them very useful." (Pl. Tr. at 220:24-221:8). As the devices were not effective accommodations that would allow Plaintiff to perform her job functions, Defendants were not required to provide them.

Plaintiff also did not submit any written accommodation requests. *See Kotlowski v. Eastman Kodak Co.*, 922 F. Supp. 790, 799 fn. 2 (W.D.N.Y. 1996). Plaintiff admits that she received the Employee Handbook, requiring accommodation requests to be "in writing." (Pl's Counterstatement, ¶ 20; Raskin Aff., Ex. 1). Plaintiff also admits she did not submit any written accommodation requests, medical documentation indicating any effective accommodation, or receipts for reimbursement. (Pl's Counterstatement, ¶¶ 114-15). As Plaintiff failed to follow the Firm's policy, she cannot establish a failure-to-accommodate claim.

9

### C. Defendants Engaged in the Interactive Process with Plaintiff

The evidence shows Defendants engaged in the interactive process with Plaintiff. Plaintiff had conversations with Ms. Raskin during which Ms. Raskin approved Plaintiff to take time off for medical treatment. (*Id.*, ¶¶ 104-106). As these interactions included discussions of accommodations provided to Plaintiff, Defendants fulfilled their obligations to engage in the interactive process.

Plaintiff previously argued that Defendants should have "provid[ed] her an opportunity to explore devices to assist her" after she was diagnosed with LHON. (ECF No. 62). Defendants provided Plaintiff with such opportunity by suggesting that Plaintiff take a leave of absence to obtain medical treatment and determine what accommodation, if any, existed that would enable her to perform the essential job functions. (Raskin Tr. at 157-60; Prakhin Aff., ¶ 28; Pl. Tr. at 201:5-6). Plaintiff rejected this accommodation. (*See* Pl. Decl., ¶¶ 156-58). Plaintiff's outright rejection of this proposed reasonable accommodation does not establish any claim against Defendants for failure to engage in the interactive process or failure to accommodate.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for summary judgment, dismiss the Complaint in its entirety, and provide such other and further relief as this Court deems just and appropriate.

Dated: New York, New York
       July 30, 2021

                                              /s/    MED
                                              Mary Ellen Donnelly
                                              Nicole E. Price
                                              **BOND SCHOENECK & KING, PLLC**
                                              600 Third Avenue, 22nd Floor
                                              New York, New York 10016
                                              Telephone: (646) 253-2300
                                              *Attorneys for Defendants*