**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YELENA RUDERMAN, | Civil Action No.: 19-cv-02987-RJD-RLM |
| Plaintiff, | |
| v. | |
| LAW OFFICE OF YURIY PRAKHIN, P.C., and YURIY PRAKHIN, ESQ., in both his individual and professional capacities, | |
| Defendants. | |

## JOINT PRETRIAL ORDER

Plaintiff Yelena Ruderman ("Plaintiff") and Defendants Law Office of Yuriy Prakhin, P.C. (the "Firm") and Yuriy Prakhin, Esq. ("Prakhin") (together, "Defendants"), hereinafter referenced collectively as the "Parties" and each individually as a "Party," hereby submit the following joint pretrial order ("JPTO") in accordance with Section IV(A) of the Court's Individual Motion Practices and the Court's January 25, 2022, March 31, 2022, May 2, 2022, and May 13, 2022 Orders. *See* ECF Nos. 107-109, 111.

1

## I.     The full caption of the action.

*Yelena Ruderman v. Law Offices of Yuriy Prakhin, P.C. and Yuriy Prakhin, in both his individual and professional capacities*, No. 1:19-cv-02987(RJD)(RLM) (E.D.N.Y. 2019).

## II.    The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

Plaintiff is represented by:

> Innessa M. Huot
> Alex J. Hartzband
> Camilo M. Burr
> FARUQI & FARUQI, LLP
> 685 Third Avenue, 26th Floor
> New York, New York 10017
> Tel: 212-983-9330
> Fax: 212-983-9331
> ihuot@faruqilaw.com
> ahartzband@faruqilaw.com
> cburr@faruqilaw.com

Defendants are represented by:

> Mary Ellen Donnelly
> Louis DiLorenzo
> Nicole E. Price
> BOND SCHOENECK & KING, PLLC
> 600 Third Avenue, 22nd Floor
> New York, New York 10016
> Tel: 646-253-2300
> Fax: 646-253-2301
> mdonnelly@bsk.com
> dilorel@bsk.com
> nprice@bsk.com

## III.   A brief statement by plaintiff as to the basis for subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.

### A.     Plaintiff's Statement

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq*. (the "ADA"). This Court has supplemental jurisdiction over Plaintiff's claims under the New York State Human

Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("NYSHRL") and New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ("NYCHRL") pursuant to 28 U.S.C. § 1367, as Plaintiff's NYSHRL and NYCHRL claims are so related to her ADA claim that they form part of the same case or controversy.

### B.    Defendants' Statement

Defendants do not dispute the presence of subject matter jurisdiction with respect to Plaintiff's claims asserted under the ADA, and supplemental jurisdiction over claims asserted pursuant to NYSHRL and NYCHRL.

**IV.    A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied upon.  Such summaries shall also identify all claims and defenses previously asserted which are not to be tried.**

### A.    Plaintiff's Summary

Plaintiff's claims under the ADA, 42 U.S.C. § 12112(b)(4), NYSHRL, N.Y. Exec. Law § 296(1)(a), and NYCHRL, N.Y.C. Admin Code §§ 8-107(1)(a), (20) for discrimination on the basis of her disabilities, including Leber's Hereditary Optic Neuropathy ("LHON"), which has caused the loss of her vision. Plaintiff disputes each of Defendants' stated defenses, none of which has merit.

### B.    Defendants' Summary

1.  Plaintiff's claims of disability discrimination under Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101, *et seq.* are without merit.  Plaintiff has not and cannot demonstrate with sufficient evidence that she is disabled under the law.  At no time during her employment did Plaintiff provide Defendants with sufficient notice of her disability.  Plaintiff failed to provide Defendants with any medical documentation regarding her condition, as required by law and by the Firm's Employee Handbook.  Plaintiff specifically advised Defendants that she was not disabled.  Assuming, *arguendo*, that Plaintiff is disabled under the law, she is not otherwise qualified since she was unable to perform the essential functions of her position as an Associate at the Firm, with or without reasonable accommodation.  Additionally, no inference of discrimination arises from Defendants' termination of Plaintiff's employment.

2.  Plaintiff's claims of disability discrimination also fail because all actions taken by Defendants regarding Plaintiff's employment were for legitimate, non-

discriminatory reasons unrelated to Plaintiff's disability and/or other protected classifications.  Such reasons include, but are not limited to, unsatisfactory job performance and complaints about Plaintiff from dissatisfied clients.

3.   Plaintiff's claims of disability discrimination further fail because Plaintiff cannot establish that Defendants' legitimate, non-discriminatory reasons for terminating Plaintiff's employment were pretextual as the evidence demonstrates that Plaintiff failed to perform the essential functions of her position, with or without accommodation.

4.   Plaintiff's claims of failure to accommodate under the ADA, NYSHRL, and NYCHRL are similarly without merit since Defendants provided Plaintiff with reasonable accommodations during her employment.  Further, Plaintiff did not submit any requests for any accommodation in writing as required by the Employee Handbook.   Assuming, arguendo, that Plaintiff requested accommodations verbally as she alleges, her requested accommodations were unreasonable, not effective, and/or would have imposed an undue hardship on Defendants.  Plaintiff's claims also fail because Plaintiff refused reasonable accommodation(s) offered by Defendants, such as a temporary leave of absence.

5.   Plaintiff is estopped and barred by her own conduct from requesting the relief set forth in the Complaint because Plaintiff failed to provide Defendants with adequate information about her disability, denied that she was disabled, failed to provide Defendants with adequate information about effective accommodations, and failed to request reimbursement and provide receipts for accommodations she purchased.  Plaintiff also failed to take advantage of reasonable accommodation(s) offered by Defendants, including a leave of absence.

6.   Plaintiff's continued employment with Defendants would cause a significant risk of substantial harm to the health and/or safety of Plaintiff and others, which could not be eliminated or reduced by a reasonable accommodation.

7.   Plaintiff is also not entitled to recover damages. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, Plaintiff has failed to mitigate or minimize her alleged damages. Moreover, Plaintiff cannot establish that she is entitled to punitive damages. Defendants acted reasonably and in good faith towards Plaintiff regarding all aspects of her employment and termination.

<u>Defenses Previously Asserted by Defendants Which are Not to be Tried</u>:

1. Plaintiff's claims, in whole or in part, are barred by the applicable statue or statutes of limitations.

2. Plaintiff's claims, in whole or in part, are barred by the statute of limitations, laches, res judicata, collateral estoppel, settlement and release, or accord and satisfaction.

3. Plaintiff's claims are barred by her failure to invoke or exhaust available complaint, investigation, dispute resolution, arbitration, appeal, protest, or administrative procedures, avenues, remedies and/or prerequisites to suit.

4. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charge of Discrimination Plaintiff filed with the EEOC.

**V.    A statement by each party as to whether the case is to be tried with a jury, and the number of trial days needed.**

The Parties agree that this case is to be tried with a jury and anticipate that the length of the trial will be approximately five to seven days.

**VI.    A statement as to whether all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).**

The Parties do not consent to trial of this case by a Magistrate Judge.

**VII.    Any stipulations or statements of fact or law which have been agreed upon by all parties.**

(1)    The Firm is a plaintiff-side personal injury and medical malpractice law firm located at 1883 86th Street, 2nd Floor, Brooklyn, New York 11214.

(2)    Prakhin is the founder and President of the Firm.

(3)    Defendants employ at least 15 people at the Firm, and employed at least as many people throughout Plaintiff's employment at the Firm.

(4)    Irene Raskin ("Raskin") commenced employment with the Firm in 2015 as the Office Manager.

(5)    SAGA is a case management database system that was used by the Firm in 2018.

(6)     In September 2012, Plaintiff was hired by the Firm as a paralegal.

(7)     In November 2012, after being admitted to the New York State Bar, Plaintiff began working for the Firm as an Associate.

