UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YELENA RUDERMAN,<br><br>      Plaintiff,<br><br>    v.<br><br>LAW OFFICE OF YURIY PRAKHIN, P.C.<br>and YURIY PRAKHIN, in both his individual<br>and professional capacities,<br><br>      Defendants. | Civil Action No.: 1:19-cv-02987-CBA-RLM |

**OMNIBUS DECLARATION OF INNESSA M. HUOT**

Pursuant to 28 U.S.C. § 1746, INNESSA M. HUOT, being duly sworn, deposes and says:

1. I am a Partner at Faruqi & Faruqi, LLP, counsel for Plaintiff, Yelena Ruderman ("Plaintiff") in the above-captioned action against Defendants Law Office of Yuriy Prakhin, P.C. (the "Firm") and Yuriy Prakhin ("Prakhin") (together, "Defendants").

2. I submit this declaration in support of Plaintiff's Motions *In Limine* Numbers 1 through 8.

3. Prior to filing the instant action, Plaintiff's counsel sent Defendants pre-litigation correspondence (the "Pre-Litigation Letter). *See* Exhibit 64, *infra*.

4. The Pre-Litigation Letter merely details Plaintiff's claims and the facts supporting the same, in addition to inquiring as to whether Plaintiff's claims could be settled short of litigation.

5. There is nothing in the Pre-Litigation Letter or in the record, generally, to remotely suggest bias by Plaintiff, undue delay, or the obstruction of a criminal investigation or prosecution of any kind—nor have Defendants at any time suggested otherwise.

1

6. In discovery, Plaintiff produced a copy of her then-current résumé to provide evidence that she had satisfied her duty to mitigate her damages. *See* Exhibit 29, *infra*.

7. To the best of Plaintiff's and the undersigned's knowledge, Defendants did not possess a copy of the résumé before then.

8. Indeed, Defendants produced no other copies of Plaintiff's résumé in discovery.

9. Defendants have not produced any SAGA calendar entries in discovery.

10. Defendants' employee handbook (which was no longer in effect as of 2016 or 2017), states, in part: "Employees will be required to enter into and strictly comply with a written confidentiality agreement as a condition of employment or continued employment." *See* Exhibit 65, *infra*, at D11932; *see also* Exhibit 66, *infra* (attaching a separate version of Defendants' employee handbook, which was first produced as an exhibit to Defendants' motion for summary judgment).

11. Nothing in the record suggests that Plaintiff was ever asked to sign the "written confidentiality agreement" referenced in the above excerpt, nor has any such "written confidentiality agreement" been produced in discovery.

12. At his deposition, Prakhin testified that he reviewed "accounting papers" on which the Firm's Office Manager, Irene Raskin ("Raskin"), had jotted handwritten notes in order to determine Plaintiff's total absences and, on each day, whether Plaintiff was absent to receive medical treatment for her disability.

13. The "accounting papers" Prakhin referenced were never produced in discovery.

14. In response to Plaintiff's Federal Rule of Civil Procedure ("FRCP") 30(b)(6) deposition notice, Defendants designated Alexander Pusachev to testify as to their "retention,

archiving, storage, and destruction/deletion policies and procedures" for "all electronically stored information." *See* Exhibit 26, *infra* (Plaintiff's FRCP 30(b)(6) deposition notice).

15. In January 2021, Plaintiff moved to compel Defendants to produce, *inter alia*, complete SAGA Records—as opposed to just summaries—for Plaintiff and all other attorneys from 2018, as well as from Plaintiff's first term of employment from 2012 through 2017. *See* ECF No. 47 at 10-14.

16. On February 22, 2021, the Honorable Roanne L. Mann issued an Order stating, in relevant part: "By March 8, 2021, defendants must produce June through September 2018 SAGA entries of plaintiff and her comparators, and plaintiff's SAGA entries from the one-year period prior to her termination[.]" ECF No. 52.

17. Defendants did not produce the 2016 and 2017 SAGA Records that Judge Mann Ordered them to produce.

18. Instead, in response to Judge Mann's Order, Defendants provided Raskin's March 17, 2021 affidavit, which explains why Defendants could not obtain SAGA Records from 2016 and 2017. *See* Exhibit 56, *infra*.

