**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

YELENA RUDERMAN,

                              **Plaintiff,**

    - against -

**LAW OFFICE OF YURIY PRAKHIN, P.C.,**
**and YURIY PRAKHIN, ESQ.** *in both his*
*individual and professional capacities*,

                          **Defendants.**

**Case No. 19-cv-02987 (RJD) (RLM)**


**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTIONS *IN LIMINE***


**Bond Schoeneck & King, PLLC**
600 Third Avenue, 22nd Floor
New York, New York 10016
Telephone: (646) 253-2300

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL STANDARD REGARDING MOTIONS *IN LIMINE*..................................................... 5

ARGUMENT ................................................................................................................................... 6

    POINT I ...................................................................................................................................... 6

        FIRST MOTION IN LIMINE PRECLUDING PLAINTIFF FROM INTRODUCING
        ADDITIONAL DOCTORS AT TRIAL................................................................................ 6

    POINT II .................................................................................................................................. 10

        SECOND MOTION *IN LIMINE* FOR AN ORDER PRECLUDING PLAINTIFF FROM
        INTRODUCING  UNAUTHENTICATED MEDICAL RECORDS INTO EVIDENCE ... 10

    POINT III.................................................................................................................................. 15

        THIRD MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM GIVING MEDICAL
        TESTIMONY ....................................................................................................................... 15

    POINT IV.................................................................................................................................. 17

        FOURTH MOTION IN LIMINE PRECLUDING PLAINTIFF FROM  INTRODUCING
        CERTAIN LAY WITNESSES ............................................................................................ 17

    POINT V................................................................................................................................... 20

        FIFTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM  INTRODUCING THE
        DECLARATIONS OF SERLIN, KORYTNY, AND COATES ........................................... 20

    POINT VI.................................................................................................................................. 23

        SIXTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM INTRODUCING
        DOCUMENTS PRODUCED ON THE EVE OF TRIAL.................................................... 23

    POINT VII ................................................................................................................................ 24

        SEVENTH MOTION IN *LIMINE* PRECLUDING PLAINTIFF FROM INTRODUCING
        DEPOSITION TRANSCRIPT FROM 2017 ....................................................................... 24

    POINT VIII............................................................................................................................... 24

        EIGHTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF  FROM INTRODUCING
        PAYROLL RECORDS FROM BEFORE 2018................................................................... 24

    POINT IX.................................................................................................................................. 25

        NINTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF  FROM INTRODUCING
        DOCUMENTS  RELATED TO OTHER LAWSUITS INVOLVING DEFENDANTS ..... 25

    POINT X ................................................................................................................................... 27

        TENTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM INTRODUCING
        EVIDENCE RELATED TO DEFENDANTS' PROFESSIONAL ETHICS ....................... 27

    POINT XI.................................................................................................................................. 28

        ELEVENTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM INTRODUCING
        EVIDENCE  RELATING TO DEFENDANTS' FINANCIAL STATUS ........................... 28

POINT XII ........................................................................................................................ 29

    TWELFTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM SUGGESTING A
    DOLLAR AMOUNT FOR DAMAGES TO THE JURY ...................................................... 29

POINT XIII ...................................................................................................................... 30

    THIRTEENTH MOTION *IN LIMINE* REQUESTING THE COURT TO BIFURCATE
    THE PUNITIVE DAMAGES PORTION OF THE TRIAL ................................................. 30

CONCLUSION ................................................................................................................. 31

15056230.1 11/14/2022

Page(s)

**Cases**

*Amato v. City of Saratoga Springs, N.Y.*,
  170 F.3d 311 (2d Cir. 1999)...............................................................................30

*American Ass'n of Breeders of Holsteiner Horses, Inc. v. Pegasus, Inc.*,
  1985 WL 3951 (S.D.N.Y.)...................................................................................9

*Becknell v. Univ. of Ky.*,
  Case No. 5:17-cv- 490-JMH-MAS, 2019 WL 1783488 (E.D. Ky. April 23,
  2019) ..................................................................................................................28

*Benavidez v. Burger Brothers Restaurant Group, Inc.*,
  2019 WL 1459044 (E.D.N.Y.).............................................................................9

*Bermudez v. City of New York*,
  No. 15 CV 3240, 2019 WL 136633 (E.D.N.Y. Jan. 8, 2019)....................12, 25, 27

*Beyar v. N.Y. City Fire Del, it.*,
  2008 U.S. App. LEXIS 25706 (2d Cir. Dec. 19, 2008) .........................................5

*Bianco v. Law Offices of Yuriy Prakhin, et al*,
  No. 514493/2016 (Sup. Ct. Kings Cty.)...............................................................24

*Bianco v. Law Offices of Yuriy Prakhin, et al*,
  No. 514493/205 (Sup. Ct. Kings Cty.)..................................................................24

*Board of Trustees of AFTRA Retirement Fund v. JPMorgan Chase Bank*,
  860 F.Supp.2d 251 (S.D.N.Y. 2012).....................................................................25

*Burrell v. Bentsen*,
  1993 U.S. Dist. LEXIS 18005 (S.D.N.Y. 1993), *aff'd*, 50 F.3d 3 (2d Cir.
  1995) ..................................................................................................................21

*Computer Assocs. Int'l, Inc. v. Simple.Com, Inc.*,
  247 F.R.D. 63 (E.D.N.Y. 2007) ...........................................................................30

*Consorti v. Armstrong World Industries, Inc.*,
  72 F.3d 1003 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996)....29

*Crawford v. ExlService.com, LLC*,
  16 Civ. 9137, 2019 WL 6284228 (S.D.N.Y. Nov. 25, 2019) ................................26

*DuchnowskI v. Cnty. of Nassau*,
  416 F. Supp. 3d 179 (E.D.N.Y. 2018) ...........................................................11, 13

*Equal Employment Opportunity Comm. v. United Health Programs of Am., Inc.*,
14-CV-3673 (KAM) (JO), 2017 WL 10088567 (E.D.N.Y. Sept. 4, 2017) ............................29

*Figueroa v. Boston Scientific Corp.*
No. 00 Civ. 7922, 2003 WL 21488012 (S.D.N.Y. June 27, 2003)........................................26

*Foster v. Berwind Corp.*,
No. 90 Civ. 0857, 1991 WL 83090 (E.D. Pa. May 14, 1991) ................................................26

*Grabin v. Marymount Manhattan College*,
12-cv-03591, Dkt. No. 96 (S.D.N.Y. 2014)....................................................................15, 16

*Grabin v. Marymount Manhattan College*,
659 Fed. Appx. 7 (2d Cir. 2016) ..........................................................................16, 19, 20

*Grinberg v. Law Office of Yuriy Prakhin, P.C., et al*,
No. 1:16-cv-03514-SJ-CLP (E.D.N.Y.)............................................................................25

*Holleman v. Art Crating Inc.*,
2014 U.S. Dist. LEXIS 139916 (E.D.N.Y. 2014)................................................................21

*Jennings v. AAON, Inc.*,
No. 14-cv-0347, 2015 WL 3465834 (N.D. Okla. June 1, 2015) ...........................................15

*Law Office of Yuriy Prakhin, P.C. v. Grinberg*,
No. 516842/2016 (Sup. Ct. Kings Cty.)...........................................................................25

*Luce v. United States*,
469 U.S. 38 (1984)......................................................................................................5

*Mango v. BuzzFeed, Inc.*,
316 F.Supp.3d 811 (S.D.N.Y. 2018)................................................................................28

*McNamee v. Clemens*,
No. 09..................................................................................................................30

*Okeke v. N.Y. & Presbyterian Hosp.*,
No. 16-cv-570 (CM), 2017 WL 2484200 (S.D.N.Y. June 6, 2017) ........................................20

*Palmieri v. Defaria*,
88 F.3d 136 (2d Cir. 1996).............................................................................................5

*Park West Radiology v. CareCore Nat'l LLC*,
675 F.Supp. 2d 314 (S.D.N.Y. 2009)...............................................................................26

*Patterson v. Balsamico*,
440 F.3d 104 (2d Cir. 2006)...................................................................................7, 8, 23

ii

*Peterson v. Pan Am Railways, Inc.*,
No. 12-CV-1857, 2015 WL 2451227 (N.D.N.Y. May 21, 2015)............................7

*Pierce v. City of New York*,
16 Civ. 5703 (BMC), 2017 WL 10188217 (E.D.N.Y. June 8, 2017)....................27

*Polina Gorodetskaya v. City of New York*,
Index No. 151331/2016 ..............................................................23

