UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

YELENA RUDERMAN,

                    Plaintiff,

    -against-

LAW OFFICE OF YURIY PRAKHIN, P.C.,
and YURIY PRAKHIN, in both his individual
and professional capacities,

                    Defendants.
-------------------------------------------------------x

NOT FOR PUBLICATION
**PRETRIAL ORDER**
19-cv-2987 (CBA) (RLM)

**AMON, United States District Judge:**

On December 19, 2022, Yelena Ruderman ("Plaintiff") and the Law Office of Yuriy Prakhin, P.C. and Yuriy Prakhin ("Defendants") appeared for a pretrial conference. At the proceeding, the Court orally ruled on the parties' motions in limine and other pretrial requests, as summarized below. The parties shall file a revised joint pretrial order by January 9, 2023.

    I.    **Plaintiff's Motions in Limine**

The Court made the following rulings:

- Nos. 1 (affidavits), 8 (certain confidential documents): Granted.

- Nos. 2 (third-party employment records), 7 (prelitigation letter): Moot; Defendants consented to withdrawing these exhibits.

- No. 3 (witnesses who are Defendants' clients): Granted in Part. Defendants shall identify three individuals who may be called as witnesses and whom Plaintiff may depose. Affidavits may not be admitted except as permitted under Federal Rule of Evidence 801(d).

- Nos. 4 (SAGA records), 6 (timesheet records): Deferred. Defendants shall file a letter regarding the production of the SAGA records and the reliability of the timesheet documents by December 23, 2022, and Plaintiff may reply by December 30, 2022.

- No. 5 (employee handbooks): Denied.

1

During the proceeding, Plaintiff raised two additional requests. First, Plaintiff sought to exclude Olga Kravitz, who is listed as a defense witness. (Docket Entry ("D.E.") # 121 (Joint Pretrial Order), at 12.) Kravitz was not the subject of any of Plaintiff's motions in limine and is only mentioned once in the parties' motion papers. (See D.E. # 141 (Pl. Opp'n) at 36.) Defendants may make a showing for the inclusion of Kravitz as a witness in the letter to be filed with the Court, and Plaintiff may reply. Second, Plaintiff raised an issue regarding the production of certain Defendants' tax records for 2020 and 2021. At the proceeding, Defendants agreed on the record to produce these documents, and Plaintiff may include these as exhibits.

## II. Defendants' Motions in Limine

The Court made the following rulings:

- No. 1 (doctor witnesses): Granted in Part. Plaintiff may call Dr. Shostak, Dr. Falk, and Dr. Odel to testify. Dr. Gajiev may testify with respect to certain prescriptions provided to Plaintiff. Plaintiff withdrew Dr. Guy; the remaining doctors are excluded. The parties may jointly stipulate to the dates on which Plaintiff attended a medical appointment. If the parties cannot agree to stipulate to Plaintiff's having received certain steroid treatment, then Plaintiff may call the relevant doctor to testify to the Plaintiff's receiving of that treatment.

- Nos. 2 (medical records), 3 (medical testimony): Denied. Defendants may renew these motions during trial if an appropriate foundation is not laid.

- No. 4 (lay witnesses): Granted in Part. Plaintiff may call William Lawlor, Sandra Beron, Nicholas Serlin, Steven Korytny, Peter Coates, Svetlana Scoll, and Dmitry Levitsky; Defendants may depose Peter Coates. Plaintiff withdrew John Manessis and Tommy Sgouras; the remaining witnesses identified in the motion are excluded, i.e., Tatyana Ruderman, Karine Bogoraz, Jonathan Shalom, Jack Grossman, and Christina Guaneri.

- No. 5 (affidavits): Granted. Affidavit of a testifying witness may not be admitted except as permitted under the Federal Rule of Evidence 801(d). Affidavit of a non-testifying witness is inadmissible. See, e.g., Gem Fin. Serv., Inc. v. City of New York, No. 13-cv-1686 (RPK) (RER), 2022 WL 409618, at *4 (E.D.N.Y. Feb. 10, 2022).

- No. 6 (late-produced documents): Denied. If additional documents are produced subsequent to this order, Defendants may renew the motion.

- Nos. 7 (deposition transcript), 9 (other lawsuits involving Defendants): Moot; Plaintiff consented to withdrawing these exhibits.

- No. 8 (payroll records): Moot; Defendants withdrew this motion during the proceeding.

- No. 10 (ethical opinions): Granted.

- Nos. 11 (Defendants' financial records), 13 (bifurcation): Denied. Defendants may assert the undue hardship defense.

- No. 12 (suggesting dollar amount for damages to the jury): Deferred.

### III. Sealing

The parties have filed several exhibits under seal in support of their motions. (See D.E. ## 140, 147, 151.) The Second Circuit has held that the public has a general right to access court documents, and "the presumption of public access . . . [applies to] filings submitted in connection with . . . motions in limine[.]" Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019). Accordingly, the Court made the following rulings:

- D.E. ## 140-1 to 140-7, 147-1 (medical records): Sealed.

- D.E. # 140-8 (payroll records): Unsealed.

- D.E. ## 140-9 to 140-13, 140-15, 140-19, 140-22, 147-2 to 147-6, 151-1 (correspondences): Deferred. The parties shall file a joint letter no later than December 30, 2022 articulating the basis for maintaining these documents under seal or shall propose narrower sealing requests.

- D.E. # 140-14 (SAGA records): Sealed.

- D.E. # 140-20 (prelitigation letter): Sealed.

- D.E. # 140-21 (EEOC Form): Unsealed.

Within one week after the Court rules on the deferred sealing requests, the parties shall re-file the unsealed exhibits on the public docket.

SO ORDERED.

Dated: December 22, 2022
      Brooklyn, New York

                                              Carol Bagley Amon
                                              United States District Judge