**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

YELENA RUDERMAN,                                    Civil Action No.: 19-cv-02987-CBA-LB

                    Plaintiff,

          v.

LAW OFFICE OF YURIY PRAKHIN, P.C., and
YURIY PRAKHIN, ESQ., in both his individual
and professional capacities,

                    Defendants.

## JOINT PRETRIAL ORDER

Plaintiff Yelena Ruderman ("Plaintiff") and Defendants Law Office of Yuriy Prakhin, P.C. (the "Firm") and Yuriy Prakhin, Esq. ("Prakhin") (together, "Defendants"), hereinafter referenced collectively as the "Parties" and each individually as a "Party," hereby submit the following joint pretrial order ("JPTO") in accordance with Section IV(A) of the Court's Individual Motion Practices and the Court's June 1, 2022 and September 14, 2022 Orders.

I.     **The full caption of the action.**

   *Yelena Ruderman v. Law Offices of Yuriy Prakhin, P.C. and Yuriy Prakhin, in both his individual and professional capacities*, No. 1:19-cv-02987(RJD)(RLM) (E.D.N.Y. 2019).

II.    **The names, addresses (including firm names), and telephone and fax numbers of trial counsel.**

   Plaintiff is represented by:

      Innessa M. Huot
      Alex J. Hartzband
      Camilo M. Burr
      FARUQI & FARUQI, LLP
      685 Third Avenue, 26th Floor
      New York, New York 10017
      Tel: 212-983-9330
      Fax: 212-983-9331
      ihuot@faruqilaw.com
      ahartzband@faruqilaw.com
      cburr@faruqilaw.com

      Joshua Beldner
      Tilton Beldner LLP
      626 RXR Plaza
      Uniondale, NY 11556
      jbeldner@tiltonbelnder.com

   Defendants are represented by:

      Mary Ellen Donnelly
      Louis DiLorenzo
      Mallory A. Campbell
      BOND SCHOENECK & KING, PLLC
      600 Third Avenue, 22nd Floor
      New York, New York 10016
      Tel: 646-253-2300
      Fax: 646-253-2301
      mdonnelly@bsk.com
      dilorel@bsk.com
      mcampbell@bsk.com

III.   **A brief statement by plaintiff as to the basis for subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.**

A.   **Plaintiff's Statement**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq*. (the "ADA").  This Court has supplemental jurisdiction over Plaintiff's claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq*. ("NYSHRL") and New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq*. ("NYCHRL") pursuant to 28 U.S.C. § 1367, as Plaintiff's NYSHRL and NYCHRL claims are so related to her ADA claim that they form part of the same case or controversy.

B.   **Defendants' Statement**

Defendants do not dispute the presence of subject matter jurisdiction with respect to Plaintiff's claims asserted under the ADA, and supplemental jurisdiction over claims asserted pursuant to NYSHRL and NYCHRL.

IV.   **A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied upon.  Such summaries shall also identify all claims and defenses previously asserted which are not to be tried.**

A.   **Plaintiff's Summary**

Plaintiff's claims under the ADA, 42 U.S.C. § 12112(b)(4), NYSHRL, N.Y. Exec. Law § 296(1)(a), and NYCHRL, N.Y.C. Admin Code §§ 8-107(1)(a), (20) for discrimination on the basis of her disabilities, including Leber's Hereditary Optic Neuropathy ("LHON"), which has caused the loss of her vision. Plaintiff disputes each of Defendants' stated defenses, none of which has merit.

B.   **Defendants' Summary**

1.   Plaintiff's claims of disability discrimination under Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101, *et seq.* are without merit.  Plaintiff has not and cannot demonstrate with sufficient evidence that she is disabled under the law.  At no time during her employment did Plaintiff provide Defendants with sufficient notice of her disability.  Plaintiff failed to provide Defendants with any medical documentation regarding her condition, as required by law and by the Firm's Employee Handbook.  Plaintiff

15309722.2 1/17/2023

specifically advised Defendants that she was not disabled. Assuming, *arguendo*, that Plaintiff is disabled under the law, she is not otherwise qualified since she was unable to perform the essential functions of her position as an Associate at the Firm, with or without reasonable accommodation. Additionally, no inference of discrimination arises from Defendants' termination of Plaintiff's employment.

2. Plaintiff's claims of disability discrimination also fail because all actions taken by Defendants regarding Plaintiff's employment were for legitimate, non-discriminatory reasons unrelated to Plaintiff's disability and/or other protected classifications. Such reasons include, but are not limited to, unsatisfactory job performance and complaints about Plaintiff from dissatisfied clients.

3. Plaintiff's claims of disability discrimination further fail because Plaintiff cannot establish that Defendants' legitimate, non-discriminatory reasons for terminating Plaintiff's employment were pretextual as the evidence demonstrates that Plaintiff failed to perform the essential functions of her position, with or without accommodation.

4. Plaintiff's claims of failure to accommodate under the ADA, NYSHRL, and NYCHRL are similarly without merit since Defendants provided Plaintiff with reasonable accommodations during her employment. Further, Plaintiff did not submit any requests for any accommodation in writing as required by the Employee Handbook. Assuming, arguendo, that Plaintiff requested accommodations verbally as she alleges, her requested accommodations were unreasonable, not effective, and/or would have imposed an undue hardship on Defendants. Plaintiff's claims also fail because Plaintiff refused reasonable accommodation(s) offered by Defendants, such as a temporary leave of absence.

5. Plaintiff is estopped and barred by her own conduct from requesting the relief set forth in the Complaint because Plaintiff failed to provide Defendants with adequate information about her disability, denied that she was disabled, failed to provide Defendants with adequate information about effective accommodations, and failed to request reimbursement and provide receipts for accommodations she purchased. Plaintiff also failed to take advantage of reasonable accommodation(s) offered by Defendants, including a leave of absence.

6. Plaintiff's continued employment with Defendants would cause a significant risk of substantial harm to the health and/or safety of Plaintiff and others, which could not be eliminated or reduced by a reasonable accommodation.

7. Plaintiff is also not entitled to recover damages. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, Plaintiff has failed to mitigate or minimize her alleged damages. Moreover, Plaintiff cannot establish that she is entitled to punitive damages. Defendants acted reasonably and in good faith towards Plaintiff regarding all aspects of her employment and termination.

<u>Defenses Previously Asserted by Defendants Which are Not to be Tried:</u>

1. Plaintiff's claims, in whole or in part, are barred by the applicable statue or statutes of limitations.

2. Plaintiff's claims, in whole or in part, are barred by the statute of limitations, laches, res judicata, collateral estoppel, settlement and release, or accord and satisfaction.

3. Plaintiff's claims are barred by her failure to invoke or exhaust available complaint, investigation, dispute resolution, arbitration, appeal, protest, or administrative procedures, avenues, remedies and/or prerequisites to suit.

4. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charge of Discrimination Plaintiff filed with the EEOC.

**V.    A statement by each party as to whether the case is to be tried with a jury, and the number of trial days needed.**

The Parties agree that this case is to be tried with a jury and anticipate that the length of the trial will be approximately ten to twelve days.

**VI.    A statement as to whether all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).**

The Parties do not consent to trial of this case by a Magistrate Judge.

**VII.    Any stipulations or statements of fact or law which have been agreed upon by all parties.**

15309722.2 1/17/2023

(1)     The Firm is a plaintiff-side personal injury and medical malpractice law firm located at 1883 86th Street, 2nd Floor, Brooklyn, New York 11214.

(2)     Prakhin is the founder and President of the Firm.

(3)     Defendants employ at least 15 people at the Firm, and employed at least as many people throughout Plaintiff's employment at the Firm.

(4)     Irene Raskin ("Raskin") commenced employment with the Firm in 2015 as the Office Manager.

(5)     SAGA is a case management database system that was used by the Firm in 2018.

(6)     In September 2012, Plaintiff was hired by the Firm as a paralegal.

(7)     In November 2012, after being admitted to the New York State Bar, Plaintiff began working for the Firm as an Associate.

(8)     In February 2017, Plaintiff voluntarily resigned from her employment with the Firm to pursue an Associate position at Mallilo & Grossman, another plaintiff-side personal injury law firm.

(9)     At the time of her departure from the Firm in February 2017, Plaintiff was paid a salary of $75,000, and did not have any paralegals assigned to work exclusively with her.

(10)    In 2018, Prakhin offered Plaintiff an Associate position at the Firm with an increased salary of $100,000.

(11)    Plaintiff commenced her second period of employment with the Firm on June 18, 2018.

(12)    Irene Gabo ("Gabo") was the Firm's Managing Attorney during Plaintiff's second period of employment until October 1, 2018.

(13)    Gabo resigned from the Firm to commence her own law practice effective October 1, 2018.

(14)    Patricia Belous ("Belous") was hired as a paralegal by the Firm in August 2018.

(15)    Belous was assigned to work with Plaintiff.

(16)    Erica Larssen ("Larssen") was hired as a paralegal by the Firm in September 2018.

(17)    Prakhin terminated Plaintiff's employment with the Firm on December 14, 2018.

6

**VIII.   A statement by each party as to the witnesses whose testimony is to be offered in its case-in-chief, with a brief narrative statement of the expected testimony.**

**A.     Plaintiff's Statement**

Plaintiff intends to offer the testimony of the following witnesses in her case-in-chief:

(1)   <u>Plaintiff Yelena Ruderman:</u> Plaintiff will testify about the claims and defenses raised in this case and the damages related to same, including, *inter alia*, her hiring by and employment with Defendants, job responsibilities, compensation, and performance, the Firm's policies and culture, her disability, her treatments and procedures related to the same, her disclosures concerning the same, reasonable accommodations denied to her, her use of assistive devices related to her disability, the termination of her employment, and her damages, including damages for emotional distress.

(2)   <u>Defendant Yuriy Prakhin:</u> Prakhin is expected to testify about, *inter alia*, Plaintiff's hiring by and employment with Defendants, Plaintiff's job responsibilities, compensation, and performance, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, reasonable accommodations denied to Plaintiff, the termination of Plaintiff's employment, and Defendants' finances.

(3)   <u>Irene Gabo:</u> Ms. Gabo is expected to testify about, *inter alia*, Plaintiff's hiring by and employment with Defendants, Plaintiff's job responsibilities, compensation, and performance, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, reasonable accommodations denied to Plaintiff, and the termination of Plaintiff's employment.

(4)   <u>William Lawlor:</u> Mr. Lawlor is expected to testify about, *inter alia*, Plaintiff's employment with Defendants, Plaintiff's job responsibilities and performance, the Firm's policies and culture, Defendants' discriminatory conduct, Plaintiff's disability, Plaintiff's disclosures concerning the same, reasonable accommodations denied to Plaintiff, the termination of Plaintiff's employment, Plaintiff's efforts to obtain employment after her termination and the quality of Plaintiff's work.

