
600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**MARY ELLEN DONNELLY**
mdonnelly@bsk.com
P: (646) 253-2392
F: (646) 253-2301

January 27, 2023

**VIA ELECTRONIC FILING**
Honorable Carol Bagley Amon
United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

        Re:    Yelena Ruderman v. Law Office of Yuriy Prakhin, P.C., et al.
                 E.D.N.Y. Case No. 19-cv-02987 (CBA) (LB)

Dear Judge Amon:

      We represent Defendants, Law Office of Yuriy Prakhin (the "Firm") and Yuriy Prakhin, Esq. ("Mr. Prakhin") (collectively, "Defendants") in the above-referenced action. We submit this letter pursuant to Rule 3 of your Individual Rules to respectfully request a pre-motion conference for Defendants' Motion for Reconsideration to Preclude Peter Coates from testifying. [Doc. #138 – Defendants' Motion in Limine #4]. In the Parties' Joint Pre-Trial Order, Mr. Coates is listed as being "expected to testify about, *inter alia*, Defendants' workplace culture and spoliation of evidence relevant to this action, and the Firm's culture of unethical conduct, discrimination, and retaliation." [Doc. #164 at 8]. Based upon the deposition testimony of Peter Coates and Plaintiff's counsel's prior representations to this Court and Your Honor's prior rulings, there is no longer any subject to which this witness will be able to testify

      Defendants previously sought to preclude Peter Coates from testifying given Plaintiff's untimely disclosure of Mr. Coates as a witness and his proposed testimony regarding his own claims of sexual orientation discrimination and retaliation that could confuse and mislead the jury, as well as create its own mini-trial. [Doc #138 at 17]. Plaintiffs did not make Defendants aware of the fact that Mr. Coates had information relevant to this lawsuit until October 26, 2022. In Plaintiff's opposition to Defendants' Motions in Limine, Plaintiff's counsel claims that "Plaintiff has never personally met or spoken with Coates." [Doc # 141 at 41]. Whether or not this is true, Plaintiff's counsel failed to disclose the fact that Peter Coates met with Faruqi & Faruqi attorneys Camilo Burr and Alex Hartzband, both of whom have appeared in this action on behalf of Plaintiff, in April and/or May 2022 for a consultation on his own case against Defendants. [**Exhibit A** – Coates Dep. Trans. 26: 2-17; 100:16-101:8]. During this consultation, Mr. Coates provided 10-12 notebooks to Plaintiff's counsel that he purports outlined Defendants "unlawful and unethical conduct" while working at Defendant Firm.[1] [See **Exhibit A** – 182:14-183:4; 225; 16-24]. Plaintiff's counsel, following the end of the consultation, also drafted a declaration for him in

---

[1] According to Mr. Coates, they kept the notebooks for seven days before returning them. [See **Exhibit A** – 226; 16-19]. Defendants have requested that Mr. Coates turn over relevant entries from these journals. Mr. Coates has refused to do so.

Hon. Carol Bagley Amon
January 27, 2023
Page 2

connection with this action which he signed on May 19, 2022. [See **Exhibit A** – 10; 4-6]. [See **Exhibit B** – Coates Declaration] and referred him to his current counsel. [Coates deposition]. Plaintiff's counsel clearly had knowledge of Mr. Coates and the declaration they prepared earlier in 2022 but did not provide this information to Defendants until late October 2022: "Mr. Coates, and we acknowledge he was not disclosed because we didn't know about him until May of 2022." [**Exhibit C** – Excerpt from Dec. 19, 2022 Pre-Trial Transcript 52: 23-25]. The declaration drafted by Plaintiff's counsel was executed by Mr. Coates on May 19, 2022. However, Plaintiff did not make Defendants aware of this declaration and its existence until October 26, 2022. [See **Exhibit D** – Email from Alex J. Hartzband]. It is still unclear why Plaintiff waited over five months to produce this document.[2] However, what is clear from Mr. Coates' own deposition testimony and the declaration produced over five months after its execution is that Plaintiff's counsel had knowledge of this individual, his possession of potentially relevant contemporaneous documents (see Paragraph 75 of **Exhibit B** – the declaration Mr. Coates testified Plaintiff's counsel drafted for him to sign) and their intention to use his testimony well before they informed Defendants about him.

