# DEFENDANT YP RULE 60 EXHIBIT "D5"

RULE 60 EXHIBITs for Defendant Yuriy Prakhin
*Ruderman v. Law Office of Yuriy Prakhin, et al.*
19cv02987 (CBA)(LB)

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
FILED: KINGS COUNTY CLERK 08/31/2017 12:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 516955/2017
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/30/2020
RECEIVED NYSCEF: 08/31/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X  Index No.: _____

MARYIA KOVAL,

                          Plaintiff,

    -against-                           **VERIFIED COMPLAINT**

YELENA RUDERMAN, TATYANA RUDERMAN,
VALENTIN KOVALENKO and LARISA MARKINA,

                          Defendants.
----------------------------------------------------------------X

       Plaintiff, MARYIA KOVAL, by her attorneys, LAW OFFICES OF ALEKSANDR VAKAREV, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

1. That at all times herein mentioned, plaintiff, MARYIA KOVAL, was and still is a resident of the County of Kings, City and the State of New York.

2. That at all times herein mentioned, defendant, YELENA RUDERMAN, was, and still is, a resident of the County of Richmond, City and State of New York.

3. That at all times herein mentioned, defendant, TATYANA RUDERMAN, was, and still is, a resident of the County of Richmond, City and State of New York.

4. That at all times herein mentioned, defendant, TATYANA RUDERMAN, was the owner of a certain 2015 Lexus motor vehicle bearing New York State registration number GCR6934.

5. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TATYANA RUDERMAN, was the lessee of the aforesaid motor vehicle bearing the New York State registration number GCR6934.

6. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TATYANA RUDERMAN, was the lessor of the aforesaid motor vehicle bearing the New York State registration number GCR6934.

FILED: KINGS COUNTY CLERK
NYSCEF DOC. NO. 1
INDEX NO. 516955/2017
RECEIVED NYSCEF: 08/31/2017

7. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TATYANA RUDERMAN, maintained the aforesaid motor vehicle bearing the New York State registration number GCR6934.

8. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TATYANA RUDERMAN, managed the aforesaid motor vehicle bearing the New York State registration number GCR6934.

9. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TATYANA RUDERMAN, controlled the aforesaid motor vehicle bearing the New York State registration number GCR6934.

10. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TATYANA RUDERMAN, inspected the aforesaid motor vehicle bearing the New York State registration number GCR6934.

11. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TATYANA RUDERMAN, repaired the aforesaid motor vehicle bearing the New York State registration number GCR6934.

12. That at all times herein mentioned, defendant, YELENA RUDERMAN, was the operator of a certain 2015 Lexus motor vehicle bearing New York State registration number GCR6934.

13. That on May 15th, 2017, and at all times hereinafter mentioned defendant, YELENA RUDERMAN, operated the aforementioned motor vehicle with the express permission of the defendant, TATYANA RUDERMAN.

14. That on May 15th, 2017, and at all times hereinafter mentioned defendant, YELENA RUDERMAN, operated the aforementioned motor vehicle with the express consent of the defendant, TATYANA RUDERMAN.

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
NYSCEF DOC. NO. 1
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/30/2020

Case 1:22-cv-03987-CBA-LB Document 22-1 Filed 02/27/24 Page 4 of 17 PageID #: 248

FILED: KINGS COUNTY CLERK 08/31/2017 12:02 PM
NYSCEF DOC. NO. 1
INDEX NO. 516955/2017
RECEIVED NYSCEF: 08/31/2017

15. That on May 15th, 2017, and at all times hereinafter mentioned defendant, YELENA RUDERMAN, operated the aforementioned motor vehicle with the express knowledge of the defendant, TATYANA RUDERMAN.

16. That on May 15th, 2017, and at all times hereinafter mentioned defendant, YELENA RUDERMAN, operated the aforementioned motor vehicle with the implied permission of the defendant, TATYANA RUDERMAN.

17. That on May 15th, 2017, and at all times hereinafter mentioned defendant, YELENA RUDERMAN, operated the aforementioned motor vehicle with the implied consent of the defendant, TATYANA RUDERMAN.

18. That on May 15th, 2017, and at all times hereinafter mentioned defendant, YELENA RUDERMAN, operated the aforementioned motor vehicle with the implied knowledge of the defendant, TATYANA RUDERMAN.

19. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, YELENA RUDERMAN, was the lessee of the aforesaid motor vehicle bearing the New York State registration number GCR6934.

20. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, YELENA RUDERMAN, was the lessor of the aforesaid motor vehicle bearing the New York State registration number GCR6934.

21. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, YELENA RUDERMAN, maintained the aforesaid motor vehicle bearing the New York State registration number GCR6934.

22. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, YELENA RUDERMAN, managed the aforesaid motor vehicle bearing the New York State registration number GCR6934.

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
NYSCEF DOC. NO. 57
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/30/2020

Case 1:19-cv-06367-CBA-LB Document 22-1 Filed 02/27/24 Page 5 of 17 PageID #: 248

FILED: KINGS COUNTY CLERK 08/31/2017 12:02 PM
NYSCEF DOC. NO. 1
INDEX NO. 516955/2017
RECEIVED NYSCEF: 08/31/2017

23. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, YELENA RUDERMAN, controlled the aforesaid motor vehicle bearing New York State registration number GCR6934.

24. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, YELENA RUDERMAN, inspected the aforesaid motor vehicle bearing the New York State registration number GCR6934.

25. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, YELENA RUDERMAN, repaired the aforesaid motor vehicle bearing the New York State registration number GCR6934.

26. That at all times herein mentioned, defendant, VALENTIN KOVALENKO, was, and still is, a resident of the County of Kings, City and State of New York.

27. That at all times herein mentioned, defendant, LARISA MARKINA, was, and still is, a resident of the County of Kings, City and State of New York.

28. That at all times herein mentioned, defendant, LARISA MARKINA, was the owner of a certain 2017 Nissan motor vehicle bearing New York State registration number GGH6930.

29. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, LARISA MARKINA, was the lessee of the aforesaid motor vehicle bearing the New York State registration number GGH6930.

30. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, LARISA MARKINA, was the lessor of the aforesaid motor vehicle bearing the New York State registration number GGH6930.

31. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, LARISA MARKINA, maintained the aforesaid motor vehicle bearing the New York State registration number GGH6930.

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
INDEX NO. 516955/2017
NYSCEF DOC. NO. 14
RECEIVED NYSCEF: 10/30/2020

Case 1:19-cv-02057-CBA-LRM Document 23-1 Filed 02/27/24 Page 6 of 17 PageID #: 24828

FILED: KINGS COUNTY CLERK 08/31/2017 12:02 PM
INDEX NO. 516955/2017
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/31/2017

32. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, LARISA MARKINA, managed the aforesaid motor vehicle bearing the New York State registration number GGH6930.

33. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, LARISA MARKINA, controlled the aforesaid motor vehicle bearing the New York State registration number GGH6930.

34. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, LARISA MARKINA, inspected the aforesaid motor vehicle bearing the New York State registration number GGH6930.

35. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, LARISA MARKINA, repaired the aforesaid motor vehicle bearing the New York State registration number GGH6930.

36. That at all times herein mentioned, defendant, VALENTIN KOVALENKO, was the operator of a certain 2017 Nissan motor vehicle bearing New York State registration number GGH6930.

37. That on May 15th, 2017, and at all times hereinafter mentioned defendant, VALENTIN KOVALENKO, operated the aforementioned motor vehicle with the express permission of the defendant, LARISA MARKINA.

38. That on May 15th, 2017, and at all times hereinafter mentioned defendant, VALENTIN KOVALENKO, operated the aforementioned motor vehicle with the express consent of the defendant, LARISA MARKINA.

39. That on May 15th, 2017, and at all times hereinafter mentioned defendant, VALENTIN KOVALENKO, operated the aforementioned motor vehicle with the express knowledge of the defendant, LARISA MARKINA.

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
INDEX NO. 516955/2017
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 10/30/2020

Case 1:65-cv-00073-CBA-LRM Document 22-1 Filed 02/27/24 Page 7 of 17 PageID #: 248295

FILED: KINGS COUNTY CLERK 08/31/2017 12:02 PM
INDEX NO. 516955/2017
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/31/2017

40. That on May 15th, 2017, and at all times hereinafter mentioned defendant, VALENTIN KOVALENKO, operated the aforementioned motor vehicle with the implied permission of the defendant, LARISA MARKINA.

41. That on May 15th, 2017, and at all times hereinafter mentioned defendant, VALENTIN KOVALENKO, operated the aforementioned motor vehicle with the implied consent of the defendant, LARISA MARKINA.

