F&F LLP
FARUQI & FARUQI

NEW YORK CALIFORNIA GEORGIA PENNSYLVANIA

**Innessa M. Huot**
ihuot@faruqilaw.com

March 8, 2023

**VIA ECF**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Ruderman v. Law Office of Yuriy Prakhin, et al.*, No. 1:19-cv-02987-CBA-LB

Dear Judge Amon:

Plaintiff writes to respectfully request that the Court strike and/or disregard Defendant Yuriy Prakhin's ("Prakhin") ***second*** post-trial motion requesting that the court set aside a Judgment due to alleged "fraud, misrepresentation, or misconduct by an opposing party and surprise" pursuant to FRCP 60. ECF No. 278-19 ("New Motion").

By way of background, this Court ordered that Defendants file all post-trial motions on or before March 24, 2023. Defendant Prakhin filed motions pursuant to Rule 50, Rule 59, and Rule 60 on March 24, 2023. ECF Nos. 237-39.[1] Plaintiff opposed Prakhin's motion (ECF No. 249), and Defendant Prakhin filed his Reply brief on June 23, 2023 (ECF No. 266).

Importantly, Prakhin was given five (5) extensions of his deadline to file his Reply brief with the last extension being noted by the Court as final and that "No further extension will be granted." Minute Order, June 8, 2023. However, Defendant Prakhin filed his 46-page, mostly single-spaced, Reply brief as a "rough draft" and requested Plaintiff's consent for the brief to be used merely as a placeholder until he filed his revised draft at a later date. Plaintiff objected to this request and wrote to the Court requesting that Prakhin not be permitted to submit any revised or alternate version of the Reply brief he already filed. ECF No. 267. Defendant Prakhin never opposed or responded to Plaintiff's letter.

Now, over eight (8) months later, Defendant Prakhin has suddenly, without any warning or leave of the Court, filed a new Rule 60 Motion which, in large part, simply copies and pastes the previous arguments which were already asserted in his original Rule 60 Motion (ECF No. 243-1), and the Reply brief he finally had time to "clean up" from its original "rough draft" form. However, rather than refiling this motion as a Reply brief, Defendant Prakhin refiled the document as another Rule 60 motion, which now presumably Plaintiff will be expected to respond to.

[1] Defendant Prakhin later filed a "corrected version" of the same motion, on March 27, 2023 (ECF No. 243-1).

Defendant Prakhin styles his new Rule 60 motion as based on "newly discovered evidence" yet points to absolutely no new evidence. Indeed, Defendant Prakhin claims that "unbeknownst to [him] or [his] attorneys, Ms. Ruderman was the driver of a motor vehicle involved in an accident on May 16, 2017 well before her LHON diagnosis" and testified at a 2019 deposition related to the accident that she could not see a photograph presented to her. New Motion ¶¶ 36-37. While Plaintiff disputes the accuracy and relevance of this information, this information is certainly not "new." In fact, Plaintiff herself testified in this case at her deposition about this precise motor vehicle accident and the related lawsuit that she has been involved in as a defendant. *See* Ex. A (Ruderman Deposition except). Defendant Prakhin himself was present for Plaintiff's deposition and personally observed Ms. Ruderman's testimony. The motor vehicle lawsuit, as well as the documents related to the case, are a matter of public record. Prakhin had every opportunity to obtain this information well in advance of the trial, especially after being put on notice of it over 1.5 years before the trial. Therefore, Prakhin's attempt to recategorize his refiled motion as one based on "new evidence" should be rejected and Prakhin's motion should be disregarded.

The second portion of Prakhin's new Rule 60 motion has absolutely nothing to do with this lawsuit. Instead, Prakhin proffers his defenses for the claims raised against him by Peter Coates in a separate lawsuit currently pending in state court. Indeed, Prakhin provides evidence and information relating to claims raised by Coates that Plaintiff has no knowledge of. Prakhin argues that Coates' claims of retaliatory termination are "patently false," and that Coates has a "bizarre" mind. New Motion ¶¶ 70, 76. Prakhin then provides a lengthy exposition justifying Prakhin's termination of Coates and explains his purportedly non-retaliatory reasons for his termination. *Id.* ¶¶ 67-94. Prakhin goes on to describe an exchange with an individual unknown to Plaintiff (or counsel) – John Clennan – who Prakhin describes as "cooperative and gentlemanly" and claims this individual did not enjoy working with Coates. *Id.* ¶ 90. Finally, Prakhin submits an unusual occurrence report from 2019 and several publicly filed letters from 2011 and 2014 relating to Coates' complaints about court officers to show that he is a "serial complainer" and that his allegations against Prakhin are "absurd." *Id.* ¶¶ 70, 81. Importantly, Prakhin concedes that he could have raised these issues at the trial, which he admits were "***issues I was aware of***" but claims that he chose not to because the issues would have "***been considered collateral and even appear petty***." ¶ 67. As such, this entire portion of Prakhin's motion is entirely unrelated to the instant case, is wholly irrelevant, and should be completely disregarded.

The last portion of Prakhin's new Rule 60 motion is nearly a verbatim copy and paste of the Prakhin's previous Reply brief. Indeed, Prakhin copies over (virtually verbatim) the entire argument he previously raised in his Reply brief regarding Plaintiff's reading of handwritten notes. *Compare* New Motion at 43-53 with Reply brief at 1-15. Prakhin even copied the same screenshots of the medical records from his Reply brief into the New Motion. *See id*. In fact, during his copy and paste operation, Prakhin forgot to eliminate his multiple references to Plaintiff's "opposition brief" which he had included when drafting his Reply brief. E.g., ¶¶ 120-121. Moreover, Defendant Prakhin already made these same ***identical arguments*** in his original Rule 60 Motion, which was submitted in March 2023. ECF No. 243-1 at 27-31.



Prakhin's new Rule 60 motion also copies over Prakhin's arguments related to Plaintiff's production of medical records, her history of therapy treatment, and Dr. Shostak being called to testify at trial. *Compare* New Motion at 23-26, 55-59 with Reply brief at 15-22, 25-28. Prakhin also reiterates the "faking at a deposition" incident that Plaintiff testified about at trial and was cross examined about extensively. New Motion at 8, 12-13, 23-24. Indeed, Prakhin's new Rule 60 motion merely reiterates arguments previously raised at trial (as well as his original Rule 60 Motion) and copies over entire segments of Prakhin's Reply brief. This re-filing of a Reply brief as a second opening brief mechanism should not be permitted.

As such, Plaintiff respectfully requests that the Court **strike and/or disregard** Defendant Prakhin's second Rule 60 motion. To the extent the Court is not inclined to strike or disregard any portion of the New Motion, then Plaintiff respectfully requests **90 days** to oppose this New Motion.

The extended time is needed for Plaintiff and her counsel to become apprised of the separate and totally unrelated state court lawsuit that is at issue in this New Motion, as well as the 86 exhibits filed in connection with the New Motion. Additionally, Counsel will need to confer with Coates' separate attorneys on his lawsuit before providing any substantive response to the allegations raised by Prakhin in defense of this separate action.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Innessa M. Huot

Cc: Counsel of Record (*via* ECF)