FARUQI & FARUQI

NEW YORK　　CALIFORNIA　　GEORGIA　　PENNSYLVANIA

**Innessa M. Huot**
ihuot@faruqilaw.com

April 19, 2024

**VIA ECF**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Ruderman v. Law Office of Yuriy Prakhin, et al.*, No. 1:19-cv-02987-CBA-LB

Dear Judge Amon:

  We represent Plaintiff and write in opposition to Defendants' motion requesting a stay of the deadline for Plaintiff's application for attorneys' fees and costs. ECF No. 283.

  As an initial matter, Defendants' request for a stay is based entirely on Defendants' stated intent on filing an appeal of Your Honor's March 28, 2024 Memorandum and Order to the Second Circuit. However, as of this date, no notice of appeal has been filed in this matter. As Defendants' motion for a stay is dependent on their filing of an appeal that they have taken no steps to initiate, it is, at a minimum, premature.

  Regardless, even if an appeal had been initiated, a stay of Plaintiff's anticipated motion should be denied, as this Court will still retain jurisdiction over Plaintiff's application for attorneys' fees and costs. *See*, *e.g.*, *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees.").

  Moreover, Defendants' motion does not raise any legal basis for their request to stay Plaintiff's application aside from a generic and misplaced assertion that such a stay would "avoid unnecessary time, expense and duplication of work." *See* ECF No. 283. This is incorrect. Deferring a ruling on attorney's fees until resolution of an anticipated appeal precludes potential consolidation of the Court's order on fees with any pending appeal before the Second Circuit; thereby preventing the Second Circuit from having the opportunity to review both interrelated issues at the same time. *See Scanner Techs. Corp. v. Icos Vision Sys. Corp.*, *N.V.*, No. 00 CIV. 4992 (DC), 2007 WL 3284028, at *2 (S.D.N.Y. Nov. 1, 2007) ("entitlement to attorneys' fees … implicates the merits, and thus it would be more efficient for the Federal Circuit to review both the merits and the attorneys' fee award at the same time.").

  More importantly, it is Defendants' requested stay that would certainly result in "duplication of work" and further extended delays as Plaintiff's application for fees may very well

685 THIRD AVENUE NEW YORK, NY 10017 PHONE: 212.983.9330 FAX: 212.983.9331 EmployeeRightsCounsel.com FaruqiLaw.com



spawn a second appellate challenge and piecemeal appeals, which are strongly disfavored in this Circuit.

> To accept defendants' argument and defer a ruling on the attorneys' fees issue until resolution of the pending cross-appeals **would almost certainly prompt a second appellate challenge** and, accordingly, would run contrary to the Second Circuit's teaching that Rule 54(d) and its time limit was **intended to avoid piecemeal appeals by consolidating of appellate resolution of issues of the type** now raised by the parties in opposition to plaintiff's fee application with other, substantive arguments raised on appeal.

*See Lake v. Schoharie Cnty. Com'r of Soc. Servs.,* No. 01-CV-1284 (NAM/DEP), 2006 WL 1891141, at *3 n. 2 (N.D.N.Y. May 16, 2006) (emphasis added). Indeed, the court in *Lake* made clear that even if additional motion practice for additional fees incurred in connection with the appeal was "unavoidable," that such an "eventuality does not provide a basis to defer ruling upon the pending fee application." Otherwise, the court stressed, the result would certainly lead to piecemeal appeals which are strongly discouraged in the Second Circuit. *Id.*

Beyond the very real risk of piecemeal appeals, additional efficiency considerations clearly weigh against a stay of Plaintiff's application for attorneys' fees and costs. An appeal will undoubtedly take a significant period of time to resolve, and it is certainly more efficient for the Court to resolve Plaintiff's application now while this matter is fresh in mind. *See Scanner Techs. Corp. v. Icos Vision Sys. Corp., N.V.*, No. 00 CIV. 4992 (DC), 2007 WL 3284028, at *2 (S.D.N.Y. Nov. 1, 2007) (finding that "it will be more efficient for this Court to decide the issue of attorneys' fees and related costs now. The matter is still somewhat fresh in my mind, and so it makes sense for me to decide the attorneys' fee application now rather than to await the resolution of the appeal, which will undoubtedly take many months."); *see also* Fed. R. Civ. P. Rule 54(d)(2) Advisory Committee Notes (It is more efficient for courts to resolve fee applications when the services performed are "freshly in mind." Also, prompt rulings on fee requests allow "appellate review of a dispute over fees to proceed at the same time as review of the merits of the case.").

In addition, where, as here, Defendants have not identified any appealable issues, much less any likely success on the merits of an appeal, the Court should decline to stay Plaintiff's application and further delay the conclusion of this matter. *See Hines v. City of Albany*, No. 1:06-CV-1517 (GTS/RFT), 2015 WL 12828107, at *3 (N.D.N.Y. May 13, 2015) (exercising discretion to rule on Plaintiff's motion for attorney's fees while an appeal is pending when Defendants failed to show they are likely to succeed on the merits of their appeal).

As such, Defendants' request for a stay of Plaintiff's application for attorneys' fees and costs should be denied. We thank the Court for its time and attention to this matter.

Respectfully submitted,

Innessa M. Huot