(8)     In February 2017, Plaintiff voluntarily resigned from her employment with the Firm to pursue an Associate position at Mallilo & Grossman, another plaintiff-side personal injury law firm.

(9)     At the time of her departure from the Firm in February 2017, Plaintiff was paid a salary of $75,000, and did not have any paralegals assigned to work exclusively with her.

(10)    In 2018, Prakhin offered Plaintiff an Associate position at the Firm with an increased salary of $100,000.

(11)    Plaintiff commenced her second period of employment with the Firm on June 18, 2018.

(12)    Irene Gabo ("Gabo") was the Firm's Managing Attorney during Plaintiff's second period of employment until October 1, 2018.

(13)    Gabo resigned from the Firm to commence her own law practice effective October 1, 2018.

(14)    Patricia Belous ("Belous") was hired as a paralegal by the Firm in August 2018.

(15)    Belous was assigned to work with Plaintiff.

(16)    Erica Larssen ("Larssen") was hired as a paralegal by the Firm in September 2018.

(17)    Prakhin terminated Plaintiff's employment with the Firm on December 14, 2018.

**VIII.  A statement by each party as to the witnesses whose testimony is to be offered in its case-in-chief, with a brief narrative statement of the expected testimony.**

**A.    Plaintiff's Statement**

Plaintiff intends to offer the testimony of the following witnesses in her case-in-chief:

(1)     <u>Plaintiff</u>: Plaintiff will testify about, *inter alia*, her hiring by and employment with Defendants, her job responsibilities, compensation, and performance, the Firm's policies and culture, her disability, her disclosures concerning the same, reasonable accommodations provided or denied to her, the termination of her employment, and her damages.

6

(2)     <u>Prakhin:</u> Prakhin is expected to testify about, *inter alia*, Plaintiff's hiring by and employment with Defendants, Plaintiff's job responsibilities, compensation, and performance, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, reasonable accommodations provided or denied to Plaintiff, the termination of Plaintiff's employment, and Defendants' finances.

(3)     <u>Gabo:</u> Gabo is expected to testify about, *inter alia*, Plaintiff's hiring by and employment with Defendants, Plaintiff's job responsibilities, compensation, and performance, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, reasonable accommodations provided or denied to Plaintiff, and the termination of Plaintiff's employment.

(4)     <u>Raskin:</u> Raskin is expected to testify about, *inter alia*, Plaintiff's hiring by and employment with Defendants, Plaintiff's job responsibilities, compensation, and performance, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, reasonable accommodations provided or denied to Plaintiff, the termination of Plaintiff's employment, and Defendants' finances.

(5)     <u>Larssen:</u> Larssen is expected to testify about, *inter alia*, Plaintiff's employment with Defendants, Plaintiff's job responsibilities and performance, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, and reasonable accommodations provided or denied to Plaintiff.

(6)     <u>Belous:</u> Belous is expected to testify about, *inter alia*, Plaintiff's employment with Defendants, Plaintiff's job responsibilities and performance, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, and reasonable accommodations provided or denied to Plaintiff.

(7)     <u>Alexander Pusachev:</u> Pusachev is expected to testify about, *inter alia*, Defendants' IT practices and procedures, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, reasonable accommodations provided or denied to Plaintiff, and Defendants' retention, archiving, storage, and/or destruction of documents.

(8)     Any witness(es) Defendants list in this JPTO or any amendment thereto; and

(9)     Any witness(es) Defendants otherwise call to testify at trial.

Plaintiff believes that each of these witnesses will testify in person.  Plaintiff reserves the right to call any witness listed by Defendants.  Plaintiff reserves the right to call unlisted witnesses for purposes of impeachment, in rebuttal, or for the authentication and introduction of disputed documents.  Plaintiff also reserves the right to supplement and/or modify this statement consistent with the Federal Rules of Civil Procedure, Local Civil Rules for the Eastern District of New York, and/or the Individual Motion Practices of the Honorable Raymond J. Dearie, or as may otherwise be necessary or appropriate between now and the date of trial.

Plaintiff expressly objects to the introduction of testimony from Natalia Generalova, Azfar Khan, Vitaliy Lyutyk, Laura Shavarts, Marina Zhernakova, and the interpreter from Trusteforte Language Services by Defendants at trial.

## B.   Defendants' Statement

Defendants provide the following list of witnesses to be offered in their case-in-chief subject to the following reservation of rights: (i) Defendants reserve the right not to offer the testimony of any designated witness; and (ii) Defendants reserve the right to offer live or deposition testimony, where authorized by FRCP 32, of any other Party or any witness designated by any other party.

Defendants intend to offer the testimony of the following witnesses in their case-in-chief:

(1)   Yuriy Prakhin: Mr. Prakhin is a party witness and will testify in person regarding, *inter alia*, the Firm's business, the Firm's policies, the job duties of associates, paralegals, and the managing attorney, compensation, Plaintiff's employment and job performance, the termination of Plaintiff's employment, the termination of attorneys' employment, and claims and defenses to the Complaint.

(2)   Gil Zohar: Mr. Zohar is a non-party witness and will testify in person regarding, *inter alia*, the Firm's business, job duties of associates, paralegals, and the managing attorney, compensation and work performance of the Firm's employees, and claims and defenses to the Complaint.

(3)   Irene Raskin: Ms. Raskin is a non-party witness and will testify in person regarding, *inter alia*, the Firm's business, the Firm's policies, leaves of absence, scheduling depositions, Plaintiff's employment and job performance, and claims and defenses to the Complaint.

(4)   Erica Larssen: Ms. Larssen is a non-party witness and will testify in person regarding, *inter alia*, Plaintiff's employment and job performance, and claims and defenses to the Complaint.

(5)   Patricia Belous: Ms. Belous is a non-party witness and will testify in person regarding, *inter alia*, Plaintiff's employment and job performance, and claims and defenses to the Complaint.

(6)   Natalia Generalova: Ms. Generalova is a non-party witness and will testify in person regarding, *inter alia*, her experience as a client of the Firm and Plaintiff's job performance.

(7)   Azfar Khan: Mr. Khan is a non-party witness and will testify in person regarding, *inter alia*, his experience as a client of the Firm and Plaintiff's job performance.

(8)     <u>Vitaliy Lyutyk:</u> Mr. Lyutuk is a non-party witness and will testify in person regarding, *inter alia*, his experience as a client of the Firm and Plaintiff's job performance.

(9)     <u>Laura Shvarts:</u> Ms. Shvarts is a non-party witness and will testify in person regarding, *inter alia*, her experience as a client of the Firm and Plaintiff's job performance.

(10)    <u>Marina Zhernyakova:</u> Ms. Zhernyakova is a non-party witness and will testify in person regarding, *inter alia*, her experience as a client of the Firm and Plaintiff's job performance.

(11)    <u>Alexander Pusachev:</u> Mr. Pusachev is a non-party witness and will testify in person regarding, *inter alia*, his IT consulting work for the Firm, and the extraction of Instant Messages from the Firm's computer system.

(12)    <u>Interpreter from Trusteforte Language Services:</u>   This individual is a Russian interpreter and non-party witness and will testify in person to provide translations of recorded conversations in Russian.

(13)    <u>Dr. Anna Shostak:</u>  Dr. Shostak is a non-party witness and will testify in person regarding Plaintiff's mental health history and mental health conditions prior to the termination of her employment from the Firm in December 2018.

(14)    Any witness(es) Plaintiff lists in this JPTO or any amendment thereto; and

(15)    Any witness(es) Plaintiff calls to testify at trial.