19. Defendants produced the above-referenced affidavit to explain why they could not comply with the letter of the Judge Mann's Order.

20. In the parties' Joint Pretrial Order, Defendants include several documents in their exhibit list as Exhibit No. 30, with the description, "Documents regarding the Firm's clients and cases retained by Plaintiff." ECF No. 121 at 32.

21. This description is inaccurate.

22. The documents Defendants identify were not retained by Plaintiff after the end of her employment.

23. Rather, these documents were provided to Plaintiff as part of this litigation, when Defendants were represented by prior counsel.

24. Attached hereto as Exhibit 1 is a true and correct copy of the Affidavit of Yuriy Prakhin, Esq. in Support of Defendants' Motion for Summary Judgement, dated May 10, 2021.

25. Attached hereto as Exhibit 2 is a true and correct copy of the Affidavit of Irene Raskin in Support of Defendants' Motion for Summary Judgement, dated May 10, 2021.

26. Attached hereto as Exhibit 3 is a true and correct copy of the transcript of the deposition of Yuriy Prakhin, held on October 15, 2020.

27. Attached hereto as Exhibit 4 is a true and correct copy of the transcript of the deposition of Irene Raskin, held on November 13, 2020.

28. Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff's medical records from NYU Langone Health, dated October 8, 2018, Bates numbered PLAINTIFF 000015.

29. Attached hereto as Exhibit 6 is a true and correct copy of Plaintiff's medical records from NYU Langone Health, dated November 5, 2018, Bates numbered PLAINTIFF 000016-22.

30. Attached hereto as Exhibit 7 is a true and correct copy of Plaintiff's medical records from Columbia University, dated November 15, 2018, Bates numbered PLAINTIFF 000023-24.

31. Attached hereto as Exhibit 8 is a true and correct copy of Plaintiff's medical records from Dr. Cinthi Pillai, Bates numbered PLAINTIFF 000025-32.

32. Attached hereto as Exhibit 9 is a true and correct copy of Plaintiff's medical records from Dr. Anna Shostak, Bates numbered PLAINTIFF 000033-42.

33. Attached hereto as Exhibit 10 is a true and correct copy of Plaintiff's medical records from Dr. Julia Giyaur, Bates numbered D014882-14890.

34. Attached hereto as Exhibit 11 is a true and correct copy of Plaintiff's medical records from NYU Langone Health, Bates numbered D014892-D14963.

35. Attached hereto as Exhibit 12 is a true and correct transcript, Bates numbered PLAINTIFF 001405-16, of an audio recording produced by Defendants, labeled 386-Inbound-Optimum 646726642-509.

36. Attached hereto as Exhibit 13 is a true and correct transcript, Bates numbered PLAINTIFF 001428-36, of an audio recording produced by Defendants, labeled 482-Inbound-Optimum 646726642-509.

37. Attached hereto as Exhibit 14 is a true and correct transcript, Bates numbered PLAINTIFF 001475, of an audio recording produced by Defendants, labeled 324-Internal-500-502.

38. Attached hereto as Exhibit 15 is a true and correct transcript, Bates numbered PLAINTIFF 001476, of an audio recording produced by Defendants, labeled 334-Internal-500-502.

39. Attached hereto as Exhibit 16 is a true and correct transcript, Bates numbered PLAINTIFF 001477, of an audio recording produced by Defendants, labeled 377-Internal-500-502.

40. Attached hereto as Exhibit 17 is a true and correct transcript, Bates numbered PLAINTIFF 001478, of an audio recording produced by Defendants, labeled 394-Internal-500-502.

41. Attached hereto as Exhibit 18 is a true and correct transcript, Bates numbered PLAINTIFF 001479, of an audio recording produced by Defendants, labeled 432-Internal-500-502.

42. Attached hereto as Exhibit 19 is a true and correct transcript, Bates numbered PLAINTIFF 001480, of an audio recording produced by Defendants, labeled 436-Internal-500-502.

43. Attached hereto as Exhibit 20 is a true and correct copy of Google Hangouts messages between Plaintiff and Erica Larssen, dated October 3, 2018 through November 21, 2018 and Bates numbered PLAINTIFF 001658.

44. Attached hereto as Exhibit 21 is a true and correct copy of payroll records for Plaintiff, which were produced by Defendants, Bates numbered D13052-13107.