*Prakhin v. Fulton Towers Realty Corp.*,
990 N.Y.S.2d 439 (Sup. Ct. Kings Cty. 2014)........................................24

*Prakhin, et al v. JPMorgan Chase Bank, NA*,
No. 523354/2019 (Sup. Ct. Kings Cty.)...............................................25

*Puglisi v. Town of Hempstead Sanitary Dist. No. 2*,
11-CV-445, 2014 WL 12843521 (E.D.N.Y. Jan. 27, 2014) ..............................25

*Ragusa v. Malverne Union Free Sch. Dist.*,
582 F. Supp. 2d 326 (E.D.N.Y. 2008) ...............................................14

*Reynolds v. Am. Airlines, Inc.*,
14 CV 2429, 2017 WL 5613115 (E.D.N.Y. Nov. 21, 2017) .............................29

*Romano v. Howarth*,
998 F.2d 101 (2d Cir. 1993)........................................................12

*Spencer v. International Shoppes, Inc.*,
2011 WL 4383046 (E.D.N.Y. Sept. 20, 2011) .........................................9

*Thomas v. Medco*,
No. 95-CV-8401, 1998 WL 542321 (S.D.N.Y. Aug. 26, 1998)...........................29

*Tillery v. Lynn*,
607 F. Supp. 399 (S.D.N.Y. 1985) .................................................30

*Turner v. Delta Air Lines*,
No. 06–CV–1010, 2008 WL 222559 (E.D.N.Y. Jan. 25, 2008)............................9

*United States v. Malpeso*,
115 F.3d 155 (2d Cir. 1997)........................................................5

*United States v. Schultz*,
333 F. 3d 393 (2d Cir. 2003).......................................................5

*Vermont Mut. Ins. Co. v. Ciccone*,
Civil Action No. 3:09–cv–00445–VAB, 2015 WL 4094174 (D. Conn. July 7,
2015) ............................................................................28

*Walsh v. N.Y. City Hous. Auth.*,
 828 F.3d 70 (2d Cir. 2016) .......................................................................21

*Weiss v. Cty. of Suffolk*,
 416 F. Supp. 3d 208 (E.D.N.Y. 2018) ......................................................14

**Statutes**

ADA ...........................................................................................................10, 14

Defendants, Law .................................................................................................1

Fair Labor Standards Act .................................................................................25

FMLA ...............................................................................................................28

HIPAA ..............................................................................................................12

UCC ..................................................................................................................25

**Other Authorities**

F.R.C.P. Rules 26(e) and 37(c) .......................................................................18

Fed. R. Civ. P. 26(e)(1)(A) ...........................................................................6, 8

Fed. R. Civ. P. 37(c)(1) .................................................................................7, 8

Fed. R. Evid. 401 ......................................................................................*passim*

Fed. R. Evid. 401, 403, 404 and 405...............................................................27

Fed. R. Evid. 402 ...............................................................................................5

Fed. R. Evid. 403 ......................................................................................*passim*

Fed. R. Evid. 404 .......................................................................................22, 26

Fed. R. Evid. 404 (b)(1) .............................................................................22, 26

Fed. R. Evid. 405 .......................................................................................22, 26

Fed. R. Evid. 701(a), (c) .....................................................................15, 19, 20

Fed. R. Evid. 801(c) .........................................................................................10

Fed. R. Evid. 802 ..............................................................................................10

Federal Rule of Civil Procedure 42(b) ............................................................29

15056230.1 11/14/2022

Federal Rule of Evidence 701 ...........................................................................15, 19, 20

Federal Rule of Evidence 803(6) ...........................................................................11, 12

Federal Rules of Evidence Rules 701, 801, and 403 .....................................................16

FRCP Rule 26 .............................................................................................................9

FRCP Rule 26(e) .........................................................................................................6

FRCP Rule 37 .............................................................................................................9

FRCP Rule 37(c) .........................................................................................................7

NYCBA Formal Opinion No. 2003-02 ........................................................................27

NYSBA Ethics Opinion ...............................................................................................27

NYSBA Ethics Opinion No. 855 .................................................................................27

Rule 26 ...............................................................................................................7, 11

Rule 26(a)(1)(A) .........................................................................................................7

Rule 26(e) .............................................................................................................7, 8

Rule 37(c) ...........................................................................................................8, 18

Rule 403's .................................................................................................................28

Rule 404(b) ...............................................................................................................27

Rule 411 ...................................................................................................................28

Rule 702 .............................................................................................................15, 19, 20

Rule 902(11) .............................................................................................................11

## PRELIMINARY STATEMENT

Defendants, Law Office of Yuriy Prakhin, P.C. (the "Firm") and Yuriy Prakhin, Esq. ("Mr. Prakhin") (collectively, "Defendants"), by and through their attorneys, Bond Schoeneck & King PLLC, submit this Memorandum of Law in support of their motion *in limine* seeking an Order precluding Plaintiff Yelena Ruderman ("Plaintiff") from introducing certain evidence at trial in accordance with the Court's Pre-Trial Order filed on November 9, 2022. Defendants seek an Order:

- Precluding Plaintiff from introducing additional doctors at trial;

- Precluding Plaintiff from introducing her unauthenticated medical records;

- Precluding Plaintiff from giving medical testimony;

- Precluding Plaintiff from introducing certain lay witnesses;

- Precluding Plaintiff from introducing the declarations of Steven Korytny, Nicholas Serlin, and Peter Coates;

- Precluding Plaintiff from introducing documents produced on the eve of trial;

- Precluding Plaintiff from introducing a deposition transcript from 2017;

- Precluding Plaintiff from introducing payroll records from before 2018;

- Precluding Plaintiff from introducing evidence related to other lawsuits involving Defendants;

- Precluding Plaintiff from introducing evidence related to Defendants' professional ethics;

- Precluding Plaintiff from introducing evidence relating to Defendants' financial status;

- Precluding Plaintiff from suggesting a dollar amount for damages to the jury; and

- Bifurcating the punitive damages portion of the trial.

## BACKGROUND FACTS RELEVANT TO *IN LIMINE* MOTIONS

Several of Defendants' *in limine* motions relate to Plaintiff's repeated and persistent delay in timely providing Defendants with information necessary to prepare documents in anticipation of trial and for the trial itself. Defendants have attempted to cooperate and coordinate with Plaintiff's counsel in good faith. However, Plaintiff's dilatory conduct and delays are unduly burdensome and prejudicial to Defendants. The Parties originally filed their proposed Joint Pre-Trial Order on May 27, 2022. [See Doc. No. 112]. The Parties were then requested to filed a revised Joint Pre-Trial Order and their motions *in limine* by October 28, 2022. On October 26, 2022, Alex J. Hartzband produced the declaration of Peter Coates, dated May 19, 2022, purportedly as a supplemental exhibit to the Joint Pre-Trial Order. Mr. Hartzband stated that he "thought [he] had produced [the declaration] months ago" but that it must have "slipped through the cracks." [See **Exhibits A-B** to Campbell Dec.]. On October 28, 2022, the date that the Joint Pretrial Order and motions *in limine* were originally due, Mr. Hartzband revised the Joint Pre-Trial Order to include three additional witnesses, Dr. Falk, Dr. Shostak, and Peter Coates. [See **Exhibit C** to Campbell Dec.]. Mr. Hartzband also added an additional exhibit, a letter from Dr. Falk dated January 27, 2020. [*Id.*]. As a result of Plaintiff's counsel's addition of a new document and new witnesses to the Joint Pre-Trial Order on the date that it was due, Defendants' requested additional time to review and prepare any objections, in particular in preparing their motions *in limine*. [See **Exhibit D** to Campbell Dec.]. While Plaintiff's counsel consented to Defendants' request for an extension, Plaintiff's counsel opposed language informing the Court that the reason Defendants were requesting the extension was due to Plaintiff's last-minute addition of three new witnesses and an additional exhibit. The Court granted Defendants' request for an extension to file the Parties' proposed Joint Pre-Trial Order by November 2, 2022 and their motions *in limine* by November 4,

2022.