(5)   <u>Sandra Beron:</u> Ms. Beron is expected to testify about, *inter alia*, Plaintiff's employment with Defendants, Plaintiff's job responsibilities and performance, the Firm's policies and culture, Defendants' discriminatory conduct, Plaintiff's disability, Plaintiff's disclosures concerning the same, reasonable accommodations denied to Plaintiff, and the termination of Plaintiff's employment.

(6)   <u>Nicholas Serlin:</u> Mr. Serlin is expected to testify about, *inter alia*, Plaintiff's employment with Defendants, Plaintiff's job responsibilities and performance, the Firm's policies and culture, Defendants' discriminatory conduct, Plaintiff's disability, Plaintiff's disclosures concerning the same, and reasonable accommodations denied to Plaintiff, and the termination of Plaintiff's employment.

15309722.2 1/17/2023

(7)     Steven Korytny: Mr. Korytny is expected to testify about, *inter alia*, Plaintiff's employment with Defendants, Plaintiff's job responsibilities and performance, the Firm's policies and culture, Defendants' discriminatory conduct, Plaintiff's disability, Plaintiff's disclosures concerning the same, and reasonable accommodations denied to Plaintiff, and the termination of Plaintiff's employment.

(8)     Irene Raskin: Ms. Raskin is expected to testify about, *inter alia*, Plaintiff's hiring by and employment with Defendants, Plaintiff's job responsibilities, compensation, and performance, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, reasonable accommodations denied to Plaintiff, the termination of Plaintiff's employment, and Defendants' finances.

(9)     Erica Larssen: Ms. Larssen is expected to testify about, *inter alia*, Plaintiff's employment with Defendants, Plaintiff's job responsibilities and performance, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, and reasonable accommodations denied to Plaintiff.

(10)    Patricia Belous: Ms. Belous is expected to testify about, *inter alia*, Plaintiff's employment with Defendants, Plaintiff's job responsibilities and performance, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, and reasonable accommodations denied to Plaintiff.

(11)    Alexander Pusachev: Mr. Pusachev is expected to testify about, *inter alia*, Defendants' IT practices and procedures, the Firm's policies and culture, Plaintiff's disability, Plaintiff's disclosures concerning the same, reasonable accommodations denied to Plaintiff, and Defendants' retention, archiving, storage, and/or destruction of documents.

(12)    Peter Coates: Mr. Coates is expected to testify about, *inter alia*, Defendants' workplace culture and spoliation of evidence relevant to this action, and the Firm's culture of unethical conduct, discrimination, and retaliation.

(13)    Dr. Anna Shostak:  Dr. Shostak is expected to testify about, *inter alia*, her mental health treatment of Plaintiff and Plaintiff's emotional distress caused by the termination of her employment by Defendants.

(14)    Dr. Martin Falk:  Dr. Falk is expected to testify about, *inter alia*, his mental health treatment of Plaintiff and Plaintiff's emotional distress caused by the termination of her employment by Defendants.

(15)    Dr. Elchine Gajiev: Dr. Gajiev is expected to testify about, *inter alia*, his mental health treatment of Plaintiff and Plaintiff's emotional distress caused by the termination of her employment by Defendants.

15309722.2 1/17/2023

(16)   Representative(s) of Transperfect Translations International, Inc. ("Transperfect"): Transperfect is expected to testify about, *inter alia,* its transcriptions and translations of audio recordings produced by Defendants.

(17)   Svetlana Scoll: Ms. Scoll is expected to testify about, *inter alia*, Plaintiff's efforts to obtain employment after Defendants' termination of her employment, Plaintiff's ability to perform her job, and the quality of Plaintiff's work.

(18)   Dmitry Levitsky: Mr. Levitsky is expected to testify about, *inter alia*, Plaintiff's efforts to obtain employment after Defendants' termination of her employment, Plaintiff's ability to perform her job, and the quality of Plaintiff's work.

(19)   Dr. Cinthi Pillai: Dr. Pillai is expected to testify about, *inter alia*, Plaintiff's medical condition, disability, treatments and procedures for the same, and recovery from the same.

(20)   Any witness(es) Defendants list in this JPTO or any amendment thereto; and

(21)   Any witness(es) Defendants otherwise call to testify at trial.

Plaintiff believes that each of these witnesses will testify in person.  Plaintiff reserves the right to call any witness listed by Defendants.  Plaintiff reserves the right to call unlisted witnesses for purposes of impeachment, in rebuttal, or for the authentication and introduction of disputed documents.  Plaintiff also reserves the right to supplement and/or modify this statement consistent with the Federal Rules of Civil Procedure, Local Civil Rules for the Eastern District of New York, and/or the Individual Motion Practices of the Honorable Carol Bagley Amon, or as may otherwise be necessary or appropriate between now and the date of trial.

Plaintiff expressly objects to the introduction of testimony from Natalia Generalova, Vitaliy Lyutyk, , Marina Zhernakova, and the interpreter from Trusteforte Language Services by Defendants at trial.

### B.    **Defendants' Statement**

Defendants provide the following list of witnesses to be offered in their case-in-chief subject to the following reservation of rights: (i) Defendants reserve the right not to offer the testimony of any designated witness; and (ii) Defendants reserve the right to offer live or deposition testimony, where authorized by FRCP 32, of any other Party or any witness designated by any other party.

Defendants intend to offer the testimony of the following witnesses in their case-in-chief:

(1)   Yuriy Prakhin: Mr. Prakhin is a party witness and will testify in person regarding, *inter alia*, the Firm's business, the Firm's policies, the job duties of associates, paralegals, and the managing attorney, compensation, Plaintiff's employment and

job performance, the termination of Plaintiff's employment, the termination of attorneys' employment, and claims and defenses to the Complaint.

(2) <u>Gil Zohar:</u> Mr. Zohar is a non-party witness and will testify in person regarding, *inter alia*, the Firm's business, job duties of associates, paralegals, and the managing attorney, compensation and work performance of the Firm's employees, and claims and defenses to the Complaint.

(3) <u>Irene Raskin:</u> Ms. Raskin is a non-party witness and will testify in person regarding, *inter alia*, the Firm's business, the Firm's policies, leaves of absence, scheduling depositions, Plaintiff's employment and job performance, and claims and defenses to the Complaint.

(4) <u>Erica Larssen:</u> Ms. Larssen is a non-party witness and will testify in person regarding, *inter alia*, Plaintiff's employment and job performance, and claims and defenses to the Complaint.

(5) <u>Patricia Belous:</u> Ms. Belous is a non-party witness and will testify in person regarding, *inter alia*, Plaintiff's employment and job performance, and claims and defenses to the Complaint.

(6) <u>Natalia Generalova:</u> Ms. Generalova is a non-party witness and will testify in person regarding, *inter alia*, her experience as a client of the Firm and Plaintiff's job performance.

(7) <u>Vitaliy Lyutyk:</u> Mr. Lyutuk is a non-party witness and will testify in person regarding, *inter alia*, his experience as a client of the Firm and Plaintiff's job performance.

(8) <u>Marina Zhernyakova:</u> Ms. Zhernyakova is a non-party witness and will testify in person regarding, *inter alia*, her experience as a client of the Firm and Plaintiff's job performance.

(9) <u>Alexander Pusachev:</u> Mr. Pusachev is a non-party witness and will testify in person regarding, *inter alia*, his IT consulting work for the Firm, and the extraction of Instant Messages from the Firm's computer system.

(10) <u>Interpreter from Trusteforte Language Services:</u> This individual is a Russian interpreter and non-party witness and will testify in person to provide translations of recorded conversations in Russian.

(11) <u>Dr. Anna Shostak:</u> Dr. Shostak is a non-party witness and will testify in person regarding Plaintiff's mental health history and mental health conditions prior to the termination of her employment from the Firm in December 2018.

10

(12)     Any witness(es) Plaintiff lists in this JPTO or any amendment thereto; and

(13)     Any witness(es) Plaintiff calls to testify at trial.

As this Joint Pre-Trial Order is final except for rebuttal evidence, Defendants object to Plaintiff's statement reserving the right to supplement and/or modify this Joint Pre-Trial Order, call unlisted witnesses or introduce disputed documents except to the extent permitted under the Federal Rule of Civil Procedure, Federal Rules of Evidence, the Local Rules of the Eastern District of New York and/or the Judge's individual rules. However, if Plaintiff is permitted to reserve and/or is granted such rights, Defendants reserve, do not waive, and request the same right to call unlisted witnesses for purposes of impeachment, in rebuttal, or for the authentication and introduction of disputed documents, as well as to supplement and/or modify this statement consistent with the Federal Rules of Civil Procedure, Local Civil Rules for the Eastern District of New York, and/or the Individual Motion Practices of the Honorable Carol Bagley Amon, or as may otherwise be necessary or appropriate between now and the date of trial.

Defendants object to Plaintiff's listed witnesses to the extent that they lack personal knowledge regarding the subjects Plaintiff has listed for their expected testimony.  Defendants also reserve their rights to further object to Plaintiff's listed witnesses, Plaintiff's questioning of such witnesses, and any testimony by such witnesses.

## IX.   **A designation by each party of deposition testimony to be offered in its case-in-chief, with any cross-designations and objections by any other party.**

### A.   **Plaintiff's Position**

Plaintiff does not anticipate that any witnesses will be unavailable to testify within the meaning of Federal Rules of Civil Procedure 32 and/or 45, and as such, does not anticipate designating deposition testimony to be offered in her case-in-chief.  Plaintiff reserves the right to designate and introduce the deposition testimony of any witness within a reasonable period of time after it is determined that such witness is unavailable.

In addition to the depositions of the Plaintiff and Prakhin, five non-parties were deposed in this action: Gabo, Larssen, Raskin, Belous, and Pusachev.  Larssen, Raskin, and Belous are employees of Defendants.  Pusachev is a contractor who works for Defendants regularly, and Gabo is the Firm's former Managing Attorney who still maintains a relationship with the Firm. Defendants produced Larssen, Raskin, Belous, and Pusachev for their depositions.  As such, Plaintiff expects that Defendants will produce Larssen, Raskin, Belous, and Pusachev for testimony at trial, and expects that Gabo will appear willingly in response to a trial subpoena.  In the event Defendants refuse to produce Larssen, Raskin, Belous, and/or Pusachev, and Gabo is unwilling to appear voluntarily, for trial and the witnesses are otherwise unavailable to testify within the meaning of Federal Rules of Civil Procedure 32 and/or 45, Plaintiff reserves the right to designate and introduce Gabo's Larssen's, Raskin's, Belous's, and/or Pusachev's deposition testimony at trial.