Defendants also sought to preclude Peter Coates from testifying given that his declaration was filled with allegations surrounding his own claims of sexual orientation discrimination and retaliation against Defendants which occurred well after Plaintiff's employment with Defendant Firm ended. Mr. Coates' employment with Defendant Firm did not overlap at all with Plaintiff's. Mr. Coates has no firsthand knowledge of Plaintiff's work performance or any alleged discrimination she faced while at Defendant Firm. Mr. Coates is not disabled and testified that he did not know of anyone else at Defendant Firm who was disabled during his employment. [See **Exhibit A** – 101; 9-21]. Mr. Coates' alleged testimony on his own claims against Defendants is unrelated to Plaintiff's lawsuit and would mislead and confuse the jury, as well as lead to a mini-trial in which Defendants would need to introduce many witnesses to rebut Mr. Coates' claims.

Plaintiff's Opposition to Defendants' Motion in Limine asserts that Mr. Coates' testimony "would largely be used for the purpose of opposing Defendants' attempts to authenticate SAGA records." [Doc. #141 at 42]. Plaintiff further contends that Mr. Coates is necessary to explain the "spoilation of SAGA records" and that "Coates's testimony as to spoliation of [SAGA] records is essential to ensure that the SAGA records are viewed in the appropriate context." [Doc. # 141 at 41]. At this time, Plaintiff's counsel had also submitted their own Motion in Limine to preclude Defendants' from introducing these SAGA records. [Doc. # 133].

In her Opposition, Plaintiff also argues that Mr. Coates can testify as to specific instances of sexual orientation discrimination and retaliation he claims to have faced while working at Defendant Firm after Plaintiff's employment ended.

---

[2] Or why Plaintiff's counsel did not inform Defendants of the existence of the relevant journals which they had in their possession and control.

Hon. Carol Bagley Amon
January 27, 2023
Page 3

On December 19, 2022, the Parties attended a Pre-Trial Conference , before any ruling by your Honor concerning the admissibility of the SAGA records by Defendants. Plaintiff's counsel represented to the Court that Mr. Coates' testimony would only be used regarding the SAGA notes:

> Mr. Beldner: …Mr. Coates will testify that he was directed by Mr. Prakhin and his office manager, Ms. Raskin, to delete our client's Saga entry notes…
>
> *The Court: But what about the firm's culture of unethical conduct, discrimination and retaliation, what is that about?*
>
> *Mr. Beldner: I don't believe that he would be offering any kind of testimony regarding that. His testimony would be limited to what he directly observed with respect to actions taken with respect to our client and Saga entries and the management of the Saga entries.*
>
> [See **Exhibit C** – 52:25-53:24].

This, however, is direct conflict with the description they now offer in the Final Joint Pre-trial Order filed on January 18, 2023. There they claim he will testify to the following:

> *Mr. Coates: Mr. Coates is expected to testify about, inter alia, Defendants' workplace culture and spoliation of evidence relevant to this action, and the Firm's culture of unethical conduct, discrimination, and retaliation.*

[Doc. #164 at 8].

At the time of the December 19, 2022 Pre-Trial Conference, Your Honor had not made a decision on Plaintiff's Motion in Limine #4 and the admissibility of Defendants' SAGA Records. Subsequently, on January 12, 2023, Your Honor decided to preclude Defendants from introducing the SAGA records at trial. Based on Mr. Beldner's representation to the Court, Mr. Coates testimony is no longer needed. Furthermore, as explained previously, Mr. Coates should not be allowed to testify as to his unrelated claims of unethical work culture at the firm, and unrelated sexual orientation discrimination and retaliation that he faced well after Plaintiff's employment ended.

Defendants conferred with Plaintiff's counsel on January 27, 2023 and Plaintiff indicated that she still intends to call Mr. Coates as a witness. Based on the foregoing, Defendants respectfully request Your Honor to preclude Mr. Coates from testifying at trial.

Thank you for your consideration.

15369130.6 1/27/2023

Hon. Carol Bagley Amon
January 27, 2023
Page 4

Best regards,

BOND, SCHOENECK & KING, PLLC


_____/s/_____
Mary Ellen Donnelly
Member


CC: <u>Via ECF</u>
    Alex J. Hartzband, Esq.
    Innessa M. Huot, Esq.

15369130.6 1/27/2023