42. That on May 15th, 2017, and at all times hereinafter mentioned defendant, VALENTIN KOVALENKO, operated the aforementioned motor vehicle with the implied knowledge of the defendant, LARISA MARKINA.

43. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, VALENTIN KOVALENKO, was the lessee of the aforesaid motor vehicle bearing the New York State registration number GGH6930.

44. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, VALENTIN KOVALENKO, was the lessor of the aforesaid motor vehicle bearing the New York State registration number GGH6930.

45. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, VALENTIN KOVALENKO, maintained the aforesaid motor vehicle bearing the New York State registration number GGH6930.

46. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, VALENTIN KOVALENKO, managed the aforesaid motor vehicle bearing the New York State registration number GGH6930.

47. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, VALENTIN KOVALENKO, controlled the aforesaid motor vehicle bearing New York State registration number GGH6930.

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
NYSCEF DOC. NO. 1
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/30/2020

Case 1:18-cv-06397-CBA-LB Document 270 Filed 02/27/24 Page 8 of 17 PageID #: 24835

FILED: KINGS COUNTY CLERK 08/31/2017 12:02 PM
NYSCEF DOC. NO. 1
INDEX NO. 516955/2017
RECEIVED NYSCEF: 08/31/2017

48. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, VALENTIN KOVALENKO, inspected the aforesaid motor vehicle bearing the New York State registration number GGH6930.

49. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, VALENTIN KOVALENKO, repaired the aforesaid motor vehicle bearing the New York State registration number GGH6930.

50. That at all times and places hereinafter mentioned, 86th Street, at or near its intersection with 19th Avenue, in the County of Kings, City and State of New York, were and still are public street/highway in common use of the residents of the City and State of New York and others.

51. That at all times mentioned herein, plaintiff, MARYIA KOVAL, was a passenger in the aforesaid motor vehicle, owned by defendant, LARISA MARKINA and operated by defendant, VALENTIN KOVALENKO.

52. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, YELENA RUDERMAN, was responsible for the proper and prudent operation of his aforesaid motor vehicle.

53. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, VALENTIN KOVALENKO, was responsible for the proper and prudent operation of his aforesaid motor vehicle.

54. That on May 15th, 2017, at the aforementioned location, the aforesaid motor vehicle, owned by defendant, TATYANA RUDERMAN and operated by defendant, YELENA RUDERMAN, struck the motor vehicle owned by defendant, LARISA MARKINA and operated by defendant, VALENTIN KOVALENKO, in which plaintiff, MARYIA KOVAL, was a passenger.

55. That on May 15th, 2017, at the aforementioned location, the aforesaid motor vehicle, owned by defendant, TATYANA RUDERMAN and operated by defendant, YELENA RUDERMAN, came

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
NYSCEF DOC. NO. 1
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/30/2020

Case 1:23-cv-00819-BMC Document 220-1 Filed 02/27/24 Page 9 of 17 PageID #: 24835

FILED: KINGS COUNTY CLERK 08/31/2017 12:02 AM
NYSCEF DOC. NO. 1
INDEX NO. 516955/2017
RECEIVED NYSCEF: 08/31/2017

into contact with the motor vehicle, owned by defendant, LARISA MARKINA and operated by defendant, VALENTIN KOVALENKO, in which plaintiff, MARYIA KOVAL, was a passenger.

56. That on or about May 15th, 2017, at approximately 11:30 PM the subject motor vehicle, owned by defendant, TATYANA RUDERMAN and operated by defendant, YELENA RUDERMAN, came in contact with a motor vehicle, owned by defendant, LARISA MARKINA and operated by defendant, VALENTIN KOVALENKO, in which plaintiff, MARYIA KOVAL, was a passenger.

57. That on May 15th, 2017, at the aforementioned location, the aforesaid motor vehicle, owned by defendant, LARISA MARKINA and operated by defendant, VALENTIN KOVALENKO, in which plaintiff, MARYIA KOVAL, was a passenger, struck the motor vehicle, owned by defendant, TATYANA RUDERMAN and operated by defendant, YELENA RUDERMAN.