As this Joint Pre-Trial Order is final except for rebuttal evidence, Defendants object to Plaintiff's statement reserving the right to supplement and/or modify this Joint Pre-Trial Order, call unlisted witnesses or introduce disputed documents except to the extent permitted under the Federal Rule of Civil Procedure, Federal Rules of Evidence, the Local Rules of the Eastern District of New York and/or the Judge's individual rules. However, if Plaintiff is permitted to reserve and/or is granted such rights, Defendants reserve, do not waive, and request the same right to call unlisted witnesses for purposes of impeachment, in rebuttal, or for the authentication and introduction of disputed documents, as well as to supplement and/or modify this statement consistent with the Federal Rules of Civil Procedure, Local Civil Rules for the Eastern District of New York, and/or the Individual Motion Practices of the Honorable Raymond J. Dearie, or as may otherwise be necessary or appropriate between now and the date of trial.

Defendants object to Plaintiff's listed witnesses to the extent that they lack personal knowledge regarding the subjects Plaintiff has listed for their expected testimony.  Defendants also reserve their rights to further object to Plaintiff's listed witnesses, Plaintiff's questioning of such witnesses, and any testimony by such witnesses.

IX.     **A designation by each party of deposition testimony to be offered in its case-in-chief, with any cross-designations and objections by any other party.**

A.     **Plaintiff's Position**

Plaintiff does not anticipate that any witnesses will be unavailable to testify within the meaning of Federal Rules of Civil Procedure 32 and/or 45, and as such, does not anticipate designating deposition testimony to be offered in her case-in-chief.  Plaintiff reserves the right to designate and introduce the deposition testimony of any witness within a reasonable period of time after it is determined that such witness is unavailable.

In addition to the depositions of the Plaintiff and Prakhin, five non-parties were deposed in this action: Gabo, Larssen, Raskin, Belous, and Pusachev.  Larssen, Raski, and Belous are employees of Defendants.  Pusachev is a contractor who works for Defendants regularly, and Gabo is the Firm's former Managing Attorney who still maintains a relationship with the Firm.  Defendants produced Larssen, Raskin, Belous, and Pusachev for their depositions.  As such, Plaintiff expects that Defendants will produce Larssen, Raskin, Belous, and Pusachev for testimony at trial, and expects that Gabo will appear willingly in response to a trial subpoena.  In the event Defendants refuse to produce Larseen, Raskin, Belous, and/or Pusachev, and Gabo is unwilling to appear voluntarily, for trial and the witnesses are otherwise unavailable to testify within the meaning of Federal Rules of Civil Procedure 32 and/or 45, Plaintiff reserves the right to designate and introduce Gabo's Larssen's, Raskin's, Belous's, and/or Pusachev's deposition testimony at trial.

Because Plaintiff will be produced at trial and Defendants have not notified Plaintiff that Prakhin, Raskin, Belous, and/or Larssen will not be produced or are otherwise unavailable to testify within the meaning of Federal Rules of Civil Procedure 32 and/or 45, Plaintiff objects to Defendants' designation of deposition testimony for Plaintiff, Prakhin, Raskin, Belous, and Larssen.

B.     **Defendants' Position**

At this time, Defendants intend to present testimony through live witnesses.  Defendants may introduce the following deposition excerpts:

| Defendants' Designation | Cross-Designation(s) by Plaintiff | Objection(s) by Plaintiff |
|---|---|---|
| Plaintiff - 25:2-10 | 25:12-26:12; 111:7-114:15 | Foundation; Fed. R. Evid. 403 |
| Plaintiff - 27:10-28:13 | 19:7-21:16; 29:6-14 | Foundation; Fed. R. Evid. 403 |
| Plaintiff - 30:22-32:10 | 19:7-21:16; 29:6-14 | Foundation; Fed. R. Evid. 403 |
| Plaintiff - 33:6-38:6 | 19:7-21:16; 29:6-14; 38:7-15 | Foundation; Fed. R. Evid. 403 |
| Plaintiff - 41:10-14 | N/A | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 46:20-47:15 | N/A | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper |

|  |  | Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| --- | --- | --- |
| Plaintiff - 48:23-50:22 | 47:20-48:22; 50:23-70:24; 208:2-8; 209:25-210:9; 226:7-227:20 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 53:7-8 | 47:20-48:22; 50:23-70:24 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 53:25-21 | 47:20-48:22; 50:23-70:24 | Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 59:8-25 | 47:20-48:22; 50:23-70:24 | Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 60:2-16 | 47:20-48:22; 50:23-70:24 | Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 61:2-62:3 | 47:20-48:22; 50:23-70:24 | Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 68:19-10 | 47:20-48:22; 50:23-70:24 | Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 87:21-88:7 | 25:12-26:12; 111:7-114:15 | Foundation; Fed. R. Evid. 403 |
| Plaintiff - 90:22-91:9 | 91:10-13 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 92:18-93:24 | 94:14-95:3 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 94:14-95:3 | N/A | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 96:6-97:19 | 109:10-18; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 98:8-21 | 176:8-178:5 | Relevance; Hearsay; Foundation; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 99:9-13 | 176:8-178:5 |  |
| Plaintiff - 102:12-23 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 104:5-17 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 111:4-114:15 | 25:12-26:12; 111:7-114:15 | Foundation; Fed. R. Evid. 403 |
| Plaintiff - 120:14-121:11 | 109:10-18; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Fed. R. Evid. 403 |

| | | |
|---|---|---|
| Plaintiff - 122:23-128:5 | N/A | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| Plaintiff - 128:16-138:20 | N/A | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| Plaintiff - 143:7-17 | 150:20-151:19 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Fed. R. Evid. 403 |
| Plaintiff - 144:17-145:5 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Fed. R. Evid. 403 |
| Plaintiff - 145:22-146:4 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 147:17-149:10 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Relevance; Hearsay; Foundation; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 151:22-152:18 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Relevance; Hearsay; Foundation; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 153:9-19 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Relevance; Hearsay; Foundation; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 154:6-155:25 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Relevance; Hearsay; Foundation; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 157:25-159:5 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Relevance; Hearsay; Foundation; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 161:5-20 | 109:10-18; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 171:8-22 | 25:12-26:12; 111:7-114:15 | Foundation; Hearsay; Fed. R. Evid. 403 |

| Plaintiff - 174:2-18 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
|---|---|---|
| Plaintiff - 182:19-183:8 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 185:4-187:12 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 189:24-190:12 | 25:12-26:12; 111:7-114:15 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 194:11-195:6 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 201:5-25 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 202:10-12 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 205:14-206:2 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 206:18-207:18 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 208:9-209:20 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 212:11-20 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |

| Plaintiff - 214:9-11 | 214:12-19 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
|---|---|---|
| Plaintiff - 215:20-216:12 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 216:17-217:21 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 219:21-220:2 | 109:10-18; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Fed. R. Evid. 403 |
| Plaintiff - 220:24-221:5 | 25:12-26:12; 111:7-114:15; 224:23-225:13 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Fed. R. Evid. 403 |
| Plaintiff - 222:14-224:20 | 25:12-26:12; 111:7-114:15; 224:23-225:13 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Fed. R. Evid. 403 |
| Plaintiff - 225:14-226:12 | 25:12-26:12; 111:7-114:15; 224:23-225:13 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Fed. R. Evid. 403 |
| Plaintiff - 228:4-13 | 109:10-18; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Fed. R. Evid. 403 |
| Plaintiff - 229:4-230:18 | 25:12-26:12; 109:10-18; 111:7-114:15; 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 214:12-19; 217:19-218:10; 238:20-239:10; 253:13-254:12 | Relevance; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 236:12-237:11 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Relevance; Hearsay; Foundation; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 238:7-11 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Relevance; Hearsay; Foundation; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 238:20-240:24 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Relevance; Hearsay; Foundation; Improper Opinions and Conclusions; Fed. R. Evid. 403 |
| Plaintiff - 243:11-245:18 | 19:7-21:16; 29:6-14; 38:7-15 | Relevance; Foundation; Fed. R. Evid. 403 |