45. Attached hereto as Exhibit 22 is a true and correct copy of an email dated October 15, 2018 and Bates numbered D01679.

46. Attached hereto as Exhibit 23 is a true and correct copy of the transcript of the deposition of Irene Gabo, held on December 12, 2020.

47. Attached hereto as Exhibit 24 is a true and correct copy of an email dated November 30, 2018 and Bates numbered D01566.

48. Attached hereto as Exhibit 25 is a true and correct copy of the transcript of the FRCP 30(b)(6) deposition of Yuriy Prakhin on behalf of the Firm, held November 9, 2020.

49. Attached hereto as Exhibit 26 is a true and correct copy of Plaintiff's FRCP 30(b)(6) deposition notice, dated July 29, 2020.

50. Attached hereto as Exhibit 27 is a true and correct copy of the transcript of the deposition of Alexander Pusachev, held on December 8, 2020.

51. Attached hereto as Exhibit 28 is a true and correct copy of the transcript of the deposition of Yelena Ruderman, dated September 24, 2020.

52. Attached hereto as Exhibit 29 is a true and correct copy of Plaintiff's résumé, Bates numbered PLAINTIFF 000075-76.

53. Attached hereto as Exhibit 30 is a true and correct copy of Defendants' subpoena to Mallilo & Grossman ("M&G") and notice of the same, dated January 8, 2021.

54. Attached hereto as Exhibit 31 is a true and correct copy of the documents M&G produced in response to Defendants' subpoena, Bates numbered D014867-76.

55. Attached hereto as Exhibit 32 is a true and correct copy of the Affidavit of Natalia Generalova, dated on May 6, 2021.

56. Attached hereto as Exhibit 33 is a true and correct copy of the Affidavit of Azfar Khan, dated on May 7, 2021.

57. Attached hereto as Exhibit 34 is a true and correct copy of the Affidavit of Vitaliy Lyutyk, dated on May 6, 2021.

58. Attached hereto as Exhibit 35 is a true and correct copy of the Affidavit of Laura Shvarts, dated on May 6, 2021.

59. Attached hereto as Exhibit 36 is a true and correct copy of emails dated December 8, 2018, Bates numbered D01815-16.

60. Attached hereto as Exhibit 37 is a true and correct copy of emails dated October 20, 2018 and November 2, 2018, Bates numbered D10969.

61. Attached hereto as Exhibit 38 is a true and correct copy of the Declaration of Yelena Ruderman, dated July 6, 2021.

62. Attached hereto as Exhibit 39 is a true and correct copy of emails dated August 14, 2018, Bates numbered D01409-10.

63. Attached hereto as Exhibit 40 is a true and correct copy of emails dated November 14, 2018 and November 15, 2018, Bates numbered D01202-08.

64. Attached hereto as Exhibit 41 is a true and correct copy of emails dated September 16, 2018 through October 7, 2018, Bates numbered D01546-52.

65. Attached hereto as Exhibit 42 is a true and correct excerpt of SAGA Records, Bates numbered D014546.

66. Attached hereto as Exhibit 43 is a true and correct copy of emails dated November 14, 2018 and November 15, 2018, Bates numbered D01449-54.

67. Attached hereto as Exhibit 44 is a true and correct copy of emails dated August 27, 2018, Bates numbered D06441.

68. Attached hereto as Exhibit 45 is a true and correct transcript, Bates numbered PLAINTIFF 001466-67, of an audio recording produced by Defendants, labeled 585-Inbound-Optimimum-6464726642-599.

69. Attached hereto as Exhibit 46 is a true and correct copy of Formal Opinion 2003-02: Undisclosed Taping of Conversations by Lawyers, issued by the Professional Responsibility Committee of the New York City Bar Association and dated February 2, 2003.

70. Attached hereto as Exhibit 47 is a true and correct copy of the transcript of the deposition of Tatyana Bianco, dated April 15, 2019, in the lawsuit captioned, *Bianco v. Law Offices of Yuriy Prakhin, et al.*, Index No. 514493/2016 (Sup. Ct. Kings. Cty.).

71. Attached hereto as Exhibit 48 is a true and correct transcript, Bates numbered PLAINTIFF 001473-74, of an audio recording produced by Defendants, labeled 261-Internal-500-502.