At 5:05 p.m. on November 1, 2022, the day before the revised submission date for the Joint Pre-Trial Order, Plaintiff's counsel informed Defendants for the first time, that they intended to include Steven Korytny, Nicholas Serlin, and Dr. Elchin Gajiev as witnesses. [See **Exhibit E** to Campbell Dec.]. Plaintiff's counsel also informed Defendants that they would be adding an additional exhibit. [*Id*.]. At 5:08 p.m. on November 1, 2022, Plaintiff's counsel informed Defendants for the first time that they intended to include an interpreter from TransPerfect to the witness list. [See **Exhibit F** to Campbell Dec.]. At 5:44 p.m. on November 1, 2022, Plaintiff's counsel informed Defendants for the first time that they intended to include Scott E. Beadle, MD, PhD; Cinthi Pillai, MD; Vaidehi Dedania, MD; Jeffery G. Odel, MD; Ali Naini, PhD; and Manihesh M. Mansukhani, MD on Plaintiff's witness list. [See **Exhibit G** to Campbell Dec.]. At 10:03 p.m. on November 1, 2022, Plaintiff's counsel requested a one-week extension to the current deadlines. [See **Exhibit H** to Campbell Dec.]. On the morning of November 1, 2022, Defendants had completed their motions *in limine* and were prepared to file. However, as a result of Plaintiff's addition of 10 new witnesses to the Joint Pre-Trial Order, Defendants had no choice but to consent to Plaintiff's request. The Court granted Plaintiff's request for the Parties to file their Joint Pre-Trial Order by November 9, 2022, and to file their motions *in limine* by November 14, 2022.

At 11:49 a.m. on November 8, 2022, the day before the Joint Pre-Trial Order was due to be filed, Plaintiff's counsel produced Amended Initial Disclosures. [See **Exhibits I-J** to Campbell Dec.]. Plaintiff's Initial Disclosures only listed Plaintiff, Defendant Prakhin, and Irene Raskin as individuals with discoverable information that she may use to support her claims or defenses. [See **Exhibit K** to Campbell Dec.]. Plaintiff's Amended Initial Disclosures now included Irene Gabo, Sandra Beron, Erica Larssen, Patricia Belous, Alexander Pusachev, Steven Korytny, Nicholas

3

Serlin, William Lawlor, Peter Coates, Tatyana Ruderman, Dr. Anna Shostak, Dr. Martin Falk, Dr. Elchine Gajiev, Dr. Mark L. Moster, Dr. Scott E. Brodie, Dr. Cinthi Pillai, Dr. Vaidehi Dedania, Dr. Jeffrey G. Odel, Dr. John Guy, Dr. Irina Belinsky, Svetlana Scoll, Karine Bogoraz, Jonathan Shalom, Dmitry Levitsky, Jack Grossman, John Manessis, Tommy Sgouras, Christina Guarneri, David J. Hernandez, Joanna J. Lambridis, Oleg Ioselevich, and Rachel Kaylie. [See **Exhibit J** to Campbell Dec.].

On 2:43 p.m. on November 8, 2022, Plaintiff's counsel provided her revised Joint Pre-Trial Order. [See **Exhibit L** to Campbell Dec.]. However, this version submitted by Plaintiff's counsel was not in track changes, which made it difficult for Defendants to determine what and how many changes Plaintiff's counsel had made to the Join Pre-Trial Order. Defendants' requested that Plaintiff provide the Joint Pre-Trial Order showing the changes made by Plaintiff. After Defendants' insistence that Plaintiff provide a version clearly indicating the changes made, at 4:11 p.m. on November 8, 2022, Plaintiff provided a document that outlined the changes between the prior Joint Pre-Trial Order and the version Plaintiff sent that day. [See **Exhibits M-N** to Campbell Dec.]. The revised Joint Pre-Trial Order showed that Plaintiff had added in 21 witnesses and 33 exhibits. [See **Exhibit N** to Campbell Dec.]. Given these new additions, Defendants were forced to request another extension to submit their motions *in limine*. While Plaintiff's counsel consented to the extension, Plaintiff once again refused to agree to language which explained the need for such a request based on Plaintiff's addition of numerous witnesses and exhibits as they did not want to "quibble before Senior District Court Judge." [See **Exhibit O** to Campbell Dec.]. Defendants filed a neutral letter requesting an extension, which request was denied by the Court.

At 5:18 p.m. on Saturday, November 12, 2022, while one of Defendants' attorneys had just been discharged from the hospital recovering from a hip replacement surgery and the other two

attorneys representing Defendants were out of state, Plaintiff produced 351 pages to supplement her production. [See **Exhibit P** to Campbell Dec.]. While Defendants obviously have not had time to review these documents in depth, many of these documents appear to be dated between June and August 2021, well over a year ago. Plaintiff offered no justification for delayed production of the documents, nor could they. Plaintiff's delayed production of documents and identification of witnesses well after the original Joint Pre-Trial Order submission is inexcusable and unduly prejudicial to Defendants. Accordingly, Defendants object to the late disclosures and production and seek to preclude any introduction of such documents or witnesses.

## LEGAL STANDARD REGARDING MOTIONS *IN LIMINE*

District courts have an inherent authority to rule on motions *in limine*. *See Luce v. United States*, 469 U.S. 38, 41 n. 4, (1984). "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). To be admissible at trial, proposed exhibits and testimony must be relevant. Fed. R. Evid. 401. Relevant evidence has the tendency to make the existence of any important fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Evidence is not considered relevant if it is not related to one of the elements of the claims or the defenses. *See United States v. Schultz*, 333 F. 3d 393, 415 (2d Cir. 2003). However, relevance alone does not guarantee admissibility of evidence at trial. Not all relevant evidence may be admitted at trial. A court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see Beyar v. N.Y. City Fire Del, it*., 2008 U.S. App. LEXIS 25706, *2-3 (2d Cir. Dec. 19, 2008) (district court

properly excluded several categories of evidence offered by the plaintiff in a discrimination case where the prejudice outweighed any probative value); *United States v. Malpeso*, 115 F.3d 155, 163 (2d Cir. 1997) ("even if the evidence were of some marginal relevance, it is far outweighed by the risk of prejudice").

## ARGUMENT

### POINT I

### FIRST MOTION IN LIMINE PRECLUDING PLAINTIFF FROM INTRODUCING ADDITIONAL DOCTORS AT TRIAL

On October 28, 2022, Plaintiff indicated for the first time in the Joint Pre-Trial Order that she intended to call Dr. Falk and Dr. Shostak as witnesses at trial. On November 8, 2022, Plaintiff served Amended Initial Disclosures, which added the two doctors included in the October 28, 2022 version of the Joint Pre-Trial Order, and an additional seven doctors which had not previously been included in the Initial Disclosures or prior versions of the Joint Pre-Trial Order. On November 8, 2022, at p.m., Plaintiff then added the additional seven doctors to the Joint Pre-Trial Order. One of the nine doctors belatedly added by Plaintiff is identified as having information relevant to the personal "mental health" treatment of Plaintiff while the remaining physicians are described as having information relevant to Plaintiff's medical condition and alleged disability. Given the untimely identification of these doctors as witnesses for trial, Plaintiff should be precluded from offering their testimony in this case. Further, to the extent that the doctors identified by Plaintiff did not personally treat Plaintiff, their testimony must be excluded. In addition, to the extent that the doctors identified by Plaintiff were not involved in her disability diagnosis, those doctors should be excluded as irrelevant and prejudicial. However, if any of the doctors added by Plaintiff to the Pre-Trial Order are permitted to testify at trial, Defendants should be given a reasonable opportunity to depose those witnesses.

## A.    <u>Untimely Disclosure of Witnesses</u>

Under FRCP Rule 26(e), a party must supplement its initial disclosures "in a timely manner" if it learns that its disclosures were incomplete or incorrect "in some material respect" if the additional or corrective information "has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "Many courts in this Circuit ... have held that the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)." *Lujan v. Cabana Mgmt.*, Inc., 284 F.R.D. 50, 72 (E.D.N.Y. 2012) (collecting cases). "Rather, to satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial." *Id.* at 73.

Under FRCP Rule 37(c), if a party violates Rule 26(e), it "is not allowed to use that information or witness" including at a trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The imposition of sanctions pursuant to Rule 37(c)(1) remains in the trial court's discretion and the dilatory party bears the burden of establishing "justification or harmlessness." *Peterson v. Pan Am Railways, Inc.*, No. 12-CV-1857, 2015 WL 2451227, at *2 (N.D.N.Y. May 21, 2015). In determining whether testimony should be excluded, the Court considers: (1) the dilatory party's explanation for the failure to adhere to the disclosure requirement; (2) the importance of the precluded witness' testimony; (3) prejudice to the movant resulting from the need to prepare to respond to the new testimony; and (4) whether a continuance is possible. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (internal quotation marks and citation omitted).