15309722.2 1/17/2023

Because Plaintiff will be produced at trial and Defendants have not notified Plaintiff that Prakhin, Raskin, Belous, and/or Larssen will not be produced or are otherwise unavailable to testify within the meaning of Federal Rules of Civil Procedure 32 and/or 45, Plaintiff objects to Defendants' designation of deposition testimony for Plaintiff, Prakhin, Raskin, Belous, and Larssen.

### B.    Defendants' Position

At this time, Defendants intend to present testimony through live witnesses.  Defendants may introduce the following deposition excerpts:

| Defendants' Designation | Cross-Designation(s) by Plaintiff | Objection(s) by Plaintiff |
|---|---|---|
| Plaintiff - 25:2-10 | 25:12-26:12; 111:7-114:15 | Foundation; Federal Rule of Evidence ("FRE") 403 |
| Plaintiff - 27:10-28:13 | 19:7-21:16; 29:6-14 | Foundation; FRE 403 |
| Plaintiff - 30:22-32:10 | 19:7-21:16; 29:6-14 | Foundation; FRE 403 |
| Plaintiff - 33:6-38:6 | 19:7-21:16; 29:6-14; 38:7-15 | Foundation; FRE 403 |
| Plaintiff - 41:10-14 | N/A | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 46:20-47:15 | N/A | Foundation; FRE 401; FRE 402; FRE 403; FRE 404; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 48:23-50:22 | 47:20-48:22; 50:23-70:24; 208:2-8; 209:25-210:9; 226:7-227:20 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 53:7-8 | 47:20-48:22; 50:23-70:24 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 53:25-21 | 47:20-48:22; 50:23-70:24 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 59:8-25 | 47:20-48:22; 50:23-70:24 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 60:2-16 | 47:20-48:22; 50:23-70:24 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 61:2-62:3 | 47:20-48:22; 50:23-70:24 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 68:19-10 | 47:20-48:22; 50:23-70:24 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 87:21-88:7 | 25:12-26:12; 111:7-114:15 | Foundation; FRE 403 |
| Plaintiff - 90:22-91:9 | 91:10-13 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 92:18-93:24 | 94:14-95:3 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |

| | | |
|---|---|---|
| Plaintiff - 94:14-95:3 | N/A | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 96:6-97:19 | 109:10-18; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701 |
| Plaintiff - 98:8-21 | 176:8-178:5 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701 |
| Plaintiff - 99:9-13 | 176:8-178:5 | N/A |
| Plaintiff - 102:12-23 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 104:5-17 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 111:4-114:15 | 25:12-26:12; 111:7-114:15 | Foundation; FRE 403 |
| Plaintiff - 120:14-121:11 | 109:10-18; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 122:23-128:5 | N/A | Foundation; FRE 401; FRE 402; FRE 403; FRE 404; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 128:16-138:20 | N/A | Foundation; FRE 401; FRE 402; FRE 403; FRE 404; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 143:7-17 | 150:20-151:19 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 144:17-145:5 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 145:22-146:4 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 147:17-149:10 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |

13

| | | |
|---|---|---|
| Plaintiff - 151:22-152:18 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 153:9-19 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 154:6-155:25 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 157:25-159:5 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 161:5-20 | 109:10-18; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 171:8-22 | 25:12-26:12; 111:7-114:15 | Foundation; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 174:2-18 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 182:19-183:8 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 185:4-187:12 | 100:20-102:3; 102:24-103:4; 103:23-104:17; 119:9-21; 153:21-154:5; 157:2-11; 160:7-22; 179:6-183:22; 187:25-188:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 189:24-190:12 | 25:12-26:12; 111:7-114:15 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 194:11-195:6 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 201:5-25 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 202:10-12 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |

14

| Plaintiff - 205:14-206:2 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
|---|---|---|
| Plaintiff - 206:18-207:18 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 208:9-209:20 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 212:11-20 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 214:9-11 | 214:12-19 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 215:20-216:12 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 216:17-217:21 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 219:21-220:2 | 109:10-18; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 220:24-221:5 | 25:12-26:12; 111:7-114:15; 224:23-225:13 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 222:14-224:20 | 25:12-26:12; 111:7-114:15; 224:23-225:13 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 225:14-226:12 | 25:12-26:12; 111:7-114:15; 224:23-225:13 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 228:4-13 | 109:10-18; 145:14-146:4; 201:20-202:9; 217:19-218:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 229:4-230:18 | 25:12-26:12; 109:10-18; 111:7-114:15; 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 214:12-19; 217:19-218:10; 238:20-239:10; 253:13-254:12 | Foundation; FRE 401; FRE 402; FRE 403 |
| Plaintiff - 236:12-237:11 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |

15

| | | |
|---|---|---|
| Plaintiff - 238:7-11 | 146:23-147:14; 149:16-150:15; 153:15-156:16; 158:22-159:5; 206:21-207:5 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 238:20-240:24 | 109:10-18; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Plaintiff - 243:11-245:18 | 19:7-21:16; 29:6-14; 38:7-15 | Foundation; FRE 401; FRE 402; FRE 403 |
| Plaintiff - 249:19-251:5 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 253:3-254:23 | 25:12-26:12; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-206:10; 212:14-24; 217:19-218:10; 238:20-239:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Plaintiff - 257:9-14 | 25:2-26:12; 72:20-73:3; 109:10-18; 111:7-114:15; 145:14-146:4; 201:20-202:9; 205:14-207:5; 212:14-24; 217:19-218:10; 238:20-239:10; 251:14-252:18 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Prakhin - 136:7-137:16 | 150:25-153:19; 155:8-156:21; 250:13-16; 260:11-263:7 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Prakhin - 195:2-197:16 | 197:17-198:11 | Foundation; FRE 403; 801; FRE 802 |
| Prakhin - 207:21-209:23 | 189:9-191:6; 198:12-21; 209:13-212:17; 222:4-224:18 | Foundation; FRE 401; FRE 402; FRE 403; FRE 404; FRE 701; FRE 801; FRE 802 |
| Prakhin - 234:7-25 | 235:6-20; 281:23-282:4; 305:13-24; 316:21-317:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Prakhin - 273:8-274:25 | 235:6-20; 276:13-19; 281:23-282:4; 305:13-24; 316:21-317:10 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |
| Prakhin - 276:25-277:21 | 189:9-191:6; 198:12-21; 209:13-212:17; 222:4-224:18; 336:6-337:8 | Foundation; FRE 401; FRE 402; FRE 403; FRE 404; FRE 701; FRE 801; FRE 802 |
| Prakhin - 280:23-281:17 | 235:6-20; 281:23-282:4; 305:13-24; 316:21-317:10; 276:13-19 | Foundation; FRE 401; FRE 402; FRE 403; FRE 404; FRE 701; FRE 801; FRE 802 |
| Prakhin - 285:13-286:16 | 139:15-144:7; 189:9-191:6; 198:12-21; 209:13-212:17; 222:4-224:18; 277:16-21 | Foundation; FRE 401; FRE 402; FRE 403; FRE 701; FRE 801; FRE 802 |

16

| Prakhin 30(b)(6) - 125:13-126:23 | 128:21-129:6; Prakhin Dep. at 298:10-302:18 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
|---|---|---|
| Prakhin 30(b)(6) - 129:19-130:10 | 128:21-129:6 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Raskin - 64:2-14 | 63:7-70:24; 111:4-112:18; 121:20-127:10; 134:25-137:16; 139:16-140:24 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Raskin - 124:21-125:18 | 63:7-70:24; 111:4-112:18; 121:20-127:10; 128:2-129:21; 134:25-137:16; 139:16-140:24 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Raskin - 128:14-22 | 128:23-129:3 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Raskin - 145:22-146:7 | 146:8-148:7 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Raskin - 157:21-158:10 | 63:7-70:24 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Belous - 61:10-62:6 | 24:24-25:7; 62:7-63:25 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Larssen - 76:23-77:9 | 13:13-33:12; 77:23-87:12; 130:15-132:19 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Larssen - 78:22-79:6 | 13:13-33:12; 77:23-87:12; 130:15-132:19 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| Larssen - 83:22-85:5 | 13:13-33:12; 77:23-87:12; 130:15-132:19 | Foundation; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |

## X.   A list by each party of exhibits to be offered into evidence.

### A.   Plaintiff's Exhibits

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| N/A | Enlarged versions of the exhibits of any Party. | Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |
| N/A | Enlarged excerpts of the deposition or trial testimony of any witness. | Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| N/A | Electronic highlighting and/or cropping and/or "pop-outs" of the exhibits of any Party. | Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |
| N/A | Electronic highlighting and/or cropping and/or "pop-outs" of the deposition or trial testimony of any witness. | Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |
| N/A | Compilations of information contained within the exhibits of any party, including, but not limited to, lists, charts, graphs, tables, timelines, PowerPoint presentations, slide shows or any other form of presenting such information. | Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |
| N/A | Compilations of the deposition or trial testimony of any witness, including, but not limited to, lists, charts, graphs, tables, timelines, PowerPoint presentations, slideshows or any other form of presenting such information. | Violates best evidence rule; Incorrect representation; Not instructive.<br><br>The exhibit has not been provided, and Defendants reserve their right to make any and all further objections when presented. |
| 1 | Medical records from NYU Langone Health, dated October 8, 2018 (PLAINTIFF 000015). | Incomplete Document; Hearsay; Lack of Foundation; Lack of Authentication; Irrelevant |
| 2 | Medical records from NYU Langone Health, dated November 5, 2018 (PLAINTIFF 000016-22). | Hearsay; Lack of Foundation; Lack of Authentication; Irrelevant |
| 3 | Medical records from Columbia University, dated November 15, 2018 (PLAINTIFF 000023-24). | Hearsay; Lack of Foundation; Lack of Authentication; Irrelevant |
| 4 | Medical records from Dr. Cinthi Pillai (PLAINTIFF 000025-32). | Hearsay; Lack of Foundation; Lack of Authentication; Irrelevant |
| 5 | Medical records from Dr. Anna Shostak (PLAINTIFF 000033-42). | Hearsay; Lack of Foundation; Lack of Authentication; Irrelevant |
| 6 | Medical records from Dr. Mark L. Moster (PLAINTIFF 000941-953, 959-980). | Hearsay; Lack of Foundation; Lack of Authentication; Irrelevant |
| 7 | Letter from Dr. Martin Falk (PLAINTIFF 000954-955). | Hearsay; Lack of Foundation; Lack of Authentication; Irrelevant |
| 8 | Medical records from Dr. Elchin Gajiev (PLAINTIFF 000956-958, 1054-1058). | Hearsay; Lack of Foundation; Lack of Authentication; Irrelevant |