58. That on May 15th, 2017, at the aforementioned location, the aforesaid motor vehicle, owned by defendant, LARISA MARKINA and operated by defendant, VALENTIN KOVALENKO, in which plaintiff, MARYIA KOVAL, was a passenger, came into contact with the motor vehicle, owned by defendant, TATYANA RUDERMAN and operated by defendant, YELENA RUDERMAN.

59. That on or about May 15th, 2017, at approximately 11:30 PM the subject motor vehicle, owned by defendant, LARISA MARKINA and operated by defendant, VALENTIN KOVALENKO, in which plaintiff, MARYIA KOVAL, was a passenger, came in contact with a motor vehicle, owned by defendant, TATYANA RUDERMAN and operated by defendant, YELENA RUDERMAN.

60. That as a result thereof, the plaintiff, MARYIA KOVAL, was caused to sustain severe and serious injuries.

61. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants.

62. That defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of their aforesaid motor vehicles and the

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
INDEX NO. 516955/2017
NYSCEF DOC. NO. 248
RECEIVED NYSCEF: 10/30/2020

Case 1:19-cv-02857-CBA-TAM Document 279 Filed 02/07/24 Page 10 of 17 PageID #: 24832

FILED: KINGS COUNTY CLERK 08/31/2017 12:02 PM
INDEX NO. 516955/2017
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/31/2017

defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

63. That as a result of the aforesaid occurrence, the plaintiff, was rendered sick, sore, lame and disabled and has remained so since the said occurrence. The plaintiff, MARYIA KOVAL, sustained nervous shock and continues to suffer mental anguish and great physical pain. She has been compelled to undergo medical aid, treatment and attention and expand money and incur obligations for physicians' services, medical and hospital expenses for the care and treatment of her injuries; and upon information and belief, she will be compelled to expend additional sums of money and incur further obligations in the future for additional physicians' services, medical and hospital expenses for the further care and treatment of her injuries. Plaintiff, MARYIA KOVAL, has been incapacitated from attending to her usual duties, functions, occupations, vocations and avocations, and in other ways she was damaged, and upon information and belief may be so incapacitated in the future and will suffer pecuniary losses.

64. That by reason of the foregoing, plaintiff, MARYIA KOVAL, sustained a serious injury as defined by New York State Insurance Law Section 5102(d).

65. Upon information and belief, that this action falls within one or more of the exceptions enunciated in Section 1601 and 1602 of the New York CPLR.

66. That by reason of the foregoing, plaintiff, MARYIA KOVAL, sustained serious injuries and economic loss greater than basic economic loss as defined by Section 5104 of the New York State Insurance Law.

67. That plaintiff, MARYIA KOVAL, is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances of this action.

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
NYSCEF DOC. NO. 229
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/30/2020

Case 1:19-cv-02367-CBA-LB Document 229 Filed 02/27/24 Page 11 of 17 PageID #: 24833

FILED: KINGS COUNTY CLERK 08/31/2017 12:02 PM
NYSCEF DOC. NO. 1
INDEX NO. 516955/2017
RECEIVED NYSCEF: 08/31/2017

68. The amount of damages sought in this action by plaintiff, MARYIA KOVAL, exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff, MARYIA KOVAL, demands judgment against the defendants, in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action: together with the interest, costs and disbursements.

Dated: Brooklyn, New York
August 31, 2017

Yours, etc.,

*[signature]*

Aleksandr Vakarev, Esq.
LAW OFFICES OF ALEKSANDR VAKAREV
Attorneys for Plaintiff
2566 86TH Street, Suite 1
Brooklyn, New York 11214
(718) 368-0690
Our File No.: 12200

**DEFENDANTS' ADDRESSES:**

**YELENA RUDERMAN**
**TATYANA RUDERMAN**
24 Sabrina Lane
Staten Island, New York 10304

**VALENTIN KOVALENKO**
**LARISA MARKINA**
8671 20th Avenue, 3rd Floor
Brooklyn, New York 11214

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
INDEX NO. 516955/2017
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 10/30/2020
RECEIVED NYSCEF: 08/31/2017

Case 1:19-cv-02987-CBA-LB Document 279 Filed 02/27/24 Page 12 of 17 PageID #: 24834

# INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
COUNTY OF KINGS ) ss:

I, MARYIA KOVAL, being duly sworn, depose and say:

I am ✓ the ✓ one of the ___ Plaintiff(s) ___ Defendant(s) in the within action.