| | | |
|---|---|---|
| Plaintiff - 249:19-251:5 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 253:3-254:23 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Plaintiff - 257:9-14 | 25:2-26:12; 72:20-73:3; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-207:5; 212:14-24; 217:19-218:10; 238:20-239:10; 251:14-252:18 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Prakhin - 136:7-137:16 | 150:25-153:19; 155:8-156:21; 250:13-16; 260:11-263:7 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Prakhin - 195:2-197:16 | 197:17-198:11 | Hearsay; Foundation; Fed. R. Evid. 403 |
| Prakhin - 207:21-209:23 | 189:9-191:6; 198:12-21; 209:13-212:17; 222:4-224:18 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| Prakhin - 234:7-25 | 235:6-20; 281:23-282:4; 305:13-24; 316:21-317:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Fed. R. Evid. 403 |
| Prakhin - 273:8-274:25 | 235:6-20; 276:13-19; 281:23-282:4; 305:13-24; 316:21-317:10 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Fed. R. Evid. 403 |
| Prakhin - 276:25-277:21 | 189:9-191:6; 198:12-21; 209:13-212:17; 222:4-224:18; 336:6-337:8 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| Prakhin - 280:23-281:17 | 235:6-20; 281:23-282:4; 305:13-24; 316:21-317:10; 276:13-19 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| Prakhin - 285:13-286:16 | 139:15-144:7; 189:9-191:6; 198:12-21; 209:13-212:17; 222:4-224:18; 277:16-21 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Fed. R. Evid. 403 |
| Prakhin 30(b)(6) - 125:13-126:23 | 128:21-129:6; Prakhin Dep. at 298:10-302:18 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |

| Prakhin 30(b)(6) - 129:19-130:10 | 128:21-129:6 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
|---|---|---|
| Raskin - 64:2-14 | 63:7-70:24; 111:4-112:18; 121:20-127:10; 134:25-137:16; 139:16-140:24 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Raskin - 124:21-125:18 | 63:7-70:24; 111:4-112:18; 121:20-127:10; 128:2-129:21; 134:25-137:16; 139:16-140:24 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Raskin - 128:14-22 | 128:23-129:3 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Raskin - 145:22-146:7 | 146:8-148:7 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Raskin - 157:21-158:10 | 63:7-70:24 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Belous - 61:10-62:6 | 24:24-25:7; 62:7-63:25 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Larssen - 76:23-77:9 | 13:13-33:12; 77:23-87:12; 130:15-132:19 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Larssen - 78:22-79:6 | 13:13-33:12; 77:23-87:12; 130:15-132:19 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |
| Larssen - 83:22-85:5 | 13:13-33:12; 77:23-87:12; 130:15-132:19 | Relevance; Hearsay; Foundation; Fed. R. Evid. 403 |

### X.    A list by each party of exhibits to be offered into evidence.

#### A.    Plaintiff's Exhibits

| Exhibit No. | Bates No. | Description | Objection(s) by Defendants |
|---|---|---|---|
| N/A | N/A | Enlarged versions of the exhibits of any Party. | Fed. Rules Evid. 802-805, 901-902, 1003; Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |

| Exhibit No. | Bates No. | Description | Objection(s) by Defendants |
|---|---|---|---|
| N/A | N/A | Enlarged excerpts of the deposition or trial testimony of any witness. | Fed. Rules Evid. 802-805, 901-902, 1003; Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |
| N/A | N/A | Electronic highlighting and/or cropping and/or "pop-outs" of the exhibits of any Party. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |
| N/A | N/A | Electronic highlighting and/or cropping and/or "pop-outs" of the deposition or trial testimony of any witness. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |
| N/A | N/A | Compilations of information contained within the exhibits of any party, including, but not limited to, lists, charts, graphs, tables, timelines, PowerPoint presentations, slide shows or any other form of presenting such information. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |

| Exhibit No. | Bates No. | Description | Objection(s) by Defendants |
|---|---|---|---|
| N/A | N/A | Compilations of the deposition or trial testimony of any witness, including, but not limited to, lists, charts, graphs, tables, timelines, PowerPoint presentations, slideshows or any other form of presenting such information. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |
| 1 | PLAINTIFF 000015 | Medical records dated October 8, 2018. | Fed. Rules Evid. 802-805, 901-902, 1003 |
| 2 | PLAINTIFF 000016-32 | Medical records dated November 5, 2018. | Fed. Rules Evid. 802-805, 901-902, 1003 |
| 3 | PLAINTIFF 000053 | Email dated December 5, 2018. | |
| 4 | PLAINTIFF 000057-58 | Invoice dated November 9, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Incomplete exhibit. |
| 5 | PLAINTIFF 000060-63 | Emails dated November 9, 2018. | |
| 6 | PLAINTIFF 000107-9 | Declaration of Nicholas Serlin. | Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; lack of personal knowledge; speculation; improper opinion and conclusions; improper character evidence |
| 7 | PLAINTIFF 000110-14 | Declaration of Steven Korytny. | Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; lack of personal knowledge; speculation; improper opinion and conclusions; improper character evidence |
| 8 | PLAINTIFF 000315 | Email dated August 13, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 9 | PLAINTIFF 000348-49 | Email dated August 15, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 10 | PLAINTIFF 000518-19 | Email dated September 5, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 11 | PLAINTIFF 00613-51 | Medical records dated April 30, 2017, March 22, 2017, March 27, 20217, March 24, 2017, and October 9, 2017. | Relevance; Fed. Rules Evid. 403, 802-805, 901-902, 1003; This is privileged medical information of a non-party and confidential information regarding the Firm's client that has not been redacted or marked confidential. |
| 12 | PLAINTIFF 000664-71 | Email dated October 15, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |

| Exhibit No. | Bates No. | Description | Objection(s) by Defendants |
|---|---|---|---|
| 13 | PLAINTIFF 001059 | Email dated September 20, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 14 | PLAINTIFF 001082 | Email dated August 1, 2018. | |
| 15 | PLAINTIFF 001089 | Emails dated August 6, 2018. | |
| 16 | PLAINTIFF 001260-97 | Invoices. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Incomplete exhibit. |
| 17 | PLAINTIFF 001376-93 | Transcript of audio recording labeled 370-Inbound-Optimum-646726642-509. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 18 | PLAINTIFF 001396-1404 | Transcript of audio recording labeled 384-Inbound-Optimum 646726642-509. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 19 | PLAINTIFF 001405-1415 | Transcript of audio recording labeled 386-Inbound-Optimum 646726642-509. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 20 | PLAINTIFF 001428-36 | Transcript of audio recording labeled 482-Inbound- Optimum 646726642-509. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 21 | PLAINTIFF 001466-1467 | Transcript of audio recording labeled 485-Inbound- Optimum 646726642-509. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 22 | PLAINTIFF 001473-74 | Transcript of audio recording labeled 261-International-500-502. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 23 | PLAINTIFF 001475 | Transcript of audio recording labeled 324-International-500-502. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 24 | PLAINTIFF 001476 | Transcript of audio recording labeled 334-International-500-502. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |

| Exhibit No. | Bates No. | Description | Objection(s) by Defendants |
|---|---|---|---|
| 25 | PLAINTIFF 01477 | Transcript of audio recording labeled 377-International-500-502. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 26 | PLAINTIFF 001478 | Transcript of audio recording labeled 394-International-500-502. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 27 | PLAINTIFF 001479 | Transcript of audio recording labeled 432-International-500-502. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 28 | PLAINTIFF 001480 | Transcript of audio recording labeled 436-International-500-502. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 29 | PLAINTIFF 001481 | Transcript of audio recording labeled 439-International-500-502. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 30 | PLAINTIFF 001482 | Transcript of audio recording labeled 517-Inbound- Optimum 646726642-500. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; objection to the accuracy of the translation and transcript |
| 31 | PLAINTIFF 001538-001539 | Plaintiff's résumé. | |
| 32 | PLAINTIFF 001644 | Invoice dated December 2, 2020. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Incomplete exhibit. |
| 33 | PLAINTIFF 001658-64 | Text messages dated October 3, 2018 through November 21, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; violates best evidence rule; improper character evidence.<br><br>This is privileged medical information of a non-party and confidential information regarding the Firm's client that has not been redacted or marked confidential.<br><br>Description of the exhibit does not accurately reflect the contents of the exhibit. |