72. Attached hereto as Exhibit 49 are true and correct excerpts Defendants' SAGA Records, Bates numbered D013786-13806.

73. Attached hereto as Exhibit 50 are true and correct excerpts of Defendants' SAGA Summaries, Bates numbered D11596-11616.

74. Attached hereto as Exhibit 51 is a true and correct copy of an email dated September 11, 2018, Bates numbered D07450.

75. Attached hereto as Exhibit 52 is a true and correct copy of an email dated September 24, 2018, Bates numbered D10015.

76. Attached hereto as Exhibit 53 is a true and correct copy of emails dated August 6, 2018, Bates numbered D10358.

77. Attached hereto as Exhibit 54 is a true and correct copy of emails dated November 17, 2018 and November 20, 2018, Bates numbered D09644-46.

78. Attached hereto as Exhibit 55 is a true and correct copy of emails dated December 8, 2018 and December 12, 2018, Bates numbered D11069.

79. Attached hereto as Exhibit 56 is a true and correct copy of the Affidavit of Irene Raskin, dated March 17, 2021.

80. Attached hereto as Exhibit 57 is a true and correct copy of the Reply Affidavit of Yuriy Prakhin, Esq. in Support of Defendants' Motion for Summary Judgement, dated July 28, 2021.

81. Attached hereto as Exhibit 58 is a true and correct copy of an email dated March 10, 2018 and December 24, 2018, Bates numbered D01465-67.

82. Attached hereto as Exhibit 59 is a true and correct copy of emails dated September 13, 2018 through April 3, 20202, Bates numbered D01663-76.

83. Attached hereto as Exhibit 60 is a true and correct copy of emails dated March 30, 2020, Bates numbered D01690-91.

84. Attached hereto as Exhibit 61 is a true and correct copy of emails dated January 9, 2019, Bates numbered D01827-29.

85. Attached hereto as Exhibit 62 is a true and correct copy of the Reply Affidavit of Irene Raskin in Support of Defendants' Motion for Summary Judgement, dated July 28, 2021.

86. Attached hereto as Exhibit 63 is a true and correct copy of the Declaration of Peter Coates, dated May 19, 2022 and Bates numbered PLAINTIFF 001950-56.

87. Attached hereto as Exhibit 64 is a true and correct copy of pre-litigation correspondence from Plaintiff's counsel, dated March 4, 2019.

88. Attached hereto as Exhibit 65 is a true and correct copy of one version of the Firm's employee handbook produced in discovery, Bates numbered D11911-41.

89. Attached hereto as Exhibit 66 is a true and correct copy of a second version of the Firm's employee handbook, produced for the first time as an exhibit to the Affidavit of Irene Raskin in Support of Defendants' Motion for Summary Judgement, dated May 10, 2021.  *See* Exhibit 2, *supra*.

90. Attached hereto as Exhibit 67 is a true and correct copy of Defendants' time sheets, Bates numbered D11839-88 and D11891-11902.

91. Attached hereto as Exhibit 68 is a true and correct copy of Defendants' Summary Hours Reports, Bates numbered D11832-38 and D11889-90.

92. Attached hereto as Exhibit 69 is a true and correct copy of Plaintiff's Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission, dated March 16, 2019 and Bates numbered PLAINTIFF 000077-82.

93. Attached hereto as Exhibit 70 is a true and correct copy of Plaintiff's Complaint.

94. Attached hereto as Exhibit 71 is a true and correct copy of the transcript of the deposition of Erica Larssen, held on November 16, 2020.

95. Attached hereto as Exhibit 72 is a true and correct copy of various documents concerning the cases Plaintiff handled at the Firm that Plaintiff retained after the termination of her employment, Bates numbered PLAINTIFF 000083-87, 115-117, 121-126, 129-130, 151-153, 156-157, 162-166, 168-169, 180-197, 210-211, 315-349, 351-352, 518-519, 546-547, 551, 576-652, 655-679, 681, 684-688, 690-700, 702-703.

96. Attached hereto as Exhibit 73 is a true and correct copy of emails dated October 10, 2018, Bates numbered D01678.

97. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: November 14, 2022
New York, New York

Innessa M. Huot