Plaintiff is attempting to add nine doctors to her witness list less than three months before trial date and over two years after the case has begun. These facts are similar to the *United States ex rel. Lee v. Northern Metropolitan Foundation for Healthcare, Inc.* opinion, which held that the

Defendants violated Rule 26(e) when they disclosed a dietician only two months before trial. 13-cv-04933(EK)(RER), 2021 WL 3634765 (E.D.N.Y. Aug. 16, 2021). There, as is the case here, the witness was known to the party well before the witness was disclosed and the party could have disclosed the witness at an earlier date with any exercise of due diligence. *United States ex rel. Lee*, 2021 WL 3634765, at *4-5. Plaintiff has failed to make any sort of unequivocal statement regarding her reliance on these particular doctors that would have put Defendants on notice. None of these doctors were included in her initial disclosures until November 8, 2022. Furthermore, in response to Defendants' interrogatory request to identify each medical provider from whom she received medical treatment from August 1, 2012 to present, Plaintiff only listed Dr. Falk, Dr. Shostak, and Dr. Gajiev. Consequently, Plaintiff has violated Rule 26(e) and now has the burden to prove a justification or harmlessness to overcome the burden articulated in Rule 37(c). Fed. R. Civ. P. 26(e)(1)(A); Fed. R. Civ. P. 37(c)(1).

Despite Plaintiff having the burden under Rule 37(c), she clearly cannot meet the "justification" prong of the rule and the "harmless error" prong would be difficult to meet so close to the trial date. Under the four-part *Patterson* test used in the Eastern District, Plaintiff will have a difficult time justifying a two-year delay in identifying physicians Plaintiff intends to use as witnesses in her case in chief at trial. Plaintiff's failure to do so is clearly prejudicial to the Defendants given the proximity to the trial date. *See Patterson v. Balsamico*, 440 F.3d at 117. While the doctors might provide relevant testimony, it makes no sense then why Plaintiff would not have put the doctors' testimony front and center in her case. The only explanation for the delay in producing these names would be to withhold important witnesses from Defendants to benefit Plaintiff's case. In other words, if the witnesses were to provide relevant testimony, that would be known early on in the case, unless if those witnesses' identities were previously unknown to the

party. And, presumably, a doctor that treated a patient would not appear out of thin air, they would be known to the Plaintiff and known to be an important witness in a case such as this one. Therefore, Plaintiff should not be permitted to wait until a few months before trial—in a disability case—to produce the identities of the doctors that will attempt to substantiate her disability. These additional witnesses must be excluded under Fed. R. Civ. P. 26(e)(1)(A) and Fed. R. Civ. P. 37(c)(1).

**B.    Deposition of Permissible Witnesses**

If Plaintiff is permitted to introduce testimony in her case in chief from physicians that were not properly identified as treating physicians in Plaintiff's Initial Disclosures, Defendants should be provided with the opportunity to depose all such additional witnesses. When late disclosure is overcome, and one party is able to add new witnesses to the case, Courts in this circuit typically permit the opposing party to depose those new witnesses. *See American Ass'n of Breeders of Holsteiner Horses, Inc. v. Pegasus, Inc.*, 1985 WL 3951 (S.D.N.Y.) (permitting movants to depose new witnesses after a FRCP Rule 37 motion was denied); see also *Benavidez v. Burger Brothers Restaurant Group, Inc.*, 2019 WL 1459044 (E.D.N.Y.) (Plaintiffs were given 60 days to depose new witnesses that were added when Defendant amended their FRCP Rule 26 disclosures). If Defendants are deemed to not be prejudiced by a late addition of physicians in a disability case, then Plaintiff cannot be prejudiced by a "late" deposition of these new doctors.

**C.    Improper Expert Testimony**

In the event that the newly added doctors are permitted to testify at trial, their testimony should be limited to their own treatment and experience with Plaintiff. To the extent that any of the doctors would be testifying regarding their "professional opinion" concerning Plaintiff's alleged ailments, that testimony must be excluded as Plaintiff did not engage in any expert

discovery. *See Turner v. Delta Air Lines*, No. 06–CV–1010, 2008 WL 222559, at *1 (E.D.N.Y. Jan. 25, 2008) ("[I]f the witness testifies only to the opinions formed in providing plaintiff medical care, such opinions are considered an explanation of treatment and the physician may properly be characterized as a fact witness."); *Spencer v. International Shoppes, Inc.*, 2011 WL 4383046 (E.D.N.Y. Sept. 20, 2011), at *2 ("…without properly declaring a treating physician as an expert witness, the physician's testimony is limited to certain parameters, including his/her care and treatment of the patient.").

**D.    Irrelevant and Prejudicial Testimony**

In the event that the newly added doctors are permitted to testify at trial, only those doctors involved in the diagnosis of Plaintiff's alleged disability should be permitted to testify. Plaintiff has included nine doctors to the Parties' Joint Pre-Trial Order. However, only one of these doctors, Dr. Odell, was involved with Plaintiff's alleged disability diagnosis. Testimony relating to Plaintiff's medical history unrelated to her disability diagnosis is wholly irrelevant, as well as prejudicial to Defendants. And must, therefore, be excluded.

**POINT II**

**SECOND MOTION *IN LIMINE* FOR AN ORDER PRECLUDING PLAINTIFF FROM INTRODUCING UNAUTHENTICATED MEDICAL RECORDS INTO EVIDENCE**

Plaintiff should also be precluded from introducing her alleged medical records at trial, identified as Exhibits 1-9 in the Joint Pre-Trial Order, on the grounds that such documents constitute hearsay and are not admissible. Plaintiff has not and cannot meet the requirements to introduce these records under the business records exception to the rule against hearsay. Moreover, the alleged medical records would confuse and mislead the jury, prejudice Defendants and is irrelevant. Accordingly, Plaintiff should be precluded from introducing the alleged medical documentation as evidence at trial.

15056230.1 11/14/2022

### A. **Plaintiff's Alleged Medical Records Constitute Hearsay**

The photocopied, uncertified documents that Plaintiff alleges are her medical records are hearsay. The Federal Rules of Evidence make clear that "[h]earsay is not admissible" unless an exception applies. Fed. R. Evid. 802. Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Plaintiff seeks to introduce these alleged medical records to prove that she has a disability within the meaning of the ADA, NYSHRL, and NYCHRL, attended medical appointments on the dates identified in the records, and received treatment as described in the records. As these statements were not made under oath and are offered as proof of the truth of the matter asserted, the alleged medical documents are hearsay and not admissible.

### B. **Plaintiff Cannot Satisfy the Business Records Exception**

None of the hearsay exceptions are applicable to the alleged medical records Plaintiff seeks to introduce at trial. "Medical records can be admissible under Federal Rule of Evidence 803(6), provided they are prepared in the regular course of business, near the time of occurrence, by a person with knowledge and are properly authenticated." *DuchnowskI v. Cnty. of Nassau*, 416 F. Supp. 3d 179, 182 (E.D.N.Y. 2018). Under the business records exception to the rule against hearsay, a "record of an act, event, condition, opinion, or diagnosis [is admissible] if:  (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a

statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6). Critically, Plaintiff has not produced any certification for any of the alleged medical documentation that she seeks to use as evidence at trial. For reasons discussed under Point II, any physicians listed as witnesses in the Joint Pre-Trial Order must be excluded.[1] Furthermore, many of the medical records cannot be authenticated by any of the listed physicians. Even if any of the listed physicians do testify at trial, none of the physicians listed could establish for a majority of the records that the records are what they appear to be or that they conform to the requirements of the business records exception. As such, Plaintiff will not be able to lay a sufficient foundation Without such certifications or witnesses, Plaintiff simply cannot satisfy the conditions of the business records exception. Plaintiff, a personal injury attorney, and Plaintiff's esteemed counsel are well-aware of the requirements to present medical evidence and yet, they have seemingly purposefully failed to take reasonable action to present admissible medical evidence. Accordingly, Plaintiff's alleged medical documentation is hearsay and cannot be admitted into evidence at trial.

Moreover, the photocopied, unauthenticated documentation that Plaintiff asserts she obtained from her healthcare providers is not admissible under the business records exception because the documentation lacks trustworthiness. "The principal precondition to admission of documents as business records pursuant to Fed. R. Evid. 803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable." *Romano v. Howarth*, 998 F.2d 101, 108 (2d Cir. 1993) (internal quotations omitted); *see also, Bermudez v. City of New York*, No. 15 CV 3240, 2019 WL 136633, at *11 (E.D.N.Y. Jan. 8, 2019) (explaining that a business document "is

---

[1] Plaintiff did not list any physicians as witnesses in her Rule 26 disclosures or in the Joint Pre-Trial Order until November 8, 2022, the day before the due date for the Joint Pre-Trial Order.