15309722.2 1/17/2023

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 9 | Medical records from Dr. John Guy (PLAINTIFF 001553-1576). | Hearsay; Lack of Foundation; Lack of Authentication; Irrelevant |
| 10 | Medical records from Dr. Julia Giyaur (D014882-14890). | Hearsay; Lack of Foundation; Lack of Authentication; Irrelevant |
| 11 | Medical records from NYU Langone (D014892-D14963). | Hearsay; Lack of Foundation; Lack of Authentication; Irrelevant |
| 12 | Emails from Gabo to Plaintiff re: assistive devices and treatment (PLAINTIFF 000045-47). | |
| 13 | JAWS purchase invoice and emails relating to same (PLAINTIFF 000053-56). | |
| 14 | Invoice dated November 9, 2018 re: Orcam glasses (PLAINTIFF 000057-59). | Incomplete exhibit; Hearsay; Lack of Foundation; Lack of Authentication |
| 15 | Purchase of Dicfeos Lighted Magnifier (PLAINTIFF 000060-61). | |
| 16 | Purchase of Full-Page Magnifier Set (PLAINTIFF 000062-63). | |
| 17 | Gabo emailing Plaintiff's Gmail account (PLAINTIFF 000083-86, 115-117, 121-126, 129-130, 151-153, 156-157, 162-166, 168-169, 210-211, 315-347, 351-352, 547, 686-688, 703). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 18 | Defendant Prakhin emailing Plaintiff's Gmail account (PLAINTIFF 000087, 348-349, 518-519, 546). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 19 | Marina Pritsker emailing Plaintiff's Gmail account (PLAINTIFF 000180-97). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 20 | Opposing counsel emailing Plaintiff's Gmail account (PLAINTIFF 000551). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 21 | Erica Larssen emailing Plaintiff's Gmail account (PLAINTIFF 000655-56). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 22 | Erica Larssen emailing Plaintiff's Gmail account (PLAINTIFF 000657-60). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 23 | Erica Larssen emailing Plaintiff's Gmail account (PLAINTIFF 000661-63). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 24 | Erica Larssen emailing Plaintiff's Gmail account (PLAINTIFF 000664-66). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 25 | Erica Larssen emailing Plaintiff's Gmail account (PLAINTIFF 000667-70). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 26 | Erica Larssen emailing Plaintiff's Gmail account (PLAINTIFF 000672-74). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 27 | Erica Larssen emailing Plaintiff's Gmail account (PLAINTIFF 000678-679). | Irrelevant; Lack of Foundation; Lack of Authentication |

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 28 | Erica Larssen emailing Plaintiff's Gmail account (PLAINTIFF 000671, 681, 702). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 29 | Lisa Coutu emailing Plaintiff's Gmail account (PLAINTIFF 000684-85). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 30 | Sandra Beron emailing Plaintiff's Gmail account (PLAINTIFF 000690-700). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 31 | Email dated September 20, 2018 (PLAINTIFF 001059). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 32 | Cases being transferred to Plaintiff (PLAINTIFF 001060-68). | |
| 33 | Email chain ending date July 12, 2018 regarding cases transferred to Plaintiff (PLAINTIFF 001072-73). | |
| 34 | Email dated September 12, 2018 regarding cases transferred to Plaintiff (PLAINTIFF 001074). | |
| 35 | Email chain dated September 12, 2018 regarding cases transferred to Plaintiff (PLAINTIFF 001075). | |
| 36 | Email dated September 12, 2018 regarding cases transferred to Plaintiff (PLAINTIFF 001076). | |
| 37 | Email chain dated September 14, 2018 regarding cases transferred to Plaintiff (PLAINTIFF 001077). | |
| 38 | Email dated September 12, 2018 regarding cases transferred to Plaintiff (PLAINTIFF 001078). | |
| 39 | Email dated October 13, 2018 regarding cases transferred to Plaintiff (PLAINTIFF 001079). | |
| 40 | Email dated September 13, 2018 regarding cases transferred to Plaintiff (PLAINTIFF 1093). | |
| 41 | Email dated September 20, 2018 (PLAINTIFF 001059). | Irrelevant; Lack of Foundation; Lack of Authentication |
| 42 | Email chain dated October 30, 2018 (PLAINTIFF 001090). | |
| 43 | Email chain dated October 29, 2018 (PLAINTIFF 001091). | |
| 44 | Email dated August 6, 2018 (PLAINTIFF 001092). | |
| 45 | Email chain ending date July 30, 2018 (PLAINTIFF 001080). | |
| 46 | Email dated May 22, 2018 (PLAINTIFF 000088). | Irrelevant; Lack of Foundation; Lack of Authentication |

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 47 | Plaintiff's Invoices (PLAINTIFF 000006-R, 1665-R, 1674-1685, 1687-1702, 1704-707, 1709-730, 1732-34, 1736, 1743, 1746-47, 1749-50, 1753-56, 1760-61, 1768-69, 1776, 1779, 1783, 1786-87, 1794-95, 1831, 1847, 1849, 1852, 1857, 1866-67, 1870-71, 1873, 1876, 1879, 1881, 1891-92, 1901, 1903-04, 1917, 2052, 2055, 2077, 2082, 2083, 2085, 2109, 2113-14, 2133, 2145, 2147-48, 2151, 2154-55, 2166, 2185-88, 2192-94, 2201-04, 2214-16, 2219, 2222-23, 2236-44, 2253-59, 2262-69, 2273, 2282, 2283, 2294-98, 2300-02, 2304). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 48 | Email dated December 14, 2020 (PLAINTIFF 001597-R). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 49 | Email dated January 12, 2020 (PLAINTIFF 001703). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 50 | Email dated January 12, 2020 (PLAINTIFF 001731). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 51 | Email dated November 29, 2020 (PLAINTIFF 001735). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 52 | Email dated February 13, 2021 (PLAINTIFF 001759). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 53 | Email chain ending date March 7, 2021 (PLAINTIFF 001777-1778). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 54 | Email dated March 21, 2021 (PLAINTIFF 001834). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 55 | Email chain ending date March 22, 2021 (PLAINTIFF 001850-1851). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 56 | Email dated April 28, 2021 (PLAINTIFF 001880). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 57 | Email dated June 24, 2021 (PLAINTIFF 001914). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 58 | Email chain ending date July 23, 2021 (PLAINTIFF 002060-2061). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 59 | Email chain ending date October 12, 2021 (PLAINTIFF 002125-2127). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 60 | Email dated October 26, 2021 (PLAINTIFF 002136). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 61 | Email dated November 2, 2021 (PLAINTIFF 002146). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |

15309722.2 1/17/2023

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 62 | Email chain ending date October 11, 2021 (PLAINTIFF 002149-2150). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 63 | Email chain ending date January 11, 2022 (PLAINTIFF 002199-2200). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 64 | Email dated February 3, 2022 (PLAINTIFF 002224). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 65 | Email chain ending date March 7, 2022 (PLAINTIFF 002251-2252). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 66 | Email chain dated March 11, 2022 (PLAINTIFF 002260-2261). | Irrelevant; Incomplete Exhibit; Goes to Damages, Untimely |
| 67 | Transperfect Certificates (PLAINTIFF 001471-1472, 1488). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 68 | Audio Recording 370-Inbound-Optimum-646726642-509. | Irrelevant |
| 69 | Transcript of audio recording labeled 370-Inbound-Optimum-646726642-509 (PLAINTIFF 001373-1393). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 70 | Audio Recording 384-Inbound-Optimum 646726642-509. | Irrelevant |
| 71 | Transcript of audio recording labeled 384-Inbound-Optimum 646726642-509 (PLAINTIFF 001396-1404). | Irrelevant  Objection to Accuracy of Translation and Transcript; Best Evidence |
| 72 | Audio Recording 386-Inbound-Optimum 646726642-509. | Irrelevant |
| 73 | Transcript of audio recording labeled 386-Inbound-Optimum 646726642-509 (PLAINTIFF 001405-1416). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 74 | Audio Recording 482-Inbound-Optimum 646726642-509. | Irrelevant |
| 75 | Transcript of audio recording labeled 482-Inbound-Optimum 646726642-509 (PLAINTIFF 001428-36). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 76 | Audio Recording 585-Inbound-Optimum 646726642-509. | Irrelevant |
| 77 – (A) | English - Transcript of audio recording labeled 585-Inbound- Optimum 646726642-509 (PLAINTIFF 001466-1467). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 77 – (B) | Russian - Transcript of audio recording labeled 585-Inbound- Optimum 646726642-509 (PLAINTIFF 001468-1469). | Irrelevant; Objection to Accuracy of Transcript; Best Evidence |
| 78 | Audio Recording 261-Internal-500-502. | Irrelevant |
| 79 – (A) | English - Transcript of audio recording labeled 261-Internal-500-502 (PLAINTIFF, 001473-1474). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 79 – (B) | Russian - Transcript of audio recording labeled 261-Internal-500-502 (PLAINTIFF 001367). | Irrelevant; Objection to Accuracy of Transcript; Best Evidence |
| 80 | Audio Recording 324-Internal-500-502. | Irrelevant |