I have read the foregoing ✓ COMPLAINT ___ AMENDED COMPLAINT ___ BILL OF PARTICULARS ___ SUPPLEMENTAL BILL OF PARTICULARS and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The grounds to my belief as to all matters not stated upon my own knowledge are from information obtained due to my involvement with this case.

x _____

Sworn to before me this
31st day of August, 2017

_____
Notary Public

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
INDEX NO. 516955/2017
NYSCEF DOC. NO. 279
RECEIVED NYSCEF: 10/30/2020

Case 1:19-cv-02887-CBA-LB Document 279 Filed 02/27/24 Page 13 of 17 PageID #: 24635

FILED: KINGS COUNTY CLERK 08/31/2017 12:02 PM
INDEX NO. 516955/2017
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/31/2017

Index No.: _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

MARYIA KOVAL,

       Plaintiff,

-against-

YELENA RUDERMAN, TATYANA RUDERMAN,
VALENTIN KOVALENKO and LARISA MARKINA,

       Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

---

**LAW OFFICES OF ALEKSANDR VAKAREV**
Attorneys for Plaintiff
2566 86TH Street, Suite 1
Brooklyn, New York 11214
Phone: (718) 368-0690
Fax: (718) 368-0692

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
NYSCEF DOC. NO. 137

INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/30/2020

Case 1:19-cs-02867-NGA-CBE Document 279 Filed 02/27/24 Page 14 of 17 PageID #: 24836

FILED: KINGS COUNTY CLERK 10/06/2017
NYSCEF DOC. NO. 7

INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/06/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

MARYIA KOVAL,

                             Plaintiff,

- against -

YELENA RUDERMAN, TATYANA
RUDERMAN, VALENTIN KOVALENKO
and LARISA MARKINA,

                             Defendants.

**VERIFIED ANSWER
WITH CROSSCLAIM**

Index #: 516955/17

      Defendants, Yelena Ruderman and Tatyana Ruderman, by the undersigned answering the VERIFIED complaint of the Plaintiff, upon information and belief, states as follows:

      FIRST: Denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered and designated as: 1, 2, 3, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25,26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 52 and 53.

      SECOND: Denies each and every allegation contained in paragraphs numbered and designated as: 4, 5, 6, 7, 8, 9, 10, 11, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67 and 68.

      THIRD: Admits each and every allegation contained in paragraphs numbered and designated as: 50.

**AS AND FOR AN AFFIRMATIVE DEFENSE – COMPARATIVE NEGLIGENCE**
The personal injuries and/or property damage alleged to have been sustained by the Plaintiff were caused entirely or in part through the culpable conduct attributable to the Plaintiff and the defendant seeks a dismissal or reduction in any recovery had by the plaintiff in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

**AS AND FOR AN AFFIRMATIVE DEFENSE – SEAT BELT**
The Plaintiff damages must be mitigated by the Plaintiff failure to use the available seat belts or infant restraining devices and that the damages claimed to have been sustained were caused by the lack of use of said seat belts and/or infant restraining devices.

**AS AND FOR AN AFFIRMATIVE DEFENSE – PERSONAL JURISDICTION**
Service of process was not in conformity with the C.P.L.R.; therefore this Court does not have jurisdiction over the person of the defendant.

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
NYSCEF DOC. NO. 57
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/30/2020

Case 1:19-cs-02987-NGA-CBE Document 270 Filed 02/25/24 Page 15 of 17 PageID #: 24835

NYSCEF DOC. NO. 7
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/06/2017

### AS AND FOR AN AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS
This action was not commenced within the time prescribed by law, therefore the Plaintiff alleged cause(s) of action are barred by the statute of limitations.

### AS AND FOR AN AFFIRMATIVE DEFENSE – ASSUMPTION OF THE RISK
The injuries and damages allegedly suffered by the Plaintiff were sustained while he was engaged in an activity that the Plaintiff entered knowing the risks inherent therein and which risks were assumed by Plaintiff.

### AS AND FOR AN AFFIRMATIVE DEFENSE – COLLATERAL SOURCE
The costs incurred, or paid by Plaintiff, if any, for medical care, dental care, custodial care or rehabilitation services, loss of earning or other economic loss, in the past or future, were or will, with reasonable certainty be replaced or indemnified, in whole or in part, from a collateral source of the type described in CPLR §4545 and defendant is entitled to have any award reduced in the amount of such payments.