| Exhibit No. | Bates No. | Description | Objection(s) by Defendants |
|---|---|---|---|
| 34 | D00001-4 | Emails dated December 12, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 35 | D00017-23 | Emails dated November 15, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Duplicative of Plaintiff's Exs. 49 and 50 |
| 36 | D00104-8 | Emails dated September 18, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 37 | D00325 | Emails dated October 16, 2018. | |
| 38 | D00353-54 | Emails dated September 20, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 39 | D00359-61 | Emails dated September 18, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 40 | D00494-95 | Emails dated July 26, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 41 | D00724-26 | Emails dated August 13, 2018. | |
| 42 | D00761-62 | Emails dated December 13, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 43 | D00814 | Emails dated September 12, 2018. | |
| 44 | D00828-29 | Email dated July 10, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 45 | D00833 | Email dated December 19, 2018. | |
| 46 | D00855 | Email dated November 9, 2018. | |
| 47 | D01140-41 | Emails dated January 7, 2019. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 48 | D01191 | Email dated October 20, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 49 | D01202-1208 | Emails dated November 15, 2018. | |
| 50 | D01299-1305 | Emails dated November 15, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Duplicative of Plaintiff's Ex. 49 |
| 51 | D01311-13 | Emails dated November 20, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 52 | D01322-23 | Emails dated February 11, 2019. | |
| 53 | D01326 | Email dated June 19, 2018. | |
| 54 | D01382-91 | Email dated October 15, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 55 | D01409-10 | Email dated August 14, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 56 | D01414 | Emails dated October 1, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 57 | D01415-16 | Emails dated October 29, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |

| Exhibit No. | Bates No. | Description | Objection(s) by Defendants |
|---|---|---|---|
| 58 | D01417-01419 | Emails dated October 29, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 59 | D01440-41 | Emails dated November 14, 2018. | |
| 60 | D01457-59 | Emails dated December 10, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 61 | D01460-63 | Emails dated December 12, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 62 | D01477-78 | Emails dated July 31, 2018. | |
| 63 | D01496-97 | Emails dated August 14, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 64 | D01503-4 | Emails dated August 22, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 65 | D01505 | Emails dated August 31, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 66 | D01512-13 | Emails dated September 20, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 67 | D01527-28 | Emails dated September 25, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 68 | D01542 | Emails dated September 27, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 69 | D01546-52 | Email dated October 7, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 70 | D01553 | Email dated October 8, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 71 | D01566 | Email dated November 30, 2018. | |
| 72 | D01567 | Email dated February 1, 2019. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 73 | D01600-1 | Emails dated September 26, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 74 | D01606-8 | Emails dated October 13, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 75 | D01628 | Email dated December 10, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 76 | D01678 | Emails dated October 10, 2018. | |
| 77 | D01679 | Email dated October 15, 2018. | |
| 78 | D01690-91 | Emails dated March 30, 2020. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 79 | D01702-3 | Emails dated August 15, 2018. | |
| 80 | D01715 | Emails dated September 21, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 81 | D01720-24 | Emails dated September 25, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |

| Exhibit No. | Bates No. | Description | Objection(s) by Defendants |
|---|---|---|---|
| 82 | D01726 | Emails dated September 27, 2018 | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Duplicate of Plaintiff's Ex. 68 (D01542) |
| 83 | D01732 | Emails dated October 8, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 84 | D01759-65 | Emails dated December 28, 2018. | |
| 85 | D01770-72 | Emails dated February 18, 2019. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 86 | D01793 | Emails dated September 24, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 87 | D01802 | Email dated November 17, 2018. | |
| 88 | D01815-16 | Emails dated December 8, 2018. | |
| 89 | D01944-2071 | Deposition transcript dated December 3, 2018. | Relevance; Fed. Rules Evid. 403, 802-805, 901-902, 1003; not instructive.<br><br>Description of the exhibit does not accurately reflect the contents of the exhibit. |
| 90 | D03562 | Email dated October 4, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 91 | D03656-57 | Emails dated October 13, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 92 | D03718 | Emails dated October 13, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 93 | D03774-75 | Emails dated October 20, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 94 | D03812-13 | Emails dated October 20, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 95 | D03867-8 | Emails dated October 29, 2018 | |
| 96 | D04100 | Email dated December 5, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 97 | D05009-10 | Emails dated July 25, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 98 | D05582 | Email dated August 2, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Incomplete Exhibit |
| 99 | D05679 | Email dated August 6, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 100 | D05714 | Email dated August 6, 2018. | |
| 101 | D06441-42 | Email dated August 27, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 102 | D07364 | Emails dated September 10, 2018. | |
| 103 | D07450 | Email dated September 11, 2018. | |
| 104 | D07455-56 | Email dated September 11, 2018. | |

| Exhibit No. | Bates No. | Description | Objection(s) by Defendants |
|---|---|---|---|
| 105 | D07652-53 | Email dated September 17, 2018. | |
| 106 | D07683-7752 | Deposition transcript dated March 20, 2017. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 107 | D07791 | Emails dated September 2018, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Duplicate of Plaintiff's Ex. 39 (D00359-61) |
| 108 | D07794-98 | Emails dated February 15, 2018, February 22, 2018, June 1, 2018, June 5, 2018, June 15, 2018 and September 18, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 109 | D07814 | Email dated September 18, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 110 | D08142 | Emails dated December 16, 2016 and September 21, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Duplicate of Plaintiff's Ex. 80 (D01715) |
| 111 | D08281-82 | Emails dated September 24, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 112 | D08338 | Email dated September 26, 2018. | |
| 113 | D08739-8801 | Deposition dated March 30, 2017. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 114 | D08945-48 | Emails dated July 5, 2018, July 11, 2018, July 16, 2018, and November 3, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 115 | D09559-62 | Email dated November 14, 2018, November 19, 2018, November 21, 2018 and December 12, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Duplicate of Plaintiff's Ex. 61 (D01460-63) |
| 116 | D09622-9623 | Emails dated December 8, 2018. | |
| 117 | D10061 | Email dated September 18, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 118 | D10358 | Email dated August 6, 2018. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; Duplicate of Plaintiff's Ex. 100 (D05714) |
| 119 | D10969 | Emails dated October 20, 2018 and November 2, 2018. | |
| 120 | D11964 | 2018 8879-S Form. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 121 | D11974 | 2018 1125-E Form. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 122 | D11975 | 2019 8879-S Form. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 123 | D11981 | 2019 1125-E Form. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 124 | D11982 | 2018 1040 Form. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 125 | D11984 | 2019 1040 Form. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |

| Exhibit No. | Bates No. | Description | Objection(s) by Defendants |
|---|---|---|---|
| 126 | D13052-13118 | Plaintiff's payroll records. | Description of the exhibit does not accurately reflect the contents of the exhibit.<br><br>Relevance re: Plaintiff's payroll from before 2018 (D13058-D131099) |
| 127 | D014546 | Email dated August 7, 2019. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 128 | D014867-68 | Email dated January 28, 2021. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 129 | D014882 | Medical records dated September 19, 2018. | Fed. Rules Evid. 802-805, 901-902, 1003 |
| 130 | D014913-33 | Medical records dated October 5, 2018. | Fed. Rules Evid. 802-805, 901-902, 1003<br><br>Description of the exhibit does not accurately reflect the contents of the exhibit. |
| 131 | N/A | Defendants' Initial Disclosures. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 132 | N/A | Defendants' Responses to Plaintiff's First Set of Interrogatories. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 133 | N/A | Defendants' Responses to Plaintiff's Second Set of Interrogatories. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 134 | N/A | Plaintiff's Privilege Log. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; violates best evidence rule; incorrect representation; not instructive. |
| 135 | N/A | Affidavit of Irene Raskin. | Description too vague to identify the proposed exhibit and the exhibit has not been provided. Defendants reserve their right to object once identified. |
| 136 | N/A | *Prakhin v. Fulton Towers Realty Corp.*, 990 N.Y.S.2d 439 (Sup. Ct. Kings Cty. 2014). | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; improper character evidence; incorrect representation; not instructive. |
| 137 | N/A | *Bianco v. Law Offices of Yuriy Prakhin, et al.*, No. 514493/2016 (Sup. Ct. Kings Cty.) Summons and Complaint. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; improper character evidence; incorrect representation; not instructive. |

| Exhibit No. | Bates No. | Description | Objection(s) by Defendants |
|---|---|---|---|
| 138 | N/A | *Bianco v. Law Offices of Yuriy Prakhin, et al.*, No. 514493/2016 (Sup. Ct. Kings Cty.) deposition transcript. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; improper character evidence; incorrect representation; not instructive.<br><br>Description too vague to identify the proposed exhibit and the exhibit has not been provided. Defendants reserve their right to object once identified. |
| 139 | N/A | *Grinberg v. Law Office of Yuriy Prakhin, P.C., et al.*, No. 1:16-cv-03514-SJ-CLP (E.D.N.Y.) Complaint. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; improper character evidence; incorrect representation; not instructive. |
| 140 | N/A | *Law Office of Yuriy Prakhin, P.C. v. Grinberg*, No. No. 516842/2016 (Sup. Ct. Kings Cty.) Summons and Complaint. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; improper character evidence; incorrect representation; not instructive. |
| 141 | N/A | *Prakhin, et al. v. JPMorgan Chase Bank, NA*, No. 523354/2019 (Sup. Ct. Kings Cty.) Summons and Complaint. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003; improper character evidence; incorrect representation; not instructive. |
| 142 | N/A | Testimonials page from Firm website. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003<br><br>Description too vague to identify the proposed exhibit and the exhibit has not been provided. Defendants reserve their right to object once identified. |
| 143 | N/A | NYSBA Ethics Opinion No. 855. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 144 | N/A | NYCBA Formal Opinion No. 2003-02. | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |

B.     **Defendants' Exhibits**

| Defendants' Exhibit No. | Description | Objection(s) by Plaintiff |
|---|---|---|
| 1 | Demand Letter, dated March 4, 2019 | Relevance; Fed. R. Evid. 403; Fed. R. Evid. 408; Hearsay; Foundation |
| 2 | Plaintiff's EEOC Charge, filed on March 20, 2019 (PLAINTIFF 000077-82) | N/A |
| 3 | Plaintiff's Right to Sue Letter, dated April 24, 2019 | N/A |
| 4 | Plaintiff's Complaint filed on May 20, 2019 (ECF No. 1) | N/A |
| 5 | Defendants' Answer filed on July 15, 2019 (ECF No. 9) | N/A |
| 6 | The Firm's Employee Handbook signed by Plaintiff (D11911-D11941) | Relevance; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 7 | The Firm's Employee Handbook, updated version. | Relevance; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 8 | Instant Messages regarding the Firm's Cell Phone Policy, dated June 29, 2018 (D01951) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Incomplete Exhibit; Fed. R. Evid. 403 |
| 9 | Email from Sandra Beron regarding SAGA notes, dated September 11, 2018 (D07450) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 10 | Email from Irene Gabo regarding SAGA instructions (D10015) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 11 | Plaintiff's Resume (PLAINTIFF 000075-76, 1538-1539) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 12 | Subpoena Response from Mallilo & Grossman regarding Plaintiff's Employment (D014867) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Character Evidence; Fed. R. Evid. 403 |
| 13 | Plaintiff's Time Sheet from June 1, 2018 - December 31, 2019 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |

| 14 | Plaintiff's Hours Summary Report from June 1, 2018 - December 31, 2019 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
|---|---|---|
| 15 | Plaintiff's Payroll Records from June-December 2018 (D13052-D13057) | Foundation; Lack of Personal Knowledge; Lack of Authentication |
| 16 | Record of Plaintiff's Settlements (D11942) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 17 | Record of Plaintiff's Transportation Reimbursement Requests and Reimbursement Check | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 18 | Documents showing cases assigned to Plaintiff from June-December 2018 (D00613-614, D01961, D01985-987, D02072-D02081, D03584, D03747, D03761, D03776-D03777, D03792, D03920, D04056, D04144, D04678, D05761, D05763-D05764, D07426, D07455-D07456, D07465-D07466, D07476, D07525-D07526, D07531, D07539, D07551, D07586-D07587, D07599-D07600, D07633, D07761, D07838-D07840, D08333-D08334, D08663, D08830, D08863, D08932, D09484, D09537, D10053-D10056, D10079, D10082, D10286, D10399, D10455-D10456, D11102, D11021, D11500, D11515, and D11956-D11963) | Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 19 | Internal Message from Irene Gabo, dated July 17, 2017 (D01953) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 20 | Emails regarding settlement of Plaintiff's assigned cases (D03613, D03802, D04281, D04589, D04667-D04670, D04675, D04678, D05721, D05729, D05825, D07345, D07455-D07456, D07539, D07652-D07653, D07585, D07901, D08331-D08332, D08460-D08469, D08589-D08590, D08620-D08621, D08850, D09339-340, D09358, D09479-D09481, D09528, D09531-D09533, D09537, D10090, D10288, D10292-D10293, and D10642-D10643) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Incomplete Exhibit; Fed. R. Evid. 403 |
| 21 | Documents showing that paralegals drafted motions for Plaintiff (D01987, D10635, D06379-D06389) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; |

| | | Incomplete Exhibit; Fed. R. Evid. 403 |
|---|---|---|
| 22 | Emails showing Plaintiff's failure to respond or perform work on assigned cases (D00557, D00684, D00817-D00818, D01794, D02035, D03560-D0361, D03615, D03621, D03803-D03805, D03811, D03867-D0368, D05320-D05321, D05400, D05682, D05714, D05724, D07353, D08167, D08265, D08830, D08847, D08850, D08962-D08963, D08968-D08969, D09715, D09572-D09573, D09576-D09580, D11166, and D11549-D11553) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Incomplete Exhibit; Fed. R. Evid. 403 |
| 23 | Documents showing that other attorneys and employees at the Firm performed work on cases assigned to Plaintiff (D01794,  D01811, D01815, D03544, D03576, D03763, D04998-D04999, D05324-D05349, D05469, D05492, D06296, D07364, D07856-D07877, D08531, D09436, D10244, D10631-D10632, and D10968) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Incomplete Exhibit; Fed. R. Evid. 403 |
| 24 | Documents showing Plaintiff's failure to enter SAGA notes (D00028, D01874-D01878, D01885-D01893, D01898-D01900, D01903-D01905, D01908-D01910, D01917, D01922-D01924, D01927-D01938, D01942-D01944, D02015-D02016, and D05679) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Incomplete Exhibit; Fed. R. Evid. 403 |
| 25 | Emails showing that paralegals engaged in communications with the Firm's clients that were assigned to Plaintiff (D03746, D03617, D03620, D03729, D03772, D04100, D08850, D08966-D08967, and D09661) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Incomplete Exhibit; Fed. R. Evid. 403 |
| 26 | Plaintiff's paralegal engaged in settlement negotiations for Plaintiff's cases (D03799) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Incomplete Exhibit; Fed. R. Evid. 403 |
| 27 | Plaintiff's personal emails using the Firm-provided email account (D00546, D11269-273, D11307, D11419-420, D11423, D11431-D11432, and D11479-D11480) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 28 | Emails showing Plaintiff's parking tickets (D07878-D07883, D08487-D08504) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack |

| | | of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
|---|---|---|
| 29 | Confidential Documents from the Firm retained by Plaintiff (PLAINTIFF 000576-652) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 30 | Documents regarding the Firm's clients and cases retained by Plaintiff (PLAINTIFF 000083-87, 115-117, 121-126, 129-130, 136, 151-153, 156-157, 162-166, 168-169, 180-197, 209-211, 315-349, 352, 372-411, 426-470, 491-519, 540, 546-547, 549-551, 559-679, 681, 684-700, 702-703, 715-720, 1059-1093) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Incomplete Exhibit; Fed. R. Evid. 403 |
| 31 | SAGA Notes entered by Plaintiff from June-December 2018 (D11582-D11595) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 32 | SAGA Notes entered by Irene Gabo from June-December 2018 (D11622-D11707, D13289-D14079) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 33 | SAGA Notes entered by Sandra Beron from June-December 2018 (D11790-D11827, D14386-D14534) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 34 | SAGA Notes entered by Lilit Avetisyan from June-December 2018 (D11708-D11769, D14080-D14385) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 35 | SAGA Notes entered by Anna Broxmeyer from June-December 2018 (D14534-D14671) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 36 | SAGA Notes entered by Gregory Nahas from June-December 2018 (D11596-D11621, D14672-D14764) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 37 | SAGA Notes entered by Nicholas Serlin from June-December 2018 (D11770-D11789, D14765-D14848) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |

| 38 | SAGA Notes entered by Stephen Revis from June-December 2018 (D11828-D11831, D14849-D14866) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
|----|----|----|
| 39 | Payroll Records of Sandra Beron from June-December 2018 (D13109-D13118) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 40 | Payroll Records of Irene Gabo from June-December 2018 (D13100-D13107) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 41 | Payroll Records of Gil Zohar from January-July 2019 (D13119-D13128) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 42 | Summary Hours Reports from June 18, 2018-December 14, 2018 for other attorneys and paralegals assigned to Plaintiff (D11832-D11838) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 43 | Time Sheets from June 18, 2018-December 14, 2018 for other attorneys and paralegals assigned to Plaintiff (D11839-D11888) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 44 | Summary Hours Report from January 1, 2019 - December 31, 2019 for Gil Zohar (D11889-D11890) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 45 | Time Sheets from January 1, 2019 - December 31, 2019 for Gil Zohar (D11891-D11902) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 46 | Affidavit of Natalia Generalova, sworn to on May 6, 2021 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 47 | Affidavit of Azfar Khan, sworn to on May 7, 2021 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack |

| | | |
|---|---|---|
| | | of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 48 | Affidavit of Vitaliy Lyutyk, sworn to on May 6, 2021 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 49 | Affidavit of Laura Shvarts, sworn to on May 6, 2021 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 50 | Audio Recording No. 384 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 51 | Certified Transcript of Audio Recording No. 384 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 52 | Audio Recording No. 386 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 53 | Certified Transcript of Audio Recording No. 386 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |

| 54 | Audio Recording No. 419 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
|---|---|---|
| 55 | Certified Transcript of Audio Recording No. 419 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 56 | Audio Recording No. 482 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 57 | Certified Transcript of Audio Recording No. 482 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 58 | Audio Recording No. 484 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 59 | Certified Transcript of Audio Recording No. 484 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 60 | Audio Recording No. 538 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper |

| | | Character Evidence; Fed. R. Evid. 403 |
|---|---|---|
| 61 | Certified Transcript of Audio Recording No. 538 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 62 | Audio Recording No. 571 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 63 | Certified Transcript of Audio Recording No. 571 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 64 | Audio Recording No. 597 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 65 | Certified Transcript of Audio Recording No. 597 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 66 | Audio Recording No. 656 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 67 | Certified Transcript of Audio Recording No. 656 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack |

| | | |
|---|---|---|
| | | of Authentication; Improper Opinions and Conclusions; Improper Character Evidence; Fed. R. Evid. 403 |
| 68 | Deposition Transcripts showing Plaintiff's Appearances from June-December 2018 (D01870-D01871, D01874-D01875, D01877-D01880, D01882-D01883, D01885-D01886, D1888-D01889, D01891-D01892, D01894-D01899, D01901-D01904, D01906-D01909, D01911-D01916, D01918-D01923, D01925-D01928, D01930-D01931, D01933-D01934, D01936-D01937, D01939-D01940, D01942-D01943, D01945-D01946) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 69 | The Firm's calendar documents from September 26, 2018 (D012415-D012419) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 70 | The Firm's calendar documents from September 27, 2018 (D012407-D012414) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 71 | The Firm's calendar documents from October 4, 2018 (D012721-D012724) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 72 | The Firm's calendar documents from October 5, 2018 (D012716-D012720) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 73 | The Firm's calendar documents from October 8, 2018 (D012712-D012715) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 74 | The Firm's calendar documents from October 9, 2018 (D012704-D012711) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 75 | The Firm's calendar documents from October 10, 2018 (D012698-D012702) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |

| 76 | The Firm's calendar documents from October 11, 2018 (D012693-D012697) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
|---|---|---|
| 77 | The Firm's calendar documents from October 12, 2018 (D012686-D012692) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 78 | The Firm's calendar documents from October 15, 2018 (D012675-D012685) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 79 | The Firm's calendar documents from October 16, 2018 (D012667-D012674) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 80 | The Firm's calendar documents from October 18, 2018 (D012651-D012657) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 81 | The Firm's calendar documents from October 19, 2018 (D012644-D012650) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 82 | The Firm's calendar documents from November 5, 2018 (D012909-D012914) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 83 | The Firm's calendar documents from November 9, 2018 (D012869-D012877) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 84 | The Firm's calendar documents from November 15, 2018 (D012832-D012839) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 85 | The Firm's calendar documents from November 16, 2018 (D012826-D012831) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |

| 86 | The Firm's calendar documents from November 19, 2018 (D012816-D012825) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
|---|---|---|
| 87 | The Firm's calendar documents from November 20, 2018 (D012806-D012815) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 88 | The Firm's calendar documents from November 21, 2018 (D012799-D012805) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 89 | The Firm's calendar documents from November 26, 2018 (D012792-D012798) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 90 | The Firm's calendar documents from November 27, 2018 (D012780-D012791) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 91 | The Firm's calendar documents from November 30, 2018 (D012751-D012757) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 92 | The Firm's calendar documents showing Plaintiff's appearances at depositions from June-December 2018 (D012003, D012008, D011993, D012001, D012207, D012213, D012192, D012203, D012185, D012139, D12140, D12107, D012115, D12130, D012133, D012390, D012396, D012380, D012384, D012366, D012371, D012357, D012336, D012340, D012295, D012300, D012253, D012256, D012244, D012247, D012532, D012539, D012499, D012477, D012481, D012442, D012447, D012424, D012658, D012666, D012635, D012642, D012602, D012606, D012921, D012929, D012896, D012899, D012863, D012865, D012758, D012767, D013039, D013044, D013023, D012984, D012989) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 93 | Email from Plaintiff regarding return to work, dated October 15, 2018 (D01679, PLAINTIFF 000675) | Relevance; Hearsay; Foundation; Lack |