15056230.1 11/14/2022

inadmissible hearsay unless it is authenticated through a proper custodian and a proper evidentiary basis for admission is established."). Despite requests for documents and communications relating to Plaintiff's correspondence with healthcare providers and Plaintiff's medical records, Plaintiff failed to produce a single document or communication showing how or when she obtained the alleged medical documentation. Plaintiff also testified under oath that she did not have any documents showing how she requested her records and did not know if she completed a HIPAA authorization to obtain any of her records. (Pl's Tr. at 24:15-22). Moreover, despite Plaintiff's certification that she "had received and produced all medical records" relating to her alleged disability as of February 11, 2020, Defendants obtained official medical records from Plaintiff's healthcare providers using properly executed HIPAA authorizations, which contained significantly more documentation than what Plaintiff produced and did not match the documentation Plaintiff allegedly obtained from the same providers. The documentation itself also demonstrates a lack of reliability as the letter allegedly received from Dr. Brodie is unsigned and appears to be incomplete as the final sentence ends with a colon. [See Plaintiff's Exhibit 1 of Joint Pre-Trial Order]. Simply put, the documents produced by Plaintiff are not part of her official medical records and it is unclear how Plaintiff came to possess them. As such, Plaintiff's documentation lacks trustworthiness, constitutes inadmissible hearsay, and should be excluded from evidence at trial.

C.  **The Alleged Medical Records Should be Excluded under Rule 403**

Even if Plaintiff were to obtain a certification to meet the requirements of the business records exception, Plaintiff's alleged medical documentation must be precluded from evidence. The Federal Rules of Evidence provides that a court may exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence." Fed. R. Evid. 403. Even if medical records are admissible under the business records exception, the records may be excluded from evidence under Rule 403 if they would be confusing or misleading to lay jurors. Fed. R. Evid. 403; *see, e.g.*, *DuchnowskI v. Cnty. of Nassau*, 416 F. Supp. 3d 179, 183 (E.D.N.Y. 2018) (precluding plaintiff from introducing medical records that "require specialized knowledge or skill to understand" even if plaintiff satisfied the certification requirement). The documentation that Plaintiff seeks to introduce as evidence at trial would be confusing and misleading to jurors and prejudicial to Defendants.

The documents contain technical, specialized medical terminology. Plaintiff cannot have an expert explain these documents as Plaintiff did not engage in any expert discovery and has not identified any expert witnesses. Without an expert to interpret the contents of the documentation, lay jurors will be confused and misled by these documents if they are admitted into evidence. Moreover, introducing these documents without an expert to interpret the contents would invite the jury to play the role of armchair-physician and speculate about the meaning of the contents of the records. Defendants would be prejudiced by lay jurors speculating, and possibly misinterpreting or making incorrect inferences from the complex medical terminology in these documents. Accordingly, even if certified, Plaintiff should be precluded from introducing the alleged medical documents into evidence as they would confuse and mislead the jury, which would be prejudicial to Defendants.

### D. <u>The Alleged Medical Records Are Irrelevant</u>

Assuming, *arguendo*, that Plaintiff's alleged medical documentation is admissible, Plaintiff should still be precluded from introducing such documentation into evidence because it is irrelevant. To establish a disability under the ADA, NYSHRL, and NYCHRL, "a plaintiff must provide specific information detailing the nature and length of the limitation, *together with*

*supporting medical evidence* regarding the duration and severity of the impairment's impact on the major life activity at issue." *Ragusa v. Malverne Union Free Sch. Dist.*, 582 F. Supp. 2d 326, 342 (E.D.N.Y. 2008), *adhered to on reconsideration*, 652 F. Supp. 2d 275 (E.D.N.Y. 2009), *aff'd in relevant part*, 381 Fed. Appx. 85 (2d Cir. 2010) (collecting cases) (emphasis added). The evidence must indicate how the impairment impacts the plaintiff's major life activities. *See Weiss v. Cty. of Suffolk*, 416 F. Supp. 3d 208, 215 (E.D.N.Y. 2018) (holding plaintiff failed to establish a disability within the meaning of the ADA because the proffered medical note did not provide "information concerning the frequency of any alleged panic attack by Plaintiff;" made "no reference to the duration of any panic attacks;" and provided no "information concerning how the diagnosed condition impacts Plaintiff's ability to think, concentrate, communicate, or work"). Plaintiff's alleged medical records do not provide any details as to Plaintiff's ability to perform any major life activities, such as seeing, walking, reading, or working. As these documents do not assist Plaintiff in meeting her burden of establishing a disability, these documents should be excluded from evidence as irrelevant.

## POINT III

## THIRD MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM GIVING MEDICAL TESTIMONY

In the Joint Pre-Trial Order, Plaintiff indicated that she intends to testify regarding her alleged disability and her alleged damages. Plaintiff should be precluded from testifying about any of her physical or mental health conditions, any diagnoses, any symptoms that arose from any diagnosed condition, or the cause of any symptoms. Under Federal Rule of Evidence 701, a lay witness can testify only about opinions that are "rationally based on the witness's perception," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(a), (c). The testimony of plaintiffs, without medical training, regarding their

medical conditions, diagnoses, and symptoms is inadmissible. *See, e.g.*, *Grabin v. Marymount Manhattan College,* 12-cv-03591, Dkt. No. 96 (S.D.N.Y. 2014); *Jennings v. AAON, Inc.*, No. 14-cv-0347, 2015 WL 3465834, at \*6 (N.D. Okla. June 1, 2015) ("Plaintiff's lay opinion that she has a mold allergy is inadmissible and it is not an acceptable substitute for medical evidence or the testimony of a medical expert."). In *Grabin v. Marymount Manhattan College,* the District Court held that the plaintiff was not competent to diagnose herself as having thalassemia, "to provide a primer to the jury on what thalassemia is, how it manifests itself, and how it can relate to or cause other medical conditions." 12-cv-03591, Dkt. No. 96, 7-11 (S.D.N.Y. 2014). Similarly, in *Felkins v. City of Lakewood*, the United States Court of Appeals for the Tenth Circuit held:

> [Plaintiff]'s declarations are admissible insofar as they describe her injuries and symptoms, such as pain and difficulties walking, standing, and lifting. They are inadmissible, however, insofar as they diagnose her condition as avascular necrosis or state how that condition causes limitations on major life activities, for those are clearly matters beyond the realm of common experience and require the special skill and knowledge of an expert witness.

774 F.3d 647, 652 (10th Cir. 2014), (internal quotations omitted).

Plaintiff seeks to testify about her alleged disability and alleged damages, including "mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress." (ECF Nos. 1, 112). Plaintiff lacks the competence to testify about any of her diagnoses or symptoms because she has no medical degree or training. Any such testimony by Plaintiff would confuse and mislead the jury as to Plaintiff's competence and would prejudice Defendants if Plaintiff incorrectly or inaccurately testified about any alleged medical conditions. *See Grabin,* 12-cv-03591, Dkt. No. 96, 7-11 (holding that plaintiff's medical testimony would "only serve to confuse the jury by suggesting a competence that [plaintiff] does not have" and was disallowed under Rule 403). Moreover, to the extent that Plaintiff seeks to testify about information that her doctors informed her of, including any diagnoses, such testimony is

16

inadmissible hearsay not subject to any exception. *Grabin v. Marymount Manhattan College*, 659 Fed. Appx. 7, 10 (2d Cir. 2016). Accordingly, Plaintiff should be precluded from testifying about her physical or mental health conditions, any diagnoses, any symptoms that arose from any diagnosed condition, or the cause of any symptoms under Rules 701, 801, and 403 of the Federal Rules of Evidence.

## POINT IV

### FOURTH MOTION IN LIMINE PRECLUDING PLAINTIFF FROM INTRODUCING CERTAIN LAY WITNESSES

On October 28, 2022, Plaintiff, for the first time, indicated her intent to offer testimony from Peter Coates. On November 1, 2022, Plaintiff, for the first time, indicated her intent to offer testimony from Steven Korytny and Nicholas Serlin. On November 8, 2022, Plaintiff, for the first time, signaled her intent to offer testimony from a number of lay witnesses related to various aspects of her case. These lay witnesses are:

- Tatyana Ruderman;

- William Lawlor;

- Sandra Beron;

- Svetlana Scoll;

- Karine Bogoraz;

- Jonathan Shalom;

- Dmitry Levitsky;

- Jack Grossman;

- John Manessis;

- Tommy Sgouras; and

- Christina Guaneri.