15309722.2 1/17/2023

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 81 – (A) | English -Transcript of audio recording labeled 324-Internal-500-502 (PLAINTIFF 001475). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 81 – (B) | Russian - Transcript of audio recording labeled 324-Internal-500-502 (PLAINTIFF 1369). | Irrelevant; Objection to Accuracy of Transcript; Best Evidence |
| 82 | Audio Recording 334-Internal-500-502. | Irrelevant |
| 83 – (A) | English - Transcript of audio recording labeled 334-Internal-500-502 (PLAINTIFF 001476). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 83 – (B) | Russian - Transcript of audio recording labeled 334-Internal-500-502 (PLAINTIFF 1371). | Irrelevant; Objection to Accuracy of Transcript; Best Evidence |
| 84 | Audio Recording 377-Internal-500-502. | Irrelevant |
| 85 – (A) | English - Transcript of audio recording labeled 377-Internal-500-502 (PLAINTIFF 01477). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 85 – (B) | Russian - Transcript of audio recording labeled 377-Internal-500-502 (PLAINTIFF 1395). | Irrelevant; Objection to Accuracy of Transcript; Best Evidence |
| 86 | Audio Recording 394-Internal-500-502. | Irrelevant |
| 87 – (A) | English - Transcript of audio recording labeled 394-Internal-500-502 (PLAINTIFF 001478). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 87 – (B) | Russian - Transcript of audio recording labeled 394-Internal-500-502 (PLAINTIFF 1418). | Irrelevant; Objection to Accuracy of Transcript; Best Evidence |
| 88 | Audio Recording 432-Internal-500-502. | Irrelevant |
| 89 – (A) | English - Transcript of audio recording labeled 432-Internal-500-502 (PLAINTIFF 001479). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 89 – (B) | Russian - Transcript of audio recording labeled 432-Internal-500-502 (PLAINTIFF 1423). | Irrelevant; Objection to Accuracy of Transcript; Best Evidence |
| 90 | Audio Recording 436-Internal-500-502. | Irrelevant |
| 91 – (A) | English - Transcript of audio recording labeled 436-Internal-500-502 (PLAINTIFF 001480). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 91 – (B) | Russian - Transcript of audio recording labeled 436-Internal-500-502 (PLAINTIFF 1425). | Irrelevant; Objection to Accuracy of Transcript; Best Evidence |
| 92 | Audio Recording 439-Internal-500-502. | Irrelevant |
| 93 – (A) | English - Transcript of audio recording labeled 439-Internal-500-502 (PLAINTIFF 001481). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 93 – (B) | Russian - Transcript of audio recording labeled 439-Internal-500-502 (PLAINTIFF 1427). | Irrelevant; Objection to Accuracy of Transcript; Best Evidence |
| 94 | Audio Recording 517-Inbound-Optimum 646726642-500. | Irrelevant |
| 95 – (A) | English - Transcript of audio recording labeled 517-Inbound-Optimum 646726642-500 (PLAINTIFF 001482). | Irrelevant; Objection to Accuracy of Translation and Transcript; Best Evidence |
| 95 – (B) | Russian - Transcript of audio recording labeled 517-Inbound-Optimum 646726642-500 (PLAINTIFF 1450). | Irrelevant; Objection to Accuracy of Transcript; Best Evidence |

15309722.2 1/17/2023

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 96 | Google Chat messages dated October 3, 2018 through November 21, 2018 (PLAINTIFF 001658-1664). | Irrelevant; Violates Best Evidence Rule; Improper Character Evidence.<br><br>Privileged Medical Information of a Non-Party; Confidential Information Regarding the Firm's Client not Redact or Marked Confidential; Document Improperly Retained by Plaintiff |
| 97 | Letter dated December 20, 2019 (PLAINTIFF 000090). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 98 | Letter dated December 18, 2019 (PLAINTIFF 000091). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 99 | Letter dated December 26, 2019 (PLAINTIFF 000092). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 100 | Letter dated December 24, 2019 (PLAINTIFF 000093). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 101 | Email dated January 1, 2020 (PLAINTIFF 000094). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 102 | Letter dated December 17, 2019 (PLAINTIFF 000095). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 103 | Email dated January 12, 2020 (PLAINTIFF 000762). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 104 | Plaintiff's ZipRecruiter applications for employment. | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 105 | Email dated February 10, 2020 (PLAINTIFF 000781). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 106 | Plaintiff's Indeed applications for employment. | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 107 | Email dated December 9, 2020 (PLAINTIFF 001583-1585). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 108 | Email dated December 10, 2020 (PLAINTIFF 001590). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 109 | Email chain ending date March 14, 2021 (PLAINTIFF 001798-1833). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 110 | Email dated June 5, 2021 (PLAINTIFF 001862). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 111 | Plaintiff's LinkedIn applications for employment. | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 112 | Plaintiff's rejected LinkedIn applications. | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 113 | Email dated December 17, 2019 (PLAINTIFF 000788-90). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 114 | Email dated December 17, 2019 (PLAINTIFF 000791-94). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 115 | Email dated January 8, 2020 (PLAINTIFF 000802). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 116 | Email dated January 9, 2020 (PLAINTIFF 000803). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 117 | Plaintiff's iHireLegal applications for employment and records relating to same (PLAINTIFF 000804-05, 896, 1218-19, 1258). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 118 | Email dated January 17, 2020 (PLAINTIFF 000806). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 119 | Email regarding Plaintiff's application to counsel for Geico Insurance (PLAINTIFF 000810). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 120 | Email dated December 25, 2019 (PLAINTIFF 000822). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 121 | Confirmation receipt for application submitted to Instagramrole (PLAINTIFF 000832). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 122 | Confirmation receipt for application submitted to Mallilo & Grossman (PLAINTIFF 000876). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 123 | Confirmation receipt for application submitted to MichaelPage (PLAINTIFF 000881). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 124 | Email regarding Plaintiff's application to Furman Kornfield & Brennan LLP (PLAINTIFF 000884). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 125 | Job description for position at the New York State Executive Chamber (PLAINTIFF 000888). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 126 | Email dated December 24, 2019 (PLAINTIFF 000889-91). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 127 | Email chain ending date April 7, 2020 (PLAINTIFF 000984). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 128 | Email dated March 5, 2020 (PLAINTIFF 001096-1097). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 129 | Email dated February 24, 2020 (PLAINTIFF 001031). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 130 | Email chain ending date July 10, 2020 (PLAINTIFF 001099-1100, 1103-1104). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 131 | Email dated July 7, 2020 (PLAINTIFF 001101-1102). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 132 | Email chain ending date August 3, 2020 (PLAINTIFF 001105-001109). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 133 | Email dated January 12, 2020 (PLAINTIFF 001298). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 134 | Email dated September 1, 2020 (PLAINTIFF 001500). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 135 | Email dated November 2, 2020 (PLAINTIFF 001524). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 136 | Emails dated November 2, 2020 (PLAINTIFF 001537-1540). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 137 | Email dated November 3, 2020 (PLAINTIFF 001544). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 138 | Email dated November 3, 2020 (PLAINTIFF 001545). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 139 | Email dated November 3, 2020 (PLAINTIFF 001546). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 140 | Email dated March 30, 2021 (PLAINTIFF 001848). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 141 | Email dated March 30, 2021 (PLAINTIFF 001856). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 142 | Email chain ending date April 6, 2021 (PLAINTIFF 001868). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 143 | Email dated April 12, 2021 (PLAINTIFF 001883). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 144 | Email chain ending date May 24, 2021 (PLAINTIFF 001884-1886, 1933). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 145 | Email dated June 7, 2021 (PLAINTIFF 001893). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 146 | Email dated July 1, 2021 and attachment (PLAINTIFF 001934-1944). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 147 | Email chain ending date July 2, 2021 and attachments (PLAINTIFF 001945, 1948). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 148 | Email chain ending date July 5, 2021 (PLAINTIFF 001962-1963). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 149 | Emails dated July 7, 2021 and September 10, 2021 (PLAINTIFF 001965, 2112). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 150 | Email dated July 6, 2021 (PLAINTIFF 001964). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 151 | Email dated July 7, 2021 (PLAINTIFF 001966). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 152 | Email dated July 8, 2021 (PLAINTIFF 001972). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 153 | Email chains ending dates January 7, 2021, January 8, 2021, February 16, 2021, and January 11, 2021 (PLAINTIFF 001666-1670, 1673, 1770-1772, 1780-1782). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 154 | Email chain ending date March 2, 2022 (PLAINTIFF 2246-2250). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 155 | Email chain ending date March 15, 2022 (PLAINTIFF 002270-2272). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 156 | Email dated July 12, 2021 and attachment (PLAINTIFF 001973-1997, 2004-2029). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 157 | Email chain dated July 9, 2021 (PLAINTIFF 001998-2002). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 158 | Email chains (PLAINTIFF 002003, 2030-2033, 2037-2050). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 159 | Email dated July 14, 2021 (PLAINTIFF 002051). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 160 | Email dated July 15, 2021 (PLAINTIFF 002053-2054). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 161 | Email dated July 21, 2021 (PLAINTIFF 002057). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 162 | Email dated July 24, 2021 (PLAINTIFF 002066). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 163 | Email dated July 25, 2021 (PLAINTIFF 002069-2071). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 164 | Email chain ending date August 17, 2021 (PLAINTIFF 002086-2090). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 165 | Emails dated August 17, 2021 (PLAINTIFF 002091). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 166 | Email dated August 18, 2021 (PLAINTIFF 002092-2094). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 167 | Email chain ending date September 1, 2021 (PLAINTIFF 002103). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 168 | Email chain ending date September 7, 2021 (PLAINTIFF 002104-2107). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 169 | Email dated September 8, 2021 (PLAINTIFF 002108). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 170 | Email dated September 20, 2021 (PLAINTIFF 002115-2120). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 171 | Email chain ending date September 24, 2021 (PLAINTIFF 002121-2124). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 172 | Email dated October 27, 2021 (PLAINTIFF 002138-2141). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 173 | Email dated October 29, 2021 (PLAINTIFF 002143-2144). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 174 | Email dated November 22, 2021 (PLAINTIFF 002153). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 175 | Email dated December 2, 2021 (PLAINTIFF 002156). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 176 | Emails dated December 3, 2021 (PLAINTIFF 002157). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 177 | Email dated December 2, 2021 (PLAINTIFF 002160). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 178 | Emails re: application for Assistant Corporate Counsel (PLAINTIFF 002165, 2167-2170, 2173-2177). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 179 | Email dated December 13, 2021 (PLAINTIFF 002171-2172). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 180 | Email dated December 13, 2021 (PLAINTIFF 002178). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 181 | Email dated December 16, 2021 (PLAINTIFF 002182). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 182 | Email dated December 17, 2021 (PLAINTIFF 002191). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 183 | Email chain ending date January 10, 2022 (PLAINTIFF 002195-2198). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 184 | Email chain ending date February 13, 2022 (PLAINTIFF 002220-2221, 2230-2231). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |

28

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 185 | Email dated January 21, 2022 (PLAINTIFF 002225). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 186 | Email dated February 11, 2022 (PLAINTIFF 002229). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 187 | Email chain ending date February 23, 2022 (PLAINTIFF 002234-2235). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 188 | Email dated March 16, 2022 with attachments (PLAINTIFF 002274-2281). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 189 | Email chain ending date March 24, 2022 with attachment (PLAINTIFF 002287-2290). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 190 | Email chain ending date March 24, 2022 (PLAINTIFF 002291-2293). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 191 | American Transit Insurance Company Offer Letter dated April 4, 2022 (PLAINTIFF 002276-2278) | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 192 | Email chain ending date March 18, 2022 (PLAINTIFF 002285-2286). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 193 | Email re: Commission for the Blind application and documents related to same (PLAINTIFF 001358-1364). | |
| 194 | Emails with paralegals (PLAINTIFF 001081). | |
| 195 | Emails with paralegals (PLAINTIFF 001082). | |
| 196 | Emails with paralegals (PLAINTIFF 001083). | |
| 197 | Emails with paralegals (PLAINTIFF 001084). | |
| 198 | Emails with paralegals (PLAINTIFF 001085). | |
| 199 | Emails with paralegals (PLAINTIFF 001086). | |
| 200 | Emails with paralegals (PLAINTIFF 001087). | |
| 201 | Emails with paralegals (PLAINTIFF 001088). | |
| 202 | Emails with paralegals (PLAINTIFF 001089). | |
| 203 | Emails chain ending date December 12, 2018 (D00001-4). | Irrelevant; Lack of Foundation |
| 204 | Email chain dated November 15, 2018 (D00017-23). | Irrelevant; Lack of Foundation; Duplicative of Exhibit 79 |
| 205 | Email chain ending date September 18, 2018 (D00104-108). | Irrelevant; Lack of Foundation |
| 206 | Email dated October 16, 2018 (D00325). | |
| 207 | Email dated September 20, 2018 (D00353-354). | Irrelevant; Lack of Foundation |
| 208 | Email chain ending date September 18, 2018 (D00359-361). | Irrelevant; Lack of Foundation; Waste of Time |

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 209 | Email chain dated July 26, 2018 (D00494-495). | Irrelevant; Lack of Foundation; Waste of Time |
| 210 | Email chain dated August 13, 2018 (D00724-726) | |
| 211 | Email chain ending date December 13, 2018 (D00761-762). | Irrelevant; Lack of Foundation; Waste of Time |
| 212 | Email dated September 12, 2018 (D00814). | |
| 213 | Email dated July 10, 2018 (D00828-829). | Irrelevant; Lack of Foundation; Waste of Time |
| 214 | Email dated December 19, 2018 (D00833). | |
| 215 | Email chain dated November 9, 2018 (D00855). | |
| 216 | Email dated January 7, 2019 (D01140-1141). | Irrelevant; Lack of Foundation; Waste of Time |
| 217 | Email dated October 20, 2018 with attachment (D01191-1193). | Incomplete Document; Irrelevant; Lack of Foundation; Waste of Time |
| 218 | Email chain ending date November 15, 2018 (D01299-1305). | Duplicative of Plaintiff's Ex. 65 |
| 219 | Email chain ending date November 20, 2018 (D01311-1313). | Irrelevant; Lack of Foundation; Waste of Time |
| 220 | Email chain ending date February 11, 2019 (D01322-1323). | |
| 221 | Email dated June 19, 2018 (D01326). | |
| 222 | Email chain ending date October 15, 2018 (D01382-93). | Irrelevant; Lack of Foundation; Waste of Time |
| 223 | Email chain dated August 14, 2018 (D01409-1410). | Irrelevant; Lack of Foundation; Waste of Time |
| 224 | Email chain ending date October 1, 2018 (D01414). | |
| 225 | Email chain dated October 29, 2018 (D01415-1416). | Irrelevant; Lack of Foundation; Waste of Time |
| 226 | Email chain ending date October 29, 2018 (D01417-01419). | Irrelevant; Lack of Foundation; Waste of Time; Duplicative |
| 227 | Email chain dated November 14, 2018 (D01440-1441). | |
| 228 | Email chain ending date November 15, 2018 (D01449-1454). | |
| 229 | Email chain ending date December 10, 2018 (D01457-1459). | Irrelevant; Lack of Foundation; Waste of Time |
| 230 | Emails dated July 31, 2018 (D01477-1478). | |
| 231 | Email chain dated August 14, 2018 (D01496-1497). | Irrelevant; Lack of Foundation; Waste of Time |
| 232 | Email chain dated August 22, 2018 (D01503-1504). | Irrelevant; Lack of Foundation; Waste of Time |
| 233 | Emails dated August 31, 2018 (D01505-1506). | Incomplete Document; Irrelevant; Lack of Foundation; Waste of Time |

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 234 | Email chain ending date September 20, 2018 (D01512-1513). | Irrelevant; Lack of Foundation; Waste of Time |
| 235 | Email chain ending date September 25, 2018 (D01527-1528). | Irrelevant; Lack of Foundation; Waste of Time |
| 236 | Email chain dated September 27, 2018 (D01542). | |
| 237 | Email chain ending date October 7, 2018 (D01546-1552). | Irrelevant; Lack of Foundation; Waste of Time; Duplicate |
| 238 | Email chain ending date October 8, 2018 (D01553). | Irrelevant; Lack of Foundation; Waste of Time |
| 239 | Email dated November 30, 2018 (D01566). | |
| 240 | Email dated February 1, 2019 (D01567). | Irrelevant; Lack of Foundation; Waste of Time |
| 241 | Email chain dated September 26, 2018 (D01600-1601). | Hearsay, Lack of Foundation |
| 242 | Email chain dated October 13, 2018 (D01606-1608). | Irrelevant; Lack of Foundation; Waste of Time |
| 243 | Email chain ending date December 10, 2018 (D01628). | Irrelevant; Lack of Foundation; Waste of Time |
| 244 | Email chain dated October 10, 2018 (D01678). | |
| 245 | Email chain dated October 15, 2018 (D01679). | |
| 246 | Email chain dated March 30, 2020 (D01690-0691). | Irrelevant; Lack of Foundation; Waste of Time |
| 247 | Email chain dated August 15, 2018 (D01702-1703). | |
| 248 | Email chain ending date September 25, 2018 (D01720-1724). | Irrelevant; Lack of Foundation; Waste of Time |
| 249 | Email chain dated September 27, 2018 (D01726). | Duplicate of Plaintiff's Ex. 97 (D01542) |
| 250 | Email chain dated October 8, 2018 (D01732). | Irrelevant; Lack of Foundation; Waste of Time; Duplicate |
| 251 | Email chain ending date December 28, 2018 (D01759-1765). | |
| 252 | Email chain ending date February 18, 2019 (D01770). | Incomplete Document; Lack of Foundation |
| 253 | Email dated September 17, 2018 (D01779). | |
| 254 | Email chain dated September 24, 2018 (D01793). | Irrelevant; Lack of Foundation; Waste of Time |
| 255 | Email dated November 17, 2018 (D01802). | |
| 256 | Email chain dated December 8, 2018 (D01815-1816). | |
| 257 | Deposition transcript cover pages (D01870-1946). | Not Instructive;<br><br>Description of the exhibit does not accurately reflect the contents of the exhibit. |

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 258 | Transcript of Firm Chat (D01947-2071). | Not Instructive;<br><br>Description of the exhibit does not accurately reflect the contents of the exhibit. |
| 259 | Email dated September 26, 2018 and attachment (D02072-2081). | |
| 260 | Email dated September 17, 2018 (D02082). | |
| 261 | Email dated October 4, 2018 (D03562). | Irrelevant; Lack of Foundation; Waste of Time |
| 262 | Email chain dated October 13, 2018 (D03656-3657). | Irrelevant; Lack of Foundation; Waste of Time |
| 263 | Email chain ending date October 13, 2018 (D03718). | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 264 | Email chain ending date October 20, 2018 (D03774-3775). | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 265 | Email chain ending date October 20, 2018 (D03812-3813). | Relevance; Fed. Rules Evid. 403-404, 802-805, 901-902, 1003 |
| 266 | Email chain ending date October 29, 2018 (D03867-3868). | |
| 267 | Email dated December 5, 2018 (D04100). | Irrelevant; Lack of Foundation; Waste of Time |
| 268 | Email chain ending date July 25, 2018 (D05009-5010). | Irrelevant; Lack of Foundation; Waste of Time |
| 269 | Email dated August 2, 2018 (D05582). | Irrelevant; Lack of Foundation; Waste of Time |
| 270 | Email chain dated August 6, 2018 (D05679). | |
| 271 | Email chain dated August 27, 2018 (D06441-6442). | Irrelevant; Confidential Medical Record of Firm Client; Waste of Time |
| 272 | Email dated September 11, 2018 (D07423). | |
| 273 | Email dated September 11, 2018 (D07450). | |
| 274 | Email dated September 11, 2018 and attachment (D07455-7456). | |
| 275 | Email dated September 17, 2018 (D07652-7653). | Duplicate |
| 276 | Email chain ending date September 2018, 2018 (D07791). | Irrelevant; Lack of Foundation; Waste of Time;  Duplicate of Plaintiff's Ex. 69 (D00359-61) |
| 277 | Email chain ending date September 18, 2018 (D07794-7798). | Irrelevant; Lack of Foundation; Not Instructive; Waste of Time |
| 278 | Email chain ending date September 18, 2018 (D07814). | Irrelevant; Lack of Foundation; Not Instructive; Waste of Time |
| 279 | Email chain ending date September 21, 2018 (D08142). | Documents Not Sequential |
| 280 | Email chain dated September 24, 2018 (D08281-8282). | Irrelevant; Lack of Foundation; Not Instructive; Waste of Time |

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 281 | Email dated September 26, 2018 (D08338). | |
| 282 | Email chain ending date November 3, 2018 (D08945-8948). | Irrelevant; Lack of Foundation; Not Instructive; Waste of Time |
| 283 | Email chain ending date December 12, 2018 (D09559-9562). | Irrelevant; Lack of Foundation; Not Instructive; Waste of Time |
| 284 | Email chain dated December 8, 2018 (D09622-9623). | |
| 285 | Email chain dated August 6, 2018 (D10358). | |
| 286 | Email chain ending date November 2, 2018 (D10969). | |
| 287 | Email chain ending date December 12, 2018 (D11069). | |
| 288 | Law Office of Yuriy Prakhin PC 2018 Tax Returns (D11964-11974). | Irrelevant; Prejudicial; Goes to Damages |
| 289 | Law Office of Yuriy Prakhin PC 2019 Tax Returns (D11975-11981). | Irrelevant; Prejudicial; Goes to Damages |
| 290 | Yuriy Prakhin 2018 Tax Returns (D11982-11983). | Irrelevant; Prejudicial; Goes to Damages |
| 291 | Yuriy Prakhin 2019 Tax Returns (D11984-11986). | Irrelevant; Prejudicial; Goes to Damages |
| 292 | Plaintiff's payroll records (D13052-131099). | Description of the exhibit does not accurately reflect the contents of the exhibit.  Irrelevant Plaintiff's payroll from before 2018 (D13058-D131099) |
| 293 | Email dated August 7, 2019 (D014546). | Irrelevant; Lack of Foundation; Not Instructive; Waste of Time |
| 294 | Defendants' Initial Disclosures. | Violates Best Evidence Rule; Incorrect Representation; Not Instructive. |
| 295 | Defendants' Responses to Plaintiff's First Set of Interrogatories. | Violates Best Evidence Rule; Incorrect Representation; Not Instructive. |
| 296 | Defendants' Responses to Plaintiff's Second Set of Interrogatories. | Violates Best Evidence Rule; Incorrect Representation; Not Instructive. |
| 297 | Plaintiff's Privilege Log. | Violates Best Evidence Rule; Incorrect Representation; Not Instructive. |
| 298 | Testimonials page from Firm website. | Irrelevant; Not Instructive; Lack of Foundation; Lack of Authentication |
| 299 | Yuriy Prakhin 2020 Tax Returns (D014964-15019). | Irrelevant; Prejudicial; Goes to Damages |
| 300 | Law Office of Yuriy Prakhin PC 2020 Tax Returns (D015020-15070). | Irrelevant; Prejudicial; Goes to Damages |
| 301 | Law Office of Yuriy Prakhin PC 2021 Tax Returns (D015071-15121). | Irrelevant; Prejudicial; Goes to Damages |
| 302 | Yuriy Prakhin 2021 Tax Returns (D015122-15165). | Irrelevant; Prejudicial; Goes to Damages |
| 303 | Plaintiff's 2021 1099 from Bogoraz Law Group (PLAINTIFF 002309). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 304 | Plaintiff's Invoice dated September 4, 2021 (PLAINTIFF 002310). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |

33

| Exhibit No. | Description | Objection(s) by Defendants |
|---|---|---|
| 305 | Plaintiff's 2019 1099 from Bogoraz Law Group (PLAINTIFF 001300-1305). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 306 | Plaintiff's 2020 1099 from Law Office of Irene H. Gabo PC (PLAINTIFF 001796). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 307 | Plaintiff's 2020 1099 from Bogoraz Law Group (PLAINTIFF 001878). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 308 | Plaintiff's 2020 1099 from New York State Department of Labor-Unemployment Insurance (PLAINTIFF 002305). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 309 | Plaintiff's 2020 1099 from David J. Hernandez, Attorney at Law (PLAINTIFF 002306). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 310 | Plaintiff's 2021 1099 from Shalom Law, PLLC (PLAINTIFF 002307). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |
| 311 | Plaintiff's 2021 1099 from Law Office of Irene H. Gabo PC (PLAINTIFF 002308). | Irrelevant; Incomplete Exhibit; Goes to Damages; Untimely |

Plaintiff also reserves the right to introduce any exhibit listed by Defendants, regardless of whether such exhibits are offered into evidence by Defendants.  Plaintiff also reserves the right to object to any exhibit listed by defendants on the grounds of relevance (FRE 401/402) and prejudice, confusion, waste of time or for other purposes (FRE 403)  Should the Court determine that an exhibit is relevant, Plaintiff reserves the right to object to any hearsay statements (FRE 801, 802) sought to be offered by Defendant where the declarant is not available at trial.

### B. Defendants' Exhibits

| Defendants' Exhibit No. | Description | Objection(s) by Plaintiff |
|---|---|---|
| A. | Plaintiff's EEOC Charge, filed on March 20, 2019 (PLAINTIFF 000077-82) | FRE 801; FRE 802 |
| B. | Plaintiff's Right to Sue Letter, dated April 24, 2019 | N/A |
| C. | Plaintiff's Complaint filed on May 20, 2019 (ECF No. 1) | FRE 801; FRE 802 |
| D. | Defendants' Answer filed on July 15, 2019 (ECF No. 9) | FRE 801; FRE 802 |
| E. | The Firm's Employee Handbook signed by Plaintiff (D11911-D11941) | FRE 401; FRE 402; FRE 403 |
| F. | The Firm's Employee Handbook, updated version. | FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| G. | Instant Messages regarding the Firm's Cell Phone Policy, dated June 29, 2018 (D01951) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |

34

| | | |
|---|---|---|
| H. | Email from Sandra Beron regarding SAGA notes, dated September 11, 2018 (D07450) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| I. | Email from Irene Gabo regarding SAGA instructions (D10015) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| J. | Plaintiff's Resume (PLAINTIFF 000075-76, 1538-1539) | FRE 401; FRE 402; FRE 403; FRE 404; FRE 801; FRE 802 |
| K. | Plaintiff's Payroll Records from June-December 2018 (D13052-D13057) | FRE 403 |
| L. | Record of Plaintiff's Settlements (D11942) | FRE 106; FRE 403 |
| M. | Record of Plaintiff's Transportation Reimbursement Requests and Reimbursement Check | FRE 401; FRE 402 |
| N. | Documents showing cases assigned to Plaintiff from June-December 2018 (D00613-614, D01961, D01985-987, D02072-D02081, D03584, D03747, D03761, D03776-D03777, D03792, D03920, D04056, D04144, D04678, D05761, D05763-D05764, D07426, D07455-D07456, D07465-D07466, D07476, D07525-D07526, D07531, D07539, D07551, D07586-D07587, D07599-D07600, D07633, D07761, D07838-D07840, D08333-D08334, D08663, D08830, D08863, D08932, D09484, D09537, D10053-D10056, D10079, D10082, D10286, D10399, D10455-D10456, D11102, D11021, D11500, D11515, and D11956-D11963) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| O. | Internal Message from Irene Gabo, dated July 17, 2017 (D01953) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| P. | Emails regarding settlement of Plaintiff's assigned cases (D03613, D03802, D04281, D04589, D04667-D04670, D04675, D04678, D05721, D05729, D05825, D07345, D07455-D07456, D07539, D07652-D07653, D07585, D07901, D08331-D08332, D08460-D08469, D08589-D08590, D08620-D08621, D08850, D09339-340, D09358, D09479-D09481, D09528, D09531-D09533, D09537, D10090, D10288, D10292-D10293, and D10642-D10643) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| Q. | Documents showing that paralegals drafted motions for Plaintiff (D01987, D10635, D06379-D06389) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |

35

| R. | Emails showing Plaintiff's failure to respond or perform work on assigned cases (D00557, D00684, D00817-D00818, D01794, D02035, D03560-D0361, D03615, D03621, D03803-D03805, D03811, D03867-D0368, D05320-D05321, D05400, D05682, D05714, D05724, D07353, D08167, D08265, D08830, D08847, D08850, D08962-D08963, D08968-D08969, D09715, D09572-D09573, D09576-D09580, D11166, and D11549-D11553) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
|---|---|---|
| S. | Documents showing that other attorneys and employees at the Firm performed work on cases assigned to Plaintiff (D01794,  D01811, D01815, D03544, D03576, D03763, D04998-D04999, D05324-D05349, D05469, D05492, D06296, D07364, D07856-D07877, D08531, D09436, D10244, D10631-D10632, and D10968) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| T. | Documents showing Plaintiff's failure to enter SAGA notes (D00028, D01874-D01878, D01885-D01893, D01898-D01900, D01903-D01905, D01908-D01910, D01917, D01922-D01924, D01927-D01938, D01942-D01944, D02015-D02016, and D05679) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| U. | Emails showing that paralegals engaged in communications with the Firm's clients that were assigned to Plaintiff (D03746, D03617, D03620, D03729, D03772, D04100, D08850, D08966-D08967, and D09661) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| V. | Plaintiff's paralegal engaged in settlement negotiations for Plaintiff's cases (D03799) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| W. | Plaintiff's personal emails using the Firm-provided email account (D00546, D11269-273, D11307, D11419-420, D11423, D11431-D11432, and D11479-D11480) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| X. | Emails showing Plaintiff's parking tickets (D07878-D07883, D08487-D08504) | FRE 401; FRE 402; FRE 801; FRE 802 |
| Y. | Documents regarding the Firm's clients and cases retained by Plaintiff (PLAINTIFF 000083-87, 115-117, 121-126, 129-130, 136, 151-153, 156-157, 162-166, 168-169, 180-197, 209-211, 315-349, 352, 372-411, 426-470, 491-519, 540, 546-547, 549-551, 559-679, 681, 684-700, 702-703, 715-720, 1059-1093) | FRE 106; FRE 401; FRE 402; FRE 403<br><br>These Bates ranges include documents that are not what Defendants are claiming the documents to be.  Plaintiff |

36

| | | |
|---|---|---|
| | | reserves her rights to object separately to each of these documents that Defendants intend to introduce. |
| Z. | Payroll Records of Sandra Beron from June-December 2018 (D13109-D13118) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 901 |
| AA. | Payroll Records of Irene Gabo from June-December 2018 (D13100-D13107) | FRE 106; FRE 401; FRE 402; FRE 403 |
| BB. | Payroll Records of Gil Zohar from January-July 2019 (D13119-D13128) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 901 |
| CC. | Audio Recording No. 384 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| DD. | Certified Transcript of Audio Recording No. 384 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901; FRE 1001; FRE 1002; FRE 1006 |
| EE. | Audio Recording No. 386 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| FF. | Certified Transcript of Audio Recording No. 386 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901; FRE 1001; FRE 1002; FRE 1006 |
| GG. | Audio Recording No. 419 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| HH. | Certified Transcript of Audio Recording No. 419 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901; FRE 1001; FRE 1002; FRE 1006 |
| II. | Audio Recording No. 482 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| JJ. | Certified Transcript of Audio Recording No. 482 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901; FRE 1001; FRE 1002; FRE 1006 |
| KK. | Audio Recording No. 484 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| LL. | Certified Transcript of Audio Recording No. 484 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901; FRE 1001; FRE 1002; FRE 1006 |

| MM. | Audio Recording No. 538 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
|---|---|---|
| NN. | Certified Transcript of Audio Recording No. 538 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901; FRE 1001; FRE 1002; FRE 1006 |
| OO. | Audio Recording No. 571 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| PP. | Certified Transcript of Audio Recording No. 571 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901; FRE 1001; FRE 1002; FRE 1006 |
| QQ. | Audio Recording No. 597 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| RR. | Certified Transcript of Audio Recording No. 597 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901; FRE 1001; FRE 1002; FRE 1006 |
| SS. | Audio Recording No. 656 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| TT. | Certified Transcript of Audio Recording No. 656 | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901; FRE 1001; FRE 1002; FRE 1006 |
| UU. | Deposition Transcripts showing Plaintiff's Appearances from June-December 2018 (D01870-D01871, D01874-D01875, D01877-D01880, D01882-D01883, D01885-D01886, D1888-D01889, D01891-D01892, D01894-D01899, D01901-D01904, D01906-D01909, D01911-D01916, D01918-D01923, D01925-D01928, D01930-D01931, D01933-D01934, D01936-D01937, D01939-D01940, D01942-D01943, D01945-D01946) | FRE 106; FRE 401; FRE 402; FRE 403 |
| VV. | The Firm's calendar documents from September 26, 2018 (D012415-D012419) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| WW. | The Firm's calendar documents from September 27, 2018 (D012407-D012414) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |

15309722.2 1/17/2023

| XX. | The Firm's calendar documents from October 4, 2018 (D012721-D012724) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
|---|---|---|
| YY. | The Firm's calendar documents from October 5, 2018 (D012716-D012720) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| ZZ. | The Firm's calendar documents from October 8, 2018 (D012712-D012715) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| AAA. | The Firm's calendar documents from October 9, 2018 (D012704-D012711) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| BBB. | The Firm's calendar documents from October 10, 2018 (D012698-D012702) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| CCC. | The Firm's calendar documents from October 11, 2018 (D012693-D012697) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| DDD. | The Firm's calendar documents from October 12, 2018 (D012686-D012692) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| EEE. | The Firm's calendar documents from October 15, 2018 (D012675-D012685) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| FFF. | The Firm's calendar documents from October 16, 2018 (D012667-D012674) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| GGG. | The Firm's calendar documents from October 18, 2018 (D012651-D012657) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| HHH. | The Firm's calendar documents from October 19, 2018 (D012644-D012650) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| III. | The Firm's calendar documents from November 5, 2018 (D012909-D012914) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| JJJ. | The Firm's calendar documents from November 9, 2018 (D012869-D012877) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |

39

| KKK. | The Firm's calendar documents from November 15, 2018 (D012832-D012839) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
|------|------------------------------------------------------------------------|----------------------------------------------------------------|
| LLL. | The Firm's calendar documents from November 16, 2018 (D012826-D012831) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| MMM. | The Firm's calendar documents from November 19, 2018 (D012816-D012825) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| NNN. | The Firm's calendar documents from November 20, 2018 (D012806-D012815) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| OOO. | The Firm's calendar documents from November 21, 2018 (D012799-D012805) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| PPP. | The Firm's calendar documents from November 26, 2018 (D012792-D012798) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| QQQ. | The Firm's calendar documents from November 27, 2018 (D012780-D012791) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| RRR. | The Firm's calendar documents from November 30, 2018 (D012751-D012757) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| SSS. | The Firm's calendar documents showing Plaintiff's appearances at depositions from June-December 2018 (D012003, D012008, D011993, D012001, D012207, D012213, D012192, D012203, D012185, D012139, D12140, D12107, D012115, D12130, D012133, D012390, D012396, D012380, D012384, D012366, D012371, D012357, D012336, D012340, D012295, D012300, D012253, D012256, D012244, D012247, D012532, D012539, D012499, D012477, D012481, D012442, D012447, D012424, D012658, D012666, D012635, D012642, D012602, D012606, D012921, D012929, D012896, D012899, D012863, D012865, D012758, D012767, D013039, D013044, D013023, D012984, D012989) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| TTT. | Email from Plaintiff regarding return to work, dated October 15, 2018 (D01679, PLAINTIFF 000675) | FRE 106; FRE 801; FRE 802 |

| UUU. | Email regarding Plaintiff's work while absent (D01619) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
|---|---|---|
| VVV. | Documents showing Gil Zohar's employment with the Firm in August and September 2018 (D10027, D012667, D012716-718, D012780-783, D012807) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802; FRE 901 |
| WWW. | Email confirming termination date of Gregory Nahas (D01866-D01867) | FRE 106; FRE 401; FRE 402; FRE 801; FRE 802 |
| XXX. | The Firm's ZipRecruiter Invoices (D13129-D13134) | FRE 401; FRE 402 |
| YYY. | Plaintiff's Certification, dated May 18, 2020 | FRE 401; FRE 402 |
| ZZZ. | Internal Message from Erica Larssen to Plaintiff regarding JAWS, dated November 28, 2018 (D01982, D02070-D02071) | FRE 106; FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| AAAA. | Invoices from IT Plus Solutions (D11949-D11952) | FRE 401; FRE 402 |
| BBBB. | Defendants' First Set of Interrogatories, dated November 5, 2019 | FRE 401; FRE 402; FRE 801; FRE 802 |
| CCCC. | Plaintiff's Responses to Defendants' First Set of Interrogatories, dated January 10, 2020 | FRE 401; FRE 402; FRE 403; FRE 801; FRE 802 |
| DDDD. | Subpoena on T-Mobile and Response | FRE 401; FRE 402; FRE 403; FRE 404; FRE 801; FRE 802; FRE 901 |
| EEEE. | Declaration of Innessa M. Huot, dated March 8, 2021 | FRE 401; FRE 402; FRE 801; FRE 802; FRE 901 |
| FFFF. | Plaintiff's Invoices (PLAINTIFF 1-14, 723-761, 1094-1095, 1260-1297, 1306-1307, 1490, 1494, 1499, 1507, 1510, 1515, 1523, 1525, 1536, 1541, 1547, 1550, 1551, 1580, 1594, 1599, 1611, 1619, 1623, 1627, 1632, 1644, 1649, 1665, 1674-1736, 1743, 1746-1747, 1749-1750, 1753-1756, 1759-1761, 1768-1769, 1776, 1779, 1783, 1786-1787, 1794-1795, 1831, 1834, 1847, 1849-1852, 1857, 1866-1867, 1870-1871, 1873, 1876, 1879, 1881, 1891-1892, 1901, 1903-1904, 1917) | FRE 106<br><br>This is not a complete list of all Plaintiff's invoices.  Also, these Bates ranges include duplicative invoices that were reproduced several times as confidential, redacted, unredacted, attorneys' eyes only.  As such, Plaintiff reserves her rights to object to each of these documents should Defendants intend to introduce them. |
| GGGG. | Plaintiff's Forms 1099-Misc and Form 1099-NEC (PLAINTIFF 1048-1052, 1300-1301, 1303-1305, 1796, 1878; D11944) | FRE 106<br><br>This is not a complete list of all Plaintiff's 1099-Misc and 1099-NEC Forms.  Also, these Bates |

41

| | | |
|---|---|---|
| | | ranges include duplicative Forms that were reproduced several times as redacted and unredacted.  As such, Plaintiff reserves her rights to object to each of these documents should Defendants intend to introduce them. |
| HHHH. | 2019 Payment for Referral (PLAINTIFF 721-722; D11943-D11944) | FRE 106; FRE 401; FRE 402 |
| IIII. | Summary Chart of Plaintiff's Earnings since her 2018 employment with the Firm | FRE 1001; FRE 1002; FRE 1006<br><br>Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
| JJJJ. | Medical Records from Dr. Anna Shostak (PLAINTIFF 000033-42) | FRE 801; FRE 802; FRE 901 |
| KKKK. | Medical Records from NYU Langone Eye Center (D014891, D014899, D014905, D014915, D014917, D014924) | FRE 106; FRE 801; FRE 802; FRE 901 |
| LLLL. | Medical Records from Dr. Julia Giyaur (D014882) | FRE 106; FRE 801; FRE 802; FRE 901 |
| MMMM. | Affidavit of Nicole E. Price, dated May 11, 2021 regarding chain of custody of audio recordings | FRE 401; FRE 402; FRE 801; FRE 802; FRE 901 |
| NNNN. | Email exchange between Plaintiff and Irene Gabo, dated August 2, 2018 (D10784) | FRE 401; FRE 402; FRE 403 |
| OOOO. | American Bar Association, Formal Opinion 489 (2019) | FRE 401; FRE 402; FRE 403 |
| PPPP. | NYSBA NY Rules of Professional Conduct (2021) | FRE 401; FRE 402; FRE 403 |
| QQQQ. | Summary Chart of Plaintiff's absences, medical appointments, and appearances at court/depositions during her 2018 employment with the Firm. | FRE 1001; FRE 1002; FRE 1006<br><br>Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
| RRRR. | Plaintiff's Rule 56.1 Counterstatement | |

| | | |
|---|---|---|
| SSSS. | Plaintiff's GoFundMe Page | |
| TTTT. | Plaintiff's Facebook Page | |
| UUUU. | Plaintiff's Instagram Posts | |
| VVVV. | Steven Korytny Criminal Record | |
| N/A | Enlarged versions of the exhibits of any Party. | FRE 1001; FRE 1002; FRE 1006<br><br>Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
| N/A | Enlarged excerpts of the deposition or trial testimony of any witness. | FRE 106; FRE 1001; FRE 1002; FRE 1006<br><br>Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
| N/A | Electronic highlighting and/or cropping and/or "pop-outs" of the exhibits of any Party. | FRE 106; FRE 1001; FRE 1002; FRE 1006<br><br>Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
| N/A | Electronic highlighting and/or cropping and/or "pop-outs" of the deposition or trial testimony of any witness. | FRE 106; FRE 1001; FRE 1002; FRE 1006<br><br>Plaintiff has not been provided this exhibit.  As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |

| N/A | Compilations of information contained within the exhibits of any party, including, but not limited to, lists, charts, graphs, tables, timelines, PowerPoint presentations, slide shows or any other form of presenting such information. | FRE 106; FRE 1001; FRE 1002; FRE 1006<br><br>Plaintiff has not been provided this exhibit. As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |
|---|---|---|
| N/A | Compilations of the deposition or trial testimony of any witness, including, but not limited to, lists, charts, graphs, tables, timelines, PowerPoint presentations, slideshows or any other form of presenting such information. | FRE 106; FRE 1001; FRE 1002; FRE 1006<br><br>Plaintiff has not been provided this exhibit. As such, Plaintiff reserves all rights, including, without limitation, the right to assert further objections after review of the exhibit. |

*** *Signatures on following page.* ***

15309722.2 1/17/2023

Dated: January 18, 2023
      New York, New York

**FARUQI & FARUQI, LLP**        **BOND SCHOENECK & KING, PLLC**

*/s/ Innessa M. Huot*        */s/ Mary Ellen Donnelly*
Innessa M. Huot        Mary Ellen Donnelly
Alex J. Hartzband        Louis DiLorenzo
Camilo M. Burr        Mallory A. Campbell

685 Third Avenue, 26th Floor        600 Third Avenue, 22nd Floor
New York, NY 10017        New York, New York 10016
Tel: (212) 983-9330        Tel: 646-253-2300
Fax: (212) 983-9331        Fax: 646-253-2301
ihuot@faruqilaw.com        mdonnelly@bsk.com
ahartzband@faruqilaw.com        dilorel@bsk.com
cburr@faruqilaw.com        mcampbell@bsk.com

*Attorneys for Plaintiffs*        *Attorneys for Defendants*

      Service of a copy of this Order shall be made by the Clerk of the Court by forwarding a copy hereof to all parties.

SO ORDERED:

_____
CAROL BAGLEY AMON
United States District Court Judge

DATED: _____

45