### AS AND FOR AN AFFIRMATIVE DEFENSE – SUBJECT MATTER JURISDICTION
This court lacks jurisdiction over this suit since there is no predicate for jurisdiction.

### AS AND FOR AN AFFIRMATIVE DEFENSE – SERIOUS INJURY
Plaintiff did not sustain a serious injury pursuant to Insurance Law Sections 5102 and 5104.

### AS AND FOR AN AFFIRMATIVE DEFENSE – EMERGENCY SITUATION
This answering defendant is not negligent as they were faced with an emergency; a sudden and unanticipated circumstance not of their own making; and acted as a reasonably prudent person would act in the same emergency.

### AS AND FOR AN AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE
The plaintiff has failed to mitigate damages in this matter.

### AS AND FOR AN AFFIRMATIVE DEFENSE – GENERAL OBLIGATIONS LAW
Plaintiff recovery must be offset by a settlement pursuant General Obligations Law section 15-108.

### AS AND FOR A CROSS COMPLAINT AGAINST THE CO-DEFENDANTS VALENTIN KOVALENKO AND LARISA MARKINA IT IS ALLEGED:

That if the Plaintiff Maryia Koval, recover herein, it will be by virtue of the recklessness, carelessness and negligence of the co-Defendants, Valentin Kovalenko and Larisa Markina, above named, and not of the Defendants Yelena Ruderman and Tatyana Ruderman, and that this answering Defendants Yelena Ruderman and Tatyana Ruderman, demands judgment for contribution and/or indemnification in whole or in part and that the respective degrees of negligence of the co-Defendants Valentin Kovalenko and Larisa Markina, be ascertained, determined and adjudicated and that the Defendants Yelena Ruderman and Tatyana Ruderman, have judgment over and against the above-named co-Defendants Valentin Kovalenko and Larisa

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
NYSCEF DOC. NO. 73
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/30/2020

Case 1:19-cs-02307-NCBA-LB Document 279 Filed 02/27/24 Page 16 of 17 PageID #: 24838

NYSCEF DOC. NO. 7
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/06/2017

Markina, as their proportionate share commensurate with their respective degrees of negligence as will be decided on at the trial herein.

WHEREFORE, the Defendants Yelena Ruderman and Tatyana Ruderman, demands judgment dismissing the Plaintiff Maryia Koval, Complaint or in the alternative, that this answering Defendants Yelena Ruderman and Tatyana Ruderman, have judgment for contribution and/or indemnification in whole or in part over and against the co-Defendants Valentin Kovalenko and Larisa Markina, above named, to the degree and proportionate share of the Plaintiff, Maryia Koval recovery as to their respective degrees of negligence as determined herein, with costs and disbursements of this action.

DATED: Hicksville, New York
October 5, 2017

> Julia Kunina-Malladi
> James G. Bilello & Associates
> Attorneys for Defendants
> Yelena Ruderman and Tatyana Ruderman
> 100 Duffy Avenue, Suite 500
> Hicksville, NY 11801
> bilelloandassociates@geico.com
> 516-861-1779
> Our File No: 17K2231
> Claim No: 0163068520101080 (JX44)

FILED: KINGS COUNTY CLERK 10/30/2020 02:37 PM
NYSCEF DOC. NO. 97
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/30/2020

Case 1:19-cv-02897-NGG-CBC Document 279 Filed 02/27/24 Page 17 of 17 PageID #: 24839

NYSCEF DOC. NO. 7
INDEX NO. 516955/2017
RECEIVED NYSCEF: 10/06/2017

## VERIFICATION

Julia Kunina-Malladi, an attorney admitted to practice in the Courts of this State, and associated with the firm of James G. Bilello & Associates, attorneys for the Defendants Yelena Ruderman and Tatyana Ruderman, states:

That your affirmant has read the foregoing Answer and knows the contents thereof; that the same is true to your affirmant's own knowledge except as to the matters which are stated therein to be alleged on information and belief, and as to those matters your affirmant believes it to be true. The source of your affirmant's information and belief, is an investigation caused to be made with respect to the facts in this action.

That the reason this verification is made by affirmant and not by the defendant is because the defendant does not reside within the county where James G. Bilello & Associates maintain their office.

The undersigned affirms that the foregoing statement is true, under penalties of perjury.

Date: Hicksville, New York
October 5, 2017

Julia Kunina-Malladi