| | | |
|---|---|---|
| | | of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 94 | Email regarding Plaintiff's work while absent (D01619) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Incomplete Exhibit; Fed. R. Evid. 403 |
| 95 | Documents showing Gil Zohar's employment with the Firm in August and September 2018 (D10027, D012667, D012716-718, D012780-783, D012807) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Incomplete Exhibit; Fed. R. Evid. 403 |
| 96 | Email confirming termination date of Gregory Nahas (D01866-D01867) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Opinions and Conclusions; Incomplete Exhibit; Fed. R. Evid. 403 |
| 97 | The Firm's ZipRecruiter Invoices (D13129-D13134) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 98 | Plaintiff's Certification, dated May 18, 2020 | Relevance; Hearsay; Foundation; Incomplete Exhibit; Fed. R. Evid. 403 |
| 99 | Internal Message from Erica Larssen to Plaintiff regarding JAWS, dated November 28, 2018 (D01982, D02070-D02071) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 100 | Invoices from IT Plus Solutions (D11949-D11952) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 101 | Defendants' First Set of Interrogatories, dated November 5, 2019 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |

| 102 | Plaintiff's Responses to Defendants' First Set of Interrogatories, dated January 10, 2020 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
|---|---|---|
| 103 | Defendants' First Request for the Production of Documents, dated November 5, 2019 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 104 | Plaintiff's Responses to Defendants' First Request for the Production of Documents, dated January 10, 2020 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 105 | Defendants' Second Request for the Production of Documents, dated August 3, 2020 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 106 | Plaintiff's Responses to Defendants' Second Request for the Production of Documents, dated September 23, 2020 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 107 | Defendants' Third Request for the Production of Documents, dated December 1, 2020 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 108 | Plaintiff's Responses to Defendants' Third Request for the Production of Documents, dated January 8, 2021 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 109 | Defendants' Fourth Request for the Production of Documents, dated December 29, 2020 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 110 | Plaintiff's Responses to Defendants' Fourth Request for the Production of Documents, dated January 29, 2021 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 112 | Subpoena on T-Mobile and Response | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 113 | Declaration of Innessa M. Huot, dated March 8, 2021 | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 114 | Declaration of Yelena Ruderman, dated July 6, 2021 | Foundation; Lack of Authentication; Fed. R. Evid. 403 |
| 115 | Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (ECF No. 90) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |

| 116 | Plaintiff's Invoices (PLAINTIFF 1-14, 723-761, 1094-1095, 1260-1297, 1306-1307, 1490, 1494, 1499, 1507, 1510, 1515, 1523, 1525, 1536, 1541, 1547, 1550, 1551, 1580, 1594, 1599, 1611, 1619, 1623, 1627, 1632, 1644, 1649, 1665, 1674-1736, 1743, 1746-1747, 1749-1750, 1753-1756, 1759-1761, 1768-1769, 1776, 1779, 1783, 1786-1787, 1794-1795, 1831, 1834, 1847, 1849-1852, 1857, 1866-1867, 1870-1871, 1873, 1876, 1879, 1881, 1891-1892, 1901, 1903-1904, 1917) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
|---|---|---|
| 117 | Plaintiff's Forms 1099-Misc and Form 1099-NEC (PLAINTIFF 1048-1052, 1300-1301, 1303-1305, 1796, 1878; D11944) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 118 | 2019 Payment for Referral (PLAINTIFF 721-722; D11943-D11944) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 119 | Summary Chart of Plaintiff's Earnings since her 2018 employment with the Firm | Hearsay; Foundation; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403; Best Evidence Rule; Incorrect Representation; Not Instructed.<br><br>Plaintiff has not been provided this exhibit. As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
| 120 | Medical Records from Dr. Anna Shostak (PLAINTIFF 000033-42) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 121 | Medical Records from NYU Langone Eye Center (D014891, D014899, D014905, D014915, D014917, D014924) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 122 | Medical Records from Dr. Julia Giyaur (D014882) | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack |

| | | |
|---|---|---|
| | | of Authentication; Incomplete Exhibit; Fed. R. Evid. 403 |
| 123 | Affidavit of Nicole E. Price, dated May 11, 2021 regarding chain of custody of audio recordings | Relevance; Hearsay; Foundation; Lack of Personal Knowledge; Lack of Authentication; Fed. R. Evid. 403 |
| 124 | Email exchange between Plaintiff and Irene Gabo, dated August 2, 2018 (D10784) | Relevance; Foundation; Lack of Personal Knowledge; Lack of Authentication; Improper Character Evidence; Fed. R. Evid. 403 |
| 125 | American Bar Association, Formal Opinion 489 (2019) | Relevance; Foundation; Lack of Authentication; Fed. R. Evid. 403 |
| 126 | NYSBA NY Rules of Professional Conduct (2021) | Relevance; Foundation; Lack of Authentication; Fed. R. Evid. 403 |
| 127 | Summary Chart of Plaintiff's absences, medical appointments, and appearances at court/depositions during her 2018 employment with the Firm | Hearsay; Foundation; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403; Best Evidence Rule; Incorrect Representation; Not Instructed.<br><br>Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
| N/A | Enlarged versions of the exhibits of any Party. | Relevance; Hearsay; Foundation; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403; Best Evidence Rule; Incorrect Representation; Not Instructed.<br><br>Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
| N/A | Enlarged excerpts of the deposition or trial testimony of any witness. | Relevance; Hearsay; Foundation; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403; Best |

| | | Evidence Rule; Incorrect Representation; Not Instructed.

Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
|---|---|---|
| N/A | Electronic highlighting and/or cropping and/or "pop-outs" of the exhibits of any Party. | Relevance; Hearsay; Foundation; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403; Best Evidence Rule; Incorrect Representation; Not Instructed.

Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
| N/A | Electronic highlighting and/or cropping and/or "pop-outs" of the deposition or trial testimony of any witness. | Relevance; Hearsay; Foundation; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403; Best Evidence Rule; Incorrect Representation; Not Instructed.

Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
| N/A | Compilations of information contained within the exhibits of any party, including, but not limited to, lists, charts, graphs, tables, timelines, PowerPoint presentations, slide shows or any other form of presenting such information. | Relevance; Hearsay; Foundation; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403; Best Evidence Rule; Incorrect Representation; Not Instructed. |

| | | |
|---|---|---|
| | | Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
| N/A | Compilations of the deposition or trial testimony of any witness, including, but not limited to, lists, charts, graphs, tables, timelines, PowerPoint presentations, slideshows or any other form of presenting such information. | Relevance; Hearsay; Foundation; Lack of Authentication; Incomplete Exhibit; Fed. R. Evid. 403; Best Evidence Rule; Incorrect Representation; Not Instructed.<br><br>Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |

*** *Remainder of page intentionally left blank.  Signatures on following page.* ***

Dated:  May 27, 2022
New York, New York

**FARUQI & FARUQI, LLP**                    **BOND SCHOENECK & KING, PLLC**


*/s/ Innessa M. Huot*                              */s/ Mary Ellen Donnelly*
Innessa M. Huot                                         Mary Ellen Donnelly
Alex J. Hartzband                                       Louis DiLorenzo
Camilo M. Burr                                           Nicole E. Price

685 Third Avenue, 26th Floor                  600 Third Avenue, 22nd Floor
New York, NY 10017                               New York, New York 10016
Tel: (212) 983-9330                                  Tel: 646-253-2300
Fax: (212) 983-9331                                 Fax: 646-253-2301
ihuot@faruqilaw.com                             mdonnelly@bsk.com
ahartzband@faruqilaw.com                   dilorel@bsk.com
cburr@faruqilaw.com                            nprice@bsk.com

*Attorneys for Plaintiffs*                          *Attorneys for Defendants*


Service of a copy of this Order shall be made by the Clerk of the Court by forwarding a

copy hereof to all parties.


SO ORDERED:


_____
RAYMOND J. DEARIE
United States District Court Judge


DATED:       _____
Brooklyn, New York