17

Defendants are not even aware who many of these individuals are, nor does Plaintiff identify who they are. Given the untimely disclosures of these individuals, they should be precluded from testifying at trial. However, in the event that any of the newly added individuals are permitted to testify, Defendants should be given a reasonable opportunity to depose them.

### A. <u>**Untimely Disclosure of Witnesses**</u>

As previously discussed in Point I, Plaintiff amended her Initial Disclosures on November 8, 2022 to include thirteen additional lay witnesses. Such additions are clearly untimely and thus Plaintiff should be precluded from introducing these witnesses at trial under FRCP 37(c). The newly added witnesses to Plaintiff's Initial Disclosures are intended to testify as to Plaintiff's efforts to obtain employment after termination, Plaintiff's ability to perform her job, and the quality of Plaintiff's work. While testimony related to mitigation efforts are subject to supplementation, information related to Plaintiff's job performance and work quality was available at the inception of the case. Plaintiff's delay in producing the names of such witnesses who allegedly worked with Plaintiff is inexcusable. Plaintiff was terminated on December 14, 2018. The pool of Plaintiff's co-workers was closed as of that date. Therefore, as of December 14, 2018, there was a finite number of individuals who could testify about Plaintiff's employment history. Plaintiff was well aware of all such individuals at that time. It is impossible to posit a justifiable reason as to why individuals that were to testify on this static issue were made available so close to the due date of substantial pre-trial motions. Further, irrespective of the purpose of the testimony, identifying these witnesses at such a late juncture, which does not give Defendants sufficient time to depose them, is extremely prejudicial to Defendants. Consequently, these lay-witnesses' testimony should be excluded pursuant to F.R.C.P. Rules 26(e) and 37(c).

15056230.1 11/14/2022

**B. Deposition of Permissible Witnesses**

As fully demonstrated in Point I, in the event that any of the above-listed individuals are allowed to testify at trial, Defendants respectfully request the right to depose these witnesses.

**C. Improper Testimony**

To the extent that the witnesses identified by Plaintiff lack personal knowledge regarding Plaintiff's job performance, their opinions of Plaintiff's performance as co-workers are irrelevant. This is both a familiarity issue and timing issue, as a witness should not be able to testify if (1) they did not work directly with or supervise Plaintiff; or (2) they began working with the Firm after the relevant events asserted in Plaintiff's Complaint. To allow the unsupported conclusions and opinions of such witnesses would be unfair and prejudicial to Defendants. Accordingly, their testimony should be excluded from evidence at trial.

Moreover, to the extent that the proposed testimony contains inadmissible lay opinion testimony, it should be excluded. Under Federal Rule of Evidence 701, a lay witness can testify only about opinions that are "rationally based on the witness' perception," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(a), (c). These lay witnesses do not have the medical training or experience to testify regarding Plaintiff's diagnoses or medical conditions. See, e.g., *Grabin*, 659 Fed.Appx. at *9-*10. Thus, if the Court deems the witnesses to be fit to testify on Plaintiff's job performance and her work quality, they are not qualified to testify about Plaintiff's medical diagnoses or make any connection between the diagnoses and her termination.

## POINT V

### FIFTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM INTRODUCING THE DECLARATIONS OF SERLIN, KORYTNY, AND COATES

On November 8, 2022, Plaintiff amended her Initial Disclosures and amended the Joint Pre-Trial Order to indicate for the first time her intent to include Nicholas Serlin, Steven Korytny, and Peter Coates as witnesses. For reasons explained in Point IV, these witnesses must be excluded.

Plaintiff has also signaled her intent to submit declarations from Nicholas Serlin, Steven Korytny, and Peter Coates into evidence at trial. [Plaintiff's Exhibits 27-29 of Joint Pre-Trial Order]. Mr. Serlin, Mr. Korytny, and Mr. Coates are all former employees of the Defendant Firm. The declarations by thee former employees must be precluded as they constitute hearsay that "cannot be cross-examined." *Okeke v. N.Y. & Presbyterian Hosp.*, No. 16-cv-570 (CM), 2017 WL 2484200, at *3 (S.D.N.Y. June 6, 2017) ("No one will testify by affidavit at the upcoming trial, because affidavits cannot be cross-examined"). As such, the declarations of Mr. Serlin, Mr. Korytny, and Mr. Coates must be precluded.

### A.    Declarations of Mr. Serlin and Mr. Korytny

In the event that Mr. Serlin and Mr. Korytny are not precluded from testifying at trial, their declarations must still be excluded as they contain inadmissible lay opinion testimony. First, these declarations contain statements about Plaintiff's alleged disability, diagnoses, and symptoms. For example, Mr. Serlin states that Plaintiff "lost much of her vision and was diagnosed with Leber's hereditary optic neuropathy (LHON)." [Plaintiff's Exhibit 27 at ¶ 2]. Mr. Korytny also states that Plaintiff "lost much of her vision and was diagnosed with Leber's hereditary optics neuropathy (LHON)". [Plaintiff's Exhibit 28 at ¶ 2]. As explained previously, under Federal Rule of Evidence 701, a lay witness can testify only about opinions that are "rationally based on the witness's

perception," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(a), (c). Mr. Korytny and Mr. Serlin do not have the medical training or experience to testify regarding Plaintiff's diagnoses or medical conditions. *See, e.g., Grabin*, 659 Fed.Appx. at *9-*10.

Furthermore, the declarations offer inadmissible character evidence about Plaintiff and Defendants. This character evidence is irrelevant and cannot support Plaintiff's claims. Furthermore, both declarants state that their belief was that Plaintiff was terminated because of her disability. [Plaintiff's Exhibit 27 at ¶ 14; Plaintiff's Exhibit 28 at ¶ 15]. The declarants' beliefs cannot satisfy the Plaintiff's burden of proof. *Walsh v. N.Y. City Hous. Auth.*, 828 F.3d 70, 90 n.18 (2d Cir. 2016); *Holleman v. Art Crating Inc.*, 2014 U.S. Dist. LEXIS 139916, *85-87 (E.D.N.Y. 2014) ("unsupported "statements of [] feelings, beliefs and opinions are insufficient to sustain [a] claim of discrimination"); *Burrell v. Bentsen*, 1993 U.S. Dist. LEXIS 18005, *35 (S.D.N.Y. 1993) ("plaintiff cannot satisfy his burden of proof by offers of speculative beliefs and gut feelings"), *aff'd*, 50 F.3d 3 (2d Cir. 1995). Allowing this inadmissible character evidence about Plaintiff and Defendants would cause undue prejudice to Defendants.

Lastly, the declarants lack personal knowledge regarding Plaintiff's job performance and their opinions of Plaintiff's performance as co-workers is irrelevant. Neither Mr. Serlin nor Mr. Korytny were Plaintiff's supervisors or involved with Plaintiff's work. Neither had knowledge regarding Plaintiff's cases nor Plaintiff's responsiveness to her clients. Neither reviewed Plaintiff's emails nor court filings. Neither attended court conferences nor depositions with Plaintiff. In addition, Mr. Korytny left employment with the Firm in September 2018, before the relevant events asserted in Plaintiff's Complaint. To allow their unsupported conclusions and opinions, without exposure to cross examination, would be unfair and prejudicial to Defendants.

Accordingly, the declarations should be excluded from evidence at trial.

**B.** **Declaration of Peter Coates**

On October 26, 2022, Plaintiff produced, for the first time, the declaration of Peter Coates and expressed her intention to include the declaration in her trial exhibits. This declaration was executed on May 19, 2022 and not provided to Defendants until October 26, 2022. It is unclear why Plaintiff, who presumably was in possession of this document since its execution in May 2022, waited over five months to produce to Defendants and then produced the document to Defendants just two days prior to the original deadline for the Joint Pre-Trial Order and Pre-Trial Motions. Not only was this declaration produced well outside the close of discovery, it was even executed outside the close of discovery. Providing this declaration at such a late juncture, which does not give Defendants time to depose the declarant, is extremely prejudicial to Defendants.

In addition, Mr. Coates' declaration includes statements relating to his own complaints of discrimination and retaliation unrelated to Plaintiff's lawsuit. [Plaintiff's Exhibit 29 at ¶ ¶ 54-74]. To the extent Plaintiff is intending to use these statements as character evidence, these statements are inadmissible under Fed. R. Evid. 405. Additionally, this evidence is not admissible under Fed. R. Evid. 404 which clearly states: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404 (b)(1). Furthermore, these statements would confuse and mislead the jury, as well as prejudice the Defendants. Accordingly, the declaration of Mr. Coates must be precluded.

15056230.1 11/14/2022

## POINT VI

## SIXTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM INTRODUCING DOCUMENTS PRODUCED ON THE EVE OF TRIAL

As discussed previously, Plaintiff has continuously provided late disclosures to Defendants. This includes the late production of documents without excuse. As described above, the declaration of Peter Coates was not provided to Defendants until October 26, 2022. This late disclosure, in addition to other reasons outlined above, requires its exclusion. Furthermore, in the Parties' Joint Pre-Trial Order, Plaintiff included a footnote that "Plaintiff is conducting a supplemental search and will produce additional mitigation-related documents, including invoices, should any exist, and will add them to the JPTO thereafter." [See Plaintiff's Exhibit 30 of Joint Pre-Trial Order]. On November 12, 2022, Plaintiff produced 351 pages to Defendants. [Plaintiff001957-Plaintiff001665]. Again, Plaintiff provides no explanation for this late disclosure. Many, if not most, of these documents are dated from 2021. There is no reason that Plaintiff did not provide these documents at an earlier date except to cause harm to Defendants. This supplemental search and production could, and should, have been conducted many months ago. These documents, and any additional documents that Plaintiff submits, must be excluded. The four-factor test outlined in *Patterson* requires exclusion of this evidence based on untimely disclosure. 440 F.3d at 117. There is no explanation as to why Plaintiff did not produce documents from 2020 and 2021 until well after the close of discovery and even after the Parties' submission of their Joint Pre-Trial Order. Furthermore, the prejudice to Defendants resulting from the need to prepare to respond to over 350 pages of new documents is extremely high.

15056230.1 11/14/2022

## POINT VII

### SEVENTH MOTION IN *LIMINE* PRECLUDING PLAINTIFF
### FROM INTRODUCING DEPOSITION TRANSCRIPT FROM 2017

In the Joint Pre-Trial Order, Plaintiff has indicated that she plans to introduce deposition transcript cover pages of a deposition transcript from 2017. [Plaintiff's Exhibit 143 of Joint Pre-Trial Order]. The deposition transcript is from the case *Polina Gorodetskaya v. City of New York*, Index No. 151331/2016, Supreme Court of the State of New York County of Richmond. The deposition of plaintiff was taken by Zachary W. Carter, Esq., Attorney for the Defendant. The plaintiff was represented by Edward Lehmann, Esq., an attorney at Defendant Firm. It is entirely unclear for what purpose Plaintiff has included this in her proposed exhibits. The deposition transcript is completely irrelevant to Plaintiff's claims at issue and thus should be excluded pursuant to Fed. R. Evid. 401.

## POINT VIII

### EIGHTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF
### FROM INTRODUCING PAYROLL RECORDS FROM BEFORE 2018

In the Joint Pre-Trial Order, Plaintiff indicated that she plans to introduce her payroll records into evidence. [Plaintiff's Exhibit 152 of Joint Pre-Trial Order]. First, the description Plaintiff provides in the Joint Pre-Trial Order does not accurately reflect the contents of the Exhibit. Plaintiff's Proposed Exhibit 1152 is not just Plaintiff's payroll records, but also contains payroll records for: Irene H. Gabo and Sandra Beron. Second, Plaintiff includes her payroll records from October 2012-March 2017 and June 2018-December 2018. The payroll records of other employees and Plaintiff's payroll records from before she was rehired in 2018 are completely irrelevant and should be excluded under Fed. R. Evid. 401.

24

**POINT IX**

**NINTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF
FROM INTRODUCING DOCUMENTS
<u>RELATED TO OTHER LAWSUITS INVOLVING DEFENDANTS</u>**

In the Joint Pre-Trial Order, Plaintiff indicated that she plans to introduce the following exhibits:

- Plaintiff's Exhibit 161 – *Prakhin v. Fulton Towers Realty Corp.*, 990 N.Y.S.2d 439 (Sup. Ct. Kings Cty. 2014);

  - Case involving a claim for breach of a commercial lease.

- Plaintiff's Exhibit 162 – *Bianco v. Law Offices of Yuriy Prakhin, et al*, No. 514493/2016 (Sup. Ct. Kings Cty.) Summons and Complaint.

  - Case involving malpractice.

- Plaintiff's Exhibit 163 – *Bianco v. Law Offices of Yuriy Prakhin, et al*, No. 514493/205 (Sup. Ct. Kings Cty.) Deposition transcript.

  - Case involving malpractice.

- Plaintiff's Exhibit 164 – *Grinberg v. Law Office of Yuriy Prakhin, P.C., et al*, No. 1:16-cv-03514-SJ-CLP (E.D.N.Y.) Complaint.

  - Case involving the Fair Labor Standards Act.

- Plaintiff's Exhibit 165 – *Law Office of Yuriy Prakhin, P.C. v. Grinberg*, No. 516842/2016 (Sup. Ct. Kings Cty.) Summons and Complaint.

  - Case involving claims for fraud, conversion, unjust enrichment, and theft of services.

- Plaintiff's Exhibit 166 – *Prakhin, et al v. JPMorgan Chase Bank, NA*, No. 523354/2019 (Sup. Ct. Kings Cty.) Summons and Complaint.

15056230.1 11/14/2022

- Case involving claims for breach of contract, negligence, violation of UCC, breach of fiduciary duty, and breach of good faith and fair dealing.

"[C]ourts generally exclude evidence of other related lawsuits." *Board of Trustees of AFTRA Retirement Fund v. JPMorgan Chase Bank*, 860 F.Supp.2d 251, 254 (S.D.N.Y. 2012); *see also Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, 11-CV-445, 2014 WL 12843521, at *2 (E.D.N.Y. Jan. 27, 2014) ("Courts generally exclude evidence of other lawsuits, even if the other lawsuits are related to the case before the court.").

Introduction of evidence of these lawsuits is inadmissible for several reasons. First, it is irrelevant to Plaintiff's claims of discrimination and retaliation and should be excluded pursuant to Fed. R. Evid. 401. Second, any possible probative value of these lawsuits as evidence is outweighed by the prejudicial effect it would have on Defendants. Fed. R. Evid. 403. This is particularly true, where, as here, the lawsuits are completely unrelated to Plaintiff's claim in this lawsuit. *See, Bermudez,* 2019 WL 136633, at *7 ("unrelated prior lawsuits are unlikely to yield evidence sufficiently probative to overcome the risk of unfair prejudice to defendants or confusing the issues for the jury."). Furthermore, introduction of this evidence will necessitate introduction of evidence as to the charges, the facts, and the current status of the case which only stands to confuse the jury. Fed. R. Evid. 403; *see, Crawford v. ExlService.com*, *LLC,* 16 Civ. 9137, 2019 WL 6284228, at *1 (S.D.N.Y. Nov. 25, 2019) ("evidence regarding [witness'] lawsuit against Defendants is inadmissible…the probative value of evidence showing that she, too, has filed a lawsuit is substantially outweighed by the danger of confusing the issues and unfairly prejudicing Defendants."); *Park West Radiology v. CareCore Nat'l LLC*, 675 F.Supp. 2d 314, 330 (S.D.N.Y. 2009) (excluding the pleadings from other litigation as inadmissible hearsay and finding that "any probative value of references to the [other litigation] is substantially outweighed by the risk of

unfair prejudice, confusion of the issues, misleading the jury, and waste of time under FRE 403.");

*Figueroa v. Boston Scientific Corp.* No. 00 Civ. 7922, 2003 WL 21488012, at *4 (S.D.N.Y. June 27, 2003) ("The probative value of the fact that approximately 720 plaintiffs have brought suit is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time."); *Foster v. Berwind Corp.*, No. 90 Civ. 0857, 1991 WL 83090, at *1 (E.D. Pa. May 14, 1991) (excluding evidence of other lawsuit because "the complaints in these other actions are just that: allegations" and "are dispositive of nothing and would confuse the complex issues already present."). Lastly, to the extent Plaintiff seeks to introduce these lawsuits as character evidence of Defendant Prakhin, character traits are not an element of the claims in this case and so this character evidence is inadmissible under Fed. R. Evid. 405. Additionally, this evidence is not admissible under Fed. R. Evid. 404 which clearly states: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404 (b)(1). Being named in a civil lawsuit is not evidence of a wrong, and even if it was, it cannot be used as character evidence. Therefore, evidence and documents from other lawsuits is not admissible under Fed. R. Evid. 401, 403, 404 and 405 and should be excluded from trial.

## POINT X

**TENTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF
FROM INTRODUCING EVIDENCE RELATED TO
DEFENDANTS' PROFESSIONAL ETHICS**

Plaintiff indicates that she intends to introduce NYSBA Ethics Opinion No. 855 and NYCBA Formal Opinion No. 2003-02 into evidence. [Plaintiff's Exhibit 168-169 of Joint Pre-Trial Order]. First, the ethics opinions are totally irrelevant and should be excluded under Rule 401. The NYSBA Ethics Opinion relates to the issue of a lawyer referring clients to a spouse's litigation financing company. The NYCBA Formal Opinion relates to undisclosed taping of

conversations by lawyers. Neither of these opinions have anything to do with Plaintiff's lawsuit relating to alleged employment discrimination based on disability.

Furthermore, under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404 (b). To the extent that Plaintiff intends to introduce these exhibits as evidence of Defendants' character, this evidence is excluded under Rule 404(b). As this Court has held:

> Plaintiff is precluded from inquiring about any disciplinary histories or other civil rights actions filed against the defendant or witness officers. These lines of questioning are inadmissible pursuant to Federal Rule of Evidence 404(b) as the information does not fall into one of the delineated exceptions and moreover is more prejudicial than probative under Rule 403. *See Berkovich v. Hicks*, 922 F.2d 1018, 1022-23 (2d Cir. 1991).

*Pierce v. City of New York*, 16 Civ. 5703 (BMC), 2017 WL 10188217, at *2 (E.D.N.Y. June 8, 2017); *See also Bermudez,* 2019 WL 136633, at *7 ("defendants' disciplinary histories constitute prior act evidence under Rule 404(b) and are inadmissible unless offered for some other relevant purpose besides proving conformity with a character trait and after satisfying Rule 403's balancing test."). Plaintiff has not described any relevant purpose she seeks to prove through the introduction of this information.

## POINT XI

### ELEVENTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM INTRODUCING EVIDENCE RELATING TO DEFENDANTS' FINANCIAL STATUS

Evidence relating to Defendants' financial status is entirely irrelevant to this proceeding. The crux of this case is whether Plaintiff was discriminated against because of any alleged or perceived disability. As such, evidence of Defendants' financial status has no bearing on the outcome of this litigation and is therefore not admissible. *See e.g.*, *Becknell v. Univ. of Ky.*, Case

28

No. 5:17-cv- 490-JMH-MAS, 2019 WL 1783488 (E.D. Ky. April 23, 2019) ("At this juncture, the relevant question of fact before this Court is whether the University had a legitimate, non-discriminatory reason for terminating Becknell's employment or alternatively whether the proffered legitimate reason is pretext for [] retaliation. Whether the University's general fund contains one dollar, or one hundred million dollars, is of no moment in determining whether the University terminated Becknell based on her use of FMLA leave."). The same is true here. The relevant question of fact before this Court is whether Defendants discriminated against Plaintiff based on disability. Defendants' financial status is of no importance at this stage. *See also, Vermont Mut. Ins. Co. v. Ciccone*, Civil Action No. 3:09–cv–00445–VAB, 2015 WL 4094174, *2 (D. Conn. July 7, 2015) (granting motion *in limine* to exclude introduction of defendant's assets, on the ground that it was not relevant, would cause prejudice and mislead the jury, and was barred by Rule 411); *Mango v. BuzzFeed, Inc.*, 316 F.Supp.3d 811, 814 (S.D.N.Y. 2018) ("any potential relevance of BuzzFeed's financial data would be substantially outweighed by the delay and waste of time the presentation of such evidence would cause an the prejudice BuzzFeed would suffer as a result of disclosing private financial data.").

If Plaintiff is permitted to introduce evidence of Defendants' financial status, it would confuse and mislead the jury and prejudice Defendants. Accordingly, Defendants request an Order precluding Plaintiff from introducing evidence relating to Defendants' financial status.

## POINT XII

### TWELFTH MOTION *IN LIMINE* PRECLUDING PLAINTIFF FROM SUGGESTING A DOLLAR AMOUNT FOR DAMAGES TO THE JURY

Plaintiff should be precluded from suggesting a dollar amount for damages to the jury. "[S]pecifying target amounts for the jury to award is disfavored." *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 106 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996);

*see also, Thomas v. Medco*, No. 95-CV-8401, 1998 WL 542321, at *15 (S.D.N.Y. Aug. 26, 1998) ("The practice of requesting a specific dollar amount in damages is disfavored by the Second Circuit because it risks unfairly swaying the jury by anchoring the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence.") (internal citation and quotation marks omitted). In light of that guidance, the Court should "not permit plaintiff to submit to the jury a specific dollar amount regarding her non-economic damages, including pain and suffering, in either her opening statement or closing argument." *Reynolds v. Am. Airlines, Inc.*, 14 CV 2429 (CLP), 2017 WL 5613115, at *10 (E.D.N.Y. Nov. 21, 2017). Accordingly, Defendants are entitled to an Order precluding Plaintiff from suggesting a dollar amount for damages to the jury.

### POINT XIII

### THIRTEENTH MOTION *IN LIMINE* REQUESTING THE COURT TO BIFURCATE THE PUNITIVE DAMAGES PORTION OF THE TRIAL

Pursuant to Federal Rule of Civil Procedure 42(b), the court has the discretion to bifurcate the trial of an action "[f]or convenience or to avoid prejudice," or when separate trials will be conductive to expedition and economy. Fed. R. Civ. P. 42(b). "Bifurcation allows a court to separate portions of a trial, for example, the liability and damages phases, in order to promote the interests of 'convenience, negation of prejudice, and judicial efficiency.'" *Equal Employment Opportunity Comm. v. United Health Programs of Am., Inc.*, 14-CV-3673 (KAM) (JO), 2017 WL 10088567, at *14 (E.D.N.Y. Sept. 4, 2017) (quoting *Vichare v. AMBAC, Inc.*, 106 F.3d 457, 466 (2d Cir. 1996)). "To determine whether bifurcation is warranted, courts generally consider the following three factors: '1) whether significant resources would be saved by bifurcation, 2) whether bifurcation will increase juror comprehension, and 3) whether bifurcation will lead to repeat presentations of the same evidence and witnesses.'" *Computer Assocs. Int'l, Inc. v. Simple.Com, Inc.*, 247 F.R.D. 63, 67 (E.D.N.Y. 2007) (quoting *WeddingChannel.Com Inc. v. The*

*Knot, Inc.*, No. 03 Civ. 7369(RWS), 2004 WL 2984305, at *1 (S.D.N.Y. Dec. 23, 2004). Here, significant resources would be saved by bifurcation as it could save the Court time and money as litigation of the punitive damages issue may not be necessary.

Bifurcation is particularly appropriate where "litigation of the first issue might eliminate the need to litigate the second issue or where one party will be prejudiced by evidence presented against another party." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999) (internal citation omitted). "Several courts have found that 'pre-trial financial discovery and a bifurcated trial is the more efficient method of managing a trial involving a punitive damages claim.'" *McNamee v. Clemens*, No. 09 CV 1647 (SJ); 2013 WL 6572899 (E.D.N.Y. Sept. 18, 2013) (quoting *Hazeldine v. Beverage Media, Ltd.*, No. 94 CV 3466, 1997 WL 362229, at *3 (E.D.N.Y. Nov. 8, 1993)); *see also Tillery v. Lynn*, 607 F. Supp. 399, 403 (S.D.N.Y. 1985) (bifurcating trial as to punitive damages "in the interest of justice and to avoid any undue prejudice during the liability phase of th[e] action."). Litigation of Plaintiff's discrimination claim may eliminate the need to litigate the second issue – whether punitive damages should be awarded. Bifurcating the trial into liability and punitive damages portions is a more efficient method and would also avoid any undue prejudice to the Defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their omnibus motion *in limine* be granted in its entirety and provide such other and further relief as this Court deems just and appropriate. Defendants reverse their right to file supplemental motions in limine.

15056230.1 11/14/2022

Dated: New York, New York
November 14, 2022

**BOND SCHOENECK & KING, PLLC**

  /s/     MED
Mary Ellen Donnelly, Esq.
Louis P. DiLorenzo, Esq.
Mallory A. Campbell, Esq.
600 Third Avenue, 22nd Floor
New York, New York 10016
Telephone: (646) 253-2300
*Attorneys for Defendants*